# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: U LOCK INC. a/k/a U-LOCK INC. | ) ) ) | Bank. 22-20823-GLT |
| Debtor. | ) ) ) | Chapter 7 |
| ——————————————— | ) | |
| CHRISTINE BIROS, | ) ) | |
| Movant, | ) ) | |
| v. | ) ) | |
| SHANNI SNYDER, | ) ) | |
| Respondent. | ) | |

**ALLEGED DEBTOR U LOCK'S RESPONSE TO THE EMERGENCY MOTION FILED BY CHRISTINE BIROS**

Alleged Debtor U Lock Inc. ("U Lock"), by and through its undersigned counsel, files this Response to the Emergency Motion:

1. **PRELIMINARY RESPONSE**: U Lock's response to the motion is preliminary in nature. U Lock just received service of the summons late last week. U Lock did not receive a hard copy of the motion filed by Christine Biros ("Biros"). While the Motion states that service occurred, most probably the postal service did not deliver it because the size would not fit in the mailbox at the storage facility. Counsel had to download the motion. He has not had time to thoroughly review and respond to it. U Lock asserts that, absent a true emergency, the expedited procedures employed in this case violate its right to procedural due process and the intent of the local rules of this Court.

1. **U LOCK'S PROCEDURAL POSTURE**: U Lock's Answer to the Involuntary Summons is not due until mid-June 2022. U Lock cannot deny insolvency. It can

preliminary state that it will most likely seek to convert this case to one under Chapter 11. However, U Lock has not had time to fully consult the statutes and case law, evaluate costs, or fully determine a strategy and does not waive the time period that is allowed for it to respond.

2. **<u>OBJECTION TO USE OF EMERGENCY PROCEDURES</u>**: U Lock objects to the emergency nature of this Motion and the failure to serve the motion on U Lock's creditors, tenants, investors, and other interested parties. U Lock cannot ascertain the nature of the alleged emergency. U Lock can advise that Biros repeated this environmental argument since 2018 despite knowing the concerns existed at the time of the purchase of the property. In the state case during 2018, Biros used the same theory to attempt to have the judge provide her possession before the appeal procedure finished. The issues with the cars being towed can be rectified without any lifting of the bankruptcy stay. U Lock has been requesting the police "tag" the vehicles so they can be towed. Removal of the junk cars will not violate the bankruptcy stay because they do not belong to U Lock or a current tenant, or where they belong to a current tenant, the tenant gave permission to remove them. U Lock will continue to work with the police to remove the vehicles. It is not U Lock delaying the removal of the vehicles. Towing companies will not remove them without a "tag" from the police. U Lock is willing to jointly have counsel for Biros, an officer from U Lock, and Ms. Biros appear at the police station to again request the tagging. Upon tagging, U Lock will cause the vehicles to be towed with no expense to any person. Profits from the towing will be deposited with this Court or any trustee.

3. **BIROS' DESCRIPTION OF THE ACTION AGAINST U LOCK, THE DECISION OF THE SUPERIOR COURT OF PENNSYLVANIA, AND THE DEEDS**: The decisions of the Westmoreland County Court and the Superior Court of Pennsylvania speak for themselves. The decisions specifically state the second set of deeds properly conveyed the property to U Lock. The Superior Court of Pennsylvania, citing the trial court, stated, "Even accounting for the *void ab initio* status of the [2015 Deeds], the corrective [2018 Deeds], show legal title in the [Property] belonging to U Lock, Inc." No court ruled the 2018 deeds to U Lock to be *void ab initio*. The Superior Court, citing the 2018 deeds, found the issue as to the 2015 not to be relevant. The deeds that Biros filed in 2022 conflict with the plain language of the decision. The decisions state that U Lock, because of its lack of ability to pay, is a *constructive trust*. The deeds filed by Biros in 2022 occurred without notice to U Lock. U Lock was still litigating the case in the Supreme Court of Pennsylvania. Neither the Superior Court nor the Supreme Court remanded the record. U Lock believes that the trial court lacked jurisdiction to provide the deeds to Biros from the safe. Regardless, the deeds are not accurate. The deeds state incorrectly that the prior deeds of U Lock were declared void and the language conflicts with the decisions. That being said, upon remand by the Supreme Court of Pennsylvania, U Lock will be in a constructive trust and will act as trustee for Christine Biros. No other creditor received notice of the constructive trust case; therefore, the constructive trust constitutes a preference for Biros as a creditor. Even with the improper filing of the deeds to Biros, there now exist two sets of deeds on file with the Recorder of Deeds as to the same property.

4. **THE MOTION FOR POSSESSION:** Biros filed a summary proceeding against U Lock for possession, i.e., a motion without any lawsuit. U Lock filed preliminary objections stating that Biros needed to file an action in ejectment, needed to serve the tenants, and needed to provide an opportunity to respond. The judge implied on April 22, 2022, that the standard ejectment procedures did not need to be followed. The judge, even though Biros claimed the May 13, 2022, hearing was cancelled because of the bankruptcy, ordered possession anyway. *Compare* Paragraph 24 of Biros' instant motion to the Order of May 13, 2022. U Lock appealed. The Court of Common Pleas lacked jurisdiction to issue an Order for possession when it was not requested. Biros did not seek ejectment at trial or in its Complaint. *See* Biros Exhibit A. Therefore, Biros needs to file an Action in Ejectment. As to the bankruptcy, possession should remain until this Court determines whether the transfer to Biros through a constructive trust constitutes a voidable preference under 12 Pa.C.S. 5104, et seq., and the bankruptcy code.

5. **THE LEVY:** The May 13, 2022, Order states that Biros may levy all property of U Lock and sell it to account for environmental damage and removal of garbage. No lawsuit exists about any damage. The original lawsuit filed by Biros does not mention garbage, does not seek damages, does not seek a levy, and does not mention environmental damage. There exists no precedent for a judge to simply usurp the Complaint, Answer, and Jury Trial procedure on an issue of damages. U Lock did not waive its right to a jury trial for these purported damages.

6. **TENANTS**: There exists tenants with valid leaseholds at U Lock. They received no notice of the summary Order for ejectment and levy. They were provided no summons, notice to defend, or opportunity to appear.

7. **ABANDONMENT OF PROPERTY**: U Lock believes that the record is not developed for an abandonment to be proper. U Lock desires to acquire an appraisal of the property and will be making an inventory of its assets. Biros never states the true value of the property.

8. **COLLUSION WITH SHANNI SNYDER**: U Lock did not know of the bankruptcy until it received an email from Shanni Snyder. U Lock may file bankruptcy on its own and nothing stops it from doing so. U Lock believes it is eligible to file bankruptcy pursuant to Chapter 7 or Chapter 11. The most expeditious method to accomplish that is to file a motion for conversion.

9. **WILLFUL STAY VIOLATIONS AND ANNULMENT OF THE AUTOMATIC STAY**: U Lock attaches as Exhibit A the transcript of the May 20, 2022, hearing in state court. U Lock repeatedly advised the judge that a bankruptcy stay existed and the entire proceeding should stop. While counsel for Biros originally stated he would avoid discussing U Lock, he repeatedly did continue his prosecution of the case against U Lock. He asked the judge to make an Order against U Lock to help this bankruptcy case. He advised the judge of potential loopholes to allow the state case to continue. He agreed to brief the state court on whether the automatic stay appeared applicable. These are willful violations of the automatic stay. Biros claims at Paragraph 24 of her motion that the hearing for May 13, 2022, was cancelled due to the bankruptcy filing, yet the judge defied the automatic stay and entered possession anyway. On May 20, 2022, the judge tried to justify his violation of the stay by implying he entered the Order on April 22, 2022. *See* Exhibit A. The Order of May 13, 2022, granting possession and levying U Lock's property violated the bankruptcy stay. It does not appear to have been a mistake. The trial court and Biros clearly had no misgivings about violating the stay to place U Lock in its present predicament.

The stay should not be annulled to assist these willful stay violations.

10. **RELIEF FROM THE AUTOMATIC STAY**:  Allowing Biros to levy upon all of U Lock's property and cause it to immediately vacate will cause an immediate hardship to the bankruptcy estate and the renters and creditors.  The summary Order of May 12, 2022, gives U Lock zero time to notify tenants, move their property, secure its property, and vacate the premises.  There appears to be a *bona fide* dispute as to the deeds and ownership, and whether the *constructive trust* constitutes a voidable transfer due to the preference.  Finally, U Lock maintains a property right in the leaseholds to the tenants and will be subject to liability or additional claims if the void Order directing a *writ of possession* causes a tenant to lose property or their lease.  In other words, the tenants will become creditors with bailment claims and a problematic increase in litigation.

WHEREFORE, the premature motion should be dismissed for being a non-emergency, or denied on the merits.

Respectfully submitted,

*/s/ J. Allen Roth, Esq.*
J. Allen Roth, Esq.
805 S. Alexander Street
Latrobe PA  15650
lawmatters@yahoo.com
federal@jarothlaw.com
(724) 537-0939

COUNSEL FOR U LOCK INC