# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re:<br><br>U LOCK INC,<br><br>  Debtor. | Bankr. No. 22-20823-GLT<br><br>Chapter 7 |
| CHRISTINE BIROS,<br><br>  Movant,<br><br>v.<br><br>SHANNI SNYDER,<br><br>  Respondent. | Related Doc. No.: 14, 22, & 28 |

## RESPONSE TO NOTICE OF PARTIAL NON-OBJECTION TO LIMITED RELIEF FROM THE STAY

 AND NOW COMES Christine Biros ("Biros"), by and through her undersigned counsel, and files this reply (the "Reply") to the *Notice of Partial Non-Objection to the Limited Relief from the Stay* [Doc. No. 28] (the "Notice") filed by U Lock Inc (the "Alleged Debtor"), and in support thereof, avers as follows:

 1. This Court held a hearing on June 2, 2022 at 9:00 am (the "Hearing") in response to a Motion filed by Biros seeking, among other things, dismissal of this involuntary case or relief from stay [Doc. No. 14] (the "Motion").

 2. This Court indicated its desire to enter an order granting Biros limited relief from the automatic stay to begin addressing various environmental issues on the real property in question (the "Property"). The Court afforded the Alleged Debtor and Biros an opportunity come up with an agreed-upon order to be filed with this Court by Friday, June 3, 2022 at 4:00 pm Eastern Time. Biros and the Alleged Debtor agreed that it would be beneficial to try and work together to come

1

up with a consensual form of the order and agreed to alert the Court if an agreement could not be reached.

3. Biros and the Alleged Debtor, including their respective counsel, had what seemed to be a productive meeting regarding consensual terms of a proposed order granting Biros limited relief from the automatic stay.

4. Following that meeting, counsel for Biros drafted a proposed order for the Alleged Debtor's review and approval which included the terms agreed to in the earlier discussion. A copy of this proposed order is attached hereto as **Exhibit A**.

5. In response, and notwithstanding the previous agreement and understanding between Biros and the Alleged Debtor (specifically, the understanding that limited access to the Property is required in order for any meaningful environmental remediation to begin; that the Alleged Debtor agreed to remove certain personal property from the Property, including vehicles and tires; and that the Debtor would not cause damage to, or otherwise remove fixtures or personal property owned by Biros from, the Property), the Alleged Debtor rejected that form of the order and instead filed this Notice.

6. The Notice was wholly unexpected and is inappropriate. It is now clear that no agreement will be reached by the Alleged Debtor and Biros with regard to the form of a proposed order, but Biros asserts that this Notice is not an appropriate method for alerting the Court that the parties are unable to come to an agreement.

7. As made clear at the Hearing, Biros and the Alleged Debtor were afforded the opportunity to draft a consensual form of the Order and, if the parties were unable to come to an agreement, they were to alert chambers of the same. They were not, however, instructed to file any pleadings indicating what each party did or did not consent to.

8. As a result of the Alleged Debtor's feigned cooperation with Biros in coming to an agreement and creating a proposed Order, Biros has accrued additional unnecessary legal fees resulting from a substantial meeting with the Alleged Debtor and its counsel, drafting a proposed order, and now addressing the Notice following correspondence indicating that the Alleged Debtor changed its mind following said meeting with Biros and her counsel.

9. Had Biros not given the Alleged Debtor the benefit of the doubt, Biros would have avoided these additional fees and instead could have immediately notified the Court that the parties would be unable to come to an agreement.

10. As such, Biros respectfully requests that this Court disregard the terms that the Alleged Debtor appears to "permit" this Court to order and instead requests that this Court enter its own order.

WHEREFORE, Christine Biros respectfully requests that this Court (i) enter an order in form and substance that the Court deems appropriate following the Hearing, and (ii) grant such other and further relief as is just and proper.

Dated: June 3, 2022

Respectfully submitted,

BERNSTEIN-BURKLEY, P.C.

/s/ Sarah E. Wenrich
Robert S. Bernstein (PA ID No. 34308)
rbernstein@bernsteinlaw.com
Sarah E. Wenrich (PA ID No. 325834)
swenrich@bernsteinlaw.com
601 Grant Street, Floor 9
Pittsburgh, PA 15219
Telephone: (412) 456-8108
Facsimile: (412) 456-8135

*Counsel for Christine Biros*