# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re:<br><br>U LOCK INC.,<br><br>    Debtor. | Bankr. No. 21-20020-CMB<br><br>Chapter 11 |
| CHRISTINE BIROS,<br><br>    Movant,<br><br>v.<br><br>U LOCK INC.,<br><br>    Respondent. | Related Doc. No.: 14 & 22 |

## CONSENT ORDER REGARDING LIMITED RELIEF FROM STAY

AND NOW, upon the consideration of the Movant's[1] *Motion for Entry of an Order (I) Dismissing the Case and for Sanctions against the Petitioning Creditor, or in the alternative (II) Making a Determination that the Automatic Stay is Inapplicable to State Court Action pursuant to 11 U.S.C. § 362(b)(10), or in the alternative (III) Granting Relief from the Automatic Stay to the Movant in relation to the Movant's Property and the State Court Case, or in the alternative (IV) Abandoning the Movant's Property* [Doc. No. 14] (the "Motion"), after notice and hearing as deemed necessary and appropriate under the circumstances, and upon the consent of U Lock Inc. (the "Alleged Debtor") and Christine Biros (the "Movant") it is hereby **ORDERED, ADJUDGED** and **DECREED** that the Movant shall be granted limited relief from the automatic stay pursuant to the following terms:

---

[1] All capitalized terms not otherwise defined shall have the meaning ascribed to them in the Motion.

1. The Movant shall be permitted to immediately commence certain environmental remediation. The contemplated environmental remediation requires that the Property be secured and access restricted to any parties entering the Property, and the Alleged Debtor agrees to such action with the caveat that the Alleged Debtor and any alleged tenants shall be permitted to access the Property by calling a phone number (to be provided) and making arrangements to be on the Property for the purposes of addressing certain environmental hazards as described below. Such arrangements may be made at any time from 7:00 am to 8:00 pm with 24-hours notice (or less if agreed to by the Movant).

2. The Alleged Debtor shall remove all vehicles and trailers from the Property, and any and all proceeds related to the removal and/or sale of such vehicles shall be held in escrow by Alleged Debtor's counsel until such further order from this Court.

3. The Alleged Debtor shall remove all vehicles and trailers from the Property within fourteen (14) days of the Court's entry of this Order. To the extent that the Alleged Debtor requires additional time, it may seek additional time from the Movant which the Movant may grant in her sole discretion if such request is reasonable.

4. Any vehicles or trailers remaining on the Property after fourteen (14) days from the date of this Order (or such additional time agreed to by Movant) may be removed and disposed of by Movant at her convenience.

5. Within ten (10) days from the date of this Order, Alleged Debtor will provide Movant with a list of all tenants of the Property, including names, addresses and copies of any rental agreements. Such information shall be used to control access to the Property by Movant. Movant will not be required to permit access to any person claiming to be a tenant which Alleged Debtor has not fully identified.

6. Alleged Debtor will remove all of its personal property from the Property within thirty (30) days from the date of this Order. Any personal property of Alleged Debtor remaining on the Property after thirty (30) days from the date of this Order (or such additional time agreed to by Movant) shall be clearly identified by Alleged Debtor, and Movant may store such personal property either on the Property or move it to another location for storage. Movant may restrict access to such personal property until Alleged Debtor takes control of it and removes it from Movant's control.

7. If the Alleged Debtor fails to comply with the terms of this Order, the Movant may file a notice of Alleged Debtor's failure to comply with this Order which shall specifically indicate (i) what action the Alleged Debtor has taken since the entry of this Order, and (ii) what required action of the Alleged Debtor remains outstanding.

8. The Alleged Debtor shall notify any and all alleged tenants on the Property of the Movant's ownership of such Property.

**IT IS SO ORDERED.**

Dated: _____

                                                  Honorable Gregory L. Taddonio
                                                  United States Bankruptcy Judge

**AGREED TO:**

BERNSTEIN-BURKLEY, P.C.

/s/  Sarah E. Wenrich
Robert S. Bernstein (PA ID No. 34308)
rbernstein@bernsteinlaw.com
Sarah E. Wenrich (PA ID No. 325834)
swenrich@bernsteinlaw.com
601 Grant Street, Floor 9
Pittsburgh, PA 15219
Telephone: (412) 456-8108
Facsimile: (412) 456-8135

*Counsel for Christine Biros*

J. ALLEN ROTH, ESQ.

/s/ _____
J. Allen Roth, Esq.
Lawmatters@yahoo.com
805 S. Alexandria Street
Latrobe, PA 15650
Telephone: (724) 537-0939

*Counsel for Alleged Debtor*