IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

In re: : Case No.: 22-20823-GLT
: Chapter: 7
U LOCK INC :
:
: Date: 6/2/2022
Debtor(s). : Time: 09:00

# PROCEEDING MEMO

**MATTER:**

#14 Expedited Motion to Dismiss Case, in addition to Motion For Sanctions Against Petitioning Creditor, or in the alternative Motion for Relief from Stay Fee Amount, or in the alternative Motion to Abandon the Movant's Property filed by Christine Biros
# 18 - Amended Exhibit I
# 22 - Opposition Response filed by U LOCK INC
# 23 - Exhibit A filed by U LOCK INC
# 24 - Opposition Response filed by Shanni Snyder
# 25 - Declaration filed by U LOCK INC
# 26 - Exhibit filed by U LOCK INC

**APPEARANCES:**

Petitioning Creditor: Shanni Snyder (Zoom)
Christine Biros: Sarah Wenrich, William Otto, Christine Biros
U LOCK INC: J. Allen Roth, George Snyder

**NOTES:** [9:22 a.m.]

Wenrich: We do have some concerns as to whether Ms. Snyder is acting pro se. This matter arose in state court litigation dating back to 2017. The property has extensive environmental issues.

Court: Let's talk about the writ of possession. How is this a valid writ of possession if the order became effective after the petition date?

Wenrich: There was a hearing on April 22, 2022. The order became effective on May 13, 2022.

Court: How is this a lease?

Wenrich: There is no lease. There are cases that demonstrate how holdover tenants do not maintain property of the estate.

Court: I am unclear why I should not render the order of possession as void and consider actions that lead up to it as a violation of the stay.

Wenrich: We do not believe this is a willful violation of the stay.

Court: But there is knowledge of the of a bankruptcy case.

Wenrich: We still argue that this property is not property of the estate.

Court: There is no question that Ms. Biros maintains title. There is also no question that U LOCK maintains possession of the property as well. Why did you not seek relief from the stay as opposed to pursuing the writ of possession at state court?

Wenrich: We have made no further action on the writ of possession.

Court: The language of the writ of possession is fairly sweeping with reference to any property held by U LOCK.

Wenrich: Can we attempt to reach a resolution for the return of property?

Court: Okay. Let's return to the environmental issues with this property.

Otto: We visited the site with an environmental engineer. There have been no improvements made to the site.

Court: Are there plans to improve the site?

Otto: Yes, we plan to remove the junk vehicles and retain a junk dealer to remove the tires. We plan to seek removal of the contamination and repurpose the site. We are concerned about the addition of dark soil on the property. After conducting a broad spectrum analysis of the soil, we found traces of PCBs. U LOCK also does not have an occupancy permit.

Court: U LOCK has admitted that it is insolvent and is interested in possibly converting the case to chapter 11. Why should I make a ruling today on the motion to dismiss before U LOCK responds?

Wenrich: There are certain protections under the involuntary case that my client is concerned about. As long as we have indication that we can have relief from stay to pursue some of these issues, we would not be opposed to waiting. We want to handle the environmental issues as soon as possible.

Court: Ms. Snyder, isn't it correct that you did not include this wage claim on your chapter 7 petition?

Snyder: Yes, but that was out of ignorance.

Court: Is there a reason why you did not bring this issue to the chapter 7 trustee? This is not your claim. This belongs to your bankruptcy estate.

Snyder: I can do that.

Court: I am going to direct you to inform trustee Zebley. Why are you not an insider of U LOCK?

Snyder: Just because the principals are my family, that does not mean I am an insider.

Court: The Bankruptcy Code would suggest otherwise.

Roth: To address the truck on the property, someone flipped a cigarette onto old cardboard boxes. I have no knowledge about new "dark soil."

Court: Do these vehicles belong the Debtor?

Roth: They are third party assets.

Court: What is the Debtor's position on limited stay relief?

Roth: We believe this property is worth at least $2 million. If we went through normal collections...

Court: Ownership of the property is a settled issue. The state court judgment is a final order. Tell me why this is not a settled issue.

Roth: At the time this loan was made to U LOCK, the property was in the same condition as it is now.

Court: Why should Ms. Biros be precluded from taking actions that would conceivably increase value?

Roth: That is what we'd like to see happen.

Court: Okay, you have yet to provide any response.

Roth: The truck that caused the fire belonged to the Biggs company.

Court: Is there an understanding of which vehicles belong to U LOCK?

Roth: Yes, some belong to U LOCK and some belong to third-parties..

Court: Can the parties work a consensual arrangement to effectuate the environmental remediation?

Roth: Yes, we would like that.

Court: I think it's too early for me to rule on the motion to dismiss. This whole situation looks like the wild wild west. I would like to have an answer from U LOCK as to whether it will contest or consent to the bankruptcy. I am prepared to continue this to July 6, 2022 11 a.m. I am going to grant Ms. Biros' limited stay relief for the purpose of environmental remediation. I am also going to find the May 13, 2022 writ of possession order to be void.

**OUTCOME:**

1. The hearing on *Expedited Motion to Dismiss Case, in addition to Motion for Sanctions Against Petitioning Creditor, or in the alternative Motion for Relief from Stay Fee Amount, or in the alternative Motion to Abandon the Movant's Property* [Dkt. No. 14] is CONTINUED to July 6, 2022 at 11 a.m. [Text Order].

2. On or before June 3, 2022 at 4 p.m., the parties shall file, under certification of counsel, an order granting limited stay relief to Christine Biros for the purpose of initiating environmental remediation. [Text Order].

**DATED:** 6/2/2022