FILED
6/3/22 5:04 pm
CLERK
U.S. BANKRUPTCY
COURT - WDPA

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| In re: | : | Case No. 22-20823-GLT |
| | : | |
| **U LOCK INC.**, | : | Chapter 7 |
| | : | |
| *Alleged Debtor.* | : | |
| | : | |
| | : | |
| **CHRISTINE BIROS,** | : | |
| | : | |
| *Movant,* | : | Related to Dkt. No. 14, 22 & 28 |
| | : | |
| v. | : | |
| | : | |
| **U LOCK INC.** and **SHANNI SNYDER**, | : | |
| | : | |
| *Respondents.* | : | |
| | : | |

**ORDER GRANTING CHRISTINE BIROS
<u>LIMITED RELIEF FROM THE STAY</u>**

Shanni Snyder commenced these proceedings by filing an involuntary bankruptcy petition against the alleged debtor, U Lock Inc., on April 27, 2022. By operation of law, a stay was imposed under 11 U.S.C. § 362(a) protecting the assets, rights, and interests of U Lock from, among other things, certain creditor actions that arose prepetition. U Lock has yet to file a response to the involuntary petition, but the deadline to do so has not yet expired.

Christine Biros holds deeds to the property located 14140 Route 30, North Huntingdon, Pennsylvania (the "Property") wherein U Lock conducts its business operations. She obtained the deeds through a state court judgment that was affirmed on appeal and constitutes a final, non-appealable order. Ms. Biros now requests either dismissal of the bankruptcy case or stay relief to eject U Lock from the Property.[1] She also contends the

---

[1]   See *Motion for Entry of an Order (I) Dismissing the Case and for Sanctions against the Petitioning Creditor, or in the alternative (II) Making a Determination that the Automatic Stay is Inapplicable to State Court Action pursuant to 11 U.S.C. § 362(b)(10), or in the alternative (III) Granting Relief from the Automatic Stay to the Movant in relation to the Movant's Property and the State Court Case, or in the*

Property is adversely affected by several environmental issues which have not been remediated. The *Motion* is opposed by both U Lock and Ms. Snyder.

The Court conducted an emergency hearing on June 2, 2022 to consider the *Motion* and responses. At the conclusion of the proceeding, the Court indicated it would grant limited stay relief to Ms. Biros and defer consideration of the remainder of the *Motion* until July 6, 2022 so as to have the benefit of U Lock's response to the involuntary petition. The Court invited the parties to craft a consent order granting limited stay relief consistent with its ruling. But after reviewing the parties' recent submissions,[2] it is apparent that no agreement exists. In the absence of any consensus, the Court deems it necessary to draft its own order addressing the matters adjudicated at the June 2, 2022 hearing. Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED** that Ms. Biros is hereby granted limited relief from the stay under 11 U.S.C. § 362(a) under the following terms:

1. Ms. Biros shall be permitted to immediately commence environmental remediation activities subject to the following: absent further Court Order or the consent of U Lock, Ms. Biros may not secure portions of the Property or restrict access to U Lock or its tenants. U Lock has not yet been adjudicated as a bankruptcy debtor and based on the Court's preliminary understanding, it continues to conduct business operations on the Property.

2. With respect to the "garbage truck incident," Ms. Biros may conduct ground tests, take photographs, lodge an insurance claim with the waste management company that caused the accident, or initiate any legal action against that third-party related to the incident. Any ground tests and photographs shall occur during normal business hours (upon no less than 48-hours notice) and shall not impede U Lock's operations.

3. U Lock shall remove all vehicles and trailers from the Property, and any and all proceeds received from the removal and/or sale of such items (including salvage and scrap payments) shall be held in escrow by U Lock's counsel until further order of this Court.

---

*alternative (IV) Abandoning the Movant's Property* [Doc. No. 14] (the "Motion"). Any capitalized term not otherwise defined herein shall have the same meaning ascribed in the *Motion*.

[2] See Dkt. Nos. 28-29, 32-33.

4.    U Lock shall immediately make arrangements with the police to "tag" unauthorized vehicles on the Property. Ms. Biros and her counsel may assist, facilitate, or demand the police move forward with the tagging process.

5.    U Lock shall remove all vehicles and trailers from the Property on or before the earlier of: (a) June 24, 2022, or (b) ten (10) days after the date the police place "tags" on the subject vehicles. To the extent U Lock requires additional time, it may make a reasonable request for an extension from Ms. Biros that shall not be unreasonably denied.

6.    Any vehicles or trailers remaining on the Property after June 24, 2022 (or such additional time as agreed by Ms. Biros) may be removed and disposed of by Ms. Biros at her convenience. Notwithstanding the foregoing, the trailers pictured on **Exhibit "A"** hereto are disclaimed by U Lock and may be removed by Ms. Biros upon no less than 48-hours notice.

7.    On or before June 10, 2022, U Lock shall identify any tires placed on the Property by U Lock. U Lock shall remove such tires on or before June 17, 2022. Thereafter, Ms. Biros is authorized to remove any tires located on the Property upon no less than 48-hours notice.

8.    On or before June 10, 2022, U Lock shall itemize the tanks on the Property (listing them as unused, salvageable, or waste) and shall disclose the same to Ms. Biros. All unused and salvageable tanks located on the Property shall be removed by U Lock on or before June 24, 2022. Any and all proceeds related to the removal and/or sale of such items (including salvage and scrap payments) shall be held in escrow by U Lock's counsel until further order of this Court. All tanks identified as waste by U Lock may be removed by Ms. Biros upon no less than 48-hours notice.

9.    Upon at least 48-hours notice, Ms. Biros may enter the Property with licensed contractors to conduct bona fide environmental testing and/or to create plans for remediation.

10.   Except as provided herein, nothing in this order shall: (a) be construed as an ejectment of U Lock, (b) authorize the removal of any U Lock property that does not impede the environmental remediation efforts, and (c) authorize Ms. Biros to interfere with or impede U Lock's ongoing business operations or its tenant relationships.

11.   To the extent U Lock consents to bankruptcy relief, it shall disclose its list of tenants on *Schedule G*. In the event U Lock does not consent to bankruptcy relief, it shall provide Ms. Biros with a list of tenants on or before June 17, 2022.

12.   If either U Lock or Ms. Biros fails to comply with the terms of this *Order*, the other respective party may file a notice of the non-compliance which shall specifically indicate: (i) what action(s) have been taken since the entry of this *Order*, and (ii) what required actions remain outstanding.

13.     The remaining requests for relief in the *Motion*, as well as any related claims or defenses thereto by U Lock and Ms. Snyder are preserved pending the continued hearing on the *Motion* scheduled for July 6, 2022.

BY THE COURT:

Dated: June 3, 2022

_____
Gregory L. Taddonio      hct
United States Bankruptcy Judge

<u>BNC to serve:</u>
U Lock Inc.
Christine Biros
Shanni Snyder

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| In re:  U LOCK INC. a/k/a | ) | |
| U-LOCK INC. | ) | Bank. 22-20823-GLT |
| | ) | |
| Debtor. | ) | Chapter 7 |
| | ) | |
| ------------------------------------------------- | ) | |
| CHRISTINE BIROS, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| SHANNI SNYDER, | ) | |
| | ) | |
| Respondent. | ) | |

**EXHIBIT A – PHOTOS OF TRAILERS**



