IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

In re:

    U LOCK INC.,                                      Bankr. No. 22-20823-GLT

            Debtor.                          Chapter 7

⸺⸺⸺⸺⸺⸺⸺⸺⸺⸺⸺⸺⸺⸺⸺⸺⸺⸺⸺

U LOCK INC.,

        Movant,

    v.

CHRISTINE BIROS,
SHANNI SNYDER,
ROBERT SLONE, TRUSTEE
UNITED STATES TRUSTEE,

        Respondents.

⸺⸺⸺⸺⸺⸺⸺⸺⸺⸺⸺⸺⸺⸺⸺⸺⸺⸺⸺

**MOTION OF U LOCK INC. TO CONVERT CASE FROM CHAPTER 7 TO CHAPTER 11**

    AND NOW COMES U LOCK INC., debtor herein, by and through its counsel, J. Allen Roth, Esq., and moves this Court for an Order converting this case from Chapter 7 to Chapter 11, Subchapter V of the United States Bankruptcy Code and 11 USC 706(a):

1. The Court has jurisdiction over the Motion pursuant to 28 U.S.C. § 1334.
2. Venue is proper before this Court pursuant to 28 U.S.C. §1408.
3. The statutory and rule-based predicates for the relief requested herein are sections 105(a) and 706(a) of the Bankruptcy Code, Rules 1017(f) and 9013 of the Federal Rules of Bankruptcy Procedure.

## background

4. The Debtor is a Pennsylvania corporation.

5. On April 27, 2022, Shanni Snyder commenced an involuntary bankruptcy petition against U Lock.

6. On May 9, 2022, the involuntary petition was amended.

7. On June 17, 2022, this Court entered an Order for Relief.

## discussion

8. The Debtor desires to manage its property and complicated litigation claims that it has as a debtor-in- possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

9. Pursuant to section 706(a) of the Bankruptcy Code: The debtor may convert a case under this chapter to a case under chapter 11 . . . of this title at any time, if the case has not been converted under section 1112, 1208, or 1307 of this title. Any waiver of the right to convert a case under this subsection is unenforceable. 11 U.S.C. § 706(a).

10. This includes the period prior to and after the entry of an order for relief. Indeed, at least one bankruptcy court has held that a motion to convert is an acceptable response to an involuntary petition, with the order converting the case constituting an order for relief under the chosen chapter. See *In re Source Enterprises, Inc.*, 2006 Bankr. LEXIS 3094 (Bankr. S.D.N.Y. Nov. 8, 2006); see also 11 U.S.C. §348(a).

11. Section 706 sets forth only two prerequisites to conversion: (i) that the case has not previously been converted and (ii) that the debtor is eligible for the chapter chosen. See 11 U.S.C. §§ 706(a), (d).

12. Both of these elements are satisfied in this case.

13. The case has not previously been converted and the Debtor is eligible to be a debtor in chapter 11.

14. A Chapter 11 provides the best mechanism to a meaningful recovery to creditors, shareholders, and to recover of various claims.

15. U Lock intends to quickly and efficiently advance a reorganization of the Debtor under a plan.

16. U Lock has a near absolute right to convert the case pursuant to Section 706(a), which is limited only by extreme circumstances not present here. See, e.g., I*n re Richardson,* 43 Bankr. 636, 638 (Bankr. M.D. Fla. 1984) ("The legislative history of§ 706(a) makes it clear that the debtor has a 'one-time absolute right of conversion of a liquidation case to a reorganization or individual repayment plan.'") (citing H.R. Rep. No. 595, 95th Cong., 1st Sess. 380 (1977); S. Rep. No. 989, 95th Cong., 2d Sess. 94 (1978)); *In re Premier General Holdings, Ltd.*, 427 B.R. 592, 600 (Bankr. W.D. Tex. 2010) ("[E]ven if an order for relief is entered on a petitioning creditor's involuntary chapter 7 petition, the debtor has a near unbridled right to convert the case to chapter 11").

17. Indeed courts have recognized a debtor's right to select the chapter under which the bankruptcy will proceed. *In re Holdco Capital Grp.,* 2011 Bankr.

LEXIS 988, at *24 (Bankr. N.D. Ind. March 29, 2011) (holding that a subsequent voluntary petition would not result in the dismissal of an existing contested involuntary petition, but that the debtor's choice of chapter would be honored.).

18. Accordingly, an order converting the Partnership's bankruptcy case to a case administered under chapter 11 of the Bankruptcy Code is warranted and should be entered

WHEREFORE, for the reasons set forth herein U Lock Inc. respectfully requests that the Court enter an order (a) converting this bankruptcy case to a case administered under chapter 11 of the Bankruptcy Code, Subchapter V and (b) granting such other and further relief as the Court deems just and proper.

Date of Service: July 1, 2022

Respectfully submitted,

*/s/ J. Allen Roth, Esq.*

J. Allen Roth
805 S. Alexandria St
Latrobe PA  15650
(724) 537-0939
lawmatters@yahoo.com