IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | | |
|---|---|---|---|
| In re: | : | Case No.: | 22-20823-GLT |
| | : | Chapter: | 7 |
| U LOCK INC | : | | |
| | : | | |
| | : | Date: | 7/6/2022 |
| *Debtor(s).* | : | Time: | 11:00 |

# PROCEEDING MEMO

**MATTER:** # 14 Continued Expedited Motion to Dismiss Case, in addition to Motion For Sanctions Against Petitioning Creditor, or in the alternative Motion for Relief from Stay Fee Amount, or in the alternative Motion to Abandon the Movant's Property filed by Christine Boros
# 18 - Amended Exhibit 1
　　# 22 - Opposition Response filed by the Debtor
　　# 23 - Exhibit A filed by the Debtor
　　# 24 - Opposition Response filed by Shanni Snyder
　　# 26 - Exhibit filed by Debtor
　　# 27 - Exhibit filed by Debtor
　　# 28 - Notice of Partial Non-Objection filed by the Debtor
　　# 29 - Response filed by Christine Biros
　　# 32 - Reply filed by the Debtor
　　# 33 - Proposed Order filed by the Debtor

　　# 43 - Hearing on Order to Show Cause
[Hearing will occur if Debtor fails to complete petition on or before July 5, 2022]

**APPEARANCES:**
　　Debtor: J. Allen Roth, George Snyder
　　Trustee: Robert H. Slone
　　Petitioning Creditor: Shanni Snyder
　　Christine Biros: Sarah Wenrich, William Otto, James Berent, Izumi Presberry
　　Chapter 7 Trustee: Charles Zebley

**NOTES:** [11:03 a.m.]

Wenrich: It is our position that dismissal is still appropriate.

Court: Has it not changed in light of the Debtor not opposing the involuntary petition?

Wenrich: That does not change the fact that the petition was commenced with an inappropriate claim. We want to focus on the motion for relief from stay portion.

Court: What is the status of the remediation process?

Wenrich: Remediation efforts are underway. There is a trailer located on an area that the dirt needs to be replaced. Since the last hearing, some storage trailers have been moved. Personal property within the trailers has been dumped all over the property. The Debtor is not protecting itself from potential claims by tenants of its property.

Otto: We feel that allowing U-Lock to continue operation of the site is only frustrating the remediation process.

Slone: I've reviewed many of the documents. I received a list of renters last night. I haven't been able to do too much in this case. With respect to the conversion motion, I am not sure how to proceed.

Roth: I wish to have my client testify.

[Mr. Snyder testimony and five picture exhibits labeled Exhibit A, 1-5]

G. Snyder: There has been no remediation of the property. The damage after the trash fire has been cleaned up. Usage Corporation will provide the funding necessary for my chapter 11 case, if the Court grants to motion to convert.

Court: So your business generates approximately $1,000 per month?

G. Snyder: That is true.

Court: Based on the Schedules, you are representing that you intend to develop the property?

G. Snyder: Yes, the litigation has held that up.

Court: What are the monthly expenses of the business?

G. Snyder: There are not many expenses. There are no utilities for the facility.

Court: How many employees do you have?

G. Snyder: None.

Court: Are there bank accounts other than the two you disclosed?

G. Snyder: No.

Court: What is the status of the Debtor's taxes?

G. Snyder: They have not been filed for this year.

Court: Has the Debtor ever filed a tax return?

G. Snyder: I don't believe we have. My accountant recommended that I not file in light of an investigation by the state attorney general.

Court: Is the property insured?

G. Snyder: We do not have insurance, but I've received a quote for approximately $100 per month.

Court: Your Schedule G lists roughly 25 persons that lease from you. How often do the lessees come on the property?

G. Snyder: About half of them come every day. Others have never visit the facility.

Court: Is anyone else coming on the site?

G. Snyder: We don't see anyone other than the renters.

Court: Are you representing that Usage Corporation can provide as much as $2 million in funding?

G. Snyder: Yes, I've been in contact with Chris Dole at Usage Systems.

Court: Will the remediation efforts interfere with the operation of your business?

G. Snyder: No, not at all.

Otto: Isn't it true that you stated that the reason you haven't filed taxes because your accountant told you not to? Then you could not identify your accountant.

G. Snyder: I recall that it was my brother's accountant.

Otto: Isn't it true that your brother has a law degree from Duquesne?

G. Snyder: He has a law degree from Pitt.

Court: I'm going to stop this line of questioning. It's not relevant to the matter at hand.

Otto: Did you pay legal fees to Attorney Roth in 2019?

G. Snyder: I can't remember the amounts or years.

Otto: Did you make any payments to Mr. Roth?

G. Snyder: I don't believe I paid him in 2019.

Otto: Have you paid any money to Christine Biros?

G. Snyder: We tried.

[Testimony concludes]

Roth: We hope to resolve this case by paying Ms. Biros.

Wenrich: My client is not particularly interested in spend more money on this property in light of its degradation.

S. Snyder: I wanted to note one thing. I will likely be filing an adversary proceeding in this case.

Court: I do not believe you have standing in this case, Ms. Snyder. Mr. Zebley has the right to proceed on your behalf. [Court delivers preliminary observations]. I am currently inclined to keep this in chapter 7. I am dubious to converting this case to chapter 11. If I do decide to convert this case, I am likely to keep a trustee in place. I am going to deny the motion to dismiss. As for the stay relief portion, I am not inclined to grant it beyond my limited order at this time.

Wenrich: We would like to continue this and work with Mr. Slone.

Court: I will continue this hearing for 45 days. Insuring this property should be priority number one at this point. I will require the Debtor to immediately turn over all revenue received and provide an updated list of leases to the trustee. All bank statements will need to be turned over as well.

***OUTCOME:***

1. The *Continued Expedited Motion to Dismiss Case, in addition to Motion For Sanctions Against Petitioning Creditor, or in the alternative Motion for Relief from Stay Fee Amount, or in the alternative Motion to Abandon the Movant's Property* [Dkt. No. 14] is DENIED, with respect to the motion to dismiss. The *Continued Expedited Motion to Dismiss Case, in addition to Motion For Sanctions Against Petitioning Creditor, or in the alternative Motion for Relief from Stay Fee Amount, or in the alternative Motion to Abandon the Movant's Property* [Dkt. No. 14] is CONTINUED to August 9, 2022 at 2 p.m., with respect to the motion for relief from stay. [Chambers to Issue].

**DATED:** 7/6/2022