**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| In re: U LOCK INC. a/k/a U-LOCK INC. | ) ) ) | Bank. 22-20823-GLT |
| Debtor. | ) ) ) | Chapter 7 |
| ⸺⸺⸺⸺⸺⸺⸺⸺⸺⸺⸺⸺⸺⸺⸺ | ) | |
| CHRISTINE BIROS, | ) ) | RE: Order at Entry 36 |
| Movant, | ) ) | |
| v. | ) ) | |
| SHANNI SNYDER, | ) ) | |
| Respondent. | ) | |

## DEBTOR U LOCK'S NOTICE OF NON-COMPLIANCE

Alleged Debtor U Lock Inc. ("U Lock"), by and through its undersigned counsel, files this Notice of Non-Compliance as this Court directed::

1. Pursuant to paragraph 12 of the Order Granting Christine Biros Limited Relief from the Stay, Docket Entry 36, Debtor U Lock advises this Court of the stop work notification from North Huntingdon Township, the destruction of scheduled property, and the apparent non-compliance by Ms. Biros and her family members as to the intent of this Court's limited relief from the stay.

2. At the hearing on June 2, 2022, counsel for Ms. Biros represented to the Court that the ground at U Lock had PCB contamination, *see* transcript at page 6, and that there existed "evidence of hydrocarbon contamination in the soil," see transcript at page 13.

3. According to counsel for Ms. Biros, the "initial plan is to do a Phase 1 site assessment to make sure we can characterize the entire situation in detail, and then our long range plan is to clean the site up so that it can be used as a

commercial site and not as a junkyard." *See* transcript at 13.

4. U Lock consented to limited relief. This Court rendered a specific Order.

5. The Order provided that Ms. Biros, on 48 hours notice, could enter the property with licensed contractors to conduct a *bona fide* environmental testing and/or to create plans for remediation. Order at par. 9

6. U Lock is not aware of any testing or creation of remediation plans.

7. On June 14, 2022, counsel for Christine Biros, William Otto, wrote to counsel for U Lock Inc. and stated:

    Mr. Roth: In accordance with Judge Taddonio's June 3, 2022 Order, this email is intended to give your client 48 hours advanced notice that Christine Biros will begin remediation efforts on the property owned by Ms. Biros and located at 14140 US Route 30, North Huntingdon Township, PA on or after 6:00 a.m., Friday, June 17, 2022.

    This effort will be in compliance with the Judge's Order. If you have any questions, please contact me. Very truly yours, William E. Otto, Esq.

8. On June 21, 2022, the undersigned wrote to counsel for Christine Biros:

    Dear Mr. Otto:

    Can you elaborate on the scheduling and details of the remediation and what it consists of? Mr. George Snyder advises that the only activities seem to be surveillance related (such as parking across the street monitoring him). U Lock believes that the intent of the Order was normal business hours; however, if there are actual, real needs for 6:00 a.m., he is willing to cooperate but the information provided was very vague.

    Attached is the list of tenants as required. Mr. Snyder is going to go over it this week to make sure there are no historic occupiers that are not listed or people who abandoned their tenancy. U Lock advises that there are some unknown occupants that had items on hand since 2015. Once that happens, your office will be provided an updated list. /s/ From the office of J. Allen Roth, Esq.

9. On June 30, 2022, counsel for U Lock received a telephone call from the trustee advising that Christine Biros claimed that U Lock blocked the facility or the entrance.

10. Counsel for U Lock emailed the trustee a copy of the June 21, 2022, communication to counsel for Christine Biros and provided pictures of the entrances and the facility.

11. The trustee emailed the communication to Attorney Otto. Attorney Otto responded:

    > Mr. Slone – I didn't respond to him for several reasons: 1. He no longer represents U Lock, only George Snyder. I will be happy to answer any questions you may have. 2. The tenant list provided was laughable. He should be providing a rent roll, including real names and addresses, cross-referenced to locker numbers and monthly rental. Since this is the end of the month, I assume that money belongs to you in trust. 3. There never was a requirement that we lay out our remediation plan to the Snyders. 4. As I understand it, they don't even have the right to be on the property, since they are not employees, but only shareholders. My client is more than willing to cooperate with you, but the only interest of George Snyder is to delay the inevitable. Best regards, Bill Otto.

12. Starting on or about July 12, Ms. Biros invited companies affiliated with her to bring tons of waste soil and rock and dump the items onto the U Lock property, specifically in areas that impeded access to the client trailers, etc.

13. In addition, in violation of paragraph 8 of the Order, without notice to U Lock, utilized the equipment to damage scheduled property belonging to U Lock including destroying equipment, damaging a trailer, and destroying an unused tank.[1]

14. On July 13, 2022, George Snyder had a discussion with North Huntington Township and was verbally told that the dumping of rock must stop and that it required plans and a permit. Mr. Snyder advised the trustee of the conversation.

15. On July 14, 2022, relatives of Christine Biros appeared on the property and

---

[1] U Lock did not remove said tank because the trustee advised George Snyder not to. If Ms. Biros believed it to be waste, then according to paragraph 8, she needed to provide 48 hours notice to U Lock. Had she done that, U Lock would have obtained permission to move the tank from the trustee.

began using their excavation equipment to move around soil, mixing it.

16. Problematic is if the soil and ground are contaminated as counsel for Ms. Biros represented to this Court, covering it or mixing it does not "remediate it but simply conceals or aggravates the environmental concerns. It would constitute a brazen criminal act to know that soil is contaminated and then to try to cover or conceal the contamination. On the other hand, if no contamination existed, then the whole need to immediately remediate constituted a ruse.

17. On July 14,, 2022, North Huntingdon Township provided a formal cease and desist to U Lock. *See* Exhibit A.

18. In the afternoon of July 14, 2022, three more trucks full of rock appeared on the property.

19. Mr. Snyder politely advised the drivers that there existed a cease and desist. The drivers asked Mr. Snyder for permission to dump the three trucks full of rock because they had nowhere else to take it. Mr. Snyder stated that he could neither tell them to dump the rock or not to dump the rock, but reiterated that a cease and desist notice was provided directing that no dumping occur.

20. Thereafter, counsel for Ms. Biros contacted the trustee and wrote, "Mr. Slone: I am informed that Mr. George Snyder has been interfering with Ms. Biros' remediation efforts. *As you know, we have authorization from both Judge Taddonio and you to place soil on the site.* We are not aware of any 'stop work order' as Mr. Snyder alludes to, and the fact that U Lock is in bankruptcy does not mean that the property is subject to litigation which would limit Ms. Biro's efforts. If Mr. Snyder interferes in any way with the remediation effort, it will be necessary to take further action against Mr. Snyder. William E. Otto,

Esq."

21. U Lock notes that in some cases, remediation does indeed involve removing contaminated soil, performing tests, then replacing it with clean soil.. In this case, there appears to be just a mixing of soil and the placement of hundreds of large boulders.

22. More problematic is that this work is being done by family members of Ms. Biros, not professionally licensed contractors, and none of these individuals are wearing safety gear or protection from the dust from what Ms. Biros states is contaminated soil.

WHEREFORE, U Lock respectfully requests that this Court take appropriate action.

Respectfully submitted,

*/s/ J. Allen Roth, Esq.*
J. Allen Roth, Esq.
805 S. Alexander Street
Latrobe PA  15650
lawmatters@yahoo.com
(724) 537-0939

COUNSEL FOR U LOCK INC