# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: <br><br> U LOCK INC, <br><br>   Debtor. | Bankr. No. 22-20823-GLT <br><br> Chapter 11 |
| U LOCK INC, <br><br>   Movant, <br> v. <br><br> CHRISTINE BIROS, ROBERT SLONE, SHANNI SNYDER, and UNITED STATES TRUSTEE, <br><br>   Respondents. | Related Doc. No.: 53 <br><br> Response Deadline: July 19, 2022 <br> Hearing: August 9, 2022 at 2:00 pm |

## RESPONSE IN OPPOSITION TO MOTION OF U LOCK INC. TO CONVERT CASE FROM CHAPTER 7 TO CHAPTER 11

  AND NOW comes Christine Biros ("Biros"), by and through her undersigned counsel, and files this response in opposition to *Motion of U Lock Inc. to Convert Case from Chapter 7 to Chapter 11* [Doc. No. 53] (the "Motion") and in support thereof, avers as follows:

  1. Contrary to the assertion made by U Lock Inc (the "Debtor") in its Motion, the facts and circumstances in play in this Case support the denial of the Motion. In addition to the broad discretion granted to the Court to deny a debtor's request to convert a case if conversion would be futile, the Court must also consider whether this Debtor has received the requisite authority to consent to the bankruptcy and convert the case to Chapter 11. *See* W.D.Pa. L.B.R. 1002-10.[1]

---

[1] While this case was not commenced as a voluntary case, the Debtor's decision to consent to the bankruptcy and take action to convert this Case to a Chapter 11 case requires the same duly authorized consent.

**I.   The totality of the circumstances weighs in favor of denying the Debtor's request to convert this Case to a case under Chapter 11**

2.     The right to convert a case under chapter 7 to a case under chapter 11, 12, or 13 is not absolute and has various limits, including precluding conversion where bad faith exists or where the conversion would be futile and result in a conversion back to a chapter 7 case or a dismissal. *See Marrama v. Citizens Bank*, 549 U.S. 365 (2007) ( "the broad authority granted to bankruptcy judges to take any action that is necessary or appropriate 'to prevent an abuse of process' described in § 105(a) of the Code, is surely adequate to authorize an immediate denial of a motion to convert filed under § 706 in lieu of a conversion order that merely postpones the allowance of equivalent relief and may provide a debtor with an opportunity to take action prejudicial to creditors"); *Kearney v. Unsecured Creditors Comm.*, 625 B.R. 83, 85-86 (10th Cir. 2021) (holding that where a case would immediately be re-converted, the Court did not abuse its discretion in denying the debtor's motion to convert); *Daughtrey v. Rivera (In re Daughtrey)*, 896 F.3d 1255 (11th Cir. 2018) (holding that where there would be cause to either dismiss or re-convert the case under 11 U.S.C. § 1112(b)(4), the bankruptcy court properly denied the debtor's request to convert the case to Chapter 11).

3.     While *Marrama* dealt with the question of conversion from a chapter 7 to a chapter 13 case, courts in the Third Circuit have held that the reasoning of *Marrama* and the language of 11 U.S.C. § 706(a) apply in equal force when the requested chapter for conversion is chapter 11. *See Nimoityn v. Schubert (In re Nimoityn)*, Case No. 20 -144667, 2022 U.S. Dist. LEXIS 30351\*, at \*4 (Feb. 22, 2022).

4.     Additionally, the legislative history of 706(b) expressly explains that:

> Subsection (b) permits the court, on request of a party in interest and after notice and a hearing, to convert the case to chapter 11 at any time. ***The decision whether***

> ***to convert is left in the sound discretion of the court***, based on what will most inure to the benefit of all parties in interest.

H.R. Rep. No. 95-595, at 380 (1977), as reprinted in 1978 U.S.C.C.A.N. 5963; S. Rep. No. 95-989, at 94 (1978), as reprinted in 1978 U.S.C.C.A.N. 5787 (emphasis added).

5. The conversion of this Case to chapter 11 would be futile and the Debtor's request for conversion should be denied.

6. If this Case were to be converted, it would likely be immediately re-converted to Chapter 7 or dismissed pursuant to 11 U.S.C. § 1112(b)(1) for "cause."

7. "Cause" includes substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation, gross mismanagement of the estate, or failure to maintain appropriate insurance that poses a risk to the estate or to the public. 11 U.S.C. § 1112(b)(4). Each of these factors standing alone gives rise to cause to convert or dismiss a chapter 11 case. All of these circumstances are present in this Case.

8. First, the parties controlling the Debtor have continued to take action against property of the estate, notwithstanding the fact that a trustee has been appointed and the Debtor is no longer in possession. For example, these parties have caused certain equipment owned by the Debtor to be removed from the real property located at 14140 U.S. Route 30, North Huntingdon, Pennsylvania (the "Property") on which the Debtor is allegedly operating its business. Upon information and belief, such equipment has been returned. However, it is unclear whether property of the estate will be depleted by these same parties in the future if the case is converted to chapter 11 and the Debtor is permitted to remain in possession of the estate and its assets.

9. Further, the Debtor's legal fees alone in this case – which will only increase upon conversion to a Chapter 11 Case – will certainly outweigh the Debtor's revenue at approximately $1,000 per month. Upon conversion, the Debtor will be required to address the outstanding

citations against the Property which require remediation and clean-up in order for the Debtor to continue any operations. With the meager income alleged, the Debtor will not be able to afford the work necessary.

10. The Debtor has also been ordered to pay outstanding taxes on the Property and to "keep such taxes current during the pendency of its occupancy of the Property." A true and correct copy of this Order is attached hereto as **Exhibit A**. At this time, the outstanding taxes on the Property exceed $20,000. A true and correct copy of the real estate tax lien certificate related to the Property is attached hereto as **Exhibit B**. The Debtor's income is insufficient to pay outstanding taxes or to continue to keep any such taxes current during any continued occupancy of the Property.

11. The estate has already been diminished and will continue to be depleted if the Case is converted.

12. With the minimal income expected from the Debtor's alleged business and an absence of meaningful business operations, there is not a reasonable likelihood of rehabilitation.

13. There are also numerous issues related to the Debtor's current occupancy of the Property in question. The Property upon which the Debtor allegedly operates its business is located on property owned by the Movant. This is problematic because, as the Court is aware, the Debtor does not have the Movant's permission to remain on the Property and there is no lease that the Debtor may assume which would permit it to remain on the Property.

14. A separate issue relates to the Debtor's failure to obtain an occupancy permit to operate its business on the Property. In order to obtain such a permit, the Movant's consent would be required.

15. Due to the diminution of the estate and the lack of a reasonable likelihood of rehabilitation, the Case will be ripe for conversion or dismissal for "cause" under 11 U.S.C. § 1112(b)(4)(A).

16. Further, the Debtor has failed to file any tax returns for any of the approximately seven years that it has been in existence. In addition to this, the Movant has reason to believe that the Debtor has failed to observe any corporate formalities that are required for a corporation to operate a business in Pennsylvania. Such lack of corporate formalities and failure to ever file tax returns amounts to gross mismanagement.

17. Therefore, the Case would also be poised for conversion or dismissal for "cause" under 11 U.S.C. § 1112(b)(4)(B).

18. Additionally, at the hearing held in this Case on July 6, 2022, the Debtor acknowledged that it did not have any insurance related to its operations. Such failure to obtain the requisite insurance contributes to the finding of gross mismanagement, but also rises to cause to dismiss or convert a Chapter 11 case on that basis alone pursuant to 11 U.S.C § 1112(b)(4)(C).

19. For all of these reasons, it is likely that conversion of this Case would result in the almost immediate dismissal or conversion back to a Chapter 7 case.

20. As such, conversion of this Case to a Chapter 11 case would be a "futile and wasted act" and should be denied. *In re Home Network Builders, Inc.,* Case No. 06-3355, 2006 U.S. Dist. LEXIS 89541*, at *10-11 (D.N.J. Nov. 22, 2006). *See In re Ryan,* 267 B.R. 635, 637 (Bankr. N.D. Iowa 2001) (citing *In re Finney,* 992 F.2d 43, 45 (4th Cir. 1993)) (same).

21. With regard to what the Debtor refers to as "complex litigation" in the Motion, all of the litigation pertaining to Property has been appealed to completion with the final

determination being that Biros is the owner. Despite the Debtor's assertions otherwise, there is no remaining residual litigation.

22. Any litigation assets of the estate can be brought by the trustee without issue. Further, there is nothing to preclude the Debtor from assisting the trustee or providing input regarding any such litigation if necessary.

23. Additionally, if the Trustee is responsible for liquidating assets of the estate, including litigating any meritorious claims of the estate, this neutral party will resolve concerns regarding conflicts of interest pertaining to the potential pursuit of actions against certain parties as opposed to others.

24. Due to the circumstances described above, this Case should not be converted and the Debtor's Motion should be denied in its entirety.

## II. The Debtor has failed to provide any corporate authority for filing, or converting this Case to, a Chapter 11 case

25. By consenting to the bankruptcy and attempting to proceed with a Chapter 11 case, the Debtor has essentially filed a voluntary bankruptcy case.

26. As such, the local rules require that the Debtor must file a "duly attested resolution authorizing the commencement of the bankruptcy case executed by the body whose approval is required for the commencement of a bankruptcy case under applicable law." W.D.Pa. L.B.R. 1002-10.

27. No such corporate resolution has been filed.

28. Under the applicable statute, authority for a corporation to file a voluntary bankruptcy petition can only be provided by resolution of the corporate board of directors. *See Be-Fit Health & Racquet, Inc. v. Healthtime Racquet & Fitness Club, Inc. (In re Be-Fit Health & Racquet, Inc.)*, Case No. 97-31273F (Bankr. E.D. Pa. Nov. 14, 1997) (relying on 15 Pa. C.S.A. §

1903(a)). The authority to file does not rest with any particular corporate officer. *In re Penny Saver, Inc.,* 15 B.R. 252, 253 (Bankr. E.D. Pa 1981); *see also, e.g., In re American Intern. Industries, Inc.,* 10 B.R. 695 (Bankr. S.D.Fla. 1981); *In re Al-Wyn Food Distributors, Inc.*, 8 B.R. 42 (Bankr. M. D. Fla. 1980).

29. The Debtor has provided no documentation regarding the requisite authority to consent to this bankruptcy or to convert the case to a Chapter 11 case.

30. The schedules filed by the Debtor do not mention a board of directors, shareholders, or include any indication of which parties' authority is required to make decisions on behalf of the corporation.

31. As such, the current documentation provided by the Debtor does not provide the necessary authority to consent to, or convert the Case to a Chapter 11, bankruptcy.

32. Even if the Debtor does file a purported corporate resolution in the future, the Court and the Trustee should carefully consider whether any such resolution is in accordance with the requisite formalities of a corporation in Pennsylvania.

## **CONCLUSION**

33. The right of a debtor to convert a case from Chapter 7 to Chapter 11 is far from absolute and courts routinely deny requests from debtors to convert such cases where the conversion would be futile. Here, it is clear that the conversion would be futile because the facts and circumstances would provide for immediate re-conversion or dismissal for cause under 11 U.S.C. § 1112(b). Further, the lack of corporate authority that is required to consent to the Case raises additional questions regarding whether the Debtor has the ability to consent to the Case, nonetheless request to convert it to Chapter 11.

34. As the Court has acknowledged, this Case is very contentious. It is in the best interest of all of the creditors and the estate for the Trustee to remain in place and for the Case to proceed under Chapter 7 as a conversion will only result in the further depletion of assets of the estate as well as the likely re-conversion or dismissal of that Case.

35. For all of these reasons, the Court should use its discretion to deny the Motion so that the Trustee can efficiently liquidate the estate for the benefit of creditors.

WHEREFORE, the Debtor respectfully requests that this court enter an order (i) denying the Debtor's *Motion of U Lock Inc. to Convert Case from Chapter 7 to Chapter 11* [Doc. No. 53], and (ii) granting such other and further relief as the Court may deem just and proper.

Dated: July 19, 2022

Respectfully submitted,
BERNSTEIN-BURKLEY, P.C.

/s/ *Sarah E. Wenrich*
Robert S. Bernstein (PA ID No. 34308)
rbernstein@bernsteinlaw.com
Sarah E. Wenrich (PA ID No. 325834)
swenrich@bernsteinlaw.com
601 Grant Street, Floor 9
Pittsburgh, PA 15219
Telephone: (412) 456-8108
Facsimile: (412) 456-8135

*Counsel for Christine Biros*