# UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re:<br><br>U LOCK INC.,<br><br>   Debtor. | Bankr. No. 22-20823-GLT<br><br>Chapter 11 |
| U LOCK INC,<br><br>   Movant,<br><br>v.<br><br>CHRISTINE BIROS,<br><br>   Respondent. | Related Doc. No.: 36 & 86 |

**RESPONSE TO DEBTOR U LOCK'S NOTICE OF NON-COMPLIANCE**

  AND NOW comes Christine Biros ("Biros"), by and through her undersigned counsel, and files this response to *Debtor U Lock's notice of Non-Compliance* [Doc. No. 86] (the "Notice") filed by U Lock Inc. (the "Debtor") and in support thereof, avers as follows:

**PRELIMINARY STATEMENT**

  1. The Debtor filed the notice of non-compliance related to this Court's order granting Christine Biros ("Biros") limited relief from stay [Doc. No. 36] (the "Order"). The Order, among other things, provides Biros with the ability to begin certain remediation efforts related to the real property located at located at 14140 U.S. Route 30, North Huntingdon, Pennsylvania (the "Property") upon which the Debtor allegedly operates its business. After the Debtor filed the Notice, Biros' counsel attempted to communicate with Debtor's counsel to determine the reasoning behind the filing of the Notice, particularly in light of the appointment of a chapter 7 trustee and the permission that Biros received to take the action that the Debtor's criticized, and to

1

see if the Debtor would agree to withdrawal the notice given that information. While Debtor's counsel initially acknowledged that the chapter 7 trustee is in control of the Debtor's business and the real property in question, counsel appeared to backtrack on that statement in a later call and refused to try to consensually resolve the matters in the Notice.

2. The Notice is an example of Debtor's vexatious litigation practices. It appears to serve no purpose other than to deflect from the nefarious activities occurring behind the scenes with the Debtor's principals and insiders and to force Biros to expend additional time and resources responding to the Debtor's master scheme to bully Biros into giving up the property that is legally, equitably, and rightfully hers. The Notice misrepresents the facts at hand and, given the appointment of the chapter 7 trustee, it is unclear whether the Debtor has standing or is an appropriate party to file such a notice.

3. The Notice should be disregarded in its entirety and the Court should clarify the Debtor and its principals' role – as well as limitations and prohibitions – in this chapter 7 case.

## RESPONSE

4. Following this Court's entry of the Order, the Court appointed a chapter 7 trustee, Robert Slone (the "Trustee").

5. At the Court's hearing held on July 6, 2022 (the "Hearing"), certain parties criticized Biros for not taking remediation action related to the Property.

6. Following the hearing, Biros communicated with the Trustee regarding the commencement of remediation efforts on the Property. Biros and the Trustee met at the Property to discuss the work to be completed and actions to be taken related to the Property. While the Trustee was on the Property with Biros, Biros and the Trustee noted certain old furniture which

had been sitting outside in the rain, wind, and sun in addition to various pieces of old equipment which the Trustee had determined had no value (collectively with the furniture, the "Items").

7. Biros and the Trustee agreed that the Biros was permitted to begin certain remediation efforts on the Property which would include the removal and disposal of the Items which had no value to the estate. Photographs of some of the Items that show the Items' exposure to the elements are attached hereto as **Exhibit A**. These photographs were taken on or about June 7, 2022.

8. The Debtor's allegations regarding the destruction of estate property is nothing more than an attempt to shine a negative light on Biros and is a misrepresentation of the facts, at best.

9. In accordance with her agreement with the Trustee, Biros began remediation efforts and commenced the environmental improvement of certain areas of the Property, including the removal of the Items, but this improvement did not include any actions on the location of the "dump truck fire."

10. Biros has discussed the presence of the PCBs on the Property with a representative of the Department of Environment Protection (the "DEP"). As such, Biros has made sure not to take action with regard that that particular area and will address the environmental issues in accordance with the DEP's regulations following Biros' possession of the Property.

11. With regard to the stop work order that was issued by North Huntington Township (the "Stop Work Order"), Biros was only made aware of the legitimacy of the Stop Work Order at

the time that the Debtor filed the Notice.[1] Biros immediately halted any work on the Property and has since submitted applications for grading permits to the North Huntington Township.

13. Biros will not commence any further remediation work on the Property that would be in violation of the Stop Work Order unless and until such grading permits are obtained.

13. The fact that the Debtor was not "aware" of notice that Biros obtained in order to begin work on the site and is not "aware" of any testing is irrelevant.

14. The Debtor is not in possession and the relevant party to monitor the situation and to provide permission to Biros is the Trustee, not the Debtor.

## **CONCLUSION**

15. The Debtor's actions in this Case, including the filing of the Notice and the allegations therein, demonstrate the Debtor's lack of understanding of its role in a chapter 7 case. Biros has taken all necessary steps to comply with the Order and has had substantial communication with the Trustee every step of the way since his appointment. The notice simply has no merit whatsoever and should be ignored or struck by this Court.

WHEREFORE, the Debtor respectfully requests that this court enter an order (i) striking the Notice, and (ii) granting such other and further relief as the Court may deem just and proper.

| | |
|---|---|
| Dated: July 25, 2022 | Respectfully submitted,<br>BERNSTEIN-BURKLEY, P.C.<br><br>/s/ *Sarah E. Wenrich*<br>Robert S. Bernstein (PA ID No. 34308)<br>rbernstein@bernsteinlaw.com<br>Sarah E. Wenrich (PA ID No. 325834)<br>swenrich@bernsteinlaw.com<br>601 Grant Street, Floor 9<br>Pittsburgh, PA 15219 |

---

[1] Notably, the Stop Work Order was apparently mailed to the Debtor's mailbox on the Property which Biros does not access. The Debtor's principals only made Biros and her counsel aware of the legitimacy of the Stop Work Order upon their filing of the Notice.

Telephone: (412) 456-8108
Facsimile: (412) 456-8135

*Counsel for Christine Biros*