# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: U LOCK INC.<br> a/k/a U-LOCK INC.<br><br>     Debtor.<br>—————————————————<br>SHANNI SNYDER,<br><br>     Plaintiff,<br><br> v.<br><br>U LOCK INC.<br> a/k/a U-LOCK INC.,<br>BIROS IRREVOCABLE LIFE<br>INSURANCE TRUST, CHRISTINE<br>BIROS, ROBERT SLONE,<br>TRUSTEE, CHARLES O. ZEBLEY<br>JR., TRUSTEE,<br><br>     Defendants. | Bank. 22-20823-GLT<br><br>Chapter 7 |

**COMPLAINT**

Plaintiff Shanni Snyder ("Snyder") files this, her Complaint and Request for Declaratory Judgment to Determine Validity, Priority, and Extent of Statutory Mineral Liens on the Debtors' Property pursuant to Rule 7001 of the Federal Rules of Bankruptcy Procedure (the "Rules"):

**Parties**

1. Plaintiff is Shanni Snyder, an individual, who resides at 14390 Route 30, North Huntingdon, Pennsylvania 15642.

2. Defendant U Lock Inc. a/k/a U-Lock Inc. is a Pennsylvania corporation, with a principal place of business at 14140 Route 30, North Huntingdon, Pennsylvania 15642.

3. Defendant Biros Irrevocable Life Insurance Trust is either an unincorporated association or a trust of some form. Based on information, it is located 3001 Jacks Run Road, White Oak, Pennsylvania 15131. It is unknown who the trustee for the Biros Irrevocable Life Insurance Trust is.

4. Defendant Christine Biros is an individual residing at 435 Millers Lane, Plum Borough, Pennsylvania 15239.

5. Defendant Robert Slone, Trustee, is the trustee of the bankruptcy estate for U Lock Inc., and is named due to the property interests of the estate.

6. Defendant Charles O. Zebley Jr., Trustee, is the trustee of the bankruptcy estate of Shanni Snyder in case 18-21983. Trustee Zebley is joined due the partial ownership of the judgment lien that is the subject of this action.

## Jurisdiction

7. Defendant U Lock Inc. a/k/a U-Lock inc. is the debtor in this proceeding. This Court has jurisdiction over the Cases and this Complaint pursuant to 28 U.S.C. §§ 157(a) and 1334(a).

8. Jurisdiction to grant declaratory relief exists pursuant to 28 U.S.C. §§ 2201 and 2202, 11 U.S.C. § 105, and Fed. R. Bankr. P. 7001(2) and 7001(9).

9. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (K), and (M).

10. Venue of the Cases and this adversary proceeding in this district is proper under 28 U.S.C. §§ 1408 and 1409.

11. Pursuant to Fed. R. Bankr. 7008 the Plaintiff consents to the Court's entry of a final judgment or order with respect to the adversary proceeding if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

## standing

12. Plaintiff's standing to file this action is based on a judgment lien she perfected in the United States District Court for the Western District of Pennsylvania and the Court of Common Pleas of Allegheny County, Pennsylvania.

13. Plaintiff recognizes that a portion of the lien may be owned by the bankruptcy estate in *In re: Shanni Snyder,* No. 18-21983,

and administered by Trustee Zebley. Indeed, she filed schedules in that case specifically advising that a portion of the judgment lien constitutes property of the estate.

14. However, over $80,000 in value of the judgment lien belongs exclusively to Plaintiff with no known statutory basis for the *In re: Shanni Snyder* bankruptcy estate to make a claim to it.

15. The value of the $266,702 judgment lien is based on violations of federal wage laws. The judgment encompasses 1506 days. Of this, 865 days may belong to the *In re: Shanni Snyder* estate. 180 days may possibly be attached to the estate if certain criteria is met. However, 461 days are not owned by the estate under any theory known by Plaintiff. Therefore, at a minimum, Plaintiff owns 461/1506ths of the judgment and has standing to file this action.

### The "Property"

16. Throughout this Complaint, Plaintiff makes reference to the "Property." The "property" is defined as a parcel of land known as 14140 U.S. Route 30 in North Huntington, Westmoreland County, Pennsylvania. The property is identified by Westmoreland County, Pennsylvania, as Tax Map 54-03-10-0-103. The property currently houses a working storage facility known as *U Lock*.

17. Based on information, the resale value of the property exceeds one-million ($1,000,000) and may be valued as high as several million dollars based on its location, proximity to the highway, and size, all acquired by U Lock at a time when its unsecured lender knew that the enterprise had not financial ability to repay the unsecured loan.

### nature of action

18. This is an action pursuant to Rules 7001(2) and 7001(9) and the Declaratory Judgment Act (28 U.S.C. § 2201) ,

19. By this Complaint, Plaintiff seeks a judgment of this Court declaring the validity, priority, and extent of her lien against a property that either belongs to the debtor, jointly belongs to the debtor, should belong to the debtor as a result of bankruptcy voidable preference provisions of the *Pennsylvania Uniform Voidable Transactions Act*, or recently belonged to the debtor.

20. Plaintiff seeks a determination that she holds a valid, fully-perfected, and enforceable lien on the property.

21. Furthermore, Plaintiff seeks a determination that said lien is senior in priority to any ownership of the property, has priority over the deed of Christine Biros, and the apparently faux lien lodged by the Biros Irrevocable Life Insurance Trust.

## Background

22. In 2015, certain deeds were issued to U Lock Inc. because it acquired the property utilizing an unsecured loan issued to it by Christine Biros from certain estates.

23. On February 13, 2018 the estates filed new deeds to U Lock. These deeds were recorded with the Westmoreland County Recorder of Deeds on March 1, 2018, at instrument numbers 201803010006263, 201803010006263, 201803010006264, 201803010006265, 201803010006267.

24. On December 18, 2021, the United States District Court for the Western District of Pennsylvania entered a judgment against U Lock Inc. in the amount of $262,702 in favor of Plaintiff. *Snyder v. U Lock Inc.*, 2:21-cv-00904 (W.D.Pa.).

25. On November 22, 2021, the United States District Court for the Western District of Pennsylvania issued a *writ of attachment* that was served on U Lock. *Id.*

26. On December 14, 2021, the United States District Court for the Western District of Pennsylvania issued an abstract of judgment. *Id.*

27. On December 15, 2021, Plaintiff filed the abstract of judgment with the Court of Common Pleas of Westmoreland County, Pennsylvania. *Snyder v. U Lock*, 21-JU-4758 (C.C.P. Westmoreland Pa.).

28. Upon the filing of the abstract of judgment, a lien on all of U Lock's property was created.

29. On January 20, 2022, Christine Biros obtained an *ex parte* Order of Court providing her certain deeds as described below.

30. On January 25, 2022, Biros filed four deeds with the Westmoreland County Recorder of Deeds at instrument numbers 202201250003084, 202201250003085, 202201250003086, and 202201250003087.

31. Each of the deeds specifically state, "ALSO SUBJECT TO: … 2. Any judgments, liens, or encumbrances against the within described property."

32. Each deed notes that the prior deed dated July 09, 2015, was "later being deemed NULL AND VOID by the Court." However, none of the deeds mention the 2018 deeds that conveyed the property to U Lock.

33. On February 11, 2022, Christine Biros executed a purported mortgage on the property in favor of the Biros Irrevocable Life Insurance Trust in an unknown amount. On the same date, Biros and the Biros Irrevocable Life Insurance Trust caused the purported mortgage to be filed with the Westmoreland County Recorder's office at instrument 202202110005448.

## Justiciable Controversy

34. The Plaintiff assert that she has, albeit possibly partially owned by the *In re: Shanni Snyder* bankruptcy estate, a valid, perfected, enforceable, first-priority lien and security interest upon all of the Debtor Defendants' assets, which include the property.

35. In addition, Plaintiff asserts that she has a lien on the property regardless of whether it is presently owned by U Lock or has been involuntarily transferred to Christine Biros, or jointly owned by both or the constructive trust that they formed together.

36. Plaintiff recognizes that, perhaps, U Lock or its trustee may need to file an action to quiet title, to avoid the transfer, or to invoke Pennsylvania's voidable transactions laws, 12 P.S. 5101, *et. seq.* However, this does not affect Plaintiff's lien under any scenario.

37. Regardless of which deeds are superior or whether the involuntary transaction can be sustained considering that U Lock was insolvent and known to be insolvent at the time of all the transactions, Plaintiff's lien survives against the property.

38. Accordingly, the Plaintiff seeks a declaration from the Court that the Plaintiff's liens are valid, perfected, enforceable and senior to the deeds lodged in 2022 by Christine Biros and the

faux mortgage lodged in favor of the Biros Irrevocable Life Insurance Trust.

39. Even if not superior, that the 2022 lodged deeds and the faux mortgage are subject to Plaintiff's judgment lien.

40. A declaratory judgment which declares the extent, validity, priority, perfection, and value of competing lien claims on the property is authorized under Bankruptcy Rule 7001 and will adjudicate disputed issues involved in this controversy between the creditors in this bankruptcy case once and for all without the need for other litigation.

**COUNT I – Claim for Relief: DECLARATORY JUDGMENT**

41. The Plaintiff incorporates by reference the allegations set forth in paragraphs 1 through 40 above as if fully set forth herein.

42. This claim for relief arises under the Federal Declaratory Judgment Act, 28 U.S.C.§ 2201 and Bankruptcy Rules 7001(2) and 7001(9).

43. As set forth above, the Plaintiff has validly and timely recorded lien against the property that relates back to inception dates prior to the recording of the competing security interests and therefore the Plaintiff holds a senior secured claim and lien as to the property.

44. Alternatively, the 2022 deeds and the mortgage is "subject to" the judgment lien of the Plaintiff.

45. Accordingly, the Plaintiff respectfully requests a judgment of this Court declaring (i) that the Plaintiff holds valid, fully-perfected, and timely recorded lien against the property; (ii) that the Plaintiff's validly and timely recorded lien with inception dates pre-dating the date of filing of the 2022 deeds and mortgage document are senior secured claims to the properties; and (iii) the 2022 deeds and mortgage are "subject to" the judgment lien perfected the Plaintiff.

46. All conditions precedent have been performed or have occurred.

47. By filing this suit, Plaintiff does not waive or release any rights, claims, causes of action, or defenses, or make any election of remedies that they now have or may have, but expressly preserve all such rights, claims, causes of action, and defenses, whether or not the same have been asserted or may hereafter be asserted in this or any other proceeding.

WHEREFORE, the Plaintiff respectfully requests an order of the Court declaring: (i) that the Plaintiff holds valid, fully-perfected, and timely recorded lien against the property; (ii) that the Plaintiff's validly and timely recorded lien with inception dates pre-dating the date of filing of the 2022 deeds and mortgage document are senior secured claims to the properties; and (iii) the 2022 deeds and mortgage are "subject to" the judgment lien perfected the Plaintiff. In addition,

Plaintiff respectfully requests costs and any other relief that may be appropriate and just.

I, Shanni Snyder, declare and state under the penalty for perjury that the foregoing is true and correct (28 USC 1746).

Respectfully submitted,

_____
Shanni Snyder
14390 Route 30
North Huntingdon PA 15642
412-368-2580
shannis@pm.me