IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re:  U LOCK INC. a/k/a U-LOCK INC. | ) ) ) ) ) ) | Case. 22-20823-GLT |
| Debtor. | | |

### DECLARATION OF GEORGE SNYDER IN REFERENCE TO CERTAIN EQUIPMENT

I, George Snyder, declare and state under the penalty for perjury that the following is true and correct to the best of my knowledge, information and belief (28 USC 1746):

1. My name is George Snyder. I am the majority shareholder of U Lock Inc.

2. I am providing this declaration to provide my knowledge to the Court, the Trustee, the creditors, and the parties as to certain information regarding a conflict between the schedules and a claim by creditor Glenn Mowry.

3. As a way of background, my brother Kash Snyder assisted me with U Lock Inc. He had been in an in-patient medical program for over the last month (and he is still in the in-patient program) and my access to him has been extremely limited. I have been trying to provide complete information and locate files on my own, which is difficult.

4. On July 12, 2022, Trustee Robert Slone emailed U Lock's attorney, J. Allen Roth, Esq., and provided a list of items he noted during a walkthrough of the property with me and a third-party auctioneer. Certain things were noticed that were not on the schedules and I advised Mr. Slone that they should be added. Mr. Slone asked Attorney Roth to have me amend the schedules. A copy of Mr. Slone's list is attached hereto as Exhibit A.

5. While these items are not extremely valuable, I am working on an amendment, but I do not want to file several amendments, and have been waiting for more access to

Kash Snyder to make sure I do not miss anything. I do not think any amendment will materially alter the value of the physical items U Lock has an interest in. I am addressing most of the items below.

6. On August 4, 2022, the Trustee provided a notarized claim by Glenn Mowry stating that he owned certain items on the U Lock property. *See* Exhibit B.

7. Mr. Mowry's list contains similar language and order as to some items. *Compare* Exhibits A to B. For instance, the last five items on both Mr. Mowry's list and the Trustee's list are in the exact same order. It seems very clear to me that someone provided Mr. Mowry with the list of items from the Trustee that is not contained on the public record. While making the list public is not a problem to me, the order of Mr. Mowry's list, especially the final five items, makes it seem like he just copied the list from the Trustee. Ordinarily, a person claiming property would know what the property is without someone providing them a list.

8. When U Lock purchased the property, these items were on said property. We were informed by the sellers and their relatives that all items on the property would belong to the purchaser.

9. Except as stated in the table below, at no time did Mr. Mowry claim the items or seek to remove them. On the contrary, about three years ago, Mr. Mowry advised me verbally that the only items he was seeking that were not in the rented spaces were "final drives." After advising me of that, Mr. Mowry never returned about said "final drives." However, on July 13, 2022, Andy Biros used a back hoe bucket and loaded the final drives. Mr. Mowry asked me about the drives on July 13 as well. Later that day, the final drives were no longer on the property. I did not witness the final drives being removed, so I do not know if they were provided to Mr. Mowry or if Andy Biros did something with them, or if they removed them together.

| TRUSTEE LIST AND NOTES EXHIBIT A | GLENN MOWRY LIST EXHIBIT B |
|---|---|
|  | 1. *Ohio Body Mfg Trailer*<br><br>This item is listed on U Lock's schedules. It has been present since 2015 and utilized. At no time did Mr. Mowry make any claim to this item. |
|  | 2. *977 CAT Traxcavator 54A6822*<br><br>This item is listed on U Lock's schedules. It has been present since 2015.. At no time did Mr. Mowry make any claim to this item. |
|  | 3. *Drott Skid Shovel Model 16K3*<br><br>This item is listed on U Lock's schedules. It has been present since 2015.. At no time did Mr. Mowry make any claim to this item. |
| *"4 trailers are listed: are they mobile homes, box storage trailers, tag a long trailers (unclear description)"*<br><br>. | 4. *4 storage trailers"*<br><br>Mr. Mowry does not identify the "4 storage trailers." I believe it appears Mr. Mowry either simply copied the 4 trailers from the trustee's list or plans to identify the best 4 trailers as his. |
|  | 5. *Tractor trailer 201*<br><br>This item is listed on U Lock's schedules. It has been present since 2015 and utilized. At no time did Mr. Mowry make any claim to this item. |
| *4 mobile homes (as is)*<br><br>The four mobile homes belong to U Lock. There are two mobile homes in the back that Robert Biros brought to the property in 2017 and placed there without paying rent. |  |
|  |  |

| | |
|---|---|
| | *6. Case 880C Excavator*<br><br>This item is listed on U Lock's schedules. It has been present since 2015. At no time did Mr. Mowry make any claim to this item. |
| | *7. Michigan 85 Front end Loader*<br><br>This item is listed on U Lock's schedules. It has been present since 2015. At no time did Mr. Mowry make any claim to this item. |
| *Red drop deck beaver tail lowboy trailer*<br><br>This trailer was on the property at the time U Lock acquired it. No claim was ever made to the trailer. We did not schedule it, although we would have lien rights pursuant to Section 4 of the Self-Service Storage Facility Act. | *8. Red Drop Deck Beaver tail low Boy Trailer*<br><br>I understand that type of trailer ordinarily has a title. If Mr. Mowry owns the trailer, he should be able to produce a title. Mr. Mowry should produce the title or request a duplicate. |
| *Cat 941 (no motor)* | *9. Cat High Lift 941 with no motor*<br><br>This machine was on the property at the time U Lock purchased it. |
| *2 boats on trailers*<br><br>These items are my personal boats and trailers. I bought one from a cab company in Pittsburgh and the other from Mr. Mowry during an auction he had before the purchase of the property. | |
| *55 gallon drums*<br><br>I will send Kash Snyder pictures of the drums to confirm if any belong to the estate. I believe many of the drums originated with Mr. Mowry along with his tires. | |
| *Clark pneumatic fork truck* | *10. Clark Pneumatic fork Truck*<br><br>Despite U Lock's lien on the items Mr. Mowry placed there, this item was removed by a tow truck on or about July 14, 2022 |

| | |
|---|---|
| | with Andy Biros and Mr. Mowry present. |
| *Red tri axle, no hood, no radiator, parts (last inspected 1999)* | *11. Red Tri Axle Diamond Rio with no hood/radiator parts*<br><br>This vehicle should have a registered title. I believe this vehicle is located on a property owned by a third-party (beyond U Lock's property line). |
| *1 lot misc. scrap* | *12. 1 lot misc scrap*<br><br>I am aware that Mr. Mowry had certain scrap on the premises. I also, and some other clients, had scrap there as well. It appears that Mr. Mowry simply copied the Trustee's list when making this claim. Without Mr. Mowry identifying his scrap, I cannot advise if it belongs to him, another client, U Lock, or myself. |
| *Ford F150 blue plow truck 49-302B21 (as is)* | *13. Ford F150 4x4 plow truck 49-302B21*<br><br>Obviously, all Ford F150s would have a title. On July 14, 2022, Mr. Mowry and Andy Biros removed this vehicle from the premises notwithstanding U Lock's lien. |
| *Grove? Mobile crane (as is)* | *14. Grove American Mobile Crane*<br><br>This was at U Lock's facility at the time of purchase. It was omitted from the schedule as an error. At no time prior to Mr. Mowry's August 4, 2022 notarized document did he claim this item. |

10. While I have no personal interest in withholding items that cannot be administered by U Lock's from lawful third-party owners, I have a personal interest in the "scrap" materials which I may or may not own. The description of "scrap" was taken directly from the trustee's list rather than Mr. Mowry providing information about what the scrap he owns is, so I cannot make a determination as to could plausibly belong to Mr. Mowry.

11. I am also perplexed why Mr. Mowry kept these items on the property outside of his rented spaces for seven years without paying U Lock, specifically disavowed an interest in the items several years ago, and never claimed them previously..

12. Finally, I believe that proper notice should be given to all of the interested parties and that lists of property should be provided to all of the creditors especially the storage customers, not just to Mr. Mowry.

Dated this 8th day of August, 2022.

_____
George Snyder