IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

In re: : Case No.: 22-20823-GLT
: Chapter: 7
U LOCK INC :
:
: Date: 8/9/2022
*Debtor(s).* : Time: 02:00

# PROCEEDING MEMO

**MATTER:** # 14 Con't Expedited Motion to Dismiss Case, in addition to Motion For Sanctions Against Petitioning Creditor, or in the alternative Motion for Relief from Stay or in the alternative Motion to Abandon the Movants Property.
# 36 - Order Granting Christine Biros Limited Relief from the Stay
# 86 - Notice Regarding Non-Compliance as Directed by Paragraph 12 of the Order at Entry 36 filed by Debtor
# 96 - Response filed by Robert Slone, Trustee
# 97 - Response filed by Christine Biros
# 100 - Declaration re: Notice of Non-Compliance Docket Entry 86 filed by Debtor

# 53 Motion to Convert Case from Chapter 7 to 11 filed by the Debtor
# 91 - Response filed by Christine Biros
#92 - Response filed by Trustee Slone
# 102 - Exhibits to be referenced at hearing on 8/9/22 filed by the Debtor

**APPEARANCES:**
Debtor: J. Allen Roth, George Snyder
Trustee: Robert H. Slone
Petitioning Creditor: Shanni Snyder, Charles Zebley
Christine Biros: Sarah Wenrich, William Otto, Christine Biros

**NOTES:** [2:16 p.m.]

Slone: So far, I've received $1,895 from the Debtor. I have received bank statements that show gross revenue $6,210, which is inconsistent with the Schedules. There are a limited number of assets in the Debtor's possession. After reviewing the pleadings, I have directed the tenants to pay rent to me. The problem is that there are no leases in place, so it is difficult to enforce the payment obligations. No tax returns have been filed since the business's formation.

Court: I received a declaration from Mr. Snyder that indicated property removed from the Debtor's site.

Slone: Tenants have removed some of their personal property from the lockers. Most equipment listed in the Debtor's Schedules are not in operating condition. I took someone to examine the property and there is no expectation that an auction would generate funds.

Court: On the notice of non-compliance, there is an allegation that certain property has been destroyed.

Slone: Limited remediation has taken place. I don't believe there have been other issues.

Roth: The non-compliance related to an attempt to collect against the Debtor even after the bankruptcy was filed.

Court: You're talking about your adversary proceeding. Are there any outstanding issues with the cease-and-desist letter?

Roth: No.

Court: I am going to consider the notice as withdrawn. To the extent there are issues involving access to the property or interference with the debtor's estate, the chapter 7 trustee is equipped to handle it, and if not, to bring it to the Court's attention.

S. Snyder: I have something to say about the transparency of the process with creditors.

Court: You haven't filed a response to the notice of non-compliance, so I'm not sure you have standing.

Roth: [Delivers argument in favor of motion to convert].

Court: Have you discussed any cause of action that would void the constructive trust with trustee Slone?

Roth: We have not gotten to that point.

Court: And you believe that there is case law that support you to collaterally attack the constructive trust? You can get over *Rooker-Feldman* and *res judicata* issues?

Roth: Yes. We believe the prior transfer is voidable.

Court: And how is this a viable business, even with the infusion of new money? What would be the reorganization purpose for this entity?

Roth: The property is probably worth at least $1 million.

Court: If there is a viable claim to attack the constructive trust, why can't the trustee initiate that action?

Roth: We think we can handle those efforts.

Slone: I don't believe conversion would accomplish anything.

Wenrich: The real property belongs to Ms. Biros. Any reorganization purpose relies on the real property. We also raise issue with the authenticity of exhibits filed by the Debtor.

Court: [Delivers ruling on the motion to convert]. I will deny the Debtor's motion to convert. Moving to the adversary proceedings, it's the respective trustees/ that should initiate those actions. Have you had any conversation with the trustee?

Roth: I have not.

Slone: I have no interest in pursuing a stay violation action.

Court: I actually have three parties before me that may have violated the stay.

Otto: If you look at the state court docket, I did not act on the writ of possession that was issued by the state judge. I brought a sanctions action against Mr. Snyder and Mr. Roth individually as opposed to the Debtor.

Court: I am inclined to dismiss the stay violation adversary proceeding because it was brought on behalf of U Lock, and only the trustee can bring such action unless derivative standing is obtained. I will also deny the motion to intervene by Ms. Snyder. This is a claim belonging to her bankruptcy estate.

Zebley: There is a meeting of creditors on Friday. I believe Ms. Snyder has a pre-petition claim against the Debtor.

Court: I am also inclined to dismiss Ms. Snyder's adversary proceeding. I will keep the motion to dismiss open.

**OUTCOME:**

1. The *Motion to Convert Case from Chapter 7 to 11* [Dkt. No. 53] is DENIED for the reasons stated on the record. [Text Order].

2. The *Notice Regarding Non-Compliance as Directed by Paragraph 12 of the Order at Entry 36* [Dkt. No. 86] is DENIED as WITHDRAWN. [Text Order].

3. The Adversary Proceeding (22-2048-GLT) [Dkt. No. 104] is DISMISSED without prejudice for the reasons stated on the record.

4. The the Motion for Leave to Intervene or Join, in addition to Motion to Add Party [Dkt. No. 3] in adversary 22-2048 is DENIED without prejudice as the underlying adversary is dismissed. [Text Order].

4. The Adversary Proceeding (22-02052-GLT) [Dkt. No. 105] is DISMISSED without prejudice for the reasons stated on the record.

5. On or before August 23, 2022, the trustee shall file a status report. [Text Order].

6. The *Con't Expedited Motion to Dismiss Case, in addition to Motion For Sanctions Motion to Abandon the Movants Property Against Petitioning Creditor, or in the alternative Motion for Relief from Stay or in the alternative Motion to Abandon the Movants Property* [Dkt. No. 14] is CONTINUED to August 25, 2022 at 11:30 a.m. [Text Order].

**DATED:** 8/9/2022