# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

FILED 8/26/22
CLERK
U.S. BANKRUPTCY COURT - WDPA

| | | | |
|---|---|---|---|
| In re: | : | Case No.: | 22-20823-GLT |
| | : | Chapter: | 7 |
| U LOCK INC | : | | |
| | : | | |
| | : | Date: | 8/25/2022 |
| *Debtor(s).* | : | Time: | 11:30 |

## PROCEEDING MEMO

**MATTER:** # 14 Continued Expedited Motion to Dismiss Case, in addition to Motion For Sanctions Against Petitioning Creditor, or in the alternative Motion for Relief from Stay or in the alternative Motion to Abandon the Movants Property
# 36 - Order Granting Christine Biros Limited Relief from Stay
# 86 - Notice Regarding Non-Compliance as Directed by Paragraph 12 of the Order at Entry 36 filed by Debtor
# 96 - Response filed by Robert Slone, Trustee
# 97 - Response filed by Christine Biros
# 100 - Declaration re: Notice of Non-Compliance Docket Entry 86 filed by Debtor
# 120 - Status Report filed by the ch.7 trustee

**APPEARANCES**:
Debtor: J. Allen Roth, George Snyder
Trustee: Robert H. Slone
Petitioning Creditor: Shanni Snyder
Christine Biros: Sarah Wenrich, William Otto

**NOTES:** [11:36 a.m.]

Slone: I've received multiple offers for the Debtor's personal property. The offer from Ms. Biros is for $20,000. I will file the sale motion by the end of next week. I have received a $4,000 deposit. This would close 30 days after the sale's approval.

Wenrich: I believe relief from stay is still appropriate because there are no rights in the property. We simply want to obtain rightful possession.

Court: I'm not seeing a basis to dismiss based on the pending sale motions. With respect to stay relief, I want you to confer with trustee and provide a proposed form of order.

Otto: There is still a problem with personal property that belongs to the renters. We are concerned with potential claims that could arise.

Court: I see no reason for further administration of this case once the trustee's sale motions are adjudicated?

Otto: I think addressing the personal property now will resolve potential claims.

Court: I can appreciate your client's concerns, but I don't have any appetite for trying to craft insurance against future litigation.

Roth: We don't believe transferring possession to Ms. Biros is appropriate at this time.

Court: I am going to deny the request for dismissal. With respect to expanded stay relief, I am going to direct the parties to work with the trustee to reach an agreement. I will also deny the motion for sanctions without prejudice. I am directing the trustee to review the various alleged stay violations and file any appropriate actions within 30 days.

**OUTCOME:**

1. The *Continued Expedited Motion to Dismiss Case, in addition to Motion For Sanctions Against Petitioning Creditor, or in the alternative Motion for Relief from Stay or in the alternative Motion to Abandon the Movants Property* [Dkt. No. 14] is DENIED without prejudice with respect to any request for additional relief beyond the Order entered on June 3, 2022 at Dkt. No. 36. [Text Order].

2. On or before September 26, 2022, the trustee is directed to review the various alleged stay violations by the parties and determine whether to file any appropriate causes of action. [Text Order].

3. The May 13, 2022 writ of possession order in the Court of Common Pleas of Westmoreland County, Pennsylvania is deemed VOID. [Chambers to Issue].

**DATED:** 8/25/2022