FILED
9/1/22 2:18 pm
CLERK
U.S. BANKRUPTCY
COURT - WDPA

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: : | Case No. 22-20823-GLT |
| : | |
| **U LOCK INC.**, : | Chapter 7 |
| : | |
| *Debtor*. : | Related to Dkt. Nos. 1 and 14 |
| : | |

## ORDER

This case was initiated by petitioning creditor Shanni Snyder when she filed a *Chapter 7 Involuntary Petition*[1] against the Debtor, U Lock Inc., on April 27, 2022. Previously, Christine Biros filed a complaint in the Court of Common Pleas of Westmoreland County, Pennsylvania ("State Court") against U Lock and others seeking, among other things, a declaratory judgment and a conveyance of title to property purportedly owned by the Debtor.[2] On May 13, 2022, the State Court granted Ms. Biros a post-petition writ of possession for the Debtor's property ("Writ of Possession Order"), which provided for, among other things, the sale of the Debtor's property.[3] A week later, Ms. Biros sought dismissal of this bankruptcy case and asked this Court to "annul the stay as of the petition date, April 27, 2022 . . . to obviate any potential concerns regarding the validity of the writ of possession."[4]

At a hearing held on August 25, 2022, the Court denied Ms. Biros' motion to dismiss and declined to provide retroactive stay relief.[5] Even though the bankruptcy court has the

---

[1]　　Dkt. No. 1.

[2]　　Dkt. No. 14, Exh. A.

[3]　　Dkt. No. 14 at ¶ 78.

[4]　　*Id.*

[5]　　Dkt. No. 128.

authority to annul the automatic stay under 11 U.S.C. § 362(d), the United States Court of Appeals for the Third Circuit has held that "actions taken in violation of the stay are void."[6] In other words, the State Court's Writ of Possession Order is void unless the Court finds that the "violation of the stay, although void (as opposed to voidable), may be revitalized in appropriate circumstances by retroactive annulment of the stay."[7] Based on the record and pleadings, however, the Court finds no compelling justification for doing so, particularly since the chapter 7 trustee is pursuing a sale of the Debtor's assets.

For the reasons stated above and on the record, it is hereby **ORDERED, ADJUDGED,** and **DECREED** that:

1. The State Court's Writ of Possession Order is deemed VOID.

Dated: September 1, 2022

GREGORY L. TADDONIO
UNITED STATES BANKRUPTCY JUDGE

Case administrator to serve:
Debtor

---

[6] In re Myers, 491 F.3d 120, 127 (3d Cir. 2007).

[7] Id.

2