# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: ) | |
| ) | Bankruptcy No. 22-20823-GLT |
| U LOCK, INC. ) | |
| Debtor ) | Chapter 7 |
| ****************************** ) | |
| ROBERT H. SLONE, TRUSTEE ) | Document No. |
| Movant ) | |
| ) | |
| vs. ) | |
| ) | |
| CHRISTINE BIROS, FRED BANKS, DAVID PERLA, ) | |
| DENNY DULL, JOHN DULL, GARY CHERIPKA, ) | HEARING DATE: 11/10/22 @ 10:30 a.m. |
| GLENN MOWRY, INW, JAR COAL COMPANY, ) | COURTROOM A—PITTSBURGH |
| JAMES CLAWSON, JEFFREY SHAW, JENNIFER ) | |
| VERRICO, MARK MYKA, PA TURNPIKE TOLL ) | |
| BY PLATE, PETERS PAINTING, R.J. ABREU, ) | |
| R. WOODALL, RSS, RICOBERTO NEGRETE ) | |
| GALENO. SARA STUMME, SHANNI SNYDER, ) | |
| SHARON McCANCE, SHELLY CHABANDE, ) | |
| BEN SHABANDE, STEPHEN CHAPAS, TERRY ) | |
| NOLL, TONY DAVIS, UNITED STEELWORKERS, ) | |
| WEST PENN POWER, WESTMORELAND COUNTY) | |
| TAX CLAIM BUREAU, 11585274 CANADA INC. , ) | |
| USAAG SYSTEMS CO., KASH SNYDER, ) | |
| AND RENEE BASISTA, ) | |
| RESPONDENTS ) | |

**TRUSTEE'S MOTION FOR SALE OF ALL TANGIBLE
AND INTANGIBLE PERSONAL PROPERTY OF THE ESTATE**

AND NOW, comes Robert H. Slone, (the "Trustee"), Chapter 7 Trustee in the bankruptcy of U Lock, Inc. (the "Debtor"), and files this *Motion for Sale of all Tangible and Intangible Personal Property of the Estate* (the "Sale Motion"), and in support thereof, states as follows:

**JURISDICTION AND VENUE**

1. The United States Bankruptcy Court for the Western District of Pennsylvania (the "Court") has jurisdiction over this Motion pursuant to 28 U.S.C. § 1334. This matter is a core proceeding under 28 U.S.C. § 157(b)(2). Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The Statutory predicates for relief requested herein are sections 105 and 363 of Title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code") and Rules 6004 and 9014 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules").

3. By this Motion, the Trustee seeks authority from this Court pursuant to Sections 105(a) and 363 of the Bankruptcy Code to sell all tangible and intangible personal Property of the Estate (as defined in §541), and specifically including the Estate's disputed right to the real property located at 14140 U.S. Route 30, North Huntingdon, PA (the "Real Property"), but excluding all cash held by the Estate and the Estate's claims under §546 or §547 of the Bankruptcy Code against George Snyder (the "Purchased Property"). The Purchased Property also includes and assumes the obligations imposed by any regulatory authority or political subdivision to engage in any environmental remediation of the Real Property, without regard to whether the remediation is ultimately determined to be the responsibility of the owner or possessor of the Real Property pursuant to the Estate's disputed claim of possession to the Real Property.

4. On April 27, 2022, Shanni Snyder filed an involuntary bankruptcy petition against the Debtor.

5. The Court set June 13, 2022 as the response date for the Debtor to contest the involuntary petition.

6. The Debtor did not file a response to the involuntary petition.

7. On June 16, 2022, the Court entered an order for relief.

8. On June 22, 2022, the Trustee was appointed as Chapter 7 trustee of the Debtor and its estate.

9. The Trustee received various offers for piecemeal assets of the estate and filed two (2) motions [Doc. Nos. 135 & 137] (the "Initial Sale Motions") in accordance with those offers.

10. On or about September 9, 2022, the Trustee received a better and higher offer, which was amended by correspondence dated September 22, 2022 and September 23, 2022 (the "Offer"), with regard to the same assets set forth in the Initial Sale Motions. A true and correct copy of the Offer is attached hereto as Exhibit "A". As a result of receiving the Offer, the Trustee filed a motion seeking to withdraw or dismiss the Initial Sale Motions [Doc. No. 163].

11. The Estate has been in continuous possession of the Real Property since the Possession Date of April 27, 2022 and, before the involuntary filing of this bankruptcy case, has been in possession of the property since July 2015.

12. The Trustee believes that the Offer and the related structure of the sale contemplated by the Offer will more efficiently maximize the value of the Estate, while also reducing potential significant liability that may have been incurred by the Estate.

13. The Offer was submitted to the Trustee by Christine Biros (the "Proposed Buyer"), and the general terms of the contemplated sale of the Purchased Property are as follows:

    a. The Proposed Buyer shall file a Verified Disclosure of Connections to these proceedings, and all parties in interest no later than five (5) business days prior to the scheduled Sale Hearing.

    b. The Purchase Price shall be in the amount of $31,000.00 in cash plus additional consideration (the "Purchase Price"). The Proposed Buyer shall deposit the Purchase Price (less the $4,000.00 deposit paid to the Trustee) in good funds with the Trustee within five (5) days of the entry of the Sale Order approving the sale of the Purchased Property to the Proposed Buyer.

    c. In addition to the Purchase Price, the Proposed Buyer agrees to assume all liability of the Debtor's Estate for the environmental remediation required on the Real Property, including all remediation required as a result of that certain incident involving a garbage truck which occurred on the Real Property on or about May 27, 2022, and led to the contamination of soil with PCBs, thereby necessitating the decontamination of the Real Property (the "Estate Environmental Liability").

    d. With regard to the Estate Environmental Liability, the Proposed Buyer agrees to post a bond or other equivalent financial security in the amount of $100,000.00 with the Trustee within ten (10) days of the entry of the order approving the Sale to the Proposed Buyer (the "Bond"), which bond shall be held until the Estate Environmental Liability has been fully addressed to the satisfaction of any environmental regulatory entities having

jurisdiction, including the Pennsylvania Department of Environmental Protection. If the Bond has not been released by agreement with the Trustee in 180 days after the date of posting, the Proposed Buyer may seek direction from the Court as to the terms of the Bond's release.

e. Proposed Buyer, Christine Biros, may have a claim for rent for the use and occupancy of the Real Property since April 27, 2022, and, as additional consideration the Offer includes a waiver of $10,000.00 of any administrative claim that she may have.

f. The Offer includes all claims and causes of action that the estate has with regard to any disputed right to possess the Real Property.

g. The Offer includes the Proposed Buyer's agreement to waive any additional claims against the estate related to additional environmental remediation of the Real Property [Claim No. 4].

14. The Trustee proposes to conduct an auction (the "Auction") which seeks to sell the Purchased Property to any bidder with the highest and best offer (the "Purchaser"), with the requirement that each bidder (i) shall submit a deposit of $4,000.00 to be held by the Trustee (the "Initial Deposit") no later than five (5) days prior to the Auction; (ii) shall agree to post a Bond related to the Estate Environmental Liability within five (5) days of this Court's approval of the Sale of Purchased Property; (iii) shall file a Verified Disclosure of Connections to these proceedings and all parties in interest no later than five (5) days prior to the scheduled hearing in this Sale Motion (the "Sale Hearing"); (iv) shall deposit the Purchase Price with the Trustee within five (5) days of the Court entering an order approving the sale; (vi) if the Purchaser is not Christine Biros, shall (a) remove all personal property from the Real Property within 30 days after entry of an order approving the sale; and (b) post an additional bond or other equivalent financial security in the amount of $25,000.00 within ten (10) days after entry of the order approving the sale (the "Cleanup Bond") to reimburse Christine Biros for the cost of removal and disposal of any tangible personal property which is not removed within 30 days after entry of the order approving the sale; and (vii) by participating in the auction, each bidder agrees to be a backup bidder in the event the Purchaser at the Auction fails to meet the terms of Sale (collectively, the "Bidding

Requirements"). The Trustee proposes that the Sale Hearing take place before this Court, and the Trustee shall provide adequate notice of the sale be set forth with these require to bid and be provided to all parties in interest in a Sale Notice.

15. If the Purchaser of the Purchased Property does not deposit the required Purchase Price (less any Initial Deposit), does not post the Bond, does not post the Cleanup Bond or does not close on the Sale as required in any sale order related to this Sale Motion, then the Trustee requests authorization to immediately close on the Sale of the Purchased Property to the backup bidder, which will be the bidder at the Auction who has the second highest and best offer for the Purchased Property (the "Backup Bidder").

16. To the extent that the Sale of the Purchased Property to the Purchaser does not close for any reason set forth in the related order, then the Backup Bidder shall purchase the Purchased Property for the amount of the second highest and best offer, less any Excess Deposit[1] (the "Backup Purchase Price") and any Initial Deposit made by the Backup Bidder. The Backup Bidder shall deposit the required Backup Purchase Price, post the Bond, and close the Sale within five (5) days' notice from the Trustee that the Purchaser has failed to meet the terms of the related order approving the Sale of the Purchased Property.

**RELIEF REQUESTED**

17. By this Sale Motion, the Trustee seeks an approval of the Sale of the Purchased Property under and pursuant to Section 363(b) of the Bankruptcy Code, to the Proposed Buyer, or to any other party who has complied with the Bidding Requirements and who has proposed an offer that is better and higher than the Offer (the "Purchaser").

18. The Proposed Buyer's offer to purchase the Purchased Property is subject to the presentment of higher and better offers, which comply with the Bidding Requirements, at the Sale Hearing/Auction.

---

[1] "Excess Deposit" means the amount by which the Purchaser's Initial Deposit exceeds the difference between the Purchase Price and the Backup Purchase Price. For the avoidance of doubt, if the Initial Deposit of the Purchaser is $4,000.00, the Purchase Price is $21,000.00, and the Backup Purchase Price is $20,000.00, then the Excess Deposit in that scenario would be $3,000.00.

19. Section 363(b) authorizes the Debtor, after notice and a hearing, to use, sell or lease, other than in the ordinary course of business, property of the estate. 11 U.S.C. §363(b). Section 105 of the Bankruptcy Code provides that the court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. §105(a).

20. Although the Bankruptcy Code does not specify the appropriate standard for approving the sale of property under Section 363, courts have uniformly agreed that the business judgment standard applies. See *In re Shubh Hotels Pittsburgh, LLC,* 439 BR 637, 639 (Bankr. W.D. Pa 2010). Courts in the Third Circuit have also held that a court should accept a trustee's or debtor's business judgment unless there is evidence of bad faith. *See In re Grand Prix Assocs*., No. 09-16545 (DHS), 2009 Bankr LEXIS 1779, at 15 (Bankr. DNJ. June 26, 2009).

21. To approve the sale, use of lease of property outside of the ordinary course of business, the Court must find some articulated business justification for the proposed action. See In re Abbots Dairies of Pa. Inc., 788 F.2d 143, 145-47 (3d Cir. 1986).

22. In determining whether a sale satisfies the business judgment standard, courts in the Third Circuit require: (a) that there be sound business judgment reasons for the sale; (b) accurate and reasonable notice of the sale; (c) that the sale yield a fair and reasonable price; and (d) that the parties have acted in good faith. In re *Titusville Country Club*, 128 B.R. 396, 399 (Bankr. W.D. Pa 1991). This Court may additionally grant the relief requested herein under §105(a) of the Bankruptcy Code under equitable common law doctrines, providing, in relevant part, that "the court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. §105(a).

23. The Trustee has the burden to establish that a valid business purpose exists for the use of estate property in a manner that is not in the ordinary course of business. See *In re Lionel Corp*., 722 F.2d 1063, 1070-71 (2nd Cir. 1983). Once the Trustee has articulated a valid business purpose, however, a presumption arises that the trustee' s decision was made on an informed basis, in good faith, and in the honest belief that the action was in the best interest of the company. See *In re Integrated Resources, Inc*., 147 B.R. at 656 (S.D.N.Y. 1992).

24. The sale of the Purchased Assets serves a sound business purpose.

25. On or about May 22, 2022, during the time in which the Debtor was in possession of the Real Property, there was a release of contaminants, including PCBs, on the soil of the Real Property which may create an obligation for the Estate to remediate the contamination.

26. By pursuing the sale of the Purchased Assets, the Trustee has maximized the value of the estate by simultaneously bringing money into the estate in the amount of the Purchase Price while also ridding the estate of liability related to the Real Property which may be costly as a result of the contamination of soil with the PCBs that occurred post-petition. If this liability is not addressed in an adequate manner, the estate may be in violation of environmental and statutory regulations with no other means to address the issues.

27. Additionally, the Offer includes a waiver of substantial claims of Christine Biros, some of which would be administrative costs of the estate.

28. As this Court is aware, Ms. Biros asserts that the Estate has no right to occupy the Real Property, as neither the Debtor nor the Estate have the relevant occupancy permits, a lease, or any ownership which would entitle those parties to possess the Real Property.

29. Regardless, the Estate's continued occupation of the Real Property may give rise to a claim of Ms. Biros for reasonable rent of these premises, and she has agreed to waive $10,000.00 of this claim, and certain other claims, as part of her Offer.

30. Section 363(m) of the Bankruptcy Code provides for the protection to a good faith purchaser of the Purchased Property. Pursuant to Section 363(m):

> The reversal or modification on appeal of an authorization under subsection (b) or (c) of this section of a sale or lease of property does not affect the validity of a sale or lease under such authorization to an entity that purchased or leased such property in good faith, whether or not such entity knew of the pendency of the appeal, unless such authorization and such sale or lease were stayed pending appeal.

11 U.S.C. §363(m).

31. While the Bankruptcy Code does not define "good faith", the Third Circuit has held that:

> [t]the requirement that a Buyer act in good faith…speaks to the integrity of his conduct in the course of the sale proceedings. Typically, the misconduct that would destroy a Buyer's good faith status at a judicial sale involves fraud, collusion between the Buyer and other bidders or the trustee, or an attempt to take grossly unfair advantage of other bidders.

In re *Abbots Dairies of Pa. Inc.*, 788 F.2D 143, 147 (3D Cir. 1986).

32. The Trustee seeks a finding with respect to "good faith" of the Buyer, or any other potential buyer of the Purchased Property or the Assets, in furtherance of Section 363(m) of the Bankruptcy Code, which provides an enforceable, safe harbor provision for purchasers of property when the purchase is found to be in "good faith". The Trustee asserts that the Verified Disclosure of Connections that is part of the Bidding Requirements provides a basis for a finding of good faith pursuant to Section 363(m) of the Bankruptcy Code.

33. This process described in this Motion provides for an open and fair auction of the Purchased Property which will further ensure the arms' length and good faith nature of this sale by encouraging competitive bidding within the parameters of the Bidding Requirements. As such, the Trustee requests that the ultimate purchaser of the Purchased Property be entitled to the protections of Section 363(m) of the Bankruptcy Code.

WHEREFORE, the Trustee respectfully requests that this Court (i) enter an Order approving the proposed Sale following the Sale Hearing; and (ii) grant such other and further relief as is just and proper.

Respectfully submitted,

Date:   September 28, 2022       /s/ ROBERT H. SLONE
Robert H. Slone, Esquire
PA ID No. 19963
MAHADY & MAHADY
223 South Maple Avenue
Greensburg, PA 15601
(724) 834-2990
robertslone223@gmail.com

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | Bankruptcy No. 22-20823-GLT |
| U LOCK, INC. | ) | |
|                Debtor | ) | Chapter 7 |
| **************************************** | ) | |
| CHRISTINE BIROS, FRED BANKS, DAVID PERLA, | ) | Document No. |
| DENNY DULL, JOHN DULL, GARY CHERIPKA, | ) | |
| GLENN MOWRY, INW, JAR COAL COMPANY, | ) | |
| JAMES CLAWSON, JEFFREY SHAW, JENNIFER | ) | |
| VERRICO, MARK MYKA, PA TURNPIKE TOLL | ) | HEARING DATE: 11/10/22 @ 10:30 a.m. |
| BY PLATE, PETERS PAINTING, R.J. ABREU, | ) | COURTROOM A—PITTSBURGH |
| R. WOODALL, RSS, RICOBERTO NEGRETE | ) | |
| GALENO. SARA STUMME, SHANNI SNYDER, | ) | |
| SHARON McCANCE, SHELLY CHABANDE, | ) | |
| BEN SHABANDE, STEPHEN CHAPAS, TERRY | ) | |
| NOLL, TONY DAVIS, UNITED STEELWORKERS, | ) | |
| WEST PENN POWER, WESTMORELAND COUNTY | ) | |
| TAX CLAIM BUREAU, 11585274 CANADA INC. , | ) | |
| USAAG SYSTEMS CO.,  KASH SNYDER, | ) | |
| AND RENEE BASISTA, | ) | |
|                RESPONDENTS | ) | |

**CERTIFICATE OF SERVICE FOR TRUSTEE'S MOTION FOR SALE OF ALL TANGIBLE AND INTANGIBLE PERSONAL PROPERTY OF THE ESTATE, HEARING NOTICE AND PROPOSED ORDER**

      I, Robert H. Slone, certify under penalty of perjury that on September 28, 2022, I served true and correct copies of the above-referenced documents upon the following persons and parties in interest at the addresses shown by United States First Class Mail, postage prepaid, as follows:

    *List "A" was served all the above referenced documents.*

    *List "B" was served the <u>Hearing Notice</u> only.*


EXECUTED ON:  September 28, 2022            By: /s/ ROBERT H. SLONE
                                                                    Robert H. Slone, Esquire
                                                                   PA ID No. 19963
                                                                   MAHADY & MAHADY
                                                                   223 South Maple Avenue
                                                                   Greensburg, PA 15601
                                                                   (724) 834-2990
                                                                   robertslone223@gmail.com

LIST "A"

| | | |
|---|---|---|
| Office of the U.S. Trustee<br>Liberty Center, Ste. 970<br>1001 Liberty Avenue<br>Pittsburgh, PA 15222 | J. Allen Roth, Esquire<br>805 S. Alexandria Street<br>Latrobe, PA 15650 | Sara E. Wenrich<br>Bernstein-Burkley, PC<br>601 Grant Street, 9th Floor<br>Pittsburgh, PA 15219 |
| William E. Otto, Esquire<br>Law Firm of William E. Otto, Esq.<br>PO Box 701<br>Murrysville, PA 15668 | Christine Biros<br>435 Millers Lane<br>Pittsburgh, PA 15239 | USAAG Systems Co.<br>2389 Main Street<br>Glastonbury, CT 06033-4617<br>Attn: P. Zhen Zhen |

LIST "B"

| | | |
|---|---|---|
| 11585274 Canada Inc.<br>1615-567 Scarborough Golf Club Road<br>Toronto ON M1G 1H5<br>Canada | Fred Banks<br>52 S. 8th<br>Pittsburgh, PA 15203 | David Perla<br>550 Beatty Drive<br>Irwin, PA 15642 |
| John Dull<br>120 Kline Avenue<br>North Versailles, PA 15137 | Denny Dull<br>120 Kline Avenue<br>North Versailles, PA 15137 | Gary Cheripka<br>123 Catskill Avenue<br>Pittsburgh, PA 15227 |
| Glenn Mowry<br>524 8th Street<br>Irwin, PA 15642 | INW<br>800 E Wishkah Street #1003<br>Aberdeen, WA 98520 | JAR Coal Company<br>1985 Lincoln Way<br>STE 23-333<br>White Oak, PA 15131 |
| James Clawson<br>2437 Saunders Station Road<br>Monroeville, PA 15146 | Jeffrey Shaw<br>140 Carriage Drive<br>Irwin, PA 15642 | Jennifer Verrico<br>16 Goldstrom Avenue<br>Dravosburg, PA 15034 |
| Mark Myka<br>5148 Peach Street #401<br>Erie, PA 16509 | PA Turnpike Toll by Plate<br>PO Box 645631<br>Irwin, PA 15642 | Peters Painting<br>14354 Overholt Drive<br>Irwin, PA 15642 |
| R J. Abreu<br>39 ½ Wedgwood Drive 1009<br>Jewett City, CT 06351 | R. Woodall<br>Apartado 10199<br>San Jose, Costa Rica, 00000 | RSS Attn: Bawani<br>5307 Victoria Drive #185<br>Vancouver BC Canada V5P3V6 |

Ricoberto Negrete Galeno
3048 Norland Street
Carnegie, PA 15106

Sara Stumme
2705 Bowman Avenue
McKeesport, PA 15132

Shanni Snyder
14390 Route 30, Unit H
Irwin, PA 15462

Sharon McCance
PO Box 185
Irwin, PA 15642

Shelly Chabande
799 Brownstone Road
Larimer, PA 15647

Ben Chabande
799 Brownstone Road
Larimer, PA 15647

Stephen Chapas
273 Shasta Drive
Pittsburgh, PA 15239

Terry Noll
1257 Colt
Irwin, PA 15642

Tony Davis
6 Liberty Square
Boston, MA 02109

United Steelworkers
Attn: James Hill
386 Toura Drive
Pittsburgh, PA 15236

West Penn Power
76 South Main Street
Akron, OH 44308

Westmoreland County Tax
Claim Bureau
2 North Main Street, Ste. 109
Greensburg, PA 15601

Renee E. Basista
9 Donna Drive
Irwin, PA 15642

Kash Snyder
c/o George Snyder
Box 15
Irwin, PA 15642