# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: ) | CASE NO. 22-20823-GLT |
| ) | |
| U LOCK, INC., ) | CHAPTER 7 |
| ) | |
| Debtor. ) | |
| ) | |
| ROBERT H. SLONE, TRUSTEE, ) | RE: Document No.: 175 |
| ) | |
| Movant, ) | Hearing Date: 11/10/22 @ 10:30 am |
| ) | Courtroom A - Pittsburgh |
| vs. ) | |
| ) | |
| CHRISTINE BIROS, et al. ) | |
| ) | |
| Respondents ) | |

### DEBTOR U LOCK INC.'S OBJECTIONS TO TRUSTEE'S MOTION FOR SALE OF ALL TANGIBLE AND INTANGIBLE PERSONAL PROPERTY OF THE ESTATE

AND NOW, comes U Lock Inc., debtor herein, and files these Objections to the Trustee's Motion for Sale of All Tangible and Intangible Personal Property of the Estate ("Motion") and in support thereof states as follows:

1. An Involuntary Petition for Relief under Chapter 7 of the United States Bankruptcy Code was filed against U Lock, Inc. ("Debtor" or "U Lock") in the Bankruptcy Court for the Western District of Pennsylvania on or about April 27, 2022 ("Filing Date").

2. U Lock Inc. is the debtor herein. It is a party in interest because it would receive any assets recovered in excess of the amounts due creditors and because it has sought to convert this case to one under Chapter 11, Subchapter V, and the denial of the conversion is on appeal to the United States District Court.

3. The Chapter 7 Trustee filed the Motion on September 28, 2022.

4. Objector files the following Objections to the Motion:

A. Local Rule 6004-1 (c) (2) provides in relevant part that:

Notice of any proposed sale shall be advertised by the seller by publication in a newspaper of general circulation in the county in which the property is located and in the Legal Journal of such county if one exists **and shall contain the case name and number, a brief description of the property to be sold, the date of the sale hearing,** and a reference to the Court's EASI website where additional information regarding the sale shall be uploaded pursuant to subsection (c)(1). The publication shall be made no more than thirty (30) nor less than fourteen (14) calendar days before the scheduled date of sale. (Emphasis added).

The Trustee's notice of sale advertised in the Pittsburgh Tribune states the incorrect date of the sale hearing - October 6, 2022. (See, Proof of Publication, Doc. 181).

B. The Motion and Notice of Sale fail to sufficiently describe the property to be sold in a manner that would advise the public and potential bidders of the nature and type of the property. Local Rule 6004-1 (c) (1) (B) states in relevant part that the Notice of Sale shall contain the following information … requires at a minimum "a brief description of the property to be sold, such as "1988 Dodge Truck for personalty, . . . " The Motion, Notice of Sale and publication in the Tribune Review merely state "Tangible and Intangible property". This is inadequate notice and marketing of the property to be sold in violation of Local Rule 6004-1 (c) (1) (B) and is not a commercially reasonable means to dispose of property.

C. The Motion and structure of the sale as proposed by the proposed bidder, Christine Biros ("Proposed Bidder") creates an impossibility for others to bid as it contains vague assertions about the nature and status of the "Estate Environmental

Liability," it does not disclose accurate or adequate information about the situation (such as the fact that the so-called "garbage truck" accident was caused by large insured garbage hauler which should be responsible for such remediation and fails to provide any information as to whether the Trustee has made any claims to garbage hauler and fails to disclose the status of such claims.

D. The Motion and proposed Order fail to state if the proposed sale is free and clear of liens and other interests as provided for under 11 U.S.C. §363(f) and Federal Bankruptcy Rule 6004(c). The unclear language of the motion and proposed Order prejudices potential bidders.

E. The Motion and proposed Order should include a provision that any Order approving a sale of the property in the event the case is converted to a case under Chapter 11 of the Bankruptcy Code. Without explanation, the Trustee appears to attempt to usurp U-Lock's appeal by asking the Court to allow the sale to stand even if the case is converted. This procedure would moot the appeal and deny the Debtor the due process it is entitled to. In addition, it would require U Lock Inc. to appeal any sale Order.

F. The Court lacks jurisdiction to approve a sale of certain property to be sold under the Motion because the Proposed Bidder's September 22, 2022 "Updated Offer" letter attached as Exhibit "A" to the Motion offers to purchase items of personal property in paragraphs (b) (eight sea/land containers) and (c) (approximately 23 truck trailers for which no titles have been disclosed) that are either not scheduled as property of the estate and/or there is a dispute as to ownership. Also as previously noted, because the Motion fails to adequately

describe and identify the property to be sold, proposed bidders cannot determine if the property is estate property for which the court has jurisdiction over or whether it is not estate property for which the court lacks jurisdiction. The motion also appears to sell all of U Lock's interest in real property notwithstanding the fact that certain creditors made a claim to have a lien on said property.

G.      The Motion severely prejudices competing bidders. The Motion requires a successful competing bidder to post a $25,000 "Cleanup Bond" with 10 days of an Order approving the sale of the tangible personal property to such bidder in order to reimburse the Proposed Bidder for the cost of removal of any tangible personal property which is not removed within 30 days after entry of an Order approving the sale. Because the Motion fails to sufficiently describe the tangible personal property to be sold, it is impossible for a competing bidder to know what personal property it is to remove within 30 days after entry of a sale Order, or if it could be physically moved in a prompt manner.. For example, the docket reveals discussions of old used and discarded tires on the premises that were placed prior to the debtor's receiving control of the property. Would this be included in the personal property purchased which has to be removed? Similarly, it appears that four of the mobile homes on the property, that were placed there prior to the sale of the property, may not be in an easily moveable condition. Further, the Motion fails to assure competing bidders that the Proposed Bidder, who asserts ownership of the real property on which the (in adequately described) personal property rests, will allow competing bidders reasonable access to the real property to

remove items purchased. Based on information, notwithstanding the Order of this Court, alleged Creditor Christine Biros has blocked parties from accessing the property and even installed a gate on the front entrance of the property.

H. The Motion and proposed Order should make it clear that a purchaser of the property is acquiring such property and rights that may be subject to successor liability claims for federal labor claims by creditors.

I. The proposed sale has not been noticed, marketed and advertised to strategic buyers and investors known to acquire such assets.

J. The Motion and sale lack transparency and adequate information regarding the alleged Estate Environmental Liability such that the posting of a bond by competing bidders should be required, let alone a bond for $100,000, including whether the party that caused the damage, or their insurance company, offered to remediate the spill. It is unreasonable that for six months, repeated claims about the accident have been made with assertions of liability, but zero disclosure occurred as to the status of any insurance claim made. If there has been contact with the insurance company, and that information has not been disclosed – coupled with the demand for a $100,000 bond, a fraudulent concealment occurred.

K. The Motion and sale lack transparency and adequate information regarding the alleged removal of property to be sold, such that the posting of a $25,000 Cleanup Bond by competing bidders should be required, let alone the basis for the bond being $25,000 without an explanation as to why it would cost that amount to remove the undisclosed and vaguely described property.

L.　At a minimum, the Court should allow an opportunity for discovery with respect to the alleged environmental issues, the status of the insurance from the party that had the accident resulting in the alleged release of hazardous waste, and a full and complete disclosure of all information relating to the matter.

M.　The Proposed Bidder's actions, including her terms and conditions for the proposed the sale have not been made in good faith.

N.　The Proposed Bidder's terms and conditions appear to create a preference for allowance of their disputed, inflated, and contingent claims.

O.　The failure to separate tangible and intangible assets improperly impairs other bidders from making a bid for the property.  It is unlikely that a person interested in the intangible assets would desire to acquire and remove the vaguely described property of the estate, especially considering the disputed nature of the tangible property where at least one tenant claimed the items and the only basis for believing some of the property belongs to the Estate consists of satellite photographs.  On the other hand, a person interested in the tangible assets, such as a scrap or salvage company, would have zero interest in bidding for the intangible property.

P.　The proposed sale fails the business judgment standard by failing to provide accurate and reasonable notice, reasonable sale terms to attract the highest and best offer and terms proposed in good faith.

Q.　The proposed auction sale (i) is not commercially reasonable, (ii) is not made in good faith, (iii) fails to adequately market the property to be sold; and

(iv) fails to sell the property on sale on terms and conditions that would bring the highest and best offer for the benefit of the estates.

5. For the reasons stated above, U Lock Inc., requests that this Honorable Court deny the Motion and proposed Order or, in the alternative, allow a discovery period and set the matter for a full evidentiary hearing on the issues.

**WHEREFORE**, for the reasons set forth above, U Lock Inc.. respectfully requests that this Court deny the Motion and proposed sale.

| | | |
|---|---|---|
| Dated: __October 17__, 2022 | By: | */s/ J. Allen Roth, Esq.* |
| | | J. Allen Roth, Esq. |
| | | 805 S. Alexandria Street |
| | | Latrobe PA 15650 |
| | | (724) 537-0939 |
| | | lawmatters@yahoo.com |
| | | |
| | | ATTORNEY FOR DEBTOR U LOCK INC. |