**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| In re:  U LOCK INC. | ) | |
|  a/k/a U-LOCK INC. | ) | Bank. 22-20823-GLT |
| | ) | |
| Debtor. | ) | Chapter 7 |
| | ) | |
| —------------------------------------ | ) | |

## PETITIONING CREDITORS OBJECTION TO THE MOTION FOR SALE

Petitioning Creditor Shanni Snyder's Objection to the Motion for Sale:

1.  Petitioning Creditor Shanni Snyder files this Objection in her capacity as a Petitioning Creditor, a creditor with in excess of a 33% interest in a lien on all of U Lock's property, and as a potential bidder on the items.

2.  For the reasons set forth in the objections filed by U Lock Inc., which Petitioning Creditor incorporates by reference as if fully set forth again, she also objects.  All of the objections are applicable to bidders and creditors.

3.  In addition, Petitioning Creditor objects because of the improper preference being provided to Christine Biros, a person who filed grossly exaggerated and inflated proofs of claim. The entire sale appears to be a plan to provide Creditor Biros with complete preference, the entire antithesis to what is to occur in a bankruptcy.

4.  Ms. Biros needs to immediately disclose all of her contacts with Big's, the garbage company, that dumped garbage on the property.

5. Presently, she has her father, 87 years old, digging and moving dirt around the property– a property allegedly contaminated with PCBs that requires $100,000 bond for someone to bid.

6. Yet Big's, the company that dumped the garbage, is supplying the Biros family with their dumpsters.

7. The accident needed to be reported to the Department of Transportation as Big's Sanitation is a DOT Registered Carrier, not covered up.

8. Big's Sanitation DOT #2099338, travelled 704,371 miles during 2021, so certainly any spill of garbage would be paid by it through its commercial insurance as required by its registration as a carrier..

9. Additionally, Petitioning Creditor objects on the basis that the motion does not make it clear whether the sale of interests in the real property owned or able to be owned by the Debtor is subject to liens, such as Petitioning Creditor's lien judgment, or being sold free and clear of all liens.

10.   As Petitioning Creditor holds a lien on the assets, the Order must state how much money will be held back, subject to the disputed lien; 100% or some larger increment, who will hold the money,whether a separate interest bearing account is required, and any time limits within which an adversary proceeding for a determination on the merits must be filed

11.   Furthermore, Petitioning Creditor also notes that this Court dismissed her lien priority action without prejudice stating that she

did not have standing because of her bankruptcy.  This appears to be an error because Petitioning Creditor still owns over ⅓ of the judgment

12.    The Petitioning Creditor would be willing to bid for the assets, in part or in full, if they were properly described.  The notice, motion, and proposed Order are so vague and non-descript, and the EASI system only shows the letter from Christine Biros' attorney, that incorporates another letter, but that letter is not attached.   It lists various equipment shown in a photo, but does not lay out a foundation as to whether U Lock actually owns it.

13.    Petitioning Creditor would be willing to bid in excess of the amount listed in the motion, but does not understand the terms or the environmental matter, or how the buyer would be liable to clean up the USDOT registered common carrier's accident.  Furthermore, it is unclear what work Christine Biros' father already did, if he aggravated the situation, etc.

14.    Petitioning Creditor further objects because the Biros' claim to have disclosed their relationship, but it appears that they have a personal interest in inflating the environmental issues, have not disclosed the outcome of their settlement with Big's or their relation, how the received a dumpster from the company causing the accident, or whether there is some form of *quid pro quo*.  Full disclosure must be provided.

15.    Petitioning Creditor moreover states that the purchaser of the assets of U Lock will be subject to claims under successor liability theories to Petitioning Creditor for federal wage and labor violations.

Any purchaser should receive fair notice of this potential especially where the buyer purchases both the physical assets and the intangible claims, along with liabilities.

WHEREFORE, Petitioning Creditor respectfully requests that the motion be denied or that this Court require it to be amended with full disclosure so third parties and Petitioning Creditor may intelligently bid.

Respectfully submitted,

Shanni Snyder

## CERTIFICATE OF SERVICE

I Shanni Snyder, certify that I mailed a copy of the foregoing objections to the following persons on October 17, 2022:

Office of the U.S. Trustee Liberty Center, Ste. 970 1001 Liberty Avenue Pittsburgh, PA 15222   ECF NOTICE

J. Allen Roth, Esquire 805 S. Alexandria Street Latrobe, PA 15650   ECF NOTICE


Sara E. Wenrich  Bernstein-Burkley, PC 601 Grant Street, 9th Floor Pittsburgh, PA 15219 ECF NOTICE

USAAG Systems Co.  2389 Main Street Glastonbury, CT 06033-4617 Attn: P. Zhen Zhen POSTAL MAIL




Respectfully submitted,

_____
Shanni Snyder
14390 Route 30
North Huntingdon PA 15642
412-368-2580
shannis@pm.me