IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

In re:  U LOCK INC. a/k/a　　　)
U-LOCK INC.　　　　　　　　　)　　　Case. 22-20823-GLT
　　　　　　　　　　　　　　　)
　　　　　　Debtor.　　　　　　)
　　　　　　　　　　　　　　　)

### OBJECTIONS OF GEORGE SNYDER TO MOTION FOR SALE

I am a an officer of the debtor U Lock.  I file this objection in my personal capacity and as a creditor, having not received any form of wage despite working for either U Lock or Christine Biros for the past several years.

I object to the motion to sell both the physical and non-physical property as outlined at pleading 175 because some of the items belong to me.  I believe that Christine Biros had her attorney specifically seek these, after originally demanding they be removed from the property, to vex.

The following items are mine:

　　8 land/sea crates

　　2  40' land/sea crates

　　1 yellow tri axel tilt bed trailer

　　2 job site trailers

　　1 landscape trailer (not in the 2014 photo)

　　1 car hauler equipment trailer.

There was also some scrap metal that belonged to me and furniture that Christine Biros had her dad destroy.  Some of my trailers and crates received damage.

I am also aware that one of the squatting tenants, Mr. Mowry,  provided a notarized list claiming ownership of several items.  While some of Mr. Mowry's  statements were false, it should be provided to any potential buyer so that they are not surprised by this claim.

I am concerned that the lack of information in the motion will not draw any bids.  The

advertising provided no description of the property. The letter from Christine Biros misstates the property.

I note that I have discussed this with the Trustee and he repeatedly assured me that he would not be selling something U Lock did not own. I am unclear and unsure if he is just selling the right to try to say these items are U Lock's property. However, that is a claim that U Lock does not have to sell with no basis to believe this property that is not on the schedules belongs to U Lock based on a photograph.

Prior to the Court selling what is my property, I desire to testify about how the items were acquired.

As to Big's Sanitation, I previously provided the Court with the police report about the accident. I also provided the Court with updates about how Christine Biros was not following the stay Order, but performing random acts. At the hearing, the Court did not seem pleased about hearing this information and deferred to the Trustee. Therefore, I quit preparing updated information as to these occurrences, but I have repeatedly advised the Trustee about the damage that Ms. Biros is causing damage to the property of the Estate, the blocking of the entrance, deliberately damaging the trailers, by having her family members operate a dirt dump for their business partners who are building an AutoZone, and placing large boulders on the property. It is not known to me if they are receiving payment for taking the boulders or simply doing a favor for their partners, but if they are operating the fill dump as a business, it should be disclosed prior to this Court allowing the sale requiring a bond in their favor.

The value of these items being sold have been diminished by these activities and deliberate damage to the clients, blocking activities. The mysterious claims of environmental damage have been increased by the activities occurring on the property, yet it is ironic that someone buying the rights or the physical property must post a $100,000 bond in favor of Christine Biros.

I know that a person interested in salvage or the items that are owned by U Lock Inc. would not be interested in legal rights. I think that if you want to get more money for the estate, any auction should be separate. One for the equipment and one for the lawsuit rights. I believe that any auction should allow separate bids.

I also looked at the Court's notice of sale system, EASI. There are no cases similar where the items sold are not described. All we see is Ms. Biros' letter and vague "Intangible and Tangible Personal Property of the Estate". I do not think that is very inviting for people to make higher offers.

I also believe that a value must be placed on the alleged waiver of the environmental claims and the negotiations with Big's Sanitation should be adequately disclosed.

I am not sure how a person will need to know the disclosures that they must make to bid on the property or how that is done five days in advance? Who do they make the disclosures to? What is the criteria to bid?

Finally, as to the bond, precisely what type of surety is required? A completion bond? An indemnification bond? It seems totally unclear to a buyer.

I think the Court should demand more information and I must therefore object.

**DECLARATION**

I declare under the penalty for perjury that the foregoing is true and correct to the best of my knowledge, information, and belief (28 USC 1746).

**CERTIFICATE OF SERVICE**

I understand that all of the persons requiring notice receive electronic notification except for USAAG that did not appear. . Therefore, I mailed a copy to USAAG Systems, 2389 Main St, Glastonbury, CT 06033, United States. I also mailed a copy to Shanni Snyder, 14390 Route 30, Irwin PA 15642 by mail. Christine Biros, U Lock, the United States Trustee, and Robert Slone trustee receive email service.

This 17th day of October 2022.

George Snyder

PO Box 15

Irwin PA  15642

412-979-9999