# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re:<br><br>U LOCK INC.,<br><br>    Debtor. | Bankr. No. 22-bk-20823<br><br>Chapter 7 |
| ROBERT SLONE, as Chapter 7 Trustee for the Debtor, and CHRISTINE BIROS,<br><br>    Movants,<br><br>v.<br><br>U LOCK INC., CHARLES O. ZEBLEY, as Chapter 7 Trustee of the estate of Shanni Snyder, SHANNI SNYDER, GEORGE SNYDER, KASH SNYDER. | Related Doc. Nos: |

### Stipulated Order for Relief from Stay

This stipulated order for relief from stay (the "Stipulated Order") is entered into by and among Robert Slone, acting as Chapter 7 Trustee for the Debtor (the "Trustee") and Christine Biros ("Biros") to provide Biros with relief from the automatic stay and facilitate the transfer of possession of the real property located at 14140 U.S. Route 30, North Huntingdon, Pennsylvania (the "Property") to Biros.

It is hereby **STIPULATED AND AGREED** as follows:

    1.    As determined by the Westmoreland County Court of Common Please, the Superior Court of Pennsylvania, and the Supreme Court of Pennsylvania, Biros holds sole, undivided, legal and equitable title to the Property.

    2.    The Debtor has no lease on the Property to be assumed or rejected by the Trustee pursuant to 11 U.S.C. § 365.

3. The Debtor has no occupancy permit for the Property which would permit it to lawfully conduct business on the Property.

4. The Trustee does not believe that the Debtor or the Estate has a possessory interest in the Property.

5. Since the commencement of this bankruptcy case, the Debtor, and later the Trustee, have possessed the Property without any payment of rent or other consideration to Biros for the Debtor's possession of the Property.

6. The Trustee has collected only minimal rent on the Property from alleged renters who store personal property on the Property. Any rent collected on the Property is far exceeded by the fair value of rent owed to Biros on the Property during the bankruptcy as an administrative claim.

7. Since taking possession of the Property and the Estate from the Debtor, the Trustee has been made aware of continued actions taken by George Snyder ("Snyder"), the Debtor's principal, related to the Property, including but not limited to the removal of personal property potentially belonging to the Estate, the continued storage of items allegedly owned by Snyder for which he has not paid any rent to the Debtor or the Trustee, and continued collection of rents from renters. Additionally, the Trustee has attempted to order all renters on the Property to vacate the premises and remove any personal property stored on the Property in an effort to move this case forward.

8. The Trustee and the Estate do not have the funds necessary to provide the level of surveillance of the Property which appears to be necessary at this time.

9. The Trustee believes that relief from stay is appropriate under both § 362(d)(1) and (d)(2) of the Bankruptcy Code.

10. Pursuant to the binding decisions of the Pennsylvania state courts, including the Supreme Court of Pennsylvania, the Superior Court of Pennsylvania, and the Westmoreland County Court of

Common Pleas, Biros is the sole legal and equitable owner of the Property. Regardless, the automatic stay prohibited Biros from taking lawful possession of the Property. Biros has not received any prepetition payments for the Debtor's possession and use of the Property, nor has she received any postpetition payments for the Estate's continued possession of the Property. Due to the lack of funds held by the Estate, there are no measures in place which prevent the Debtor, its principals, or any renters from causing damage to the Property.[1] As such, Biros has not received any adequate protection for her ownership interest in the Property and relief is appropriate under 11 U.S.C. § 362(d)(1).

11. Additionally, the Trustee has made clear on numerous occasions that there is no avenue for this particular Debtor to successfully reorganize, in part due to the Debtor's lack of ownership or possessory interest in the Property. Because the Estate has no equity in the Property and there is no contemplated reorganization, relief from stay for Biros to obtain possession of the Property is also appropriate under 11 U.S.C. § 362(d)(2).

12. In order to efficiently facilitate the transfer of possession of the Property from the Estate to Biros, the Trustee and Biros have agreed to the following terms:

   a. Biros shall have sole and legal possession of the Property beginning no later than ten (10) days following the Court's entry of this Order and possession may be provided to Biros by the Trustee at any agreeable date prior to that date following the entry of this Order.

   b. Upon obtaining possession of the Property, Biros shall immediately be permitted to take any actions related to the Property, including but not limited to any of the following actions:

      i. Provide notice to any remaining renters to remove all personal property from the Property within a designated number of days, which notice may include a publication

---

[1] As this Court is aware, Biros believes that the Debtor's principals have taken action to damage the Property, including but not limited to failing to maintain the Property in compliance with the local regulations despite various notices related to the same and causing or allowing environmental contaminants to be introduced on the Property.

to the extent that the Debtor's renter list provided to the Trustee appears to be incomplete.

    ii. Implement any security measures Biros deems necessary, including but not limited to the installation of video cameras for security and surveillance monitoring, limiting access to the Property, and/or hiring personnel to monitor and further secure the Property.

    iii. Complete an in-depth walk through of the Property, identifying any areas which are locked and inaccessible.

c. Following Biros' possession of the Property, the Trustee has agreed to assist with certain aspects of the Property for which the Trustee will be compensated by Biros for his time. Biros will cause the contents of all storage units to be evaluated, then the storage units to be emptied and the contents either moved to a secure storage area or disposed of as waste. Storage units for which an owner can be identified will be notified and given a reasonable opportunity to retrieve their property, as described below. This procedure will prevent any claims against either the Trustee or Biros related to the disposal or movement of contents remaining on the Property following Biros' notice of removal to all renters. This Court will retain jurisdiction over all claims by any renters against Biros, the Trustee, the Estate or the Debtor.

d. Subsequent to the review of all remaining items on the Property and the storage of any valuable items, each alleged renter shall have thirty (30) days to retrieve such items. The Trustee shall identify any unpaid charges related to any such owner(s) and items and the owner(s) shall be permitted to collect their items upon payment for (i) storage charges owed to the Trustee which shall be paid directly to the Trustee, and (ii) the secured storage charge

    incurred by Biros in providing the secured storage following the determination that any such items are valuable.

  e. The Trustee shall continue to be permitted to access the Property to the extent necessary pursuant to the terms set forth above or as may be necessary to further move the case along to a conclusion. No other parties, except for those parties to which Biros expressly permits to access the Property, shall be permitted on the Property. All alleged renters shall be required to make arrangements with Biros to access the Property and remove their personal property. For the avoidance of doubt, George Snyder, Kash Snyder, Shanni Snyder, J. Allen Roth, and any Insiders of the Debtor shall be expressly prohibited from accessing the Property and to the extent that any parties impermissibly access the Property, such access is trespassing and may be prosecuted by Biros to the full extent of the law.

  f. To the extent Ms. Shanni Snyder has any surveillance equipment, including but not limited to video cameras, microphones, or any other recording device, she and / or her Bankruptcy trustee, Charles O. Zebley, Jr. ("Zebley") shall immediately notify Biros of the location of the same within five (5) days of entry of this Order and Biros shall arrange for the return of said equipment to Zebley.[2] Any undisclosed recording devices or surveillance devices shall be considered abandoned without value if not properly disclosed within five (5) days of the entry of this Order.

---

[2] Based upon Ms. Snyder's allegations and testimony, she provided her own surveillance equipment on the Property and her alleged surveillance for the Debtor makes up the basis of her claim against the Debtor. However, any such equipment owned by Ms. Snyder is likely property of her estate.

Dated: October 25, 2022

**AGREED TO BY:**

| | |
|---|---|
| **BERNSTEIN-BURKLEY, P.C.** | **MAHADY & MAHADY** |
| */s/ Sarah E. Wenrich* | */s/ Robert H. Slone* |
| Sarah E. Wenrich, Esq. | Robert H. Slone, Esq. |
| PA Bar # 325834 | PA Bar # 19963 |
| 601 Grant Street, Floor 9 | 223 South Maple Avenue |
| Pittsburgh, PA 15219 | Greensburg, PA 15601 |
| Telephone: (412) 456-8163 | Telephone: 724-834-2990 |
| Facsimile: (412) 456-8135 | E-mail: robertslone223@gmail.com |
| E-mail: swenrich@bernsteinlaw.com | |
| | *Counsel to the Chapter 7 Trustee* |
| *Counsel to Christine Biros* | |

**IT IS SO ORDERED**.

Dated: _____     _____
Chief Judge Gregory L. Taddonio
United States Bankruptcy Court