# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: ) | CASE NO. 22-20823-GLT |
| ) | |
| U LOCK, INC., ) | CHAPTER 7 |
| ) | |
| Debtor. ) | |
| _____ ) | |
| ) | |
| ROBERT H. SLONE, as Chapter 7 ) | Related to Document No.: 189 |
| Trustee for the Debtor, and CHRISTINE ) | |
| BIROS, ) | Hearing Date: 11/10/2022 at 11:30 a.m. |
| ) | Courtroom A - Pittsburgh |
| Movant, ) | |
| ) | |
| vs. ) | |
| ) | |
| U LOCK INC., CHARLES O. ZEBLEY, ) | |
| as Chapter 7 Trustee of the estate of ) | |
| Shanni Snyder, SHANNI SNYDER, ) | |
| GEORGE SNYDER, KASH SNYDER, ) | |
| ) | |
| Respondents. | |

## U LOCK INC.'S OBJECTIONS TO
## THE SETTLEMENT AND CERTIFICATION OF COUNSEL REGARDING
## STIPULATED ORDER FOR RELIEF FROM STAY

AND NOW, comes the Debtor, U Lock Inc. ("U Lock"), and files these Objections to the Settlement and Certification of Counsel Regarding Stipulated Order for Relief from Stay ("Certification") and in support thereof states as follows:

1. An Involuntary Petition for Relief under Chapter 7 of the United States Bankruptcy Code was filed against U Lock, Inc. ("Debtor" or "U Lock") in the Bankruptcy Court for the Western District of Pennsylvania on or about April 27, 2022 ("Filing Date").

2. U Lock ("Objector") is a party in interest under the provisions of the Bankruptcy Code as it is the debtor and would be entitled to receive excess assets recovered by the Estate..

3. The Chapter 7 Trustee filed the Certification on October 25, 2022.

4. Objector files the following Objections to the Certification:

A. Utilizing a "Stipulated Order" procedure instead of a properly noticed motion when none of the Respondents agreed to the relief therein appears improper. The movants are required under the Federal Rules of Bankruptcy Procedure to either file a proper motion or an adversary proceeding to adjudicate the various issues in the purported stipulation. Specifically, Fed. R. Bk. Proc. ("Rule") 4001 explains that a motion to lift the stay shall be governed by Rule 9014 relating to contested matters. Rule 9014(a) requires a motion. Rule 9014(b) requires service. Rule 9014(d) allows testimony and witnesses relating to contested facts. Even if this "Stipulated Order" constituted a settlement or compromise, Rule 9019(a) requires a motion by the trustee and full notice and a hearing, not simply a "Stipulated Order."

B. More problematic is that the "Stipulated Order" lists only U Lock, Charles Zebley for the 2018 bankruptcy Estate of Shanni Snyder, Shanni Snyder, GEorge Snyder, and Kash Snyder as Respondents. However, U Lock is concerned about additional litigation and damage claims against the Estate and U Lock's Officers because the "Stipulated Order" apparently allows a third-party to enter the storage units and building

rented by third parties, even those who paid in advance as listed on the schedules.

C.     Additionally, as demonstrated below, the "Stipulated Order" goes well beyond relief from the stay and seeks to have this Court adjudicate various facts and legal conclusions that are actually a hodgepodge of various adversary and/or contested matters.

D.     Paragraph 1 of the "Stipulated Order" states that the Westmoreland County Court of Common Pleas, the Superior Court of Pennsylvania, and the Supreme Court of Pennsylvania held that "Biros holds sole, undivided, legal and equitable title to the property."  This is simply not true.  The Court of Common Pleas stated that 2018 deeds transferring the property to U Lock were valid,but  due to U Lock's inability to pay Christine Biros ("Biros"), it would form a constructive trust and transfer title to her.  The Superior Court stated that the 2018 deeds to U Lock did indeed transfer ownership of the property to U Lock, but affirmed explaining that U Lock's insolvency allowed the formation of a constructive trust in favor of Biros. *See Biros v. U Lock*, 255 A.3d 489 (Pa. Super. 2021).  The Supreme Court of Pennsylvania denied allocutor, but did not remit the record and granted a stay of remission pending further petition.  At the time of the bankruptcy, the Supreme Court of Pennsylvania never remitted the case, neither the decision of the Superior Court nor the Supreme Court appear on the Court of Common Pleas docket.  Nevertheless, in January 2022, Biros' counsel made an *ex parte* contact with the state judge who rendered an Order

without notice to U Lock giving her deeds from the vault that were based on a *void ab initio* theory and not the constructive trust. In late January 2022, Biros filed the deeds. The 2022-filed deeds contain incorrect language in conflict with the 2018 deeds that the Common Pleas Court and the Superior Court both held were valid, and which misrepresent the decision of the courts. Finally, the Order releasing the deeds to Biros appears to have been entered without notice, without service of the Order, and without jurisdiction as the matter was stayed pursuant to the Pennsylvania Rules of Appellate Procedure.

E. More importantly, Paragraph 1 of the Order making this type of adjudication in a "Stipulated Order" is in bad faith considering the auction of the causes of action to be held. The language appears to be meant to dissuade purchasers from bidding against Biros.

F. Paragraph 2 appears to be a misstatement as U Lock's schedules allege an equitable ownership of the property.

G. Paragraph 3 would require an analysis of local ordinances and the Stipulated Order does not cite any statute, ordinance, or requirement. Moreover, the storage facility operated without any interference by local officials for over forty years.

H. Paragraph 4 relating to the Trustee's belief, without him first notifying the creditors and abandoning the Estate's interests, is improper and in bad faith. The trustee appears to be attempting to eliminate the

rights of U Lock and its creditors through attrition rather than abandoning the rights so others can pursue them.

I.     Paragraphs 5 and 6 are a contested matter.  While Biros filed an exaggerated proof of claim averring entitlement to over $400,000 in rents, she has not established an entitlement thereto.  Based on information, objections to her claim are in the process of being filed.  It is improper for this Court to sign the Order containing these provisions.

J.     Paragraph 7 constitutes an adjudication against George Snyder and, by inference, U Lock, that is improper without a contested matter or adversary proceeding.  The trustee sent an email to the undersigned and this office requested clarification and an explanation as to how it was determined that U Lock owned the non-described items.  To date, the Trustee has not provided any explanation as to what items belonging to the Estate were taken.  As to matters of rent, only <u>after</u> the filing of the "Stipulated Order" did the Trustee contact George Snyder and broach any issue regarding rent.

K.     Also as to paragraph 7, It is also denied that the Trustee attempted to order all renters on the property to vacate the premises. Based on information, the Trustee only sent them notices of the bankruptcy and a copy of the asset sale motions.  No eviction or ejectments have been attempted.  As stated in the schedules, some renters are paid in advance through January 2023, and some have been paying monthly rent.  It is

unclear why the Trustee would accept rent from the clients while having ordered them to vacate the premises.

L. As to paragraph 8, it is unclear as to the factual basis relating to this issue. The Trustee provided no financial information along with the "Stipulated Order."

M. As to paragraph 10, as stated above, the claim about Biros being the "sole legal and equitable owner of the Property" is neither factually nor legally correct. Moreover, there exist causes of action that allow the Estate to enforce its rights to the property that are not barred. Indeed, the Trustee is attempting to sell those rights while, at the same time, entering into a "Stipulated Order" adjudicating matters to reduce bidding. This is in bad faith.

N. Paragraph 11 again improperly seeks to adjudicate the property rights that the Trustee is selling at auction and also appears to be meant to defeat the appeal pending before the United States District Court from the Order denying the motion to convert.

O. Paragraph 12 improperly grants Biros the right to take action against renters, some who paid in advance, without naming them as respondents to this adversary proceeding. Each renter is entitled to due process, notice, and eviction procedures. Nevertheless, the "Stipulated Order" provides Biros the right to take their property or action against them without compliance with the *Self Storage Facilities Act* and various court decisions providing the right to quiet enjoyment by tenants.

P.   Paragraph 12 appears to give relief to Biros that the Trustee already has. Based on information, the Trustee has allowed the Biros family to operate a "clean fill" business on the property despite stop work orders from North Huntingdon Township and a denial of permits, has allowed them to conduct surveillance and open locked storage units, and has not stopped them from damaging scheduled property or property belonging to third parties.

Q.   Paragraph 12 also seeks to abandon property from Shanni Snyder's bankruptcy estate in violation of the stay in that case. This type of relief should be sought in connection with that proceeding.

5.   For the reasons stated above, Objector requests that this Honorable Court deny the Certification and proposed Order. Alternatively, Objector requests that this Court dismiss the Certification and require a proper motion with a full evidentiary hearing along with notice to all interested parties.

**WHEREFORE**, for the reasons set forth above, Objector U Lock respectfully requests that this Court deny the Motion and proposed sale or to require compliance with standard contested matter rules along with a full evidentiary hearing.

Dated: November 8, 2022     By:   */s/ J. Allen Roth, Esq.*
                                       _____
                                       J. Allen Roth, Esq.
                                       805 Alexandria St. S.
                                       Latrobe PA  15650
                                       (724) 537-0939
                                       lawmatters@yahoo.com

                                       ATTORNEY FOR OBJECTOR
                                       U LOCK INC.

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | ) | CASE NO. 22-20823-GLT |
| | ) | |
| U LOCK, INC., | ) | CHAPTER 7 |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |
| ROBERT H. SLONE, as Chapter 7 Trustee for the Debtor, and CHRISTINE BIROS, | ) ) ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| U LOCK INC., CHARLES O. ZEBLEY, as Chapter 7 Trustee of the estate of Shanni Snyder, SHANNI SNYDER, GEORGE SNYDER, KASH SNYDER, | ) ) ) ) | |
| | ) | |
| Respondents. | ) | |

## ORDER OF COURT

AND NOW, this _____ day of _____, 2022, upon consideration of Settlement and Certification of Counsel Regarding Stipulated Order for Relief from Stay and the Objections of _____, it is hereby ORDERED, ADJUDGED and DECREED _____.

BY THE COURT:

_____
Gregory L. Taddonio
U.S. Bankruptcy Judge

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | ) | CASE NO. 22-20823-GLT |
| | ) | |
| U LOCK, INC., | ) | CHAPTER 7 |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |
| ROBERT H. SLONE, as Chapter 7 | ) | |
| Trustee for the Debtor, and CHRISTINE | ) | |
| BIROS, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| U LOCK INC., CHARLES O. ZEBLEY, | ) | |
| as Chapter 7 Trustee of the estate of | ) | |
| Shanni Snyder, SHANNI SNYDER, | ) | |
| GEORGE SNYDER, KASH SNYDER, | ) | |
| | ) | |
| Respondents. | ) | |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing Objections to the Settlement and Certification of Counsel Regarding Stipulated Order for Relief from Stay was served on the following this ___8tht___ day of __November__, 2022, either by First Class, U.S. Mail, postage pre-paid or via electronic notice, if available:

Shanni Snyder  
14390 Route 30, Unit H  
North Huntingdon, PA  15642 (mail)

Robert H. Slone, Trustee  
223 South Maple Avenue  
Greensburg, PA  15601 (ecf)

| | |
|---|---|
| Office of the US Trustee<br>Liberty Center<br>1001 Liberty Avenue, Suite 970<br>Pittsburgh, PA  15222 (ecf) | Sarah E. Wenrich, Esquire<br>Bernstein-Burkley, P.C.<br>601 Grant Street, 9th Floor<br>Pittsburgh, PA 15219-4430 (ecf) |
| Kash Snyder<br>PO Box 15<br>Irwin PA  15642 (mail) | George Snyder<br>PO Box 15<br>Irwin PA  15642 (mail) |

                                              By:    *<u>J. Allen Roth, Esq.</u>*