# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE:<br><br>U LOCK, INC.,<br><br>                Debtor. | Bankruptcy No. 22-20823-GLT<br><br>Chapter 7 |
| ROBERT SLONE, as Chapter 7 Trustee of the Debtor,<br>                Movant,<br><br>                v.<br><br>CHRISTINE BIROS, FRED BANKS, DAVID PERLA, DENNY DULL, JOHN DULL, GARY CHERIPKA, GLENN MOWRY, INW, JAR COAL COMPANY, JAMES CLAWSON, JEFFREY SHAW, JENNIFER VERRICO, MARK MYKA, PA TURNPIKE TOLL BY PLATE, PETERS PAINTING, R.J. ABREU, R. WOODALL, RSS, RICOBERTO NEGRETE GALENO. SARA STUMME, SHANNI SNYDER, SHARON McCANCE, SHELLY CHABANDE, BEN SHABANDE, STEPHEN CHAPAS, TERRY NOLL, TONY DAVIS, UNITED STEELWORKERS, WEST PENN POWER, WESTMORELAND COUNTY TAX CLAIM BUREAU, CANADA INC., USAAG SYSTEMS CO., KASH SNYDER, AND RENEE BASISTA,<br><br>              Respondents. | Related Doc. No.: 175, 183, 184, 185 & 198<br><br>Hearing Date: November 10, 2022 @11:30am |

## REPLY TO OBJECTIONS TO SALE MOTION AND TO VERIFICATION OF CONNECTIONS OF SHANNI SNYDER

AND NOW, Christine Biros ("Biros"), by and through her undersigned counsel, submits this Reply to the various Objections to the Sale Motion [Doc. No. 175][1] and to the proposed

---

[1] All capitalized terms not defined herein shall have the meaning ascribed to them in the Sale Motion.

1

verification of Shanni Snyder related to the Sale Motion [Doc. No. 198], and in support thereof, avers as follows:

1. On September 28, 2022, the Trustee filed the Sale Motion which sought to sell all tangible and non-tangible assets of the estate (collectively, the "Assets") to Biros or to any potential buyer with a higher and better offer.

2. The Debtor, Shanni Snyder, and George Snyder each filed a response in opposition to the Sale Motion.

3. On November 3, 2022, Shanni Snyder also filed a Verification of Connections related to the Sale Motion to indicate her intention to bid on the Assets at the upcoming Sale Hearing scheduled for November 10, 2022.

**RESPONSE TO OBJECTIONS**

4. Looking first to the objection of the Debtor, the Debtor has not established any standing to lodge an objection to the Sale Motion. "Because a chapter 7 debtor is divested 'of all rights, title and interest in nonexempt property of the estate at the commencement of the case,' the debtor 'typically lacks any pecuniary interest in the chapter 7 trustee's disposition of that property.'" *Fiori v. Finkel (In re Fiori)*, No. 12-5128, 2013 U.S. Dist. LEXIS 141105*, at *24 (Bankr. E.D. Pa. Sept. 30, 2013) (quoting *Sennheiser v. O'Donnell,* 261 F.3d 113, 119 (1st Cir. 2001)).

5. To establish standing in a chapter 7 case, "the debtor 'must adduce sufficient evidence' to demonstrate" that the proposed action directly and adversely affects its pecuniary interests, such as by showing that denying the request for approval of the proposed sale "is likely to result in an overall surplus in the chapter 7 estate." *Fiori,* at *24 (quoting *Spenlinhauer v. O'Donnell,* 261 F.3d at 119).

2

6. Notwithstanding the fact that the Debtor has no pecuniary interest in this proposed sale, Biros has considered the Debtor's objections in conjunction with the objections asserted by Shanni Snyder and George Snyder and believes they are all without merit.

7. With regard to the proposed bonds that are integral to the proposed sale, such bonds are necessary to protect the estate from liability resulting from environmental contamination and remediation consisting of the required disposition of significant amounts of environmental waste on the Real Property. The damage caused by the Debtor to the Property is significant and while Biros has made substantial progress in remediating the Real Property related to the removal of such waste, she has not begun the substantial undertaking that will be required to properly remediate the property. Despite the allegations by the Debtor, Shanni Snyder, and George Snyder that a $100,000 bond is "excessive" and insinuations that it is meant to chill bidding, $100,000 is likely lower than the cost of the remediation and is intended as a protection to the estate which may be liable as a result of the contamination having occurred during the pendency of this case.

8. U Lock's objections regarding lack of accurate notice of the sale hearing is inaccurate. The trustee has filed proofs of publication which state the correct date of the Sale Hearing and which describe the property to be sold. It is true that the property does not contain exacting descriptions, but it is clear that all tangible and all intangible assets are being sold. The Trustee has fielded at least one call from a potential buyer, unconnected to this case, regarding the assets to be sold, thus indicating that the description of the property to be sold is sufficient and provides parties the ability to obtain additional information from the trustee.

9. George Snyder and the Debtor allege that the sale proposes to sell assets that are not property of the estate. However, the satellite photograph that the Debtor refers to in its objection is important. It provides an snapshot of the personal property that was located on the

Real Property as of July 2015 and which was specifically assigned to the Debtor pursuant to the Assignment of Leases and Rights to Personal Property that was filed by George Snyder in this case. *See* Declaration of George Snyder, Exhibit [Doc. No. 108-1] (assigning the right, title and interest to all buildings, storage, and other structures, mobile homes, equipment, vehicles, and other personal property located on the Real Property to U Lock, Inc.).

10. Simply because George Snyder did not set forth this personal property in the Debtor's schedules does not mean that it is not property of the estate. Mr. Snyder has provided no records which support his claims of personal ownership over this property.

11. Biros asserts that at the very least, all of the Estate's rights related to this personal property could be purchased.

12. All of the objectors allege that Biros is causing or exacerbating environmental issues on the Property, but this is inaccurate. None of the remediation work completed by Biros or at her direction involves the area of the Real Property that is contaminated by PCBs. Biros has made substantial progress in remediating the Real Property by disposing of trash and attempting to remedy the various code violations that have been issued in response to the Debtor's neglect of the Real Property during the Debtor's possession. The Trustee has authorized this remediation work and has expressed his satisfaction with the work completed at Biros' direction thus far.

13. The Debtor also makes unsubstantiated conclusory allegations of "bad faith" without offering any support of such a statement. The Sale Motion addresses the compliance with § 363(m) at length and the Debtor (as well as any of the other objectors) fail to make an argument with a valid legal basis as to why the proposed sale does not meet the requirements of § 363(m).

14. With regard to Mr. Snyder's suggestion that the tangible assets should instead be sold at an auction, this suggestion fails to account for the fact that the Trustee has already

considered this possibility and deemed it inefficient for maximizing value of the estate. Early on in his appointment in this case, the Trustee had an auctioneer come to the Real Property and assess the value of various pieces of personal property, but the auctioneer concluded that such an auction would not be worth the expense of the auction.

15. Biros respectfully submits the that objections lodged by the Debtor, Shanni Snyder, and George Snyder should be overruled in their entirety and that the proposed sale hearing be permitted to move forward as intended on November 10, 2022.

## SHANNI SNYDER'S VERIFICATION OF CONNECTIONS

16. Shanni Snyder disingenuously objected to the Sale Motion on the basis that she, too, would have bid on the property had she known what was included in the sale, despite the fact that she has appeared at every hearing in this Case so far and knew exactly what Assets are included. Notwithstanding her objection to the Sale Motion, Shanni Snyder filed a verification of connections with regard to the sale to purportedly preserve her intent to bid on the Assets at the Sale Hearing.

17. Biros has also been made aware that Ms. Snyder submitted a $4,000 deposit with the Trustee, comprised of a cashier's check in the amount of $3,999 and one dollar in cash.

18. Ms. Snyder makes no attempts to disclose the source of her funds and/or whether she has the ability to close any such sale. Based upon her sworn testimony during the 341 meeting of her personal bankruptcy, filed at 18-21983-CMB, Ms. Snyder is unemployed and her monthly income totals $1,238 from child support payments and "unmarried partner not living provides assistance." *See* Amended Petition of Shanni Sue Snyder, 18-21983-CMB [Doc. No. 59], Schedules I & J. A true and correct copy of Ms. Snyder's Amended Schedules I & J are attached hereto as **Exhibit A**. Snyder's monthly expenses exceed her monthly income by $462.00.

19. Because she has a bankruptcy matter open, it is even more important to understand the source of this money from Ms. Snyder and whether Ms. Snyder has neglected to list valuable assets on her own Amended Schedule for the purpose of deceiving her creditors and her Trustee.

20. Ms. Snyder continues to assert that Biros is or was a "silent partner" in the Debtor's business without any proof whatsoever. As Biros unambiguously stated in her own verification of connections [Doc. No. 197], she has never been involved in the operations of the Debtor's business and, to her knowledge, neither have any of her immediate family members. Ms. Snyder's false assertions otherwise are made with the intention of continuing to harass Biros at every opportunity.

21. Ms. Snyder's verification of connections raises more questions than it answers and the Court should consider whether Ms. Snyder's ability to fund the $4,000 deposit and potentially a $31,000+ sale is actually feasible and whether it is a result of a fraudulent scheme to defraud her own creditors and harass Biros.

WHEREFORE, Biros respectfully requests that this Court (i) overrule the objections to the Sale Motion filed by the Debtor [Doc. No. 183], Shanni Snyder [Doc. No. 184], and George Snyder [Doc. No. 185 (ii) grant the Sale Motion in its entirety, (iii) prohibit Shanni Snyder from bidding on the Assets or at least require further disclosure from her with regard to the Sale, and (iv) grant such other and further relief as is just and proper.

Dated: November 9, 2022

Respectfully submitted,
BERNSTEIN-BURKLEY, P.C.

/s/ *Sarah E. Wenrich*
Robert S. Bernstein (PA ID No. 34308)
rbernstein@bernsteinlaw.com
Sarah E. Wenrich (PA ID No. 325834)
swenrich@bernsteinlaw.com
601 Grant Street, Floor 9
Pittsburgh, PA 15219
Telephone: (412) 456-8108

Facsimile: (412) 456-8135

*Counsel for Christine Biros*