IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: : | Case No. 22-20823-GLT |
| **U LOCK INC.,** : | Chapter 7 |
| *Debtor.* : | |
| **ROBERT H. SLONE**, in his capacity as chapter 7 trustee of U Lock, Inc., and **CHRISTINE BIROS**, : | |
| *Movant,* : | Related to Dkt. No. 189, 200, 205, 206 |
| v. : | |
| **U LOCK INC., CHARLES O. ZEBLEY**, as chapter 7 trustee of the estate of Shanni Snyder, **SHANNI SNYDER**, **GEORGE SNYDER**, and **KASH SNYDER**, : | |
| *Respondents*. : | |

## ORDER DENYING STIPULATED ORDER FOR RELIEF FROM STAY

Robert H. Slone, the chapter 7 trustee for U Lock Inc., and creditor Christine Biros jointly filed a *Stipulated Order for Relief from Stay*.[1] The stipulation suffers from several procedural defects. Although submitted under a certification of counsel, it is unclear whether the "agreed form of order has been reviewed and approved by all parties affected by the order."[2] As shown by the objections subsequently filed by several parties, the Court has reason to question the veracity of the certification.[3] In addition, the stipulation seeks significant substantive relief from the Court, and yet – absent consent of the responding parties – it was not filed as a motion as directed by the local rules.[4] Notwithstanding these anomalies, the

---

[1] Dkt. No. 189.
[2] W.Pa.LBR 9013-8(b).
[3] See Dkt. Nos. 200, 205, 206.
[4] W.Pa.LBR 9013-1(c).

Court still scheduled the stipulation for hearing to air its concerns about a perceived effort to delegate the trustee's powers and authority to Biros.[5] After conducting a hearing on the stipulation on November 10, 2022, and for the reasons stated on the record, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that:

1. The *Stipulated Order for Relief from Stay* [Dkt. No. 189] is **DENIED** as procedurally defective because it does not contain the consent of the respondents, nor was it filed as a motion.

2. Based on troublesome comments made during the hearing, the Court is compelled to clarify several items to ensure there can be no mistake as to what actions the Court previously authorized:

    (a) On June 3, 2022, the Court issued an *Order Granting Christine Biros Limited Relief from the Stay* [Dkt. No. 36]. Through that Order, Biros was authorized to remove

    (i) "vehicles or trailers" (remaining after June 24, 2022);[6]

    (ii) "tires" (remaining after June 17, 2022 and with notice);[7] and

    (iii) "tanks identified as waste" (remaining after June 24, 2022 and with notice).[8]

    The Court further directed that "nothing in this order shall … be construed as an ejectment of U Lock [or] authorize the removal of any U Lock property that does not impede the environmental remediation efforts. Based on the foregoing, and after review of its docket, the Court finds nothing in the record that authorizes Biros to remove or destroy any items other than those listed above. Furthermore, the trustee has not identified any additional assets for abandonment on the record.

---

[5] The hearing was originally scheduled for November 2, 2022, but was rescheduled to November 10, 2022 at the request of the parties. See Dkt. Nos. 190, 195.
[6] Dkt. No. 36, ¶ 6.
[7] Id. at ¶ 7.
[8] Id. at ¶ 8.

(b) Notwithstanding the foregoing, as the deed holder of the real property located at 14140 U.S. Route 30, North Huntington, Pennsylvania (the "Real Property"), Biros may (subject to the terms of this Order):

    (i) implement any security measures she deems necessary, including but not limited to, the installation of video cameras for security and surveillance monitoring, limiting access to the Real Property, and/or hiring personnel to monitor and further secure the Real Property;

    (ii) complete an in-depth walk through of the Real Property, identifying any areas which are locked and inaccessible, but may not enter any storage unit, locked or otherwise, or remove any property therefrom; and

    (iii) Nothing in this Order shall impair the chapter 7 trustee or any storage tenant (provided said tenant is paid current through November 2022)[9] to have unfettered access to the Real Property. It is anticipated the trustee will conclude any rental arrangements through November 30, 2022 so as to effectuate a closing on the sale of the estate's assets in December 2022.

The Court finds that subject to paragraph (b)(iii), these actions do not require stay relief because they do not interfere with the administration of the estate and strike the balance necessary to protect Biros' interest in the Real Property and the trustee's interest in maximizing value of the bankruptcy estate for the benefit of creditors.

BY THE COURT:

Dated: November 14, 2022

_____ sjb
**GREGORY L. TADDONIO**
**CHIEF UNITED STATES BANKRUPTCY JUDGE**

---

[9] The trustee represented that he recently accepted rental payments from one or two tenants.