## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

In re:                                   :        Case No.:    22-20823-GLT
                                         :        Chapter:     7
U LOCK INC                               :
                                         :
                                         :        Date:
        *Debtor(s).*                     :        Time:

-

## PROCEEDING MEMO

-

**MATTER:**        # 175 Motion For Sale of Property under Section 363(b) Tangible and Intangible Personal Property of the Estate filed by the ch.7 trustee

    # 181 - Proof of Publication in the Tribune-Review on 9/30/2022
    # 182 - Proof of Publication in the Westmoreland Law Journal on 9/30/2022
    # 183 - Objection filed by the Debtor
    # 184 - Objection filed by Shanni Snyder
    # 185 - Objection filed by George Snyder
    # 197 - Verified Statement filed by Christine Biros
    # 198 - Verification of Connections filed by Shanni Snyder
        # 202 - Reply to Objections to Sale Motion and to Verification of Connections of Shanni Snyder

    # 189 Certification of Counsel Regarding Stipulated Order for Relief From Stay Filed by Creditor Christine Biros
        [Response due at the time of the hearing]
    # 200 - Objection filed by Debtor

**APPEARANCES**:
        ULOCK:            J. Allen Roth [George Snyder]
        Trustee:          Robert H. Slone
        Christine Biros:  Sarah Wenrich, Bob Bernstein , William Otto
        Shanni Snyder:    John Joyce

**NOTES:**    [11:48]

Slone: Received offer from Christine Biros to purchase assets. Have received 3 objections to the sale moving forward. Deposit provided in September 2022 in connection with the original sale.   Hand money sent August 16, 2022.   Three bidders tendered deposits: Biros, USAAG, and Shanni Snyder.   Wrong hearing date used on the publication notice, but the new proof of publication have the correct date and occurred with in the appropriate time provided by the local rules.   Also wants to make clear that he is selling the trustee's interest in the assets, not selling physical property. As is, where is, sale. No representations or warranties.

Court: Can you speak to some of the environmental concerns? Has there been notice of this sale to any regulatory agency?

Slone: May be some environmental issues. Believes an environmental engineer has been to the property. There has not been notice of the sale to any environmental agencies.

Court: Why is clean up component included in the sale?

Slone: Put it in because it was in the offer.

Court: Why should a buyer provide a $25,000 bond for a removal of assets in the competing bid? Where is the estate's liability there? Once the assets are sold, there is no further responsibility.

Wenrich: Risk that assets on the property could cause further damage and just wants to avoid further damage to the property.

Joyce: Points out that the error in date on publication notice has not actually been fixed. Also does not believe that nothing in the motion specifies that the sale is "as is, where is" or "free and clear."Has concerns about the sufficiency of the description of the assets being sold and sufficiency of notice of sale. Dislikes environmental assumption of liability. Would proceed with sale if concerns are addressed.

Roth: Would also allow sale to proceed if concerns are addressed.

Joyce: Issues with language in sale order.

Court: That can be addressed after a buyer is confirmed.

Wenrich: Is okay with sale being just "as is, where is" and not free and clear. For the environmental bond, the $100,000 is an amount that they got from an environmental engineer. Environmental liability is fully related to the garbage truck incident. Sees no valid basis for not continuing with the sale at this point.

Mr. Snyder: Wants to mention that he is not allowed to be on the property and he can't get on the property to inventory / evaluate the value of his assets on the property. Wants to go on the property to get his things.

Court: That is outside of the bankruptcy courts jurisdiction. But to the extent assets are being removed or destroyed without the trustees consent, that should stop.

...

Court: Stipulated order, State court orders indicate that property belongs to Biros and she is free to do with it what she will, so long as she gives unrestricted access to the trustee and does not interfere with the estate, and subject to due diligence period. Will not authorize her to exercise powers that are otherwise in possession of the trustee. Stipulation problematic.

Slone: Tenants ordered to vacate by September 20, 2022. But still receiving checks from tenants. U.S. Steel Workers sent a check for rent last month. Brought by Mr. Snyder.

Court: Those who have been ordered to vacate are not entitled to have access to the property past that point. If there is a renter who needs access past that point, they can gain access through the trustee. deny stipulation for stay relief.

*OUTCOME:*

1) For the reasons stated on the record, the *Motion For Sale of Property under Section 363(b) Tangible and Intangible Personal Property of the Estate Filed by chapter 7 trustee* [Dkt. No. 175] is continued to December 1, 2022 at 10 a.m. [Chambers to Prepare].

2) For the reasons stated on the record, the *Certification of Counsel Regarding Stipulated Order for Relief From Stay Filed by Creditor Christine Biros* [Dkt. No. 189] is DENIED as submitted. [Chambers to Prepare].

**DATED:** 11/10/2022