# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: ) | CASE NO. 22-20823-GLT |
| ) | |
| U LOCK, INC., ) | CHAPTER 7 |
| ) | |
| Debtor. ) | |
| _____ ) | |
| ) | |
| SHANNI SUE SNYDER, ) | Document No.: |
| ) | |
| Movant, ) | |
| ) | |
| vs. ) | |
| ) | |
| CHARLES O. ZEBLEY, JR. and ) | |
| ROBERT H. SLONE, ) | |
| ) | |
| Respondents. ) | |

## STIPULATION BETWEEN
## CHAPTER 7 TRUSTEE, CHARLES O. ZEBLEY, JR., CHAPTER 7 TRUSTEE ROBERT H. SLONE, AND CHAPTER 7 DEBTOR, SHANNI SUE SNYDER

AND NOW, Charles O. Zebley, Jr. as Chapter 7 Trustee, Shanni Sue Snyder, as Chapter 7 Debtor and Creditor ("Snyder"), and Robert H. Slone as Chapter 7 Trustee hereby agree and stipulate as follows:

**Shanni Snyder's Bankruptcy Case**

1. On or about May 15, 2018, Snyder filed a *pro* se Voluntary Petition for Relief under Chapter 7 of the United States Bankruptcy Code at Case No.: 19-21983-CMB ("Snyder Chapter 7 Bankruptcy").

2. Charles O. Zebley, Jr. ("Trustee Zebley") was appointed and serves as the Chapter 7 Trustee for the Snyder Bankruptcy case.

3. Based upon the schedules and testimony at the meeting of creditors, Trustee Zebley closed the meeting and filed a report of no distribution. The Snyder Chapter 7 Bankruptcy case closed on July 31, 2019.

**Shanni Snyder's U.S. District Court Action against U Lock Inc.**

4. On or about July 14, 2021 Snyder filed a *pro se* Complaint for Violation of Fair Labor Standards against U Lock Inc. ("U Lock") in the U.S. District Court for the Western District of Pennsylvania at Case No.: 2:21-cv-00904-RJC ("District Court Action") seeking damages for relating to unpaid wage and overtime damages for a period of time from January 1, 2016 through February 15, 2020 (totaling 49.5 months).

5. On or about September 15, 2021 Snyder filed a Motion for Default Judgment against U Lock.

6. On or about October 18, 2021, after a hearing on the Motion for Default Judgment, U.S. District Court Judge Robert J. Colville entered an Order entering judgment against U Lock and assessing damages in the total amount of $263,104.00 ("Judgment") plus post-judgment interest.

**U Lock Involuntary Chapter 7 Bankruptcy Case and the Re-Opening of the Snyder Chapter 7 Bankruptcy Case.**

7. On April 27, 2022, Snyder filed a *pro se* involuntary Chapter 7 bankruptcy petition against U Lock, Inc. ("U Lock") at case number 22-20823 GLT ("U Lock Bankruptcy").

8. The Court entered an Order for Relief in the U Lock Bankruptcy case on June 17, 2022 (Doc. 42). On June 22, 2022 Robert H. Slone was appointed the Chapter 7 Trustee of the U Lock Bankruptcy case. ("Trustee Slone") (Doc. 41).

9. Prior to the Order for Relief, U.S. Bankruptcy Judge Taddonio held at a hearing on June 2, 2022 in the U Lock Bankruptcy on a motion to dismiss the petition for an involuntary bankruptcy. During the hearing it was learned Snyder's standing to file the involuntary petition was based upon the U.S. District Court Judgment that arose in part from post-petition in regard to her Chapter 7 Bankruptcy, but also existed in part pre-petition to her bankruptcy case.

10. Snyder conceded she had omitted the claim from her schedule of assets because of her lack of understanding of the claim as a *pro se* Debtor. Snyder however indicated she would consent to her Chapter 7 case being re-opened to schedule the estate portion of the District Court Judgment claim.

11. Thereafter on or about June 16, 2022, in the Snyder Bankruptcy, Trustee Zebley filed a Trustee's Motion to Re-Open Case. [Doc.41]

12. Snyder filed a consent to Trustee Zebley's Motion to Re-Open Case [Doc.41] and an Order granting the Motion was entered on July 7, 2022. [Doc. 51].

13. Snyder amended her Chapter 7 bankruptcy Schedule B and included the U.S. District Court Judgment in the amount of $263,100.00[1]. Snyder described the Judgment as follows:

> United States District Court Western District of Pennsylvania
> **Case 2:21-cv-994**
> Snyder v. U Lock
>
> Wage violations for unpaid services/work done. This was not included on the schedules because I did not consider it income or a debt at the time, just a promise that when a mortgage was given on the U Lock property I would be paid. I learned from the United States Department of Labor Wage & Hour division that people must be given minimum wage regardless of the circumstances. While U

---

[1] The U.S. District Court Judgment totals $263,104 plus post-judgment interest. However, Snyder's claim filed in the U Lock case is listed at $263,100.00 which appears to be a typo since it does not include $4.00.

3

Lock testified in certain proceedings that I worked for "sisterly love," corporations do not pay love, they must pay wage.

This judgment is based on 1,506 days at $87.72 per day. 865 of these days belong to the bankruptcy estate. 180 days post-filing may be owed to the bankruptcy estate. Finally, there is no basis for any claim by the bankruptcy estate for the debt from November 15, 2018, through February 15, 2022, consisting of 461 days. The total judgment is $262,700 and its pro-rate ownership is identified herein.

14. After the re-opening of Snyder's Chapter 7 Bankruptcy case, the claims bar date of September 19, 2022 was established.

15. Two creditors filed proofs of claim in the case: Claim No. 1, John Biros in the amount $5,158.00, and, Claim No. 2, Greensburg Central Catholic Junior-Senior High School in the amount of $22,318.00. The total of the two claims is $27,476.00.

16. On or about, May 27, 2022, Snyder filed Proof of Claim No. 1 in the U Lock Bankruptcy case based upon the Judgment in the amount of 263,100.00 (See footnote 1 *supra..*). The claim indicates it is secured in real estate, but does not indicate it is secured in the tangible and intangible assets of U Lock. Snyder concedes the Judgment claim is not secured by a lien on the tangible and intangible assets of U Lock's estate.

**Stipulation as to Snyder Chapter 7 Estate's Interest in the District Court Judgment Claim and Snyder's Interest in the Judgment Claim**

17. The U.S. District Court Judgment of $263,104.00 consists of damages relating to unpaid wages over a 1,506 day period beginning on January 1, 2016 through February 15, 2020. The Judgment includes $402 for costs, plus post judgment interest from October 18, 2021. Although Snyder described the Judgment claim in her Amended Schedule B as consisting of 461 days that were post-petition and not part of her Chapter 7 Bankruptcy Estate, her calculation contained some errors in the number of days that would be part of her estate and not part of her estate. Specifically, of the 1,506 days, the value of 865 days would be property of Snyder's

4

Chapter 7 estate since that portion of the Judgment is comprised of pre-petition wages. The remaining value of 641 days is not property of the Snyder Chapter 7 Bankruptcy estate as this is comprised of post-petition wages.

18. Based upon the above-referenced time periods (excluding accrued interest), the Snyder Chapter 7 Bankruptcy estate's percentage of the Judgment is 57.44% or $151,126.93, while the non-estate percentage is 42.56% or $111,977.06.

19. However, since the total claims in Snyder's Bankruptcy case total only $27,476.00, a recovery of $151,126.93 would be well beyond the sum necessary to pay all allowed claims, trustee fees and costs.

20. On November 17, 2022, after a hearing on objections to a sale motion of tangible and intangible personal property in the U Lock Bankruptcy case, Trustee Slone filed an Amended Motion for Sale of Tangible and Intangible Personal Property of the Estate Under 11 U.S.C. §363(f) Free and Clear of All Liens, Claims and Encumbrances ("Amended Motion to Sell") (Doc. 217).

21. The initial bid received by Trustee Slone from Christine Biros proposes to pay the U Lock estate $31,000 cash along with certain other non-cash items (e.g. assumption of alleged environmental remediation costs) purporting to be of value to the U Lock Estate. The Amended Motion to Sell is scheduled for a sale hearing on December 1, 2022 and open to other "Qualified Bidders" submitting "Qualified Bids" consistent with the Court's November 15, 2022 Amended Order [Doc. 213] and Amended Sale Motion [Doc. 217].

22. Other than a possible distribution from the proceeds a proposed sale of tangible and intangible assets in the U Lock Bankruptcy case, Trustee Zebley does not believe in his business judgment that the Snyder Bankruptcy estate's portion of the Judgment is easily

collectable since U Lock has few other assets and in light of the possible litigation that would be involved.

23. Accordingly Trustee Zebley and Snyder have reached a stipulation which Trustee Zebley has set forth in the attached Trustee's Motion to Approve Settlement of Exemption of Debtor's Assets ("Motion to Settle") which is attached hereto as Exhibit "A".

24. The terms of the Settlement reached between Trustee Zebley and Snynder are as follows:

    (a) Trustee Zebley will receive the first $32,500 distributed to Debtor in the U Lock bankruptcy at case number 22-20823.

    (b) Debtor has standing to pursue all claims and objections she has against U Lock and any claims and objection she acquires from the U Lock estate, Trustee Slone and/or U Lock, including all rights, claims, demands, actions, causes of actions, and/or claims for relief, including those under Chapter 5 of the Bankruptcy Code and non-bankruptcy law claims that may be asserted by the Trustee, the U Lock estate, or U Lock Inc., with the exceptions of cash held by the Trustee and the estate's possible claim against George Snyder for actions under Sections 546 and 547 of the Bankruptcy. Trustee Zebley will not interfere in the pursuit of any of these claims. Debtor will cooperate fully to enable Trustee Zebley to collect the first $32,500 payable to Debtor in the U Lock bankruptcy.

    (c) Debtor will not exempt any of the $32,500.

    (d) Trustee Zebley will pay any surplus to Debtor.

    (e) Trustee Zebley abandons all of Debtor's remaining assets, including the Judgment and any amount of the U.S. District Court Judgment entered at Case No. 2:21-cv-994 in United States District Court Western District of Pennsylvania, Snyder v. U Lock, Inc. except for the first $32,500 payable to Debtor in the U Lock bankruptcy.

    (f) Trustee Zebley, the Debtor and all parties in interest reserve their right to object to all or any portion of claim No. 1 filed by John Biros in the amount of $5,158.00 in the Snyder Bankruptcy case. Debtor further agrees she will not object to Claim No. 2, Greensburg Central Catholic Junior-Senior High School in the amount of $22,318.00.

25. In Trustee Zebley's view, the claim against U Lock is the only valuable asset Debtor possesses.

26. Given the amount of the claims in Debtor's case and Debtor's waiving her exemption, the settlement avoids litigating over the allocation of Debtor's U Lock claim.

27. The settlement also avoids counsel fees over any of Debtor's other assets.

28. In proposing this settlement Trustee Zebley has considered the standards of *In re. Martin 91* F.3d 389 (3rd circ 1995).

29. The Trustee believes this settlement is in the best interests of Debtor's creditors and the expeditious administration of the Snyder Bankruptcy estate.

30. Further, Snyder acknowledges that the Judgment claim she filed in the U Lock case is not secured in the tangible and intangible assets of U Lock.

31. Based upon the foregoing stipulation between Trustee Zebley and Snyder and the fact that Snyder has clarified that she is not asserting a lien in the tangible and intangible assets being sold under the Amended Motion to Sell including a lien in the proceeds of the sale, Trustee Slone has no objection to Snyder bidding as an unsecured creditor on the tangible and intangible assets being sold in the Amended Motion to Sell.

Dated:   November 30  , 2022                                  Shanni Sue Snyder

Dated: ___December 1___, 2022     By:     _____/s/ Charles O. Zebley, Jr._____
                                          Charles O. Zebley, Jr., Esquire
                                          PA I.D. No.: 28980
                                          Zebley Mehalov & White, P.C.
                                          P.O. Box 2124
                                          Uniontown, PA 15401
                                          (724) 439-9200
                                          Email: COZ@Zeblaw.com


Dated: ___November 30___, 2022    By:     _____S/ ROBERT H. SLONE_____
                                          Robert H. Slone, Esquire
                                          PA I.D. No. 19963
                                          MAHADY & MAHADY
                                          223 South Maple Avenue
                                          Greensburg, PA 15601
                                          (724) 834-2990
                                          robertslone223@gmail.com

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| IN RE: | ) | CASE NO. 22-20823-GLT |
| | ) | |
| U LOCK, INC., | ) | CHAPTER 7 |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| SHANNI SUE SNYDER, | ) | Document No.: |
| | ) | |
| Movant, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| CHARLES O. ZEBLEY, JR. and | ) | |
| ROBERT H. SLONE, | ) | |
| | ) | |
| Respondents. | ) | |

## ORDER OF COURT

AND NOW, this _____ day of _____, 2022, upon consideration of Stipulation by and between Shanni Sue Snyder, Charles O. Zebley, Jr. and Robert H. Slone, it is hereby ORDERED, ADJUDGED and DECREED that the Stipulation is approved.

                                BY THE COURT:

                                _____
                                Gregory L. Taddonio
                                U.S. Bankruptcy Judge

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: | CASE NO. 22-20823-GLT |
| U LOCK, INC., | CHAPTER 7 |
| Debtor. | |
| _____ | |
| SHANNI SUE SNYDER, | Document No.: |
| Movant, | |
| vs. | |
| CHARLES O. ZEBLEY, JR. and ROBERT H. SLONE, | |
| Respondents. | |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing Stipulation by and between Shanni Sue Snyder, Charles O. Zebley, Jr. and Robert H. Slone was served on the following this 1st day of December, 2022, either by First Class, U.S. Mail, postage pre-paid or via electronic notice, if available:

U Lock Inc, Debtor
14140 US Route 30
North Huntingdon, PA 15642

Shanni Snyder
14390 Route 30, Unit H
North Huntingdon, PA 15642

Office of the US Trustee
Liberty Center
1001 Liberty Avenue, Suite 970
Pittsburgh, PA 15222

J. Allen Roth, Esquire
805 South Alexandria Street
Latrobe, PA 15650

Robert H. Slone, Trustee
223 South Maple Avenue
Greensburg, PA 15601

Sarah E. Wenrich, Esquire
Bernstein-Burkley, P.C.
601 Grant Street, 9th Floor
Pittsburgh, PA 15219-4430

GRENEN & BIRSIC, P.C.

By:     /s/ John B. Joyce
    John B. Joyce, Esquire
    Pa. I.D. #68242
    *Attorneys for Shanni Sue Snyder*
    One Gateway Center, 9th Floor
    Pittsburgh, PA 15222
    (412) 281-7650
    Email: jjoyce@grenenbirsic.com