# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re:<br><br>U LOCK INC.,<br>    Debtor.<br><br>---<br><br>CHRISTINE BIROS,<br>    Movant,<br><br>v.<br><br>ROBERT SLONE, Chapter 7 Trustee for the Estate of U Lock, Inc.,<br>    Respondent. | Bankruptcy No. 22-20823-GLT<br><br>Chapter 7 |

**MOTION FOR RELIEF FROM THE AUTOMATIC STAY**

CHRISTINE BIROS ("Biros" or "Movant"), by and through Bernstein-Burkley, P.C., its attorneys, files this *Motion for Relief from the Automatic Stay* (this "Motion"), and in support of this Motion states as follows:

**JURISDICTION AND VENUE**

1. The Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334. These matters are core proceedings pursuant to 28 U.S.C. § 157.

2. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicates for the relief sought in this Motion are sections 105 and 362 of title 11 of the United States Bankruptcy Code (11 U.S.C. § 101, *et seq.*, the "**Bankruptcy Code**"), and Rules 4001, 6007 and 9014 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules").

## PROCEDURAL BACKGROUND

4. U Lock Inc.'s ("Debtor" or "U Lock") case was commenced by the filing of an involuntary petition for relief under Chapter 7 of Title 11 of the United States Code on April 27, 2022 (the "Petition Date").

5. The Debtor did not file a response to the involuntary petition.

6. On June 17, 2022, the Court entered an Order for Relief.

7. Robert H. Slone (the "Trustee") is the duly appointed Chapter 7 Trustee for the Debtor and is so acting.

8. Prior to the filing, the Debtor has been in possession of non-residential real property owned by Movant located at 14140 Route 30, North Huntington, Westmoreland County, PA with County Tax Map Number of 54-03019-0-103 (the "Property").

9. The Debtor (and the Trustee) continue to remain in possession of the Property pursuant to the Court's direction that the Movant is to provide unfettered access to the Property to the Trustee.

10. On May 20, 2022, Biros filed an Expedited Motion to Dismiss the Case or in the alternative, for Relief from Stay with respect to the Property (the "Motion to Dismiss") [Doc. No. 14].

11. On June 3, 2022, this Honorable Court entered an Order on the Motion to Dismiss granting Biros limited relief from the stay limited *inter alia*, to commencing environmental remediation activities subject to prohibition from securing portions of the Property or restricting Debtor or its tenants from access to the Property (the "Order for Limited Relief") [Doc. No. 36].

12. On August 30, 2022, the Trustee filed its Motion to Sell Personal Property of the Estate – rights of the Trustee regarding the Property for $19,000 [Doc. No. 135].

13. On August 31, 2022, the Trustee filed a Motion to Sell Personal Property of the Estate seeking to sell certain inventory, machinery, equipment and vehicles and other tangibles of the estate *inter*

*alia* for $20,000 from Biros plus the assumption of all the property tax owed by the Debtor to Westmoreland County Tax Claim Bureau and the Westmoreland County Municipalities levied on the Property. [Doc. 137].

14. On September 22, 2022, the Trustee filed its Motion to withdraw the Sale Motions [Doc. No. 167] on the basis he had received additional offers from the parties and would be filing new sale motions.

15. On September 28, 2022, the Trustee filed its Motion for sale of all tangible and personal property of the estate including the Estate's disputed right to the Property (the "Revised Sale Motion") [Doc. 175].

16. On October 25, 2022, Biros and the Trustee entered into a Certification of Counsel Regarding a Stipulated Order to provide Biros with relief from the automatic stay and facilitate the transfer of possession of the Property (the "Stipulated Order for Relief").

17. In the Stipulated Order for Relief, the parties agreed, *inter alia*, Biros holds sole, undivided, legal and equitable title to the Property and relief from the automatic stay with respect to the Property is appropriate under 11 U.S.C. § 362(d)(1) and (d)(2).

18. On November 14, 2022, this Honorable Court entered an Order denying the Stipulated Order for relief on a procedural basis and on a finding that the Order for Limited Relief provided language as follows that did not require stay relief because they do not interfere with the administration of the estate and strike the balance necessary to protect Biros' interest in the Property and the trustee's interest in maximizing value of the bankruptcy estate for the benefit of creditors: "Nothing in this Order shall impair the chapter 7 trustee or any storage tenant (provided said tenant is current through November 2022) to have unfettered access to the Real Property. It is anticipated that the trustee will conclude any rental arrangements through November 30, 2022 so as to effectuate a closing on the sale of the estate's assets in December 2022."

19. On November 17, 2022 the Trustee filed its Amended Motion for Sale of Tangible and Intangible Personal Property of the Estate under 11 U.S.C. Section 363(f) Free and Clear of Liens, Claims and Encumbrances (the "Amended Sale Motion") Doc. 217] seeking a sale to Biros subject to the conditions contained therein.

20. Biros and Shanni Snyder submitted qualified bids pursuant to the Amended Sale Motion.

21. On December 2, 2022, this Honorable Court continued the sale hearing for the reasons stated on the record [Doc. No. 232].

22. An evidentiary hearing on the Amended Sale Motion is scheduled for December 15, 2022 at 10:00 a.m.

## FACTUAL BACKGROUND

23. Movant advanced the funds for Debtor to purchase the Property from the prior owners for the aggregate price of $325,316.00 on or around July 16, 2015.

24. On or around July 16, 2015, the Debtor began to operate its business as a storage facility on the Property.

25. As a result of Debtor's error, Debtor had not been incorporated on or prior to the date the deeds to the Property were delivered to Debtor, and therefore no conveyance to the Debtor had taken place, even though the prior owners had been paid in full, because the Debtor was not yet an existing entity.

26. In the absence of any repayment of the purchase price, on October 4, 2017, the Movant filed a Complaint in Civil Action for Declaratory Judgment and Equitable Action to Convey Title, to Quiet Title, and for an Accounting against the Debtor and the prior owners of the Property in the Court of Common Pleas of Westmoreland County (the "State Court") Pennsylvania at No. #4486 of 2017 (the "State Court Case").

27. At the beginning of the trial, it was agreed by the parties and ordered by the Court that the prior owners, having been paid in full, would be dismissed, on the condition, inter alia, that the prior owners deliver two sets of deeds, one confirming title in Debtor, and one set holding all prior deeds to Debtor void ab initio, and evidencing transfer of title directly from the prior owners to Movant. Both sets of deeds were dated May 2019.

28. At that time, counsel for the Debtor and counsel for the Movant both reviewed and approved the deeds which were then delivered to the State Court pending the outcome of the State Court Case.

29. On August 23, 2019, after a trial, the State Court entered a non-jury trial opinion and order (the "August 23 Opinion") which held, in pertinent part, that (I) the Movant is the equitable owner of the Property and (II) that the imposition of an equitable trust in favor of the Movant and the conveyance of the Property to the Movant was the only equitable solution.

30. On December 9, 2019, the State Court issued another opinion and order (the "December 9 Opinion") to address and correct two factual matters relating to the transfer of the deeds and corrective deeds to the Debtor and to make clear that the Property was never lawfully conveyed to the Debtor. The December 9 Opinion also struck "scandalous and impertinent" allegations from the Debtor's post-trial motion.

31. On May 21, 2021, the Superior Court of Pennsylvania affirmed the decision of the State Court. *See Biros v. U-Lock Inc.*, 255 A.3d 489 (Pa. Super. Ct. 2021).

32. The Debtor filed a petition for allowance of appeal from the order of the Superior Court and, on January 19, 2022, the Pennsylvania Supreme Court denied the Debtor's petition. *See Biros v. U-Lock*, No. 259 WAL 2021, 2022 Pa. LEXIS 77* (Pa. Jan. 19, 2022). Case 22-20823-GLT Doc 14 Filed 05/20/22 Entered 05/20/22.

33. The relevant deeds, dated May 2019, which had been held in escrow by the State Court since 2019, were released to the Movant by order of the State Court on January 24, 2022 following the Pennsylvania Supreme Court's denial of the appeal and were recorded by the Movant on January 25, 2022. (the "January 24 Order"). A true and correct copy of the January 24, 2022 Order is attached hereto and incorporated herein as **Exhibit A.**

34. The Estate has been in continuous possession of the Property since the Petition Date of April 27, 2022 [*See,* Revised Sale Motion, Doc. 175]

35. Biros has not received any prepetition or postpetition payments for the Debtor's possession and use of the Property since July 2015.

36. Since the commencement of the case, the Debtor and the Trustee have possessed the Property without any payment of rent or other consideration to Biros for the Debtor's possession of the Property.

37. Additionally, there are no measures in place which prevent the Debtor, its principals or any renters from causing damage to the Property.

38. Debtor has valued the Property at $1.9 million dollars. See Schedule A/B [Doc. No. 60].

39. Debtor has no ownership or possessory interest in the Property.

40. Moreover, the Trustee has made it clear on numerous occasions that there is no chance for this Debtor to successfully reorganize in part due to the Debtor's lack of ownership or possessory interest in the Property. See, Stipulated Order for Relief.

41. Since the Property is subject to depreciation or loss in value through its normal use by the Debtor in its business, including the accumulation of substantial amounts of trash and destroyed equipment and trailers, Movant's value and interest in the Property is declining and has been from the Debtor's continued usage of it.

## RELIEF REQUESTED

42. Through this Motion, Biros seeks the entry of an order granting it relief from the automatic stay to pursue all her *in rem* state court rights and remedies against the Debtor and/or its principals.

43. Section 362(a) of the Bankruptcy Code defines the scope of the automatic stay and provides, in pertinent part:

> [A] petition filed under…this title…operates as a stay…of –
>
> (1) The commencement…of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;
>
> \* \* \*
>
> (3) Any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate.

11 U.S.C. § 362(a)(1),(3).

44. Section 362(d) of the Bankruptcy Code provides, in pertinent part:

> (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying or conditioning such stay –
> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest;
> (2) with respect to a stay of an act against property under subsection (a), if –
>   (A) the debtor does not have an equity in such property; and
>   (B) Such property is not necessary to an effective reorganization[.]

11 U.S.C. §362(d).

45. Because section 362(d) of the Bankruptcy Code is written in the disjunctive and authorizes relief from stay if a secured creditor can either show cause, including the lack of adequate protection, or establish that the debtor has no equity in the property and that the property is not necessary to an effective reorganization. *Nazareth National Bank v. Trina-Dee, Inc.*, 731 F.2d 170, 171 (3rd Cir.1984). "Cause" under section 362(d)(1) of the Bankruptcy Code is not defined, so courts must decide what constitutes cause on a case-by-case basis. *In re Robbins*, 964 F.2d 342, 345 (4th Cir. 1992).

46. The Debtor has not made any prepetition or postpetition payments for the possession and use of the Property.

47. Debtor has enjoyed the use and possession of the Property without any payment of rent or for other consideration to Movant.

48. Additionally, there are no measures in place which prevent the Debtor, its principals or any renters from causing damage to the Property.

49. Therefore, the failure to offer the most basic levels of adequate protection constitutes "cause" to grant relief from the automatic stay pursuant to section 362(d)(1) of the Bankruptcy Code.

50. Additionally, Debtor has no equity in the Property.

51. This is a Chapter 7 bankruptcy case and clearly the Property is not necessary to an effective reorganization.

52. Cause exists to grant Biros relief from the automatic stay under both sections 362(d)(1) and (2) of the Bankruptcy Code since Biros is not receiving adequate protection payments for the Property and the Debtor has no equity in the Property.

53. The Debtor's continued use of the Property mandates the payment of adequate protection to Movant. "[T]he requirement of adequate protection in section 363(e) is mandatory. If adequate protection cannot be offered, such use, sale or lease of the collateral must be prohibited." 3-363 *Collier on Bankruptcy* P 363.05 (16th 2017).

54. Adequate protection is necessary to preserve the value of Movant's interest in the Property as it existed on the Petition Date and throughout the pendency of the Case since it is depreciating in value.

55. Therefore, Movant respectfully requests that the Court grant it relief from the automatic stay to pursue its rights and remedies in the state court to repossess the Property for the reasons stated above.

## WAIVER OF 14-DAY STAY OF EFFECTIVENESS OF THE ORDER

56. Movant also requests that the Court waive the fourteen (14) day stay imposed by Bankruptcy Rule 4001(a)(3) because (a) Movant has not received any payments for possession and use of the Property, and (b) Debtor has no equity in the Property.

57. Bankruptcy Rule 4001(a)(3) provides that "[a]n order granting a motion for relief from an automatic stay…is stayed until the expiration of 14 days after the entry of the order, unless the court orders otherwise." Fed. R. Bankr. P. 4001(a)(3).

## RESERVATION OF RIGHTS

58. Movant specifically reserves its rights to request approval and payment of any claims, including administrative claim(s) pursuant to section 503(b) of the Bankruptcy Code, and to seek any other relief available under, *inter alia*, the Bankruptcy Code, or applicable non-bankruptcy law.

WHEREFORE, Christine Biros respectfully requests the entry of an Order granting the relief requested in this Motion.

Dated: December 22, 2022

BERNSTEIN-BURKLEY, P.C.

By: */s/ Robert S. Bernstein*
Robert S. Bernstein (PA ID No. 34308)
Lara S. Martin (PA ID No. 307272)
601 Grant Street, Floor 9
Pittsburgh, PA 15219
Telephone: (412) 456-8108
Facsimile: (412) 456-8135
rbernstein@bernsteinlaw.com
lmartin@bernsteinlaw.com

Counsel for Christine Biros