IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re:<br><br>U LOCK INC.,<br><br>    Debtor.<br><br>---<br><br>CHRISTINE BIROS,<br><br>    Movant,<br><br>v.<br><br>ROBERT SLONE, Chapter 7 Trustee for the Estate of U Lock, Inc.,<br><br>    Respondent. | Bankruptcy No. 22-20823-GLT<br><br>Chapter 7 |

**CHRISTINE BIROS' MOTION FOR ALLOWANCE OF ADMINISTRATIVE EXPENSE CLAIM PURSUANT TO 11 U.S.C. § 503(b)(1)**

CHRISTINE BIROS ("Biros" or "Movant"), by and through Bernstein-Burkley, P.C., its attorneys, files this *Motion for Allowance of Administrative Expense Claim Pursuant to 11 U.S.C. §503(b)(1)* (this "Motion"), and in support of this Motion states as follows:

**Jurisdiction and Venue**

1. The Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334. These matters are core proceedings pursuant to 28 U.S.C. § 157.

2. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. Sections 105 and 503(b) of title 11, United States Code, 11 U.S.C. §§ 101 *et seq*. (as amended, "Bankruptcy Code"), serve as the bases for the relief requested in this Motion.

## PROCEDURAL BACKGROUND

4. U Lock Inc. ("Debtor" or "U Lock")'s case was commenced by the filing of an involuntary petition for relief under Chapter 7 of Title 11 of the United States Code on April 27, 2022 (the "Petition Date").

5. The Debtor did not file a response to the involuntary petition.

6. On June 17, 2022, the Court entered an Order for Relief.

7. Robert H. Slone (the "Trustee") is the duly appointed Chapter 7 Trustee for the Debtor and is so acting.

8. Prior to the filing, the Debtor has been in possession of non-residential real property owned by Movant located at 14140 Route 30, North Huntington, Westmoreland County, PA with County Tax Map Number of 54-03019-0-103 (the "Property").

9. The Debtor (and the Trustee) continue to remain in possession of the Property.

10. On November 17, 2022 the Trustee filed his Amended Motion for Sale of Tangible and Intangible Personal Property of the Estate under 11 U.S.C. Section 363(f) Free and Clear of Liens, Claims and Encumbrances (the "Amended Sale Motion") [Doc. 217] seeking a sale to Biros subject to the conditions contained therein.

11. Biros and Shanni Snyder submitted qualified bids pursuant to the Amended Sale Motion.

12. On December 2, 2022, this Honorable Court continued the sale hearing for the reasons stated on the record [Doc. No. 232].

13. An evidentiary hearing on the Amended Sale Motion is scheduled for December 15, 2022 at 10:00 a.m.

## FACTUAL BACKGROUND

14. Movant advanced the funds for Debtor to purchase the Property from the prior owners for the aggregate price of $325,316.00 on or around July 16, 2015.

15. On or around July 16, 2015, the Debtor began to operate its business as a storage facility on the Property. However, the Debtor was not a properly formed entity at this time and the Debtor's initial formation actually occurred in September 2015.

16. The Estate has been in continuous possession of the Property since the Possession Date of April 27, 2022 [*See,* Revised Sale Motion, Doc. 175]

## RELIEF REQUESTED

17. Biros has not received post-petition payments for the Debtor's occupancy and use of the Property.

18. Since the commencement of the case, the Debtor and the Trustee have possessed the Property without providing any payment of rent or other consideration to Biros for the Debtor's possession of the Property.

19. The post-petition use and occupancy of Movant's Property was necessary and beneficial to the bankruptcy estate, as they were necessary for the Debtor's daily operations as the Trustee continued to collect rents, and store property for others, as well as store other property of the Estate.

*20.* The Debtor and Biros do not have an actual lease. However, Biros believes and avers that the appropriate monthly rent due is $18,000.00 per month as discussed *infra.*

21. The Property is a commercial property investment. An ROI (Return On Investment) is a metric that is used in commercial property investment, to measure how much profit or money is made on commercial property investment, as a percentage of its cost.

22. In accounting terms, ROI commercial real estate indicates the percentage of invested capital, which is recouped after deducting all the associated expenses like repairs and renovations, rehabilitation costs, purchasing costs, and so on.

23. The return on a commercial real estate investment can be considered as 10% and above. *See*, https://www.Privatecapitalinvestors.com/what-is-a-good-roi-for-commerical-real-estate-investors-2/

24. This is based on looking at investments that match or exceed the S&P 500. The historical average estimate of the S&P 500 is 10%. Thus, a considerably good ROI on investments can be considered as 10% and above return cases. *See*, https://www.Privatecapitalinvestors.com/what-is-a-good-roi-for-commerical-real-estate-investors-2/

25. The updated average for the S&P as of August 2022 since inception is 11.82%. *See,* https://www.investopedia.com/ask/answers/042415/what-average-annual-return-sp-500.asp; *See also*, https://www.en.wikipedia.org/wiki/S%26P_500.

26. Debtor has valued the Property at $1.9 million dollars. *See*, Schedule A/B [Doc. No. 60].

27. Accordingly, an annual return of 10% would result in a monthly return of $15,833.

28. At the current rate of 11.82%, the ROI would be $18,715.00.

29. The Debtor and the Trustee have been using the Property since the Petition Date. As of mid-December, eight months of post-petition amounts remain due and owing for the Property.

30. At $18,000 per month, the total amount due to Biros is $144,000.00 for the use and occupancy of the Property.

31. Accordingly, pursuant to Section 503(b)(1), Biros is entitled to an administrative expense claim in the amount of $144,000.00 for the occupancy and use of the Property after the commencement of this case.

32. Section 503(b)(1) of the Bankruptcy Code provides that an entity can request payment of an administrative expense claim for the "actual, necessary costs and expenses of preserving the estate. . . ." 11 U.S.C. § 503(b)(1)(A).

33. To be entitled to an administrative claim under Section 503(b)(1)(A), the claimant must show that "(1) there was a post-petition transaction between the claimant and the estate and (2) those expenses yielded a benefit to the estate." *In re Energy Future Holdings Corp.*, 990 F.3d 728, 741 (3d Cir. 2021) (internal quotations and citations omitted).

34. Bankruptcy courts have broad discretion to determine whether a claim is a proper administrative expense. *Upper Peninsula Power Co. v. Verso Corp. (In re Verso Corp.)*, 2019 U.S. Dist. LEXIS 125420, at *6 n.3 (D. Del. July 29, 2019)(citations omitted).

35. "Actual and necessary costs under [s]ection 503 include costs ordinarily incident to operation of a business, and need not be limited to costs without which rehabilitation would be impossible." *In re Cohen & Sons Caterers, Inc.,* 143 B.R. 27 (E.D.Pa. 1992).

36. Occupancy by trustee of premises from which debtor was operating gives rise to administrative liability under 11 USCS § 503 only to extent and for period that trustee actually uses and occupies premises and reasonable value of such use and occupancy is ordinarily, but not necessarily, determined by allocation of rent reserved in lease on pro rata basis. *In re Cardinal Export Corp.*, 30 B.R. 682 (Bankr. E.D.N.Y. 1983).

37. Courts have found held that if: (1) a claim arises from transaction with Chapter 11 debtor because debtor still occupied leased premises subsequent to filing of petition; and (2) debtor's occupation of premises was beneficial to debtor in operation of business because portion of business was conducted on premises, the claim of beneficiary of lease is entitled to administrative rent priority under 11 USCS § 503. *See In re Xonics, Inc.*, 65 B.R. 69, 1986 Bankr. LEXIS 5544 (Bankr. N.D. Ill. 1986).

38. Where premises are used and occupied by debtor and the use of premises benefitted estate in that debtor sold its merchandise from premises and derived revenues therefrom, courts have also found that such use and occupancy entitles a landlord o administrative expenses pursuant to 11 U.S.C. § 503(b) for postpetition arrears in rent. *See In re Jeans.com*, 491 B.R. 16, 2013 Bankr. LEXIS 1548 (Bankr. D.P.R. 2013).

39. Here, there is no dispute that Debtor and Trustee have used and occupied the Property since the Petition Date. Likewise, there is no dispute that the use of the Property benefitted the Estate in that Debtor's sole business operations stem from the Property.

40. As set forth above, the Trustee has failed to make any post-petition payments for the usage and occupancy of the Property.

41. The reasonable value of the use of the Property is approximately $18,000.00 per month.

42. Pursuant to section 501(b)(1)(A) of the Bankruptcy Code, Biros is entitled to an administrative expense in the amount of $144,00.00 for the use and occupancy of the Property for the eight months since the Petition Date, and continuing until the Trustee is no longer in possession of the Property.

43. Biros reserves all of her rights with respect to her 503(b)(1) Claim, including, without limitation: (i) her right to be paid in the ordinary course of business as post-petition creditor; (ii) her right to assert "cure" payments in connection with the Debtor's assumption of an executory contract between Biros and Debtor, if any, pursuant to 11 U.S.C. §365; (iii) her right to seek payment of prepetition invoices from any non-debtor parties, if any, that are co-obligors; and (iv) her right to assert any other rights under applicable law.

44. Biros reserves the right to amend or supplement this request for any purpose.

WHEREFORE, Christine Biros submits this request for allowance and payment of her administrative expense claim pursuant to 11 U.S.C. §503(b)(1) and such other and further relief this court

deems just and proper.

Dated: December 22, 2022                      BERNSTEIN-BURKLEY, P.C.

               By: */s/ Robert S. Bernstein*
                 Robert S. Bernstein (PA ID No. 34308)
                 Lara S. Martin (PA ID No. 307272)
                 601 Grant Street, Floor 9
                 Pittsburgh, PA 15219
                 Telephone: (412) 456-8108
                 Facsimile: (412) 456-8135
                 rbernstein@bernsteinlaw.com
                 lmartin@bernsteinlaw.com

                 Counsel for Christine Biros