**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| In re:  U LOCK INC. a/k/a | ) | |
| U-LOCK INC. | ) | Case. 22-20823-GLT |
| | ) | |
| Debtor. | ) | |
| | ) | |
| ——————————————————— | ) | |
| CHRISTINE BIROS, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ROBERT SLONE, Chapter 7 | ) | |
| Trustee, | ) | |
| Respondent. | ) | |

### OBJECTIONS OF GEORGE SNYDER TO CHRISTINE BIROS'
### MOTION FOR ALLOWANCE OF ADMINISTRATIVE EXPENSE CLAIM
### PURSUANT TO 11 U.S.C. 503(b)(1)

I am an officer of the debtor U Lock.  I file this objection in my personal capacity and as a creditor, and as a person with personal property on the premises that Christine Biros seeks possession of.

### BIROS EXTENDED THE TIME NECESSARY TO OCCUPY U LOCK

Here's the latest obstruction by Christine Biros.  Just this week, to prevent tenants from accessing the warehouse and removing their property, the Biros family blocked the door.  That's one big rock the Biros family are "remediating" with, and the tenants can't



move it out of the way.

As shown by the attached police report, tenants cannot obtain their property because a

trespass warning is "criminal" and this Court's Orders are "civil." That's the conclusion per the police based on Biros' insistence and Mr. Otto's bad faith legal teachings and emails to them. (Police are not attorneys and therefore they accept Mr. Otto telling them that hearing notes are court Orders).   The police, Biros, and her attorney require a specific court order authorizing access. Mr. Otto and Ms. Biros specifically told the police that this Court's hearing summary "notes" interpret the written Order and that it implies that nobody can enter the property except the Trustee of U Lock and the Biros family.  Even if they didn't have a rock in front of their door, they would have to physically take down the chain which obstructs the entrance 24 hours a day, 7 days a week.

All I know is that nobody can remove their things since Biros chained it in October. The Trustee sloughed off the entire thing to Mr. Otto and NOBODY WILL EVER GET THEIR PROPERTY OUT UNTIL THERE IS AN ORGANIZED AND CLEAR DIRECTIVE that Ms. Biros actually has to comply with.  While I understood this Court's Order that Ms. Biros must provide access, she apparently has a different interpretation.  As far as the Trustee giving 9 days to tenants and then telling them to arrange via Mr. Otto, this certainly is not a legal eviction in any sense especially since the tenants cannot comply with Ms. Biros' chain.

If one looks at the police report, with all of Mr. Otto's circles with his subjective interpretation, it is clear that the possession by tenants will never cease because they never could access their things.

In other words, rather than being entitled to rent, Ms. Biros should be paying damages for her ignoring this Court's clarification and the automatic stay.  Why should the Estate pay rent when Biros is prolonging the need to possess the land?

## THE $2 MILLION DOLLAR VALUATION

As this Court knows, Ms. Biros provided U Lock an unsecured loan for $309,000 then ganked the property from her partners. Now she wants $18,000 a month rent for it when she occupied most of it during the bankruptcy.  I put the valuation of $1,900,000 on the schedule. I based this upon the conversations I had with John and Christine Biros when they had U Lock buy the property for our enterprise, what they told me it was worth based on their experience and ownership of land that they developed.  Understand that I possessed parts of this property prior to the death of Nicholas Schur, the prior owner.  This is how I knew the Estate was selling it. John Biros, Christine Biros, and I surmised that the property was valued at a little less than $2,000,000, and we were able to buy it for just a few hundred thousand dollars with Ms. Biros fronting the money.  I just took that figure and put it on the schedule. However, I am no expert.  I never had an official appraisal done on the property.  I also didn't believe there were environmental problems that Christine Biros now asserts would cost nearly half a million dollars to remediate. I just did the best I could to determine a number.

## FROM JUNE, BIROS HAD CONTROL OF 90 PERCENT OF U LOCK

U Lock is 20 acres.  The storage sheds occupy less than 10%.  As soon as this Court granted permission for Biros to "remediate," they started accepting boulders as part of a clean fill operation. They blocked the roads, they began accepting commercial fill.  They were repeatedly told not to by North Huntingdon Township, but they never stopped.  Finally around September 2022, after pressure from Mr. Otto, the Township appears to allow them but said no more boulders.  It is unclear if the Biros family received payment or what their terms of accepting the clean fill from Colony Holdings were, but usually people have to pay to get rid of the large boulders.  Accepting boulders from Colony Holdings without a permit so they can build an Auto Zone up the road isn't really remediation–and it definitely isn't

something the Estate should pay rent for.[1]  In other words, Biros occupied the majority of the property.

Certainly, Ms. Biros' possession of most of the property beginning in June reduces the amount she should receive – if she should receive anything – for the alleged rent.

Biros received the boulders then buried them.  The purpose of these pictures is not to criticize the operation but to demonstrate who possessed the majority of the property.



*"REMEDIATING" BY RECEIVING BOULDERS FROM COLONY HOLDINGS WHICH IS BUILDING AN AUTOZONE NEARBY AND NEEDED TO BE RID OF THEIR WASTE ROCK.  TRUCKLOADS AND TRUCKLOADS CAME.  IT IS UNCLEAR IF BIROS RECEIVED PAYMENT FOR TAKING THE WASTE OR WAS DOING A FAVOR (BIROS AND COLONY HOLDINGS ARE JOINT VENTURERS IN OAK PARK ASSOCIATES INC.).*

---

[1] The Court should direct Ms. Biros to disclose all income she received from receiving the boulders and selling the scrap she took.  Perhaps Ms. Biros owes the Estate a portion of her gains.



   BE IT REMEDIATION, CLEAN FILL OPERATION, OR PLAYING IN THE DIRT, BUT IT IS NOT U LOCK POSSESSING THE PROPERTY.  IT IS BIROS POSSESSING, BLOCKING U LOCK, AND NOW TRYING TO GET $18,000 A MONTH FOR DOING IT.



   MORE BOULDER "REMEDIATION" – ALL PLACED BY BIROS.



***U LOCK ONLY POSSESSED THE BUILDINGS. THE BOULDER FARM WAS ALL POSSESSED BY BIROS WITH ALL BOULDERS BROUGHT BY BIROS AND THEN BURIED. (The Court saw the property after they buried most boulders).***

Regardless of the merits of Biros' remediation, the Court needs to calculate the percentage of occupancy by Biros and the percentage by U Lock. As is clear, Biros' boulder farm and activities occupied the vast majority of the land.

Here is a map of the area in yellow that Biros took complete control over and "remediated" through clean fill and boulder burying, destroying any item in their way. The purple is area that U Lock did not use for any reason and which they could have done whatever they wanted on. The black squared buildings are the U Lock buildings. The trees below the yellow areas were not used or possessed by U Lock and Biros had control over.



PURPLE AREA BIROS COULD HAVE UTILIZED FOR THEIR OPERATIONS. NOT USED BY ULOCK

YELLOW AREA IS THE PORTION OF THE LAND THAT BIROS PHYSICALLY TOOK OVER, DEPOSITED BOULDERS AND BURIED OR OTHERWISE "REMEDIATED" AND CONTROLLED DESTROYING ANYTHING IN THEIR WAY INCLUDING PERSONAL PROPERTY

**TRUSTEE CEDED TOTAL CONTROL TO BIROS IN LATE OCTOBER**

Rent should stop in October when Biros put up the chain and blocked access.  As I

explained in my opposition to lift the stay, Biros took complete control of the property with

the Trustee's blessing in October.  I cannot access my personal belongings and tenants cannot

access the property.  This is because a chain blocks the entrance.  They misquoted this

Court's allowing them to implement security by asserting that they can block all persons with

a chain and never open it.  This is what they did.

From my Opposition to the Stay:

> As explained below, and in the attached police report and letter to tenants, Robert Slone, Trustee, ceded complete control of the property to Christine Biros.

> As this Court is aware, Biros placed a chain at U Lock and prevented access since late October 2022.  Since that time, nobody has been able to access the property. The chain went up, the tenants and myself were blocked.

> When a tenant attempted to, the police were called and a trespass warning was given. Biros specifically told the police and tenant that they needed an Order allowing them access.  Counsel for Biros, William Otto, went so far as to give the police this Court's hearing notes to imply the Order was ambiguous and that access did not need to be given.

> On November 21, 2022, apparently the Trustee sent letters to the tenants giving them nine (9) days to remove their items.  However, nobody could access the items because the letter said they had to go through Christine Biros.  I received the letter from a tenant who called me in late December 2022 saying he just got this letter. I told him I suppose he needed to call Mr. Otto since that is what the letter says.  I don't know if he called Mr. Otto or not.  The Trustee should be handling access, not Mr. Otto, but the letter says Mr. Otto is in control.  As shown by the police report, Mr. Otto's procedures aren't exactly tenant friendly.

> The problem is that you cannot simply send a letter to tenants saying on November 21 they have until November 30 to obtain their property.  There's a Pennsylvania law called the Self Storage Facility Act that requires notification and publication.  I don't think that the Trustee had a lien because the law says for a lien to be enforced, it needed to be within the contract.  Regardless, mailing a letter regular mail to out of state and foreign people on November 21 saying the deadline is November 30, but the tenants are blocked by a chain, and have to call Mr. Otto does not appear to be a good procedure.

**MY PROPERTY**[2]

---

[2] I cannot give a complete list of property because I cannot inventory it.  However, some of my items include 2 dumpsters,  1 commercial steel work bench, 4 pallets of cement block, 4 pallets of freezer curtain pallets of commercial shelving, 1 275 gallon oil tank, 1 500 gallon oil tank, 4 poly tanks, bundle

Specifically, on October 14, 2022, Trustee Slone emailed attorney Allen Roth and told him, "We've had complaints that George Snyder is bothering the workers on the U Lock property and telling them that they are not permitted to be there. Please have him refrain from being on the property at this time." Thus I cannot access my property.

On October 21, 2022, at 11:00 a.m., Trustee Slone and Mr. Otto set up a meeting at U Lock. I attended. I asked Mr. Otto for access. He stated that Christine Biros owned everything and I could not have access unless I paid rent. Later that day, Mr. Slone emailed U Lock's counsel Mr. Roth and stated, "George Snyder wishes to set up a time to remove his assets from the U Lock property. Please have him give me a list of what those assets are and how long it will take him to remove those assets. A time will then be set for him to remove the assets."

On October 27, 2022, I called Trustee Slone and advised him that the front door to the warehouse where tenants rent was wide opened and had obviously been breached. He told me I could enter to close the door. However, fearing accusations, I emailed him, "As per our discussion yesterday, I was going to enter the U Lock Property briefly to secure the door. I just wanted to get an email from you to confirm that I have your permission." I never received a reply.

Also Trustee Slone asked me to have U Lock's Allen Roth email him about setting up a time to inventory my property so I could give him a list. Mr. Roth emailed Trustee Slone on October 27, 2022, and advised that, although he did not represent me personally, "It is my understanding that Mr. Snyder explained to you that he needs to take inventory of the items that belong to him and, to avoid piecemeal back and forth, he requested an opportunity to visit the property, take inventory, and then submit the inventory to you. He suggested that once you receive the inventory, you can advise of the items you do not object to removing, and arrangements could be made to do so. This course of action appears reasonable. However, I am happy to convey any alternative plan to him." Trustee Slone never responded.

On November 1, 2022, I spoke to Trustee Slone and advised that Biros placed some of my personal property and some things belonging to U Lock in a dumpster. I asked if I could go to the dumpster to mitigate. He said, "not yet."

On November 3, 2022, I called Trustee Slone and advised that Robert Biros was smashing everything in the dumpster. He said, "I hope not." I said, "Well, there's no need to hope because he is." Later that day, the trustee emailed me and asked, "In addition to the statement that you are to provide me showing what you are looking for on the U Lock property, please also send the following: 1. Proof of ownership of any asset that you claim ownership of that is on the U Lock property." It is impossible to provide proof of ownership as to most of these items. I offered Mr. Slone repeatedly to explain where I obtained the items from. He repeatedly told me that Mr. Otto must be satisfied. I explained that nobody was making an adverse claim as to these items. Mr. Slone said that Ms. Biros wanted them.

I met with Mr. Slone on a weekly basis in November and told him it would take about

---

of 2 X 4's, bundle of 2 X 10's, bundle of lumber, misc. Wood, pallet of marble sills, 2 commercial air conditioners, 4 doctor scales, 1 rotary torso selectorized machine, 1 seated calf machine, leg press, bulk weight equipment accessories, bulk weight equipment mfg inventory, 1 commercial parts cleaner, 4 ceiling fans, 6 racks, 3 aquariums, 10 tires, bulk pvc pipes and fitting, stack of metal building material, I beams and structrural steel, 4' x 4' sheets

five days to a week to remove my items as it would take several trips in a truck.

On December 23, 2022, the Trustee sent me an SMS message after I spoke with him. He said, "George, Contact Shanni or her attorney. She purchased the right to collect back rent. Her attorneys are Grennen and Birsic in Pittsburgh." I wrote back and said, "Ok just for clarification: Shanni and her attorney have the right to give me permission or any other tenant to enter the property and retrieve our possessions?" Slone wrote, "Probably. She purchased the U Lock tangible property."

On January 4, 2023, I met with Trustee Slone around 11:00 a.m. He was asking me for some U Lock files that are in a trailer on the property. I told him I needed access to the property. He told me that both Shanni Snyder and William Otto/Christine Biros must give me permission to enter the property. I told him I previously left messages for Mr. Otto and was never called back. I referred to the meeting with Mr. Otto where he said I could not access the property.

On January 5, 2023, U Lock's attorney Allen Roth emailed Trustee Slone and Biros attorney Ms. Wenrich advising that I was available January 7, 8, and 9 to access the U Lock records and possibly my personal property. Mr. Roth asked Trustee Slone to respond with clear instructions. I am informed that neither Mr. Slone nor Ms. Wenrich responded.

Clearly, the property cannot be given to Biros until this matter is resolved.

**U LOCK RECORDS**

I have to do two things– file taxes for U Lock per the stipulation and also update certain property lists and employment data as the request of Mr. Slone. There are some petty cash receipts and employee notes in the trailer, some other notes and tablets with info needed to comply with the Trustee's request and the tax returns. As explained above, Trustee Slone keeps asking for the information but will not provide access leaving me in a Catch 22.

**CONCLUSION**

I think it is clear that Ms. Biros should not receive any rent for the property, let alone $18,000 a month. Whatever figure for the land is appropriate, it should be reduced to 10% which U Lock possessed since June.

NOTE: ALL OF THE NOTES ON THE POLICE REPORT AND THE CIRCLES ON THE COURT ORDER ARE IN THEIR ORIGINAL FORM. I DID NOT MODIFY THE DOCUMENT.

**DECLARATION**

I declare under the penalty for perjury that the foregoing is true and correct to the best of my knowledge, information, and belief (28 USC 1746).

**CERTIFICATE OF SERVICE**

.  I also mailed a copy to Shanni Snyder, 14390 Route 30, Irwin PA 15642 by mail.  Christine Biros, U Lock, the United States Trustee, and Robert Slone trustee receive notification from the Court.

This 9th day of January 2023.

George Snyder
Box 15
Irwin PA 15642
412-979-9999

PATRICK H. MAHADY
ROBERT H. SLONE
GEORGE A. BUTLER
SUZANNE J. MAHADY

REGIS F. MAHADY (1933-1973)
HON. PAUL W. MAHADY (1933-1973)
HENRY J. MAHADY (1945-1989)
THOMAS R. MAHADY (1948-1971)

**LAW OFFICES**
## MAHADY & MAHADY
223 S. MAPLE AVENUE
GREENSBURG, PENNSYLVANIA 15601

1308 LIGONIER STREET
LATROBE, PENNSYLVANIA 15650

SUITE 5 - JACKTOWN PROFESSIONAL BUILDING
11343 ROUTE 30
N. HUNTINGDON, PA 15642

<u>Telephones:</u>
GREENSBURG - 724/834-2990
LATROBE - 724/537-7761
N. HUNTINGDON - 724/863-0628
FAX - 834-1250
e-mail - mahady@puisenet.com

**Please reply to:**

**GREENSBURG OFFICE**

November 21, 2022

INW
800 E. Wishkah Street #1003
Aberdeen, WA 98520

> **In Re: U Lock, Inc.**
> **Chapter 7 Bankruptcy No. 22-20823-GLT**

Dear Sir/Ms.:

Please be advised that U Lock, Inc. is in Chapter 7 bankruptcy filed in the U.S. Bankruptcy Court for the Western District of Pennsylvania at case no. 22-20823-GLT. I have been appointed the Chapter 7 Trustee for this case.

This letter is notification that the deadline to remove the items from your storage locker is **November 30, 2022**. To make arrangements to clear out your storage locker, please contact attorney William Otto, Law Firm of William E. Otto, PO Box 701, Murrysville, PA 15668, (724) 519-8778, weo@ottolawfirm.com as soon as possible.

Thank you for your attention to this matter.

Very truly yours,

MAHADY & MAHADY

Robert H. Slone, Esquire

RHS/kds

# NORTH HUNTINGDON TWP PD

## Incident Report Form

Primary Officer: <u>TROY PECINA</u> - <u>00086</u>

| | | | | |
|---|---|---|---|---|
| ☐ Juvenile Involved | ☐ Investigation | ☐ Video Available | ☐ Gang Related | ☐ Paperless |
| ☐ Domestic Related | ☐ Suspects | ☐ Bias Crime | ☐ Accident | ☐ Administrative |
| ☐ Alcohol Involved | ☐ Arrests Made | ☐ Drugs Involved | ☐ Ready for DA / Prosecutor | ☐ Alarm Activated |

| Log Number | Incident Number | File Number | Case Number | | |
|---|---|---|---|---|---|
| 22-011638 | 22-011638 | | | | |

| Incident Type | 056 | Dispatcher | Source | District | Status |
|---|---|---|---|---|---|
| CIVIL | | d0121 | | | NEW |

### Incident Date / Times

Incident Occurred At or Between

| Date Received | Day Rec'd | Rcvd | Disp | Arrv | Clrd | Earliest Date and Time | Latest Date and Time |
|---|---|---|---|---|---|---|---|
| 11/19/2022 | Saturday | 1537 | 1538 | 1547 | 1557 | | |

| Disposition | NFPA | Cleared by Exception | | |
|---|---|---|---|---|
| NO FURTHER POLICE ACTION | | | ☐ Suspended | |

### Location

| | ☐ Intersection |
|---|---|
| 14140 E ROUTE #30 NORTH HUNTINGDON PA 15642 | Cross Street |

| Municipality: NORTH HUNTINGDON TWP. | GPS Loc X 0 | GPS Loc Y 0 |
|---|---|---|

| Business Name | Premise Code | | Arson Value |
|---|---|---|---|

| Gang | Weather |
|---|---|

Modus Operandi Coding

Entry:

Exit:

Method:

Victim:

Property:

Area: **SECTOR 2**
Z2

Time of Day: **AFTERNOON (NOON TO 5 PM)**
ANOON

WEAPON USED:

| Caller / Complainant Type | Normal ☒ | Anonymous ☐ | Hangup ☐ | Refused ☐ |
|---|---|---|---|---|

**INVOLVEMENT NOT INDICATED**    Code not entered at run time or archive record with no code

| Name (Last, First, Middle) - Address - Phone Number | Juvenile | Age | Race | Sex | Ethnic | Social Security |
|---|---|---|---|---|---|---|
| CHERIPKA, GARY ANTHONY 123 CATSKILL AVE PITTSBURGH PA 15227 | ☐ | | W | M | | |
| | Weight | Height | Hair | Eyes | Phone | |
| | | | | | State | Class | Expiration Date |
| | ID Provided | | ID Detail | | | |

Link Comments

| Involvement | | Type (A=Auto/Truck) | Plate Number | Plate State | PlateType Code | Tag Year | Date Linked | Current Vehicle |
|---|---|---|---|---|---|---|---|---|
| Involvement Not Entered | | | LPB4839 | PA | SW | 2023 | 11/19/2022 | ☒ |

| Vehicle Year | Make | Model | Color | Vehicle Identification | USDOT Number | ICC Number |
|---|---|---|---|---|---|---|
| 2003 | GMC | | | | | |

| Vehicle Style/Type | Insurance Company | Insurance Company Policy Number |
|---|---|---|
| STATION WAGON | | |

Involvement Comments

| 22-011638 | 11/19/2022 | ☒ | APPROVED BY: KARI BAUER | PAGE 1 |
|---|---|---|---|---|
| IRF 1.6 | | | APPROVED ON: 11/23/2022 | Print Date/Time  1/6/2023 8:06:59 AM |

## RESPONDING / INVOLVED UNITS, OFFICERS, TIMES

| Division | Supervisor / ID | | | |
|---|---|---|---|---|

| Agency Numbers | | Units & Times | | |
|---|---|---|---|---|
| XX | XX-22-007403 | 00086 | DISP | 15:38:57 |
| | | | ARRV | 15:47:52 |
| | | | CLRD | 15:57:49 |
| | | 00017 | DISP | 15:38:57 |
| | | | CLRD | 15:57:49 |
| | | 00064 | DISP | 15:38:57 |
| | | | ARRV | 15:49:36 |
| | | | CLRD | 15:57:49 |
| | | 00088 | DISP | 15:49:34 |
| | | | ARRV | 15:49:36 |
| | | | CLRD | 15:57:49 |

## COMMENTS / NARRATIVES

Title
**Dispatcher**

| Narrative Created By / Creation Date | | Narrative Updated By / Update On | |
|---|---|---|---|
| ROBERT M BOSWELL | 11/19/2022 | | |

Narrative Approved By / Approved Date

Input: d0121 11/19/2022 15:38:52  Edited: d0121 11/19/2022 15:38:52
   Christine Byros~~████████~~14140 Route 30, ULock, advising there are court orders in place that nobody should be taking items from the property. She just got sent pictures that people are there taking items off the property. They people are supposedly Gary Chepkra and George Snyder / Pecina, Sgt Bauer, W Bouldin

Input: d0121 11/19/2022 15:48:25  Edited: d0121 11/19/2022 15:48:25
   LPB4839

## COMMENTS / NARRATIVES

Title
**INITIAL INCIDENT REPORT**

| Narrative Created By / Creation Date | | Narrative Updated By / Update On | |
|---|---|---|---|
| TROY PECINA | 11/20/2022 | TROY PECINA | 11/20/2022 |
| Narrative Approved By / Approved Date | | | |
| KARI BAUER | 11/23/2022 | | |

On 11-20-2022, Chrstine Biros called the station to report that someone was on the property at 14140 Rt. 30 (the old U-lock) removing items and there is currently a court order that states no one is permitted to be on the property.

Officers Bouldin and Cartter and I went to the property and made contact with Gary Cherika. Gary stated that he was a tenant of the U-lock storage facility and were there to get his belongings. Gary showed us a paper copy of a court order which stated that the Trustee and tenants (who are paid up on rent) are to be given unfettered access to obtain their property.

Gary did walk around a mental string that was accross the access road but stated that he had keys to the building, was paid up on his rent, and had actual property that belonged to him on the lot.

Gary was left to gather the rest of his stuff. I called Sgt. Bauer and explained the situation which she then advised me to return to Gary to ask him to leave the property until a final court order was finalized.

| 22-011638 | 11/19/2022 | [x] | APPROVED BY: KARI BAUER | PAGE 2 |
|---|---|---|---|---|
| IRF 1.6 | | | APPROVED ON: 11/23/2022 | Print Date/Time  1/6/2023 8:06:59 AM |

By time I returned to the property, Gary was already gone.

While en-route back to the station, dispatched informed me that George Snyder was in the lobby and wanted to speak to me.

I spoke with George, who was the previous owner of the property, for a long while. By the end of the conversation I explained to him that we have no answer for him on to who's allowed on the property. I told him that he needed to wait for the finalized court order which is set to occur on 12-1-2022.

Nothing further at this time.

# NORTH HUNTINGDON TWP PD

## Incident Report Form

**22-011680**
11/20/2022
**CIVIL**

---

**Primary Officer: WILLIAM BOULDIN - 00064**

| | | | | |
|---|---|---|---|---|
| ☐ Juvenile Involved | ☐ Investigation | ☐ Video Available | ☐ Gang Related | ☐ Paperless |
| ☐ Domestic Related | ☐ Suspects | ☐ Bias Crime | ☐ Accident | ☐ Administrative |
| ☐ Alcohol Involved | ☐ Arrests Made | ☐ Drugs Involved | ☐ Ready for DA / Prosecutor | ☐ Alarm Activated |

| Log Number | Incident Number | File Number | Case Number |
|---|---|---|---|
| 22-011680 | 22-011680 | | |

| Incident Type 056 | | Dispatcher | Source | District | Status |
|---|---|---|---|---|---|
| CIVIL | | d0123 | | B002 | NEW |

### Incident Date / Times

Incident Occurred At or Between

| Date Received | Day Rec'd | Rcvd | Disp | Arrv | Clrd | Earliest Date and Time | Latest Date and Time |
|---|---|---|---|---|---|---|---|
| 11/20/2022 | Sunday | 1124 | 1126 | 1131 | 1153 | 11/20/2022 1124 (Sunday) | 11/20/2022 1153 (Sunday) |

| Disposition NFPA | Cleared by Exception | |
|---|---|---|
| NO FURTHER POLICE ACTION | | ☐ Suspended |

### Location

☐ Intersection

13890 E ROUTE #30
NORTH HUNTINGDON PA 15642

| | Cross Street | |
|---|---|---|
| | GPS Loc X 0 | GPS Loc Y 0 |

Municipality: NORTH HUNTINGDON TWP.

| Business Name | Premise Code STORAG | Arson Value |
|---|---|---|
| U LOCK | STORAGE FACILITY | |

| Gang | Weather |
|---|---|
| | |

### Modus Operandi Coding

Victim:

Entry:

Property:

Exit:

Area: **ROUTE 30 CORRIDOR**
RT 30

Method:

Time of Day: **MORNING (5 AM TO NOON)**
MORN

**WEAPON USED:**

| Caller / Complainant Type | Normal ☒ | Anonymous ☐ | Hangup ☐ | Refused ☐ |
|---|---|---|---|---|

---

| 22-011680 | 11/20/2022 | ☒ | APPROVED BY: KARI BAUER | PAGE 1 |
|---|---|---|---|---|
| IRF 1.6 | | | APPROVED ON: 11/23/2022 | Print Date/Time 1/6/2023 8:05:25 AM |

## INVOLVED PERSONS

### CALLER

CODE: CALLER

| Name (Last, First, Middle) - Address | Juvenile | Date of Birth | Age | Race | Sex | Ethnic | Social Security Number |
|---|---|---|---|---|---|---|---|
| BIROS, CHRISTINE<br>1 BIROS HILL<br>WHITE OAK PA 15131 | ☐ | | | | F | | |

| Weight | Height | Hair | Eyes | Phone Number |
|---|---|---|---|---|

| Driver License Number | State | Class | Expiration Date |
|---|---|---|---|

| ID Provided | ID Detail |
|---|---|

Link Comments

### OTHER

CODE: OTHER

| Name (Last, First, Middle) - Address | Juvenile | Date of Birth | Age | Race | Sex | Ethnic | Social Security Number |
|---|---|---|---|---|---|---|---|
| SLONE, ROBERT H<br>223 SOUTH MAPLE AVE<br>GREENSBURG PA 15601 | ☐ | | | | | | |

| Weight | Height | Hair | Eyes | Phone Number |
|---|---|---|---|---|

| Driver License Number | State | Class | Expiration Date |
|---|---|---|---|

| ID Provided | ID Detail |
|---|---|

Link Comments

### SUSPECT

CODE: SUSP

| Name (Last, First, Middle) - Address | Juvenile | Date of Birth | Age | Race | Sex | Ethnic | Social Security Number |
|---|---|---|---|---|---|---|---|
| CHERIPKA, GARY ANTHONY<br>123 CATSKILL AVE<br>PITTSBURGH PA 15227 | ☐ | | | W | M | | |

| Weight | Height | Hair | Eyes | Phone Number |
|---|---|---|---|---|

| Driver License Number | State | Class | Expiration Date |
|---|---|---|---|

| ID Provided | ID Detail |
|---|---|

Link Comments

### SUSPECT

CODE: SUSP

| Name (Last, First, Middle) - Address | Juvenile | Date of Birth | Age | Race | Sex | Ethnic | Social Security Number |
|---|---|---|---|---|---|---|---|
| SNYDER, GEORGE CARDNER<br>13600 ST CLAIR DRIVE<br>NORTH HUNTINGDON PA 15642 | ☐ | | | W | M | | |

| Weight | Height | Hair | Eyes | Phone Number |
|---|---|---|---|---|
| | | BRO | | |

| Driver License Number | State | Class | Expiration Date |
|---|---|---|---|

| ID Provided | ID Detail |
|---|---|

Link Comments

## INVOLVED BUSINESSES / ORGANIZATIONS

11/20/2022

| Business / Organization Name | Business Address |
|---|---|
| U LOCK | 13890 ROUTE #30 |

| Phone 1 | Phone 2 | Phone 3 |
|---|---|---|
| | | |

NORTH HUNTINGDON, PA 15642

Involvement Comments

## RESPONDING / INVOLVED UNITS, OFFICERS, TIMES

Division        Supervisor / ID

| Agency Numbers | | Units & Times | | |
|---|---|---|---|---|
| XX | XX-22-007429 | 00064 | DISP | 11:26:42 |
| | | | ARRV | 11:31:38 |
| | | | CLRD | 11:53:06 |
| | | 00017 | DISP | 11:26:42 |
| | | | ARRV | 11:31:38 |
| | | | CLRD | 11:53:06 |
| | | 00086 | DISP | 11:31:38 |
| | | | CLRD | 11:53:06 |

## COMMENTS / NARRATIVES

Title
**Dispatcher**

| Narrative Created By / Creation Date | | Narrative Updated By / Update On |
|---|---|---|
| **BRIAN HEMPEL** | 11/20/2022 | |

Narrative Approved By / Approved Date

Input: d0123 11/20/2022 11:28:35   Edited: d0123 11/20/2022 11:28:35
    1122    Theft / Civil    011680Christine Biros, 412-901-8485, Received information that there is a Green Suburban on Ulock Property taking items / Supposedly has a court order that no one is to be on the property / Bouldin, Pecina, Sgt Bauer / LPB4839

## COMMENTS / NARRATIVES

Title
**INITIAL INCIDENT REPORT 00064**

| Narrative Created By / Creation Date | | Narrative Updated By / Update On | |
|---|---|---|---|
| **WILLIAM BOULDIN** | 11/20/2022 | **WILLIAM BOULDIN** | 11/23/2022 |

| Narrative Approved By / Approved Date | |
|---|---|
| **KARI BAUER** | 11/23/2022 |

On 11/20/2022 at approximately 1124 hrs we were advised of a call for a unknown person in a green suburban SUV being on the property of the ulock storage facility on Route 30. Per dispatch according to the caller she has a court order no one is to be on the property.

I was aware of the suspect, Gary Cheripka being on the property yesterday from another incident we had. Mr Cheripka had a copy of a court order that showed tenets were permitted on the property to get their property. I was informed by Ptlm Pecina that other paperwork was obtained from Mrs Biros which stated no one is to be on the property for any reason without permission from the court appointed trustee. I arrived on scene and stood by across the street until Sgt Bauer arrived. Another vehicle arrived on scene and was found to be George Snyder. Sgt Bauer informed me with the new paperwork that for no per Lt Arendas no one is to be on the property until a court order is received stating otherwise. Mr Snyder asked why we were here and we informed him that according to the information we have that anyone one the property is trespassing and due to the ambiguity with the civil orders we are going to ask Mr Cheripka to leave so we would not have to arrest him for trespassing. We advised Mr Snyder we do not enforce civil orders unless we are directly requested to do so by the courts. Trespassing on the other hand is a criminal matter.

We went to the main building and made contact with Mr Cheripka and explained the situation to him. We informed him until the court tell us other wise no one can be on this property. Mr Cheripka was not happy about the situation but understood and agreed to leave. We informed both he and Mr Snyder that they needed to get in contact with the court or the court trustee. They stated that they would. Sgt Bauer suggested to Mr Cheripka that he could try to

contact Mrs Biros and see about making arrangements to get his property. Mr Cheripka stated he has no contact for Mrs Biros. We asked if it would be ok to give her his number so she could call him and he stated that it would. We cleared.

On 11/20/2022 at approximately 1222 hrs I called Mrs Biros and explained what happened. Mrs Biros stated that no one is to be on the property without the permission of the court Trustee. I asked her if she was willing to take Mr Cheripka's phone number to make arrangement s so he could get his property. Mrs Biros stated no that he know how to get hold of the trustee and he can talk to him. Mrs Biros also stated that all the so called tenets are in default and are not to be on the property anyway. I told her that they need to get with the court and get them to send us copies of the orders so we can know what is going on. She stated she would. We ended the call.

On 11/20/2022 at approximately 1227 hrs I called Mr Cheripka and got his voice mail. I advised him that Mrs Biros stated he knows he has to call the court trustee and would not take his information. I told him is he needed to speak to me to call the station. I ended the call. I cleared.

On 11/20/2022 at approximately 1532 hrs Mr Snyder came into station. I had him come into the interview room and he showed me copies of two court order pertaining to this incident. The first order was an initial filing from back on 6/3/2022 the second was filed 11/14/2022 and appears to be signed by a Judge Gregory L. Taddonio. We went over the documents and I advised him take we are going to have to try to get hold of the court and possibly the trustee and get clarification on what is and is not correct with everything that is going on. We also need clarification as to what we are to do and or not to do. Mr Snyder gave me copies of the order and I added them to the report. I advised him i would try to have the day shift tomorrow try to contact the judge and get clarification as to what is the correct course of action with this. He left. I cleared.

I left a copy of this incident at the OIC desk and spoke to Sgt Wardman requesting that tomorrows daylight shift follow up with the trustee and the Judge on this incident.

**COMMENTS / NARRATIVES**

Title
**SUPPLEMENTAL REPORT**

| Narrative Created By / Creation Date | | Narrative Updated By / Update On | |
|---|---|---|---|
| SCOTT THOMAS VARNER | 11/21/2022 | SCOTT THOMAS VARNER | 11/21/2022 |

Narrative Approved By / Approved Date

On 11/21/2022 at approximately 1030 hours, Officer Varner contacted Robert Slone per request of Officer Bouldin.

I did speak with Slone, who is listed as the trustee of U Lock Inc in the original report. Slone confirmed that the property is now owned solely by Christine Biros. Slone did confirm that the Order Denying Stipulated Order for Relief from Stay filed on 11/14/2022 is the most current court order issued. This court order is related to Docket No. 211. Slone did state that no person(s) are permitted to be on the property without permission of Biros, however he does not know whether any permission was granted on the date of the incident (11/20/2022).

I did then contact the United States Bankruptcy Court for Western Pennsylvania, and spoke with the secretary of the court. She did state that she is familiar with the case, and I referred her to the docket number which she accessed. I did explain that our department simply wanted to know, per request of Biros, whether or not the appearance of George Snyder and Gary Cheripka on the property was in violation of the court order. She stated she would speak with Judge Taddonio directly and ask for clarification.

I was contacted by Holly from Bankruptcy Court at approximately 1600 hours. She did state that per the Judge: "the order speaks for itself, if Ms. Biros has any questions about who can or cannot be on her property, she or her attorney can contact the court for clarification". I did text Officer Bouldin to advise him of the update.

Officer cleared.

| 22-011680 | 11/20/2022 | ☒ | APPROVED BY: KARI BAUER | PAGE 4 |
|---|---|---|---|---|
| IRF 1.6 | | | APPROVED ON: 11/23/2022 | Print Date/Time 1/6/2023 8:05:25 AM |

**COMMENTS / NARRATIVES**

Title
**SUPPLEMENTAL REPORT 00064**

| Narrative Created By / Creation Date | | Narrative Updated By / Update On | |
|---|---|---|---|
| **WILLIAM BOULDIN** | 11/23/2022 | **WILLIAM BOULDIN** | 11/23/2022 |

Narrative Approved By / Approved Date

On 11/23/2022 at approximately 0700 hrs I reviewed my texts and email and follow up report and new incident # 22-011705 from Officers Jandric and Varner in reference to this incident. From what I can tell Mrs Biros had full control of the property but with several stipulations that are to be handled through a court appointed trustee Robert Slone. It also appears that Mr Cheripka is permitted to get any property that is his and remove it from the property. I has also been stated that per the Trustee Mr Slone, Mr Cheripka is to contact, Mrs Biros's Attorney, William Otto to make arrangements. It was also stated from Judge Taddonio if Mrs Biros has a problem with who is on the property she is to contact the court. As far as I can understand this is not a police matter and just a civil matter between Mrs Biros. Mr Snyder and Mr Cheripka to be handled by the civil court. As of today I am closing this incident. I cleared.

# NORTH HUNTINGDON TWP PD

## Incident Report Form

**Primary Officer:** ANNA JANDRIC - 00078

- [ ] Juvenile Involved
- [ ] Domestic Related
- [ ] Alcohol Involved
- [ ] Investigation
- [ ] Suspects
- [ ] Arrests Made
- [ ] Video Available
- [ ] Bias Crime
- [ ] Drugs Involved
- [ ] Gang Related
- [ ] Accident
- [ ] Ready for DA / Prosecutor
- [ ] Paperless
- [ ] Administrative
- [ ] Alarm Activated

| Log Number | Incident Number | File Number | Case Number |
|---|---|---|---|
| 22-011705 | 22-011705 | | |

| Incident Type 056 | | Dispatcher | Source | District | Status |
|---|---|---|---|---|---|
| CIVIL | | d0119 | | | NEW |

### Incident Date / Times

Incident Occurred At or Between

| Date Received | Day Rec'd | Rcvd | Disp | Arrv | Clrd | Earliest Date and Time | Latest Date and Time |
|---|---|---|---|---|---|---|---|
| 11/21/2022 | Monday | 1034 | 1036 | 0000 | 1110 | | |

| Disposition NFPA | Cleared by Exception | |
|---|---|---|
| NO FURTHER POLICE ACTION | | [ ] Suspended |

### Location

- [ ] Intersection

14140 E ROUTE #30
NORTH HUNTINGDON PA 15642

| | Cross Street |
|---|---|
| Municipality: NORTH HUNTINGDON TWP. | GPS Loc X 0    GPS Loc Y 0 |

| Business Name | Premise Code STORAG | Arson Value |
|---|---|---|
| U LOCK | STORAGE FACILITY | |

| Gang | Weather |
|---|---|

Modus Operandi Coding

Victim:

Entry:

Property:

Exit:

Area: **ROUTE 30 CORRIDOR**
RT 30

Method:

Time of Day: **AFTERNOON (NOON TO 5 PM)**
ANOON

**WEAPON USED:**

| Caller / Complainant Type | Normal [X] | Anonymous [ ] | Hangup [ ] | Refused [ ] |
|---|---|---|---|---|

| 22-011705 | 11/21/2022 | [ ] APPROVED BY: | PAGE 1 |
|---|---|---|---|
| IRF 1.6 | | APPROVED ON: | Print Date/Time 1/6/2023 8:06:23 AM |

## INVOLVED PERSONS

### CALLER                                    CODE:  CALLER

Name (Last, First, Middle) - Address

BIROS, CHRISTINE
1 BIROS HILL
WHITE OAK PA 15131

| Juvenile | Date of Birth | Age | Race | Sex | Ethnic | Social Security Number |
|---|---|---|---|---|---|---|
| ☐ | | | | F | | |

| Weight | Height | Hair | Eyes | Phone Number |
|---|---|---|---|---|

| Driver License Number | State | Class | Expiration Date |
|---|---|---|---|

| ID Provided | ID Detail |
|---|---|

Link Comments

### DEFENDANT  ACTOR                          CODE:  DEF

Name (Last, First, Middle) - Address

CHERIPKA, GARY ANTHONY
123 CATSKILL AVE
PITTSBURGH PA 15227

| Juvenile | Date of Birth | Age | Race | Sex | Ethnic | Social Security Number |
|---|---|---|---|---|---|---|
| ☐ | | | W | M | | |

| Weight | Height | Hair | Eyes | Phone Number |
|---|---|---|---|---|

| Driver License Number | State | Class | Expiration Date |
|---|---|---|---|

| ID Provided | ID Detail |
|---|---|

Link Comments

### OTHER                                     CODE:  OTHER

Name (Last, First, Middle) - Address

OTTO, WILLIAM E

| Juvenile | Date of Birth | Age | Race | Sex | Ethnic | Social Security Number |
|---|---|---|---|---|---|---|
| ☐ | | | W | M | | |

| Weight | Height | Hair | Eyes | Phone Number |
|---|---|---|---|---|

| Driver License Number | State | Class | Expiration Date |
|---|---|---|---|

| ID Provided | ID Detail |
|---|---|

Link Comments

### OTHER                                     CODE:  OTHER

Name (Last, First, Middle) - Address

SLONE, ROBERT H
223 SOUTH MAPLE AVE
GREENSBURG PA 15601

| Juvenile | Date of Birth | Age | Race | Sex | Ethnic | Social Security Number |
|---|---|---|---|---|---|---|
| ☐ | | | | | | |

| Weight | Height | Hair | Eyes | Phone Number |
|---|---|---|---|---|

| Driver License Number | State | Class | Expiration Date |
|---|---|---|---|

| ID Provided | ID Detail |
|---|---|

Link Comments

## INVOLVED VEHICLES

| Involvement | ACTV | Type (A=Auto/Truck) | Plate Number | State | PlateType Code | Tag Year | Date Linked | Current Vehicle |
|---|---|---|---|---|---|---|---|---|
| ACTOR VEHICLE | | | LPB4839 | PA | SW | 2023 | 11/21/22 | ☑ |

| Vehicle Year | Make | Model | Color | Vehicle Identification Number (VIN) | USDOT Number | ICC Number |
|---|---|---|---|---|---|---|
| 2003 | GMC | | | 3GKFK16Z23G307500 | | |

| Vehicle Style/Type | Insurance Company | Insurance Company Policy Number |
|---|---|---|
| STATION WAGON | | |

Involvement Comments

## INVOLVED BUSINESSES / ORGANIZATIONS

11/21/2022

**INVOLVED BUSINESSES / ORGANIZATIONS**

| | 11/21/2022 |
|---|---|
| Business / Organization Name
**U LOCK** | Business Address
13890 ROUTE #30 |

| Phone 1 | Phone 2 | Phone 3 | |
|---|---|---|---|
| | | | NORTH HUNTINGDON, PA 15642 |

Involvement Comments

**RESPONDING / INVOLVED UNITS, OFFICERS, TIMES**

| Division | Supervisor / ID |
|---|---|
| | NICHOLAS SCOTT DREISTADT          00069 |

| Agency Numbers | Units & Times | | | |
|---|---|---|---|---|
| XX      XX-22-007442 | 00078 | DISP | 10:36:49 | |
| | | CLRD | 11:10:55 | |

**COMMENTS / NARRATIVES**

Title
**Dispatcher**

| Narrative Created By / Creation Date
JEREMY BOROSKY | 11/21/2022 | Narrative Updated By / Update On |
|---|---|---|

Narrative Approved By / Approved Date

Input: d0119 11/21/2022 10:35:11   Edited: d0119 11/21/2022 10:35:11
AT BASE REPORTING TRESSPASSING AND THEFT FROM THE ABOVE

**COMMENTS / NARRATIVES**

Title
**INITIAL INCIDENT REPORT**

| Narrative Created By / Creation Date
ANNA JANDRIC | 11/21/2022 | Narrative Updated By / Update On
ANNA JANDRIC | 11/21/2022 |
|---|---|---|---|

Narrative Approved By / Approved Date

On the above date and time, I, Ptlm. Jandric took a walk-in complaint regarding an ongoing trespassing issue.

I spoke with William E. Otto, Esq and Christine Biros (property owner) and they gave me a brief summary of what the issue was.

The summary of the incident is described below:

Christine is the property owner of 13890 E. Route 30, U Lock. U Lock runs the business on her property and recently went into bankruptcy.

Individuals who had items at the U Lock were given a certain number of days to retrieve their property and were advised they needed to vacate the property by Sept 20, 2022. The ones who did not remove property by that date were given instructions by the trustee of the property, Robert Slone - of Mahady and Mahady law firm on how to gain access from that point forward. The instructions advised everyone if they needed to retrieve property they would need to contact the trustee, or Christine Biros to make arrangements.

on November 15, 2022 there was an amended court order that stated

| 22-011705
IRF 1.6 | 11/21/2022 | ☐ | APPROVED BY:
APPROVED ON: | PAGE   3 |
|---|---|---|---|---|

Court : "Court orders indicate that the property belongs to Biros and she is free to do with it what she will, so long as she gives unrestricted access to the trustee and does not interfere with the estate, and subject to due diligence period. Will not authorize her to exercise powers that are otherwise in possession of the trustee."

Robert Slone (trustee) : Tenants ordered to vacate by Sept 20,2022. Still receiving checks from tenants U.S Steel Workers sent a check for rent last month, brought in by Mr. Snyder"

Court: Those who have been ordered to vacate are not entitled to have access to the property past that point. If there is a renter who needs to access past that point, they can gain access through the trustee"

Over the weekend Christine Biros captured photos of an individual on her property taking a TV and possibly other miscellaneous items out of the storage facility. The same individual returned on Sunday and was taking other items from the property. North Huntingdon Police responded, Officer Bouldin handled the call and advised Mr. Cheripka that he was not permitted to be on the property until we received confirmation or a court order that stated otherwise. Officer Bouldin informed him he was supposed to contact the trustee to gain access to the property.

Today, Monday November, 21st Christine and her attorney came to the station to ask for trespassing and theft charges to be filed on Mr. Cheripka due to yesterday's incident that Officer Bouldin was investigating.

I contacted the office of Mahady and Mahady and spoke with Mr. Slone, who did confirm Christine had full control of the property. He advised his office sent out letters to each person renting space from the property, Mr. Cheripka being one of those people. Mr. Slone advised, Cheripka has up until the end of November to remove his property but had to make arrangements with either him or Christine - and had not done that as of today. Mr. Slone stated he would email me a copy of the letter sent out to Mr. Cheripka. As of this time, I have still not recieved the email from Mr. Slone.

Officer Varner was asked to follow up on the case for Officer Bouldin - he contacted the trustee and was advised Christine had full control of the property as well.

Officer Varner, myself and Sgt Dreistadt spoke about the situation and this incident should refrence back to incident 22-011680.

**William Bouldin**

*Ptlm. Anna Jandric*
**North Huntingdon Township**
11279 Center Hwy
Irwin, PA 15642
PH: 724-863-8800



From: Robert Slone <robertslone223@gmail.com>
Sent: Monday, November 21, 2022 2:24 PM
To: Anna Jandric <AJandric@nhtpd.us>
Subject: U Lock, Inc.

Dear Officer Jandrick:

Per our conversation, please find the court order dated 11/14/2022 issued in this case regarding the real property at 14140 U.S. Route 30, N. Huntingdon, PA.

I had last contacted Gary Cheripka by telephone on 10/21/22 and have instructed him again to make arrangements with Christine Biros' attorney, William Otto, to clear out his storage unit.  Mr. Cheripka is permitted to get his items from his storage unit.

Please call me if you have any further questions or concerns.

Thank you,

Robert H. Slone, Esquire
MAHADY & MAHADY
223 South Maple Avenue
Greensburg, PA 15601
(724) 834-2990
robertslone223@gmail.com

1

**Brian Hempel**

| | |
|---|---|
| **From:** | Troy Pecina |
| **Sent:** | Sunday, November 20, 2022 12:33 PM |
| **To:** | Brian Hempel |
| **Subject:** | Fwd: Property Access |
| **Attachments:** | Court Order 111122.pdf |

Get Outlook for iOS

**From:** William Otto <weo@ottolawfirm.com>
**Sent:** Saturday, November 19, 2022 4:49:18 PM
**To:** Troy Pecina <00086@nhtpd.us>
**Cc:** Christine Biros (christineb0610@yahoo.com) <christineb0610@yahoo.com>; Robert H. Slone (robertslone223@gmail.com) <robertslone223@gmail.com>; Sarah E. Wenrich (swenrich@bernsteinlaw.com) <swenrich@bernsteinlaw.com>
**Subject:** Property Access

Dear Sir:

This firm represents Ms. Christine Biros, the sole owner of that property located at 14140 US Route 30, North Huntingdon Township. The attached document filed in the US Bankruptcy Court for the Western District of Pennsylvania is a filing by Judge Taddonio in the U Lock, Inc. bankruptcy case.

Please refer to the circled text on the second page of the attachment. It clearly gives Christine Biros the authority to keep all others off the property, with the exception of Robert Slone, Esq., the U Lock Trustee. George Snyder does NOT have authorization to enter the property, nor has access been granted to anyone else.

If you have any questions, please contact me.

Very truly yours.

William E. Otto, Esq.
Law Firm of William E. Otto, Esq.
PO Box 701
Murrysville, PA 15668

(724)519-8778 (Office)
(412)973-5837 (Cell)
www.ottolawfirm.com

| | |
|---|---|
| **From:** | Troy Pecina |
| **Sent:** | Sunday, November 20, 2022 12:33 PM |
| **To:** | Brian Hempel |
| **Subject:** | Fwd: The procedure to remove property from ulock |
| **Attachments:** | Slone Evict Ltrs 111122.pdf |

Get Outlook for iOS

**From:** christine biros <christineb0610@yahoo.com>
**Sent:** Saturday, November 19, 2022 4:30:16 PM
**To:** Troy Pecina <00086@nhtpd.us>
**Subject:** The procedure to remove property from ulock

Here is the latest trustee's instructions.
Thank You for your assistance in this matter.
Best Regards,
Christine Biros
412-901-8485

Sent from my iPhone

# Chief Judge Gregory L. Taddonio

5490 U.S. Steel Tower
600 Grant Street
Pittsburgh, PA 15219
Ph. 412-644-3541

**List of Self-Scheduled Chapter 7, 11, 12 and 13 Hearing Dates** 📄

## Staff Information

| | | |
|---|---|---|
| **Chambers A - Main Line:** | | 412-644-3541 |
| **Law Clerks:** | | |
| Law Clerk | Steven J. Brujic | 412-644-4063 |
| Law Clerk | Charlotte Robertson | 412-644-6431 |
| **Courtroom Deputies:** | | |
| Cases ending in 1, 2: | Janet Heller | 412-316-1662 |
| Cases ending in 3, 4, 5, 6: | Holly Thurman | 412-644-4064 |
| Cases ending in 7, 8, 9, 0: | Doug Basinski | 412-316-1661 |

FILED
11/15/22 12:13 pm
CLERK
U.S. BANKRUPTCY
COURT - WDPA

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

In re:                                          :        Case No.:    22-20823-GLT
                                                :        Chapter:     7
U LOCK INC                                      :
                                                :
                                                :
                                                :
                    Debtor(s).                  :        Date:
                                                :        Time:

.

## PROCEEDING MEMO

**MATTER:**  # 175 Motion For Sale of Property under Section 363(b) Tangible and Intangible Personal Property of the Estate filed by the ch.7 trustee

> # 181 - Proof of Publication in the Tribune-Review on 9/30/2022
> # 182 - Proof of Publication in the Westmoreland Law Journal on 9/30/2022
> # 183 - Objection filed by the Debtor
> # 184 - Objection filed by Shanni Snyder
> # 185 - Objection filed by George Snyder
> # 197 - Verified Statement filed by Christine Biros
> # 198 - Verification of Connections filed by Shanni Snyder
> > # 202 - Reply to Objections to Sale Motion and to Verification of Connections of Shanni Snyder

> # 189 Certification of Counsel Regarding Stipulated Order for Relief From Stay Filed by Creditor Christine Biros
> [Response due at the time of the hearing]
> # 200 - Objection filed by Debtor

**APPEARANCES:**

| | |
|---|---|
| ULOCK: | J. Allen Roth [George Snyder] |
| Trustee: | Robert H. Slone |
| Christine Biros: | Sarah Wenrich, Bob Bernstein , William Otto |
| Shanni Snyder: | John Joyce |

**NOTES:**     [11:48]

Slone: Received offer from Christine Biros to purchase assets. Have received 3 objections to the sale moving forward. Deposit provided in September 2022 in connection with the original sale. Hand money sent August 16, 2022. Three bidders tendered deposits: Biros, USAAG, and Shanni Snyder. Wrong hearing date used on the publication notice, but the new proof of publication have the correct date and occurred with in the appropriate time provided by the local rules. Also wants to make clear that he is selling the trustee's interest in the assets, not selling physical property. As is, where is, sale. No representations or warranties.

Court: Can you speak to some of the environmental concerns? Has there been notice of this sale to any regulatory agency?

Slone: May be some environmental issues. Believes an environmental engineer has been to the property. There has not been notice of the sale to any environmental agencies.

Court: Why is clean up component included in the sale?

Slone: Put it in because it was in the offer.

Court: Why should a buyer provide a $25,000 bond for a removal of assets in the competing bid? Where is the estate's liability there? Once the assets are sold, there is no further responsibility.

Wenrich: Risk that assets on the property could cause further damage and just wants to avoid further damage to the property.

Joyce: Points out that the error in date on publication notice has not actually been fixed. Also does not believe that nothing in the motion specifies that the sale is "as is, where is" or "free and clear." Has concerns about the sufficiency of the description of the assets being sold and sufficiency of notice of sale. Dislikes environmental assumption of liability. Would proceed with sale if concerns are addressed.

Roth: Would also allow sale to proceed if concerns are addressed.

Joyce: Issues with language in sale order.

Wenrich: Is okay with sale being just "as is, where is" and not free and clear. For the environmental bond, the $100,000 is an amount that they got from an environmental engineer. Environmental liability is fully related to the garbage truck incident. Sees no valid basis for not continuing with the sale at this point.

Mr. Snyder: Wants to mention that he is not allowed to be on the property and he can't get on the property to inventory / evaluate the value of his assets on the property. Wants to go on the property to get his things.

Court: That is outside of the bankruptcy courts jurisdiction. But to the extent assets are being removed or destroyed without the trustees consent, that should stop.

...

Court: Stipulated order, State court orders indicate that property belongs to Biros and she is free to do with it what she will, so long as she gives unrestricted access to the trustee and does not interfere with the estate, and subject to due diligence period. Will not authorize her to exercise powers that are otherwise in possession of the trustee. Stipulation problematic.

Slone: Tenants ordered to vacate by September 20, 2022. But still receiving checks from tenants. U.S. Steel Workers sent a check for rent last month. Brought by Mr. Snyder.

Court: Those who have been ordered to vacate are not entitled to have access to the property past that point. If there is a renter who needs access past that point, they can gain access through the trustee. deny stipulation for stay relief.

*OUTCOME:*

1) For the reasons stated on the record, the *Motion For Sale of Property under Section 363(b) Tangible and Intangible Personal Property of the Estate Filed by chapter 7 trustee* [Dkt. No. 175] is continued to December 1, 2022 at 10 a.m. [Chambers to Prepare].

2) For the reasons stated on the record, the *Certification of Counsel Regarding Stipulated Order for Relief From Stay Filed by Creditor Christine Biros* [Dkt. No. 189] is DENIED as submitted. [Chambers to Prepare].

**DATED:** 11/10/2022

**LAW OFFICES**

# MAHADY & MAHADY

223 S. MAPLE AVENUE
GREENSBURG, PENNSYLVANIA 15601

1308 LIGONIER STREET
LATROBE, PENNSYLVANIA 15650

SUITE 5 - JACKTOWN PROFESSIONAL BUILDING
11343 ROUTE 30
N. HUNTINGDON, PA 15642

PATRICK H. MAHADY
ROBERT H. SLONE
GEORGE A. BUTLER
SUZANNE J. MAHADY

REGIS F. MAHADY (1933-1973)
HON. PAUL W. MAHADY (1933-1973)
HENRY J. MAHADY (1945-1989)
THOMAS R. MAHADY (1948-1971)

Telephones:
GREENSBURG - 724/834-2990
LATROBE - 724/537-7761
N. HUNTINGDON - 724/863-0628
FAX - 834-1250
e-mail - mahady@pulsenet.com

*Please reply to:*

**GREENSBURG OFFICE**

November 11, 2022

James Clawson
2437 Saunders Station Road
Monroeville, PA 15146

    In Re:   U Lock, Inc.
        Chapter 7 Bankruptcy Case No. 22-20823-GLT

Dear Mr. Clawson:

    Enclosed please find a copy of the letter sent to you on August 30, 2022 for your reference.

    Please be advised that U Lock, Inc. has ceased operations. All of your personal property contained in the storage unit you have been renting from U Lock, Inc. must be ***removed no later than November 30, 2022***. To make arrangements to get access to the unit, please contact attorney William Otto at (724) 519-8778, email weo@ottolawfirm.com.

    Thank you for your attention to this matter.

                Very truly yours,

                MAHADY & MAHADY

                Robert H. Slone, Esquire

RHS/kds
Enclosure
cc: William Otto, Esq.

**LAW OFFICES**
# MAHADY & MAHADY
223 S. MAPLE AVENUE
GREENSBURG, PENNSYLVANIA 15601

1308 LIGONIER STREET
LATROBE, PENNSYLVANIA 15650

SUITE 5 - JACKTOWN PROFESSIONAL BUILDING
11343 ROUTE 30
N. HUNTINGDON, PA 15642

PATRICK H. MAHADY
ROBERT H. SLONE
GEORGE A. BUTLER
SUZANNE J. MAHADY

REGIS F. MAHADY (1933-1973)
HON. PAUL W. MAHADY (1933-1973)
HENRY J. MAHADY (1945-1989)
THOMAS R. MAHADY (1948-1971)

Telephones:
GREENSBURG - 724/834-2990
LATROBE - 724/537-7761
N. HUNTINGDON - 724/863-0628
FAX - 834-1250
e-mail - mahady@pulsenet.com

**Please reply to:**

**GREENSBURG OFFICE**

November 11, 2022

United Steelworkers of America
Local 1913
1945 Lincoln Highway
North Versailles, PA 15143

    In Re:    **U Lock, Inc.**
            **Chapter 7 Bankruptcy Case No. 22-20823-GLT**

Dear Sir/Ms.:

    Enclosed please find a copy of the letter sent to you on August 30, 2022 for your reference.

    Please be advised that U Lock, Inc. has ceased operations. All of your personal property contained in the storage unit you have been renting from U Lock, Inc. must be ***removed no later than November 30, 2022***. To make arrangements to get access to the unit, please contact attorney William Otto at (724) 519-8778, email weo@ottolawfirm.com.

    Thank you for your attention to this matter.

Very truly yours,

MAHADY & MAHADY

Robert H. Slone, Esquire

RHS/kds
Enclosure
cc: William Otto, Esq.

FILED
11/14/22 3:40 pm
CLERK
U.S. BANKRUPTCY
COURT - WDPA

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | : | Case No. 22-20823-GLT |
| **U LOCK INC.,** | : | |
| | : | Chapter 7 |
| *Debtor.* | : | |
| | : | |
| **ROBERT H. SLONE,** in his capacity as | : | |
| chapter 7 trustee of U Lock, Inc., and | : | |
| **CHRISTINE BIROS,** | : | |
| | : | |
| *Movant,* | : | Related to Dkt. No. 189, 200, 205, 206 |
| | : | |
| v. | : | |
| | : | |
| **U LOCK INC., CHARLES O. ZEBLEY,** as | : | |
| chapter 7 trustee of the estate of Shanni | : | |
| Snyder, **SHANNI SNYDER, GEORGE** | : | |
| **SNYDER,** and **KASH SNYDER,** | : | |
| | : | |
| *Respondents.* | : | |

## ORDER DENYING STIPULATED ORDER FOR RELIEF FROM STAY

Robert H. Slone, the chapter 7 trustee for U Lock Inc., and creditor Christine Biros jointly filed a *Stipulated Order for Relief from Stay*.[1] The stipulation suffers from several procedural defects. Although submitted under a certification of counsel, it is unclear whether the "agreed form of order has been reviewed and approved by all parties affected by the order."[2] As shown by the objections subsequently filed by several parties, the Court has reason to question the veracity of the certification.[3] In addition, the stipulation seeks significant substantive relief from the Court, and yet – absent consent of the responding parties – it was not filed as a motion as directed by the local rules.[4] Notwithstanding these anomalies, the

---

[1] Dkt. No. 189.
[2] W.Pa.LBR 9013-8(b).
[3] See Dkt. Nos. 200, 205, 206.
[4] W.Pa.LBR 9013-1(c).

Court still scheduled the stipulation for hearing to air its concerns about a perceived effort to delegate the trustee's powers and authority to Biros.[5] After conducting a hearing on the stipulation on November 10, 2022, and for the reasons stated on the record, it is hereby

**ORDERED, ADJUDGED,** and **DECREED** that:

       1.    The *Stipulated Order for Relief from Stay* [Dkt. No. 189] is **DENIED** as procedurally defective because it does not contain the consent of the respondents, nor was it filed as a motion.

       2.    Based on troublesome comments made during the hearing, the Court is compelled to clarify several items to ensure there can be no mistake as to what actions the Court previously authorized:

          (a)    On June 3, 2022, the Court issued an *Order Granting Christine Biros Limited Relief from the Stay* [Dkt. No. 36]. Through that Order, Biros was authorized to remove

          (i)    "vehicles or trailers" (remaining after June 24, 2022);[6]

          (ii)    "tires" (remaining after June 17, 2022 and with notice);[7] and

          (iii)    "tanks identified as waste" (remaining after June 24, 2022 and with notice).[8]

The Court further directed that "nothing in this order shall ... be construed as an ejectment of U Lock [or] authorize the removal of any U Lock property" that does not impede the environmental remediation efforts. Based on the foregoing, and after review of its docket, the Court finds nothing in the record that authorizes Biros to remove or destroy any items other than those listed above. Furthermore, the trustee has not identified any additional assets for abandonment on the record.

---

5    The hearing was originally scheduled for November 2, 2022, but was rescheduled to November 10, 2022 at the request of the parties. *See* Dkt. Nos. 190, 195.

6    Dkt. No. 36, ¶ 6.

7    *Id.* at ¶ 7.

8    *Id.* at ¶ 8.

(b)    Notwithstanding the foregoing, as the deed holder of the real property

located at 14140 U.S. Route 30, North Huntington, Pennsylvania (the "Real Property"),

Biros may (subject to the terms of this Order):

    (i)    implement any security measures she deems necessary, including but not limited to, the installation of video cameras for security and surveillance monitoring, limiting access to the Real Property, and/or hiring personnel to monitor and further secure the Real Property;

    (ii)    complete an in-depth walk through of the Real Property, identifying any areas which are locked and inaccessible, but may not enter any storage unit, locked or otherwise, or remove any property therefrom; and

    (iii)    Nothing in this Order shall impair the chapter 7 trustee or any storage tenant (provided said tenant is paid current through November 2022)[9] to have unfettered access to the Real Property. It is anticipated the trustee will conclude any rental arrangements through November 30, 2022 so as to effectuate a closing on the sale of the estate's assets in December 2022.

The Court finds that subject to paragraph (b)(iii), these actions do not

require stay relief because they do not interfere with the administration of

the estate and strike the balance necessary to protect Biros' interest in the

Real Property and the trustee's interest in maximizing value of the

bankruptcy estate for the benefit of creditors.

BY THE COURT:

Dated: November 14, 2022

_____

GREGORY L. TADDONIO

CHIEF UNITED STATES BANKRUPTCY JUDGE

---

[9]    The trustee represented that he recently accepted rental payments from one or two tenants.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | : | Case No. 22-20823-GLT |
| **U LOCK INC.,** | : | Chapter 7 |
| *Alleged Debtor.* | : | |
| **CHRISTINE BIROS,** | : | |
| *Movant,* | : | Related to Dkt. No. 14, 22 & 28 |
| v. | : | |
| **U LOCK INC.** and **SHANNI SNYDER,** | : | |
| *Respondents.* | : | |

## ORDER GRANTING CHRISTINE BIROS
## LIMITED RELIEF FROM THE STAY

Shanni Snyder commenced these proceedings by filing an involuntary bankruptcy petition against the alleged debtor, U Lock Inc., on April 27, 2022. By operation of law, a stay was imposed under 11 U.S.C. § 362(a) protecting the assets, rights, and interests of U Lock from, among other things, certain creditor actions that arose prepetition. U Lock has yet to file a response to the involuntary petition, but the deadline to do so has not yet expired.

Christine Biros holds deeds to the property located 14140 Route 30, North Huntingdon, Pennsylvania (the "Property") wherein U Lock conducts its business operations. She obtained the deeds through a state court judgment that was affirmed on appeal and constitutes a final, non-appealable order. Ms. Biros now requests either dismissal of the bankruptcy case or stay relief to eject U Lock from the Property.[1] She also contends the

---

[1] See *Motion for Entry of an Order (I) Dismissing the Case and for Sanctions against the Petitioning Creditor, or in the alternative (II) Making a Determination that the Automatic Stay is Inapplicable to State Court Action pursuant to 11 U.S.C. § 362(b)(10), or in the alternative (III) Granting Relief from the Automatic Stay to the Movant in relation to the Movant's Property and the State Court Case, or in the*

1

Property is adversely affected by several environmental issues which have not been remediated. The *Motion* is opposed by both U Lock and Ms. Snyder.

The Court conducted an emergency hearing on June 2, 2022 to consider the *Motion* and responses. At the conclusion of the proceeding, the Court indicated it would grant limited stay relief to Ms. Biros and defer consideration of the remainder of the *Motion* until July 6, 2022 so as to have the benefit of U Lock's response to the involuntary petition. The Court invited the parties to craft a consent order granting limited stay relief consistent with its ruling. But after reviewing the parties' recent submissions,[2] it is apparent that no agreement exists. In the absence of any consensus, the Court deems it necessary to draft its own order addressing the matters adjudicated at the June 2, 2022 hearing. Accordingly, it is hereby **ORDERED, ADJUDGED,** and **DECREED** that Ms. Biros is hereby granted limited relief from the stay under 11 U.S.C. § 362(a) under the following terms:

1.   Ms. Biros shall be permitted to immediately commence environmental remediation activities subject to the following: absent further Court Order or the consent of U Lock, Ms. Biros may not secure portions of the Property or restrict access to U Lock or its tenants. U Lock has not yet been adjudicated as a bankruptcy debtor and based on the Court's preliminary understanding, it continues to conduct business operations on the Property.

2.   With respect to the "garbage truck incident," Ms. Biros may conduct ground tests, take photographs, lodge an insurance claim with the waste management company that caused the accident, or initiate any legal action against that third-party related to the incident. Any ground tests and photographs shall occur during normal business hours (upon no less than 48-hours notice) and shall not impede U Lock's operations.

3.   U Lock shall remove all vehicles and trailers from the Property, and any and all proceeds received from the removal and/or sale of such items (including salvage and scrap payments) shall be held in escrow by U Lock's counsel until further order of this Court.

---

*alternative (IV) Abandoning the Movant's Property* [Doc. No. 14] (the "Motion"). Any capitalized term not otherwise defined herein shall have the same meaning ascribed in the *Motion*.

[2]   See Dkt. Nos. 28-29, 32-33.

2

4. U Lock shall immediately make arrangements with the police to "tag" unauthorized vehicles on the Property. Ms. Biros and her counsel may assist, facilitate, or demand the police move forward with the tagging process.

5. U Lock shall remove all vehicles and trailers from the Property on or before the earlier of: (a) June 24, 2022, or (b) ten (10) days after the date the police place "tags" on the subject vehicles. To the extent U Lock requires additional time, it may make a reasonable request for an extension from Ms. Biros that shall not be unreasonably denied.

6. Any vehicles or trailers remaining on the Property after June 24, 2022 (or such additional time as agreed by Ms. Biros) may be removed and disposed of by Ms. Biros at her convenience. Notwithstanding the foregoing, the trailers pictured on **Exhibit "A"** hereto are disclaimed by U Lock and may be removed by Ms. Biros upon no less than 48-hours notice.

7. On or before June 10, 2022, U Lock shall identify any tires placed on the Property by U Lock. U Lock shall remove such tires on or before June 17, 2022. Thereafter, Ms. Biros is authorized to remove any tires located on the Property upon no less than 48-hours notice.

8. On or before June 10, 2022, U Lock shall itemize the tanks on the Property (listing them as unused, salvageable, or waste) and shall disclose the same to Ms. Biros. All unused and salvageable tanks located on the Property shall be removed by U Lock on or before June 24, 2022. Any and all proceeds related to the removal and/or sale of such items (including salvage and scrap payments) shall be held in escrow by U Lock's counsel until further order of this Court. All tanks identified as waste by U Lock may be removed by Ms. Biros upon no less than 48-hours notice.

9. Upon at least 48-hours notice, Ms. Biros may enter the Property with licensed contractors to conduct bona fide environmental testing and/or to create plans for remediation.

10. Except as provided herein, nothing in this order shall: (a) be construed as an ejectment of U Lock, (b) authorize the removal of any U Lock property that does not impede the environmental remediation efforts, and (c) authorize Ms. Biros to interfere with or impede U Lock's ongoing business operations or its tenant relationships.

11. To the extent U Lock consents to bankruptcy relief, it shall disclose its list of tenants on *Schedule G*. In the event U Lock does not consent to bankruptcy relief, it shall provide Ms. Biros with a list of tenants on or before June 17, 2022.

12. If either U Lock or Ms. Biros fails to comply with the terms of this *Order*, the other respective party may file a notice of the non-compliance which shall specifically indicate: (i) what action(s) have been taken since the entry of this *Order*, and (ii) what required actions remain outstanding.

003967

13. The remaining requests for relief in the *Motion*, as well as any related claims or defenses thereto by U Lock and Ms. Snyder are preserved pending the continued hearing on the *Motion* scheduled for July 6, 2022.

BY THE COURT:

Dated: June 3, 2022

Gregory L. Taddonio
United States Bankruptcy Judge

<u>BNC to serve:</u>
U Lock Inc.
Christine Biros
Shanni Snyder

4