IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

In re: U LOCK INC. a/k/a )
U-LOCK INC. ) Case. 22-20823-GLT
 )
 Debtor. )
 )
—---------------------------------------- )

## DEBTOR U LOCK'S REPLY TO THE RESPONSE OF CHRISTINE BIROS (ENTRY 298) TO THE AMENDED ORDER TO SHOW CAUSE

Debtor U Lock Inc. ("U Lock"), by and through its undersigned counsel, files this Reply to the Response of Christine Biros (Entry 298) to the Amended Order to Show Cause:

1. Because Christine Biros maliciously attempts to impugn U Lock for doing what she specifically asked this Court to direct the Debtor to do and incredibly states she believed George Snyder "improperly removed assets and equipment from the site," U Lock files this Reply.

2. At Entry 298-1 and 298-2, which she marked as Exhibits A and B, Ms. Biros attaches pictures of a tow truck removing vehicles from U Lock during the beginning of this bankruptcy.

3. At page 7, paragraphs 11(a) and (b) of her Response, Ms. Biros proclaims that:

    Between June 8 and June 29, 2022, Biros believed George Snyder had improperly removed assets and equipment from the site. On June 8, Biros observed a tow truck lifting a car from the site and she photographed the truck and car from across the road. The tow truck driver confronted her about taking photographs. When she asked what he was doing on the property, he said that he had permission from the owner, George Snyder. [References Exhibit A].

    During that same period, members of the Biros family observed people engaged in what appeared to be disassembling and cutting up cars and taking the pieces away… . [References Exhibit B].

4. The Court should recall that Ms. Biros filed an "emergency" motion for relief from the automatic stay resulting in an Order entered June 3, 2022, that stated:

    U Lock shall remove all vehicles and trailers from the Property on or before the earlier of: (a) June 24, 2022… To the extent U Lock requires additional time, it may make a reasonable request for an extension from Ms. Biros that shall not be unreasonably denied.

5. U Lock Inc. complied with this Order by having Mr. Snyder arrange for removal and recycling of the vehicles.

6. Pursuant to the Court Order, the funds acquired for recycling the vehicles were retained in escrow by U Lock.

7. In July 2022, U Lock took the funds it obtained and turned them over to the Trustee Robert Slone in the amount of $975. *See* Attachment 1.

8. As to paragraph 10(c) of Ms. Biros' Response, both she and her legal counsel know the difference between abandoned cars and the heavy salvageable equipment. Ms. Biros and her legal counsel were present at the hearing and heard Mr. Snyder's testimony. This Court viewed the equipment Ms. Biros moved during the site visit. Nobody in these proceedings can verily state that they believed that this Court's Order relating to abandoned cars referred to the heavy equipment she took.

9. For the above reasons, the Debtor is perplexed by the argument that Mr. Snyder's complying with what Ms. Biros represented as a time sensitive emergency, and what this Court Ordered at her specific request, caused her to move extremely heavy assets from the Estate nearly half a year later.

10. U Lock removed the abandoned cars per this Court's Order and gave the money to the Trustee. Ms. Biros removed the assets of the estate for mysterious reasons still unexplained by her Response.

11. If Ms. Biros does not know the difference, and is unclear as to what she should do, she could have mentioned it during the hearings or at least asked one of her four attorneys what behavior is appropriate.

12. For this reason, U Lock takes exception and objects to the insinuations that its Officer, Mr. Snyder, did something wrong by moving cars in June 2022 per Ms. Biros' "emergency" request and this Court's Order.

Dated this 21st day of January, 2023.

        Respectfully submitted,

        U LOCK INC.

        By: _/s/ J. Allen Roth, Esq._
          J. Allen Roth, Esq.
          805 S. Alexandria St S
          Latrobe PA  15650
          (724) 537-0939
          lawmatters@yahoo.com

        COUNSEL FOR THE DEBTOR