Case 22-20823-GLT    Doc 301    Filed 01/20/23    Entered 01/23/23 15:02:09    Desc Main
Document      Page 1 of 4

FILED
1/20/2023 4:39 PM
CLERK
U.S. BANKRUPTCY
COURT - WDPA

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: U LOCK INC. a/k/a U-LOCK INC. | ) ) ) | Case. 22-20823-GLT |
| Debtor. | ) ) ) | |

**RESPONSE TO AMENDED ORDER TO SHOW CAUSE (278)**

I, George Snyder, declare and state under the penalty for perjury that the following is true and correct to the best of my knowledge, information and belief (28 USC 1746):

1. My name is George Snyder. I am making this declaration to respond to the show cause order the Court amended.

2. I do not think I violated the Court's Order or the automatic stay, but if I did, it was not willful. Many things have been quite confusing, but at all times I disclosed everything I saw and did to the Trustee. I also alerted the court as to conduct I believed to be a problem such as my declaration at 100 and 108. On September 9,2022, I participated in a creditors meeting that lasted several hours with Mr. Otto and Shanni Snyder asking me repeated questions about the assets, their location, and the facts.

3. I explained in my declaration filed December 2 2022 that I removed two tanks prior to June 2022 that are the property of the Estate. At no time did I conceal their location and I advised the Trustee repeatedly that I had them. I moved them on behalf of U Lock before the bankruptcy was granted. I moved them because the Court stated, "All unused and salbageable tanks located on the Property shall be removed by U Lock on or before June 24, 2022." The court also directed that money from selling the tanks should be held in escrow. I did not sell the tanks. I kept them where they were and advised Trustee Slone.

4. I explained in my declaration that on June 2 and June 9 2022 I removed 9 additional shipping containers that belonged to me and of which U Lock had no interest in. I purchased these in 2001 from Frances Jaquette and Nicholas Schur for about $100. They were never listed on the bankruptcy schedules. I think this occurred prior to the bankruptcy actually being granted, but the reason I removed them is because the Court allowed Ms. Biros to begin remediation and I anticipated what was in store. I still have them, the Trustee was repeatedly told they did not belong to the Estate, and only Ms. Biros said they did based on blurry satellite photos. If the Trustee told me to do something with them, I would have. They never moved from the place I put them in June 2022.

5. I removed two 10,000 gallon poly watertanks from U Lock's property on June 9, 2022. These belong to U Lock. I moved them pursuant to this Court's limited relief from stay Order that clearly directed they be moved and if sold the money held in escrow. I advised the Trustee repeatedly as to their location.

6. On May 29, 2022, I moved a storage trailer (Southern Rail) to (**not from**) U Lock. The company I hired to place the trailer on the property was Brex (AJ Brentzel). On the morning of October 9, 2022, with notice and permission from the Trustee Mr. Slone, I removed it off the property. Ms. Biros claimed I moved it in the middle of the night. This is not true. It was removed at 10 a.m. by the farmer who lives across the street. He pulled it with a tractor and placed it on the other property that this court viewed. This did not belong to U Lock and was not on the property at the time the bankruptcy was filed. I purchased this trailer in 2008 from Scott Snyder and Trafford Corp for $100 in 2008.

7. Since the beginning, I was told to remove my personal items. It was not until October that Trustee told me to leave the property because I was "interfering"

with Christine Biros' blocking the entrance (I simply asked the guy who gave him permission). It was not until November 2022 that the Trustee said I owed some unknown rent. Then after the Trustee said I had to show Christine Biros' attorney I paid rent. Finally the Trustee said I had to obtain permission from Shanni Snyder. Only in the past week did the trustee provide me in writing that I could take the rest of my personal property.

8. In August 2022, I moved a pallet of Unistrut that I bought for $50 from a liquidation sale in Wilkinsburg. The never belonged to U Lock and was my personal property. This occurred after the walk through with Mr. Slone. It was not identified as on the schedules or the items I showed Mr. Slone that were not on the schedules. It needed moved because as I told the court in many declarations, the Biros family was destroying everything.

9. I moved approximately six to eight pallets of shelving components in August 2022. I bought from a pet store liquidation sale in Monroeville, Pennsylvania, in 2017. I moved a pet scale I bought at the same liquidation sale. At no time did anyone claim these items belonged to the Estate.

10. I moved the items in paragraphs 8 and 9 after Ms. Biros began destroying all property kept outdoors as I advised this court in my declaration at Entry 100 that I incorporate by reference.

11. I walked the property with Trustee Slone and showed him the items omitted from the schedules due to what appears to be an error. At the creditors meeting I promised to amend the schedules. I have told Mr. Slone that I needed to take an inventory to give him a list of U Lock items and a list of my remaining personal items so that there would not be two amendments. Mr. Slone has promised to

give me a time to take the inventory, but he just gave me permission to be on the property about a week ago.

12. I did everything I could to alert Trustee Slone and this Court as to matters, cooperated fully, made fair disclosure. I ask that the show cause be released and that I am not sanctioned.

Dated this 20th day of January 2023.

_____
George Snyder