# UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re:<br><br>U LOCK INC.,<br><br>    Debtor. | Bankr. No. 22-20823-GLT<br><br>Chapter 7 |
| SHANNI SNYDER,<br><br>    Movant,<br><br>v.<br><br>CHRISTINE BIROS, *et al.,*<br><br>    Respondent. | Related Doc. No.: 274<br><br>Hearing Date/Time: 1/27/2023 at 10:00 a.m.<br>Response Deadline: January 23, 2023 |

**OBJECTION TO SHANNI SNYDER'S MOTION TO ENFORCE ORDER CONFIRMING SALE OF TANGIBLE AND INTANGIBLE PERSONAL PROPERTY OF THE ESTATE UNDER 11 U.S.C. § 363(f), FREE AND CLEAR OF ALL LIENS, CLAIMS AND ENCUMBRANCES**

AND NOW comes Christine Biros ("Biros"), by and through her undersigned counsel, and files this Objection to *Shanni Snyder's Motion to Enforce Order Confirming Sale of Tangible and Intangible Personal Property of the Estate under 11 U.S.C. §363(f), Free and Clear of all Liens, Claims and Encumbrances* [Doc. No. 274] (the "Motion to Enforce") filed by Shanni Snyder ("Movant" or "Shanni Snyder") and in support thereof, avers as follows:

**PRELIMINARY STATEMENT**

1. After a multi-year fight in the Court of Common Pleas of Westmoreland County, upheld on appeal to the Pennsylvania Supreme Court, Biros has a final order that she is the sole owner of the Route 30 Site[1] or the Property, has been the beneficial owner of the Route 30 Site

---

[1] All capitalized terms not otherwise defined herein shall have the meaning ascribed to them in Biros' Response to Amended Order to Show Cause [Doc. No. 298].

since July 2015 and that U Lock has never been the owner of fee simple title to the Route 30 Site. If that order from the Pennsylvania Supreme Court had been the end of the dispute among the parties, that would have been just fine with Biros. She would like nothing better than to be able to take her property and live her life. But the Snyders continue to drag Biros into unwanted litigation (e.g., (1) the *lis pendens* filed by Shanni Snyder in Westmoreland County against the Route 30 Site at a time during which her only claim was against U Lock, and U Lock had no right, title, or interest in the Route 30 Property, and (2) the Involuntary Petition against U Lock based on a default judgment which appears to have been fraudulently obtained in collusion with her brother, George Snyder, which arguably belonged to Shanni Snyder's own bankruptcy estate). The continuing onslaught of pleadings, proceedings, and other aggressive actions by the Snyders have required Biros to react and defend against them in order to protect herself and her property. Biros has incurred hundreds of thousands of dollars in attorneys' fees and expenses in the state court litigation and in trying to fend off the continuing barrage from the Snyders in the Federal Courts.

2. Biros believes this is a conspiracy by Shanni Snyder, her family members, and others yet to be named, to deprive Christine Biros of the Route 30 Site, by means of a seemingly never-ending series of spurious legal actions and pleadings, with enough truth sprinkled in to make them seem colorable. In fact, all these actions are built on a set of lies and misstatements that, when viewed together, show them for what they really are. Biros has a final order from the Westmoreland County Court of Common Pleas, affirmed on appeal to the highest appellate court of the Commonwealth of Pennsylvania, determining that she is the sole owner of the Route 30 Site, has been the beneficial owner since 2015, and that U Lock has never held fee simple title to the Route 30 Site. Nevertheless, the Snyder's and their co-conspirators continue to proffer pleadings in multiple courts that claim that U Lock and Shanni Snyder have some viable claim to

the Route 30 Site. Biros has been forced to defend her ownership in multiple actions in state court, Bankruptcy Court and District Court as part of the conspiracy to deprive her of her property.

3. Movant's filing of the Motion to Enforce further demonstrates Shanni Snyder's well-established pattern of filing pleadings that contain misrepresentations, falsehoods, half-truths and convoluted arguments for the continued purpose of obfuscation and harassment of Biros, a creditor and party-in-interest in the above-referenced bankruptcy case.

4. Biros is the owner of the Route 30 Site upon which the Debtor allegedly operated its business. Shanni Snyder asserts a lien on the Property by virtue of a fraudulently obtained *lis pendens*. Shanni Snyder's vexatious litigation practices, including this Motion to Enforce, illustrate her using any litigation possible to prevent Biros from enjoying possession and ownership of the Property.

5. The Motion to Enforce is a reaction to Biros' Motion for Relief from Stay filed in this case on December 22, 2022 [Doc. No. 255](the "Motion for Relief") and parrots Shanni Snyder's Objection to the Motion for Relief: incorrectly alleging that relief from stay (for Biros to pursue its rights and remedies in state court to repossess the Route 30 Site) should not be granted because of a well-grounded, permitted state court action against a non-debtor (Shanni Snyder), related to property which is not property of this Debtor's estate.

6. If Shanni Snyder were indeed a disinterested and well-meaning unsecured creditor of the Debtor's estate, she would be only shooting herself in the foot by virtue of these pleadings by creating more of an administrative expense claim, that given the administrative priority claim that could be granted due to the estate's continued use of the property. Thus, her knee-jerk reaction to the Motion for Relief (and the filing of this Motion to Enforce) shows her real intent: to hinder

and delay Biros' enforcement of the final order of the Courts of the Commonwealth of Pennsylvania that have determined Biros to be the owner of the Route 30 Site.

7. Likewise, this Motion to Enforce (and the response to the Motion for Relief) rest on two main weak pillars: (1) that this court retained <u>exclusive</u> jurisdiction to hear any (and every) matter related to the Route 30 Site, and (2) that Biros' filing of a Complaint in Action to Quiet Title in the Court of Common Pleas of Westmoreland County (the "<u>Quiet Title Action</u>") violated the automatic stay in the Shanni Snyder Bankruptcy Case.

8. Both pillars can be easily disposed of as discussed infra.

9. It should also be noted that Shanni Snyder filed a Notice of Removal of the Quiet Title Action to this Honorable Court thereby essentially mooting her argument that the Bankruptcy Court has exclusive jurisdiction, as indeed, if the Removal were granted, this Honorable Court would be exercising jurisdiction. *See* Adversary No. 22-02081.

10. The Motion to Enforce is a prime example of Shanni Snyder's vexatious litigation practices and appears to serve no purpose other than to force Biros to expend additional time and resources responding to the Movant's overarching scheme to bully Biros into giving up the Property that is legally, equitably, and rightfully hers.

11. The two pillars on which the Motion to Enforce can be easily addressed as inappropriate and inaccurate as set forth below. Accordingly, the Motion to Enforce should be dismissed.

## BACKGROUND

12. As this Court is aware, Shanni Snyder's bankruptcy case pending in the Western District of Pennsylvania at bankruptcy number 18-21983 ("<u>Shanni Snyder Bankruptcy Case</u>") was reopened following Shanni Snyder's failure to disclose an asset on her bankruptcy schedules, now

4

that she found disclosing that asset to be useful in her scheme. The asset is purportedly based on an action filed in the United States District Court for the Western District of Pennsylvania [Case No. 21-cv-00904] on July 14, 2021 (the "Shanni Snyder District Court Action") against the Debtor, U Lock Inc. ("U Lock") for an alleged failure of U Lock to pay wages to the Debtor. Not only did Shanni Snyder fail to disclose this asset in her bankruptcy case, but she also prosecuted the action without any involvement of, or notice to, her trustee, Charles Zebley ("Zebley").

13. Zebley and the Court were only made aware of this failure to disclose the Shanni Snyder District Court Action following Shanni Snyder's use of the judgment therein to support the initiation of an involuntary petition against the Debtor and after Biros' subsequent notice to the court that the Shanni Snyder District Court Action was not disclosed in the Shanni Snyder Bankruptcy Case and did not belong to Shanni Snyder to assert.

14. Now, four years later, Shanni Snyder asserts a substantial claim against the Debtor – a company owned by her siblings – related to a job that she apparently had viewing surveillance footage from 2016 through 2020 and which she failed to disclose as employment during her bankruptcy case.

15. The first time that Shanni Snyder made any claim to alleged wages occurred when she filed the Shanni Snyder District Court Action.

16. According to the complaint filed in the Shanni Snyder District Court Action, Shanni Snyder was allegedly working for U Lock for ten hours a day, overnight, and more four years straight *without any pay or days off on weekends or otherwise*. There is no explanation as to why Shanni Snyder waited more than four years without receiving a penny from the Debtor to file the Shanni Snyder District Court Action.

5

17. As for the timing of the Shanni Snyder District Court Action, it was suspiciously filed following the Pennsylvania Superior Court's decision to affirm the holding of the Westmoreland County Court of Common Pleas which found that the Property is held in a constructive trust by Debtor for the benefit of Biros and has been held in such trust since 2015. Two weeks after the Superior Court affirmed the trial court's decision, U Lock filed an Application for Re-argument, and before the Superior Court denied the Application, Shanni Snyder filed her action in Federal District Court.

18. Debtor's principals (Shanni Snyder's brothers) have acknowledged being served with a summons related to the Shanni Snyder District Court Action, but have given no meritorious reason for failing to defend said action. As a result of Debtor's failure to defend the Shanni Snyder District Court Action, Shanni Snyder ended up with a default judgment against U Lock in the amount of $263,104.00 (the "Default Judgment").

19. On December 22, 2022, Biros filed her Motion for Relief in the Shanni Snyder Bankruptcy Case seeking authority to challenge the Default Judgment that Shanni Snyder obtained against the Debtor on the basis of fraud. Shanni Snyder has manufactured the underlying claim in the Shanni Snyder District Court Action, used the Default Judgment as a manufactured basis for the involuntary petition against Debtor (to which Debtor consented) to the detriment of Biros, and now seeks to use it to continue to assert an interest in this case when she really has no standing at all. Biros has no doubt that Shanni Snyder hopes to use her claim filed in the U Lock case, based on the fraudulent judgment, to try to claw back much of the purchase price she paid for the assets.

20. It has become apparent through this case and the Shanni Snyder District Court Action that this alleged claim based on "wages" is nothing more than a further attempt to harass Biros and impede Biros' ability to exercise complete ownership over her Property.

21. In fact, in a further effort to strip Biros of her lawful ownership of the Property (ownership which has been affirmed by the Pennsylvania Supreme Court), Shanni Snyder has recently purchased "all rights" that Debtor has to the Property, apparently intending to bring some sort of "avoidance action" related to the Property. Based upon the state court decisions, Debtor has no legal or equitable interest in the Property and has not for more than seven years.

22. Despite Shanni Snyder's pending bankruptcy, lack of assets and income, Shanni Snyder purchased those "rights" and "interests" in the Property, as well as the ability to bring various claims and causes of action pursuant to 11 U.S.C. §§ 547 and 548, from the U Lock Trustee for $70,000 on December 15, 2022 (the "Sale").

23. On December 20, 2022, this Honorable Court entered an Order approving the Sale [Doc. No. 254] (the "Sale Order").

24. On January 5, 2023, Shanni Snyder filed this Motion to Enforce the Sale, which again, is another attempt of Shanni Snyder to gain standing to commence vexatious and harassing litigation against Biros. Neither Shanni Snyder nor the Debtor have any meritorious claims to the Property, but they continue to bring spurious claims against Biros with the hopes that Biros will simply stop fighting and give up the Property to either Shanni Snyder or her siblings.

## ARGUMENT

25. Biros respectfully requests that this Court deny the Motion to Enforce as the Motion has no valid legal basis.

26. First, the mere filing of the Quiet Title Action does not violate the Sale Order.

27. The Sale Order provides as follows: "The Purchaser shall be permitted to bring any claims or causes of action included in the Purchased Assets in the Bankruptcy Court and shall have standing to bring such claims or causes of action over which the Bankruptcy Court

shall retain jurisdiction, all to the same extent such standing and jurisdiction might exist if the claims or causes of action were held by the trustee." Sale Order, ¶7.

28. The Sale Order does not state that the Court retains **exclusive** jurisdiction, nor was it intended to be interpreted as such. If the Court wanted to make it clear that every possible action which could have been brought by the Trustee could only be brought in this Court, it could have said that. It did not.

29. It is not unusual for jurisdiction over causes of action to lie in more than one court. This Court was providing clarification of the opportunity for the Purchaser to bring the assigned causes of action in this Court. It was not directing the Purchaser to bring any action and was not requiring that the action be in this Court.

30. The Purchaser (or the Trustee before her) could have brought a fraudulent transfer action in state court. Paragraph 7 of the Sale Order is clearly permissive. It states that the Purchaser is "permitted to bring…" and has "standing to bring" the purchased actions, "all to the same extent such standing and jurisdiction might exist if the claims or causes of action were held by the trustee."

31. The Court "retaining" jurisdiction also says nothing about exclusivity. The Bankruptcy court often loses jurisdiction, particularly when a case closes. As Purchaser's bringing of a purchased cause of action would not necessarily prevent the case from closing, it was not unreasonable for this Honorable Court to make clear that the Bankruptcy Court will retain jurisdiction.

32. However, the Sale Order does not state nor is it to be interpreted that this is at the exclusion of the jurisdiction of other courts, even if that were legally possible.

8

33. Moreover, in any event, as discussed *supra*, Shanni Snyder has filed a Notice of Removal of the Quiet Title Action to this Court thereby mooting her own argument.

34. Secondly, the Quiet Title Action does not violate the automatic stay in Shanni Snyder's pending bankruptcy case because there is no automatic stay to violate.

35. 11 U.S.C. §362(c)(2) provides that the automatic stay against an act against property of the debtor continues until the earliest of the time the case is (i) dismissed, (ii) closed, (iii) or a discharge is granted. Shanni Snyder's discharge was granted on May 31, 2019 and the automatic stay ended at this time. *See, In re Trevino*, 78 B.R. 29, 37 (Bankr.MD. PA 1987)("the automatic stay ends when the bankruptcy case is closed, terminated or discharged. Moreover, there is no statutory provision in which Congress has authorized a bankruptcy court once it has terminated the automatic stay pursuant to § 362(c)(2) to continue imposition of the automatic stay. The weight of authority further supports the conclusion that re-opening of the bankruptcy proceedings does not reinstate an automatic stay.")

36. There was no action taken in Shanni Snyder's Bankruptcy Case to reinstate the automatic stay. When the Order re-opening the case was entered on July 7, 2022 (Doc. No. 51 Shanni Snyder Bankruptcy Case], there is no reference to nor does such Order reinstate the automatic stay.

37. *Assuming arguendo*, there was a stay, the *lis pendens* is, at most, a post-petition asset of the Debtor, Shanni Snyder. Her case was commenced in 2018 and closed on July 31, 2019. Shanni Snyder filed the *lis pendens* on March 18, 2022. Her bankruptcy estate has no interest in the *lis pendens*.

38. The Property belongs to Biros. If Shanni Snyder now owns Debtor's rights to claim to avoid an alleged transfer pursuant to a valid state court order, it has nothing to do with Shanni

9

Snyder's personal bankruptcy case and certainly does not drag this newly-acquired right within the ambit of the now-terminated automatic stay in her closed and discharged bankruptcy case.

39. The Quiet Title Action is the method Biros chose to not only attack the improper and illegal *lis pendens* which Shanni Snyder filed against Biros' Property in March of 2022, but also to flush out any other *in rem* claims which Shanni Snyder (or others) claim to have against the Property.

40. Shanni Snyder has the opportunity in the Quiet Title Action to raise her purchased fraudulent transfer claims if she so chooses.

41. There is nothing in the Quiet Title Action that would prevent Shanni Snyder as purchaser, from bringing a Preference Action in Bankruptcy Court if she chooses. Biros would also expect the Purchaser to raise the right to bring the Estate's other avoidance claims in the Quiet Title Action.

42. That Shanni Snyder had already filed a Notice of Removal when the within Motion was filed, shows the true intent; to confuse and confound and multiply litigation.

43. Once again, Shanni Snyder (and her counsel) are taking a number of truths and half-truths and weaving them into a story that, on its surface, looks plausible, but once examined, is nothing but a charade.

44. The Motion to Enforce continues to serve as an example of Shanni Snyder's vexatious litigation practices. It appears to serve no purpose other than to force Biros to expend additional time and resources responding to the Debtor's master scheme to bully Biros into giving up the property that is legally, equitably, and rightfully hers.

## CONCLUSION

45. For the reasons set forth above, the Motion to Enforce should be denied.

Case 22-20823-GLT    Doc 302    Filed 01/23/23    Entered 01/23/23 16:33:21    Desc Main
Document      Page 11 of 11

WHEREFORE, Christine Biros respectfully requests that this Court (i) enter an order denying Shanni Snyder's Motion to Enforce and (ii) grant such other and further relief as is just and proper.

Dated: January 23, 2022                                    BERNSTEIN-BURKLEY, P.C.

                                                           By: */s/ Robert S. Bernstein*
                                                           Robert S. Bernstein (PA ID No. 34308)
                                                           Lara S. Martin (PA ID No. 307272)
                                                           601 Grant Street, Floor 9
                                                           Pittsburgh, PA 15219
                                                           Telephone: (412) 456-8100
                                                           Facsimile: (412) 456-8135
                                                           rbernstein@bernsteinlaw.com
                                                           lmartin@bernsteinlaw.com

                                                           *Counsel for Christine Biros*