FILED
1/30/23 3:55 pm
CLERK
U.S. BANKRUPTCY
COURT - WDPA

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | : | Case No. 22-20823-GLT |
| **U LOCK INC.**, | : | Chapter 7 |
| *Debtor*. | : | Related to Dkt. No. 293, 294, 304 |

## ORDER REGARDING ORDER TO SHOW CAUSE AND REQUEST FOR ADMINISTRATIVE EXPENSE

On January 27, 2023, the Court conducted a hearing on the *Order to Show Cause* dated January 17, 2023 directing creditor Christine Biros and her counsel, Attorney Robert S. Bernstein, to show cause why they should not be sanctioned for filing *Christine Biros' Motion for Allowance of Administrative Expense Claim Pursuant to 11 U.S.C. § 503(b)(1)* ("Motion")[1] in violation of Fed. R. Bankr. P. 9011(b)(1)-(3).[2] Before hearing oral argument, the Court provided its initial observations regarding their joint response.[3] The Court also expressed a willingness to continue the *Order to Show Cause* so that the reasonableness of the $144,000 request could be demonstrated in conjunction with a renewed request for an administrative expense.

Following the Court's comments, Attorney Bernstein largely declined to defend the *Motion*. Although he maintained that the amount requested was reasonable and filed in good faith,[4] Attorney Bernstein stated Ms. Biros would likely amend her request based on the Court's concerns. They asked that the *Order to Show Cause* be released without sanctions, but also indicated a desire to contest matters contained in the *Memorandum Opinion* setting forth the reasons for the *Order to Show Cause*.

---

[1]  See Dkt. No. 258.

[2]  See *Order to Show Cause*, Dkt. No. 294; see also *Memorandum Opinion*, Dkt. No. 293.

[3]  See *Response of Christine Biros and Robert S. Bernstein, Esq. to Order to Show Cause*, Dkt. No. 304.

[4]  While the response asserts that "[Ms. Biros] and [Attorney] Bernstein anticipated having an opportunity to argue the position and preview the evidence at the hearing originally scheduled [on the *Motion*]," neither the *Motion* nor the response contained such a preview, and none was given at the hearing. Id. at ¶ 32.

Understandably, Ms. Biros and Attorney Bernstein need time to consider the Court's comments and decide how they wish to proceed. They still have the opportunity to seek reconsideration of the *Memorandum Opinion* (which the Court will extend), and the *Order to Show Cause* should be consolidated with any such proceedings. Also, Ms. Biros may still move for an administrative expense claim, so it may be logical to hear evidence on that issue in conjunction with their defense of the *Motion*'s $144,000 request, assuming one is asserted. At the very least, the Court will afford them one last chance to appear in opposition to the *Order to Show Cause* before it is taken under advisement.

**AND NOW**, therefore, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that:

1. The *Order to Show Cause* is **CONTINUED GENERALLY** as provided in this order.

2. Attorney Bernstein's oral motion to extend time to file a motion seeking reconsideration of the *Memorandum Opinion* is **GRANTED**. Any motion for reconsideration shall be filed on or before **March 1, 2023**.

3. On or before **March 1, 2023**, Ms. Biros shall file a renewed or amended application for an administrative expense claim to the extent she still seeks one.

4. Following submission of these motions (if any), the Court will enter appropriate scheduling orders.

Dated: January 30, 2023

_____
**GREGORY L. TADDONIO**
**CHIEF UNITED STATES BANKRUPTCY JUDGE**