IN THE COURT OF COMMON PLEAS OF WESTMORELAND COUNTY,
PENNSYLVANIA
CIVIL ACTION - LAW

| | |
|---|---|
| CHRISTINE BIROS, | ) |
| Plaintiff, | ) ) ) 4884 |
| v. | ) No. ~~4486~~ of 2017 |
| U LOCK, INC., a Pennsylvania Corporation, | ) ) ) |
| Defendant. | ) |

### ORDER OF COURT PURSUANT TO RULE 1925(a) OF THE PENNSYLVANIA RULES OF APPELLATE PROCEDURE

AND NOW, to wit, this 28th day of June, 2022, this court hereby issues the following opinion in support of the orders appealed from, indicating those places in the record where such reasons for the court's rulings can be found, pursuant to Pennsylvania Rule of Appellate Procedure No. 1925(a). This matter is before this Court regarding four appeals: one appeal filed by non-party Shanni Snyder on May 19, 2022 regarding the May 17, 2022 order of court, two appeals filed by Defendant U Lock, Inc. on May 23, 2022 regarding the January 24, 2022 order of court and the May 17, 2022 order of court, and one appeal filed by non-party Mark Myles Mycka on June 1, 2022 regarding the May 17, 2022 order of court.

The instant appeals arise from a fully adjudicated dispute that has already been on appeal to the Superior Court, wherein the Superior Court affirmed this court's ruling on real property located at Westmoreland County Tax Map Number 54-03-10-0-103. By order filed December 9, 2019, this court ruled on post-trial motions, finalizing its August 29, 2019 determination that equitable title in the property rested with Christine Biros and that U Lock, Inc. was the trustee of a constructive trust in favor of Ms. Biros, the corpus of which was the real property. This

1

determination was affirmed by the Superior Court, and all further appeal attempts by U Lock have been exhausted.

APPEAL OF SHANNI SNYDER

As described in her notice of appeal, Shanni Snyder is a judgment creditor of U Lock. She claims to hold a lien on all assets of the Defendant. Ms. Snyder argues that the May 17, 2022 Order granting a writ of possession to Plaintiff Biros "eviscerates and appears to supersede portions of her judgment lien," specifically the portion that authorizes "levy and sale" of property. The instant case, however, deals not with property belonging to Defendant U Lock, but with property equitably owned by Christine Biros and held in constructive trust for the benefit of Christine Biros.

"A 'constructive trust' is defined as a relationship with respect to property subjecting the person by whom the title to the property is held to an equitable duty to convey it to another on the ground that his acquisition or retention of the property is wrongful and that he would be unjustly enriched if he were permitted to retain the property." *Com. Bank/Pennsylvania v. First Union Nat. Bank,* 911 A.2d 133, 144 (Pa. Super. 2006) (citation omitted). Here, U Lock has held title to the property, subject to an absolute equitable duty to convey the same to Biros once the imposition of the trust has been finalized through the court process. Biros retains equitable title to the property regardless of status of the title, and she has done so since the imposition of the constructive trust. This judgment cannot be further challenged by U Lock. The orders of January 24, 2022 and May 17, 2022 simply effectuated formally in title what was already an equitable reality.

It is long settled Pennsylvania law that a judgment-creditor of a trustee does not take priority over the equitable owner of the trust corpus. *See e.g.: Appeal of Reed,* 13 Pa. 475, 476

(1850) ("A judgment-creditor is not entitled to the protection of a purchaser of the legal title, against an equitable owner, or his creditors, or to any advantage which his debtor had not."); *Shryock v. Waggoner*, 28 Pa. 430, 433 (1857) (Judgment creditors may never satisfy their debts against a trustee by reaching into an equitable trust); *Kauffman v. Kauffman*, 109 A. 640, 642 (Pa. 1920) (Where there exists "a trustee with no beneficial interest, the land of the *cestui que* trust[1] is not bound by the [trustee's] judgment.").

It is beyond dispute that the property in this case equitably belongs to Plaintiff Christine Biros. This matter was settled unequivocally when U Lock failed to take an appeal to the United States Supreme Court in the allotted amount of time after its Petition for Writ of Certiorari was denied by the Pennsylvania Supreme Court. Any claim that a title transfer of the property to Biros was or is inappropriate is entirely moot, because the property equitably belongs to Biros. The orders rendered in this case subsequent to appeal, including the May 17, 2022 order, have the sole purpose of effectuating the purpose of the constructive trust – to transfer in title to Ms. Biros the property that is rightfully hers. Ms. Snyder as a judgment creditor against U Lock has no right to this property because U Lock has no right to this property; the property transfer does not affect Ms. Snyder's lien against U Lock in any form or fashion.

Even if Ms. Snyder would now execute on her judgment lien against U Lock to the detriment of Biros' interest, Biros has the absolute right to recover her full interest from Ms. Snyder because Ms. Snyder has obvious knowledge of this action via her participation in the same. "[I]f an agent or fiduciary transfers property of his principal or beneficiary to a third person in payment of the personal indebtedness of himself or another, the principal or beneficiary may recover the amount thus paid if the person receiving the payment accepted it

---

[1] Black's Law Dictionary defines a *cestui que* trust as an equitable trust. CESTUI QUE TRUST, Black's Law Dictionary (11th ed. 2019).

3

with knowledge, or was put upon notice by appearances and circumstances, that the payer was thereby committing a breach of his duty as agent or fiduciary." *Columbia Cas. Co. v. Westmoreland Cnty.*, 74 A.2d 86, 88 (Pa. 1950). As such, the Court finds that Ms. Snyder's appeal has no merit even if she is a rightful creditor of U Lock. The instant case concerns property that simply does not belong to U Lock, and so regardless of U Lock's bankruptcy status or creditor(s), the at-issue property is not involved.

APPEALS OF U LOCK

Defendant U Lock has filed two separate appeals. By order of this court dated May 23, 2022, U Lock was ordered to prepare a Concise Statement of Errors Complained of on Appeal and to file and serve the same on the court within twenty-one days of the date of the order, per the Pennsylvania Rules of Appellate Procedure. Twenty-one days from May 23, 2022 was Monday, June 13, 2022. As of the date of this order, no concise statement has been filed nor served upon this court by U Lock. The court cannot discern U Lock's precise bases for the filing of its appeals, and pursuant to Pa.R.A.P. 1925(b)(3)(iv) U Lock has waived any and all issues regarding both of its appeals.

APPEAL OF MARK MILES MYCKA

Mark Miles Mycka has filed an appeal of this Court's May 17, 2022 order on the basis that he is a tenant and/or bailor on the property and he was not provided notice of the transfer of possession of the property from U Lock to Biros. Of note, the property at issue houses a number of storage units; there are no residential tenant issues at play here. "A tenant is one who occupies the premises of another..." *Mirizio v. Joseph*, 4 A.3d 1073, 1089 (Pa. Super. 2010). Mr. Mycka cannot be a tenant where no persons occupy the property. Regardless of characterization, Mr. Mycka does not appear to have any standing to take an appeal.

Assuming *arguendo* that the rental of a storage unit rises to the level of a mutually beneficial bailment relationship, the only duty owed by the bailee regarding the care of the held property is ordinary diligence. *Lear Inc. v. Eddy*, 749 A.2d 971, 974 (Pa. Super. 2000). No aspect of a bailment relationship gives the bailor any interest in real property that is equitably owned by a third party upon which the bailee happens to store the bailor's property. It is clear that Mr. Mycka has no interest in the instant case, and that the May 17, 2022 order was properly entered by this court with no duty by any party to notice Mr. Mycka.

For the foregoing reasons, this court humbly suggests that it did not err in the entry of its January 24, 2022 and May 17, 2022 orders in this matter. This order is being entered to comply with Pennsylvania Rule of Appellate Procedure 1925(a). In accord with Pa.R.C.P. 236(a)(2)(b), the Prothonotary is DIRECTED to note in the docket that the individuals listed below have been given notice of this order.

BY THE COURT:

_____
Harry F. Smail, Jr., Judge

ATTEST:

_____
Prothonotary
cc:   William E. Otto, Esq.
      J. Allen Roth, Esq.
      Shanni Snyder, *pro se*, 14390 U.S. Route 30, North Huntingdon, PA 15642
      Mark Miles Mycka, *pro se*, 5148 Peach St. #401, Erie, PA 16509

5