file an action at law for quantum meruit, money had and received, unjust enrichment, money paid by mistake, breach of contract, etc., she may do so. But she chooses not to. Rather she pushes forward with her moot claims and attempts to have this Court allow her to win through minor defects.

The preliminary objections must be denied. This is because Rule 1019(a) of the Pennsylvania Rules of Civil Procedure require that the "material facts on which a cause of action or defense is based shall be stated in a concise and summary form." Pa.R.C.P. 1019(a). "As a minimum, a pleader must set forth concisely the facts." *Line Lexington Lumber & Millwork Co. v. Pennsylvania Pub. Corp.*, 301 A.2d 684, 688 (Pa. 1973). A paperback novel is not required in the Answer and Affirmative Defenses.

Plaintiff's defense is that, whether the 2015 deeds are *void ab initio*, were rendered moot because corrective deeds were filed in 2018 and no challenge to those deeds exists. No additional facts are needed as to this defense. The objections must be denied.

## c. THE INCLUSION OF LANGUAGE ABOUT THE PLAINTIFF'S UNCLEAN HANDS IS APPROPRIATE

Throughout the preliminary objections, Plaintiff constantly complains that not enough facts are alleged. However, to support the defense of unclean hands, illegality, and fraud, U Lock discussed the Biros family's brazen gambling business as being the source of the funds. The Plaintiff takes exception and calls the matter "scandalous" and asserts that the facts should be stricken.

A review of the case cited by Plaintiff does not support this conclusion. The case did not state that the defense of unclean hands, fraud, or illegality not longer exists in Pennsylvania, or that facts could not be alleged to support the affirmative defenses. On the contrary, in the only case cited to support striking the "scandalous" allegations, *Common Cause v. Com.*, 710 A2d

# IN THE COURT OF COMMON PLEAS OF WESTMORELAND COUNTY, PENNSYLVANIA

**CHRISTINE BIROS,** an individual,

      **Plaintiff,**

    vs.

**U LOCK, INC.,** a Pennsylvania corporation,

      **Defendant.**

**CIVIL DIVISION**

No. 17CJ04886

**MOTION FOR SANCTIONS PURSUANT TO 42 Pa.C.S.A. § 2503(7) and (9) and Pa.R.C.P. RULE 1023.1(d)**

**LIS PENDENS**

Filed on Behalf of Plaintiff,
Christine Biros

Counsel of Record for this Party:
William E. Otto, Esq.
PA I.D. #32716
P.O. Box 701
Murrysville, PA 15668
Office: (724) 519-8778

# IN THE COURT OF COMMON PLEAS OF WESTMORELAND COUNTY, PENNSYLVANIA

**CHRISTINE BIROS,** an individual,

**CIVIL DIVISION**

**Plaintiff,**

**No. 17CJ04886**

vs.

**U LOCK, INC.,** a Pennsylvania corporation,

**Defendant.**

## MOTION FOR SANCTIONS PURSUANT TO 42 Pa.C.S.A. § 2503(7) and (9) and PA.R.C.P. RULE 1023.1(d)

**AND NOW** comes Plaintiff Christine Biros by and through her counsel, William E. Otto, Esq., and files the within Motion for Sanctions Pursuant to 42 Pa.C.S.A. §2503(7) and (9) and Pa.R.C.P. Rule 1023.1(d) against Defendant U Lock, Inc. and its counsel, J. Allen Roth, Esq., for the following reasons:

1.    Defendant and its counsel have engaged in obdurate, vexatious and bad faith conduct for the purpose of needlessly complicating and vastly increasing the costs of this litigation by repeatedly claiming that the source of Plaintiff's funds was related to illegal activities, specifically, gambling, where Defendant's assertions were totally without justification and which assertions were made only for the purpose of harassment and increasing the cost of litigation, as more fully set forth below. All documents referenced in this Motion are contained in full in the records of the Prothonotary of Westmoreland County or the Unified Judicial System of Pennsylvania at the dockets of this case. Only portions of such documents are attached in order to reduce the volume of this Motion

2.    On October 4, 2017, Plaintiff's Complaint was filed in this Court.

3.     On March 5, 2018, Defendant U Lock responded by filing an Answer and New Matter.

4.     On April 23, 2018, Defendant U Lock filed an Amended Answer to Complaint and New Matter.

5.     The New Matter contained in Defendant's Amended Answer at Paragraphs 106-110 asserted, *inter alia*, that Plaintiff Christine Biros acquired the funds utilized in this transaction through unlawful gambling operations.  The relevant portion of such Amended Answer is attached hereto as Exhibit "A" and is made a part hereof.

6.     In response, on May 14, 2018, Plaintiff filed Preliminary Objections and Brief in Support Thereof, asserting (among other issues) that the inclusion of such claim was scandalous and impertinent and without any legal justification. The relevant portions of the Preliminary Objections and Brief are attached hereto as Exhibit "B" and are made a part hereof.

7.     On June 13, 2018, Defendant U Lock filed an Answer to Plaintiff's Preliminary Objections, continuing to allege that the source of Plaintiff's funds was a "brazen gambling business". The relevant portion of Defendant's Brief is attached hereto as Exhibit "C" and is made a part hereof.

8.     On July 2, 2018, Plaintiff filed a Response to Defendant's Answer to Preliminary Objections, further objecting to the inclusion of Defendant's assertion as to the criminal source of Plaintiff's funds. The relevant portion of Plaintiff's Response is attached hereto as Exhibit "D" and is made a part hereof.

9.     On September 6, 2018, the Court of Common Pleas (Marsili, J.) sustained a portion of Plaintiff's Preliminary Objections, specifically ordering that any and all allegations in the Amended Answer and New Matter relating to illegal gambling be stricken. A copy of such Order of Court is attached hereto as Exhibit "E" and is made a part hereof.

10. On September 21, 2018, in response to the Order of Court, Defendant simply lined out its paragraphs containing the assertions to be stricken without actually deleting such matter from its Answer. The relevant copy of the portion of Defendant's Answer showing this action is attached hereto as Exhibit "F" and is made a part hereof.

11. On April 29, 2019, the Court held a non-jury trial in this matter, and found for Plaintiff Christine Biros.

12. At no time during the trial did Defendant's counsel question Plaintiff about the source of her funds.

13. On September 3, 2019, Defendant U Lock filed a Motion for Post-Trial Relief, continuing to allege, at Paragraphs 156-163, that Plaintiff's funds resulted from illegal activities and asserting that the Court's striking of Defendant's unclean hands defense constituted prejudicial error against Defendant. The relevant portion of Defendant's Motion is attached hereto as Exhibit "G" and is made a part hereof.

14. On September 13, 2019, Plaintiff Christine Biros filed Objections to Defendant's Motion for Post-Trial Relief, stating that such claim was ordered stricken in Preliminary Objections and noting that at trial, Defendant U Lock had the opportunity to ask Plaintiff questions concerning the source of funds she used without asserting any criminality, and yet Defendant failed to do so. The relevant portion of Plaintiff's Objections is attached hereto as Exhibit "H" and is made a part hereof.

15. On September 23, 2019, Defendant filed a Brief in Support of its Post-Trial Relief Motion, continuing to allege an illegal source of Plaintiff's funds. The relevant portion of Defendant's Brief is attached hereto as Exhibit "I" and is made a part hereof.

16. On October 15, 2019, Plaintiff filed a Brief in Opposition to Defendant's Post-Trial Relief Motion, objecting once again to Defendant's assertion as to the illegal source of

Plaintiff's funds. The relevant portion of Plaintiff's Brief is attached hereto as Exhibit "J" and is made a part hereof.

17.     On November 8, 2019, the trial court held a Post-Trial Motion Hearing.

18.     During such Hearing, Plaintiff's counsel requested a ruling on her motion to strike Defendant's assertion as to the illegal source of Plaintiff's funds. The relevant portions of the transcript from such hearing is attached hereto as Exhibit "K" and is made a part hereof.

19.     Prior to ruling on Plaintiff's motion, the Court questioned counsel for Defendant U Lock extensively as to why the source of Plaintiff's funds was not raised during trial. *See Exhibit K, p.5,line 24-p. 6,line 24.*

20.     Defendant's counsel had no answer for that question. The Trial Court (Smail, J.) pointed out that it was unfair for Defendant to attempt to raise the point post-trial. The Court stated,

> "So therefore you are trying to raise a new matter that was not discussed, incorporated therein or part of the trial and you are not giving the Court a meritorious reason why you didn't raise it then"

*See Exhibit K, p. 6,line 12-24.*

21.     On December 6, 2019, the Trial Court (Smail, J.) issued its Opinion and Order in connection with the Post-Trial Motions. The Court addressed the immateriality of Defendant's continuing assertion of the illegal source of Plaintiff's funds. The relevant portion of such Opinion of Court is attached hereto as Exhibit "L" and is made a part hereof.

22.     On December 13, 2019, Defendant filed a Notice of Appeal to the Pennsylvania Superior Court.

23.     On January 24, 2020, Defendant filed its Statement Pursuant to Pa.R.A.P. Rule 1925 as to Issues Raised on Appeal, identifying as its first issue that the trial court was in error

by excluding Defendant's defense as to an illegal source of Plaintiff's funds. The relevant portion of Defendant's Statement is attached hereto as Exhibit "M" and is made a part hereof.

24.     On June 2, 2020, Defendant U Lock filed its Brief for Appellant with the Superior Court, arguing that the action of the Trial Court in striking references as to the funding source of Plaintiff's funds was an error. The relevant portion of such Brief is attached hereto as Exhibit "N" and is made a part hereof.

25.     On July 31, 2020, Plaintiff submitted its Brief for Appellee, arguing that Defendant's claim was immaterial, but also that Defendant had waived the issue by failing to raise the source of Plaintiff's funds at trial.  The relevant portion of such Brief is attached hereto as Exhibit "O" and is made a part hereof.

26.     On August 31, 2020, Defendant filed a Reply Brief to the Superior Court, continuing to argue the Trial Court's error as to striking the defense of an illegal source of Plaintiff's funds. The relevant portion of such Reply Brief is attached hereto as Exhibit "P" and is made a part hereof.

27.     On May 21, 2021, the Superior Court issued its Opinion in this case, finding that the allegation as to the illegality of the source of funds was immaterial and inappropriate to the case. The relevant copy of a portion of such Opinion is attached hereto as Exhibit "Q" and is made a part hereof.

28.     On August 27, 2021, Defendant filed a Petition for Allowance of Appeal with the Pennsylvania Supreme Court, identifying as one of its two issues that the Superior Court erred in finding that a criminal source of funds had no relevance in an equitable collection action. The relevant portion of such Petition is attached hereto as Exhibit "R" and is made a part hereof.

29.     On January 19, 2022, the Pennsylvania Supreme Court denied Defendant's Petition for Allowance of Appeal.

30. Title 42 of the Pennsylvania statutes provides, at 42 Pa.C.S.A. § 2503(7) and (9), for reasonable counsel fees as part of the taxable costs of the matter in certain instances:

> "The following participants shall be entitled to a reasonable counsel fee as part of the taxable cost of the matter:
> (7) Any participant who is awarded counsel fees as a sanction against another participant for dilatory, obdurate or vexatious conduct during the pendency of a matter…
> (9) Any participant who is awarded counsel fees because the conduct of another party in commencing the matter or otherwise was arbitrary, vexatious or in bad faith."
> *42 Pa.C.S.A. § 2503(7), (9).*

31. The Pennsylvania Rules of Civil Procedure provides, at Pa.R.C.P. Rule 1023.1(c), that:

> "The signature of an attorney or pro se party constitutes a certificate that the signatory has read the pleading, motion or other paper. By signing, filing, submitting or later advocating such a document, the attorney or pro se party certifies that to the best of that person's knowledge, information and belief formed after an inquiry reasonable under the circumstances,
> (1) it is not being presented for any improper purpose such as to harass to cause unnecessary delay or needless increase in the cost of litigation,
> (2) the claims, defenses and other legal contentions therein are warranted by existing law or by non-frivolous argument for the extension, modification or reversal of existing law or the establishment of new law,
> (3) the factual allegations have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery."
> *Pa.R.C.P. Rule 1023.1(c)*

32. Rule 1023.1 further provides, at Rule 1023.1(d) that:

> "If, after notice and a reasonable opportunity to respond, the court determines that subsection (c) has been violated, the court may, subject to the conditions stated in Rules 1023.2 through 1023.4, impose an appropriate sanction upon any attorneys, law firms and parties that have violated subsection (c) or are responsible for the violation".
> *Pa.R.C.P. 1023.1(d)*

33. Rule 1023.2(b) provides that no such motion shall be filed unless it includes a certification that the applicant served written notice and demand to the attorney who signed or filed the challenged pleading, motion or other people. *Pa.R.C.P. Rule 1023.2(b)*

34. Set forth in this Motion are numerous instances of Defendant's unsupported claims that Plaintiff's funds were obtained from illegal sources. *See Exhibits "A", "C", "F", "G", "I", "M", "N", "P" and "Q".* Defendant even included it as one of its two issues in its Petition for Allowance of Appeal to the Pennsylvania Supreme Court. *See Exhibit R.*

35. In order to protect Plaintiff's reputation and eliminate the possibility of prejudice against Plaintiff, Plaintiff was unnecessarily required to continually respond to Defendant's assertions by the filing of the responsive actions, as set forth above. *See Exhibits "B", "D", "H", "J" and "O".*

36. Two judges in the Court of Common Pleas as well as three judges on the Superior Court have agreed with Plaintiff. *See Exhibits "E", "K", "L" and "Q".*

37. Plaintiff, by her continued responses to such actions on the part of Defendant and its counsel, complied with the notice provisions of Rule 1023.2(b).

38. Defendant's conduct described above was obdurate, vexatious and bad faith conduct, constituting a violation of 42 Pa.C.S.A. § 2503(7) and (9), therefore entitling Plaintiff to an award of counsel fees as a sanction against Defendant and its counsel.

39. Defendant's conduct described above was intended for the purpose of harassment, unnecessary delay and to increase the cost of litigation, constituting a violation of Pa.R.C.P. Rule 1023.1(c)(1), (2) and (3) within the meaning of Pa.R.C.P. Rule 1023.1(d), therefore entitling Plaintiff to an award of counsel fees as a sanction against Defendant and its counsel.

40. Pa.R.C.P. Rule 1023.4 provides that

"A sanction imposed for violation of Rule 1023.1 shall be limited to that which is sufficient to deter repetition of such conduct or comparable conduct by others similarly situated."
*Pa.R.C.P. 1023.4(a)(1).*

41. Plaintiff believes the actions of both U Lock and its counsel have been directed by the directors and officers of U Lock, George Snyder and Kash Snyder, and that such individuals bear substantial responsibility for the actions of Defendant U Lock and its counsel.

42. Plaintiff believes an award of Twenty Thousand and no/100 Dollars ($20,000.00) for which George Snyder, Kash Snyder, Defendant U Lock and its counsel are jointly and severally liable, is appropriate and sufficient to deter the repetition of such conduct by Defendant, its directors and officers and its counsel.

**WHEREFORE**, Plaintiff Christine Biros prays this Court to award sanctions jointly and severally against Defendant U Lock, its directors and officers George Snyder and Kash Snyder and its counsel, J. Allen Roth, Esq. in an amount of Twenty Thousand and no/100 Dollars ($20,000.00) to deter the repetition by Defendant, its directors and officers and its counsel of the litigation tactics alleged above.

Respectfully submitted,

_____
William E. Otto, Esq.
Counsel for Plaintiff

# IN THE COURT OF COMMON PLEAS OF WESTMORELAND COUNTY, PENNSYLVANIA CIVIL DIVISION

**CHRISTINE BIROS,** an individual,

**Plaintiff,**

vs.

**U LOCK, INC.,** a Pennsylvania corporation,

**Defendant.**

**CIVIL DIVISION**

**No. 17CJ04886**

**ORDER OF COURT**

## ORDER OF COURT

**AND NOW,** this _____ day of _____, 2022, it is hereby **ORDERED** and **DECREED** that:

1. The Court finds that Defendant's continued assertions that Plaintiff's funds were obtained from illegal sources, unsupported by any evidence, constitutes obdurate, vexatious and bad faith conduct, and were made for the purposes of harassment and to increase the cost of this litigation.

2. Accordingly, Plaintiff is awarded the sum of Twenty Thousand and no/100 Dollars, to be the joint and several responsibility of Defendant U Lock, Inc., its officers and directors, George Snyder and Kash Snyder and its counsel, J. Allen Roth, Esq.

3. The Court finds that this sum is an amount sufficient to deter repetition of such conduct in the future.

4. Such sum shall be delivered to counsel for Plaintiff within ten (10) days from the date of this Order.

5.     If such payment is not made in full within ten (10) days from the date of this Order, Plaintiff is authorized to seek further sanctions against Defendant U Lock, Inc., its officers and directors, George Snyder and Kash Snyder and its counsel, J. Allen Roth, Esq.

BY THE COURT:

_____
                                        J.

# IN THE COURT OF COMMON PLEAS OF WESTMORELAND COUNTY, PENNSYLVANIA
## CIVIL ACTION LAW

**CHRISTINE BIROS**  )
    Plaintiff )
 )
**vs** )      No. 4886 of 2017
 )
**DENISE SCHUR, Executrix of the ESTATE** )
**OF ALEX SCHUR, HENRY L. MOORE** )
**and SUSAN STANO, Co-Executors of the** )
**ESTATE OF NICHOLAS SCHUR,** )
**KATHLEEN S. WALTER, Executor of the** )
**ESTATE OF MICHAEL SCHUR,** )
**CYNTHIA SARRIS, Administrator of the** )
**ESTATE OF ANN SARRIS and U LOCK INC.,** )
**a Pennsylvania corporation,** )
    Defendants )


**TYPE OF PLEADING:**

    Amended Answer to Complaint and New Matter



FILED IN
PROTHONOTARY'S OFFICE
WESTMORELAND COUNTY
2018 APR 23 AM 11: 54
CHRISTINA O'BRIEN
PROTHONOTARY

**FILED ON BEHALF OF:**

    U Lock Inc., a Pennsylvania Corporation

**COUNSEL OF RECORD:**

    J. ALLEN ROTH, ESQUIRE
    PA ID # 30347
    757 Lloyd Avenue
    Suite B
      Latrobe, PA 15650
    (724) 537-0939



EXHIBIT
A

100. Plaintiff's cause of action would be for quantum meruit or unjust enrichment if she had no contract with Kash Snyder, and for breach of contract or loan default if she does have a contract.

101. Therefore, there is no basis for a quiet title action or equitable conveyance of property.

## NO ACCOUNTING IS AUTHORIZED

102. In Pennsylvania, there are two ways to sue for an accounting.

103. First, Plaintiff may demand an accounting as relief in an action at law. Plaintiff could have sued for quantum meruit, unjust enrichment, or on contract. She did not. So there exists no action at law before the Court to award an accounting on.

104. An equitable action for an accounting requires a fiduciary duty to be present and a pre-litigation demand and refusal to provide an account.

105. Therefore, the action in accounting is barred and cannot be granted.

## UNCLEAN HANDS, FRAUD, CRIMINALITY

106. Based on information, the Plaintiff and her family possibly acquired the funds in this case through unlawful gambling operations.

107. Discovery is needed to determine the source of the funds.

108. Therefore, Defendant asserts the action is barred by the doctrine of unclean hands.

109. Additionally, the action is barred by fraud.

110. Finally, the action is barred by criminality.

## STATUTE OF FRAUDS

111. This case is barred by the statute of frauds. Plaintiff submitted nothing in writing to outline the terms of her payment or her rights to the property.

# IN THE COURT OF COMMON PLEAS OF WESTMORELAND COUNTY, PENNSYLVANIA

**CHRISTINE BIROS,** an individual,

    **Plaintiff,**

    vs.

**DENISE SCHUR,** Executrix of the **ESTATE OF ALEX SCHUR; HENRY L. MOORE and SUSAN STANO,** Co-Executors of the **ESTATE OF NICHOLAS SCHUR; KATHLEEN S. WALTER,** Executor of the **ESTATE OF MICHAEL SCHUR; CYNTHIA SARRIS,** Administrator of the **ESTATE OF ANN SARRIS;** and **U LOCK, INC.,** a Pennsylvania corporation,

    **Defendants.**

**CIVIL DIVISION**

**No. 17CJ04886**

**PRELIMINARY OBJECTIONS BASED UPON FAILURE TO CONFORM TO RULE OF COURT AND FOR INCLUSION OF SCANDALOUS AND IMPERTINENT MATTER AND INSUFFICIENT SPECIFICITY IN PLEADING**

**LIS PENDENS**

Filed on Behalf of Plaintiff,
Christine Biros

Counsel of Record for this Party:
William E. Otto, Esq.
PA I.D. #32716
P.O. Box 701
Murrysville, PA 15668
Office: (724) 519-8778

FILED IN
PROTHONOTARY'S OFFICE
WESTMORELAND COUNTY
2018 MAY 14 PM 1:30
CHRISTINA O'BRIEN
PROTHONOTARY

EXHIBIT

tabbies

B

*Cooke v. Equitable Life Assur. Soc. of U.S.*, 723 A.2d 723, 727 (Pa.Super.,1999); *Adamo v. Cini*, 656 A.2d 576, 579 (Pa.Cmwlth.,1995).

36.     Pennsylvania Rule of Civil Procedure Rule 1028(a)(2) permits a party to present preliminary objections to a pleading for inclusion of scandalous or impertinent matter. *Pa.R.C.P. Rule 1028(a)(2).*

37.     Defendant U Lock's allegation that Plaintiff Christine Biros acquired funds through unlawful gambling operations or that the action is barred by the doctrine of unclean hands, fraud or criminality is scandalous and impertinent. *See Amended Answer, Paragraphs 106, 107, 108, 109 and 110; Common Cause/Pennsylvania v. Com.*, 710 A.2d 108, 114 *(Pa.Cmwlth. 1998), affirmed 757 A.2d 367, 562 Pa. 632.*

For the reasons set forth above, Defendant U Lock's Amended Answer fails to conform to rule of court and includes scandalous and impertinent matter. Consequently, Defendant U Lock's Amended Answer should be stricken.

**WHEREFORE,** Plaintiff Christine Biros respectfully requests this Honorable Court to sustain its Preliminary Objections based upon failure of a pleading to conform to Rule of Court and inclusion of scandalous or impertinent matter, and strike Defendant U Lock's Amended Answer.

## B.     PRELIMINARY OBJECTIONS BASED UPON INSUFFICIENT SPECIFICITY IN PLEADINGS

38.     Pennsylvania Rule of Civil Procedure Rule 1028 authorizes any party to file preliminary objections to any pleading. *Pa.R.C.P. Rule 1028.*

39.     Pennsylvania Rule of Civil Procedure Rule 1028(a)(3) permits a party to present preliminary objections to a pleading which is insufficiently specific. *Pa.R.C.P. Rule 1028(a)(3).*

# IN THE COURT OF COMMON PLEAS OF WESTMORELAND COUNTY, PENNSYLVANIA

**CHRISTINE BIROS,** an individual,

**Plaintiff,**

vs.

**DENISE SCHUR,** Executrix of the **ESTATE OF ALEX SCHUR; HENRY L. MOORE and SUSAN STANO,** Co-Executors of the **ESTATE OF NICHOLAS SCHUR; KATHLEEN S. WALTER,** Executor of the **ESTATE OF MICHAEL SCHUR; CYNTHIA SARRIS,** Administrator of the **ESTATE OF ANN SARRIS;** and **U LOCK, INC.,** a Pennsylvania corporation,

**Defendants.**

**CIVIL DIVISION**

**No. 17CJ04886**

**BRIEF IN SUPPORT OF PRELIMINARY OBJECTIONS BASED UPON FAILURE TO CONFORM TO RULE OF COURT AND FOR INCLUSION OF SCANDALOUS AND IMPERTINENT MATTER AND INSUFFICIENT SPECIFICITY IN PLEADING**

**LIS PENDENS**

Filed on Behalf of Plaintiff, Christine Biros

Counsel of Record for this Party:
William E. Otto, Esq.
PA I.D. #32716
P.O. Box 701
Murrysville, PA 15668
Office: (724) 519-8778

Defendant U Lock has failed to comply with Rule 1019(i) because there are no writings attached to the Amended Answer, no reason for a writing being unavailable and no substance set forth in the Amended Answer.

Defendant U Lock's references to these items constitute material parts of its defense. Accordingly, Defendant U Lock's failure to comply with Rule 1019(i) constitutes a material shortcoming in its Amended Answer. *Cooke v. Equitable Life Assur. Soc. of U.S.*, 723 A.2d 723, 727 (Pa.Super. 1999); *Adamo v. Cini*, 656 A.2d 576, 579 (Pa.Cmwlth. 1995).

### 2. Inclusion of Scandalous or Impertinent Matter

Defendant U Lock's Amended Answer alleges that Plaintiff Christine Biros "possibly" acquired the funds used as the Purchase Price through unlawful gambling activities. This allegation constitutes scandalous or impertinent matter. *Common Cause/Pennsylvania v. Com.*, 710 A.2d 108, 114 (Pa.Cmwlth. 1998), affirmed 757 A.2d 367, 562 Pa. 632.

These allegations could constitute defamation if made outside this proceeding. Therefore, their inclusion in this pleading, without any legal justification of their relevance constitutes scandalous or impertinent matter and should be stricken. *Common Cause/Pennsylvania*, at 114.

**WHEREFORE**, Plaintiff Christine Biros respectfully requests this Honorable Court to sustain its Preliminary Objection raising issues of fact based upon failure of a pleading to conform to Rule of Court or inclusion of scandalous and impertinent matter.

### B. PRELIMINARY OBJECTIONS BASED UPON INSUFFICIENT SPECIFICITY IN PLEADINGS

Pennsylvania Rule of Civil Procedure Rule 1028(a)(3) provides that preliminary objections may be filed for insufficient specificity of a pleading. *Pa.R.C.P. Rule 1028(a)(3)*. Defendant U Lock alleges several conclusions of law which are unsupported by factual averments. Such conclusions of law, without factual averments to support them, constitute

7

# IN THE COURT OF COMMON PLEAS OF WESTMORELAND COUNTY, PENNSYLVANIA
## CIVIL ACTION LAW

CHRISTINE BIROS )
    Plaintiff )
)
vs )       No. 4886 of 2017
)
DENISE SCHUR, Executrix of the ESTATE )
OF ALEX SCHUR, HENRY L. MOORE )
and SUSAN STANO, Co-Executors of the )
ESTATE OF NICHOLAS SCHUR, )
KATHLEEN S. WALTER, Executor of the )
ESTATE OF MICHAEL SCHUR, )
CYNTHIA SARRIS, Administrator of the )
ESTATE OF ANN SARRIS and U LOCK INC., )
a Pennsylvania corporation, )
    Defendants )

**TYPE OF PLEADING:**

DEFENDANT U LOCK INC.'S ANSWER TO PRELIMINARY OBJECTIONS BASED UPON FAILURE TO CONFORM TO RULE OF COURT AND FOR INCLUSION OF SCANDALOUS AND IMPERTINENT MATTER AND INSUFFICIENT SPECIFICITY IN PLEADING

**FILED ON BEHALF OF:**

U Lock Inc., a Pennsylvania Corporation

**COUNSEL OF RECORD:**

J. ALLEN ROTH, ESQUIRE
PA ID # 30347
757 Lloyd Avenue
Suite B
    Latrobe, PA 15650
(724) 537-0939



EXHIBIT
C

36. In paragraph 36, Plaintiff paraphrases a Rule of Court. To this extent, it is a legal conclusion to which no response is necessary. However, the Rule speaks for itself and is incorporated by reference as Defendant's response.

37. Denied. The case cited by the Plaintiff is not on point. In that case, the party filed a history of the law in Pennsylvania, and the Commonwealth Court struck the allegations as not being relevant to the action. In this case, U Lock raised the defenses of fraud, illegality, and unclean hands based on the tainted source of the originating funds.

38. In paragraph 38, Plaintiff paraphrases a Rule of Court. To this extent, it is a legal conclusion to which no response is necessary. However, the Rule speaks for itself and is incorporated by reference as Defendant's response.

39. In paragraph 39, Plaintiff paraphrases a Rule of Court. To this extent, it is a legal conclusion to which no response is necessary. However, the Rule speaks for itself and is incorporated by reference as Defendant's response.

40. In paragraph 40, Plaintiff paraphrases a legal standard cited in a case. To this extent, it is a legal conclusion to which no response is necessary.

41. Admit.

42. Admit.

43. In paragraph 43, Plaintiff paraphrases a statute. To this extent, it is a legal conclusion to which no response is necessary.

44. Denied. U Lock was created July 15, 2015, but rejected for a mere technicality. The deeds were corrected. The Plaintiff did not sue claiming its loan to U Lock was invalid, Plaintiff sued because it claims the deeds are not valid since the corporation did not exist. This was corrected through the amended deeds on March 1, 2018, see Exhibit B. The payment Plaintiffs made was, based on information, to Kash Snyder who then paid the executor defendants in this case. As shown by Exhibit A, Plaintiff did not purchase the property but loaned money for the officers of U Lock to purchase the property. All of these officers would be indispensable parties in this case.

45. Denied as stated. The allegations in the Answer are sufficient. If this Court directs an amendment, U Lock will comply. However, Plaintiff is incorrectly asserting that U Lock must go well beyond Pennsylvania's fact-based pleading standard.

# IN THE COURT OF COMMON PLEAS OF WESTMORELAND COUNTY, PENNSYLVANIA
## CIVIL ACTION LAW

CHRISTINE BIROS )
    Plaintiff )
)
vs )          No. 4886 of 2017
)
DENISE SCHUR, Executrix of the ESTATE )
OF ALEX SCHUR, HENRY L. MOORE )
and SUSAN STANO, Co-Executors of the )
ESTATE OF NICHOLAS SCHUR, )
KATHLEEN S. WALTER, Executor of the )
ESTATE OF MICHAEL SCHUR, )
CYNTHIA SARRIS, Administrator of the )
ESTATE OF ANN SARRIS and U LOCK INC., )
a Pennsylvania corporation, )
    Defendants )

TYPE OF PLEADING:

DEFENDANT U LOCK INC.'S BRIEF IN OPPOSITION TO PRELIMINARY OBJECTIONS
BASED UPON FAILURE TO CONFORM TO RULE OF COURT AND FOR INCLUSION OF
SCANDALOUS AND IMPERTINENT MATTER AND INSUFFICIENT SPECIFICITY IN
PLEADING

FILED ON BEHALF OF:

    U Lock Inc., a Pennsylvania Corporation

COUNSEL OF RECORD:

    J. ALLEN ROTH, ESQUIRE
    PA ID # 30347
    757 Lloyd Avenue
    Suite B
        Latrobe, PA 15650
    (724) 537-0939

FILED IN PROHONOTARY'S OFFICE WESTMORELAND COURT
2018 JUN 13 PM 1:51
CHRISTINA O'BRIEN PROTHONOTARY

1

file an action at law for quantum meruit, money had and received, unjust enrichment, money paid by mistake, breach of contract, etc., she may do so. But she chooses not to. Rather she pushes forward with her moot claims and attempts to have this Court allow her to win through minor defects.

The preliminary objections must be denied. This is because Rule 1019(a) of the Pennsylvania Rules of Civil Procedure require that the "material facts on which a cause of action or defense is based shall be stated in a concise and summary form." Pa.R.C.P. 1019(a). "As a minimum, a pleader must set forth concisely the facts." *Line Lexington Lumber & Millwork Co. v. Pennsylvania Pub. Corp.*, 301 A.2d 684, 688 (Pa. 1973). A paperback novel is not required in the Answer and Affirmative Defenses.

Plaintiff's defense is that, whether the 2015 deeds are *void ab initio*, were rendered moot because corrective deeds were filed in 2018 and no challenge to those deeds exists. No additional facts are needed as to this defense. The objections must be denied.

## c. **THE INCLUSION OF LANGUAGE ABOUT THE PLAINTIFF'S UNCLEAN HANDS IS APPROPRIATE**

Throughout the preliminary objections, Plaintiff constantly complains that not enough facts are alleged. However, to support the defense of unclean hands, illegality, and fraud, U Lock discussed the Biros family's brazen gambling business as being the source of the funds. The Plaintiff takes exception and calls the matter "scandalous" and asserts that the facts should be stricken.

A review of the case cited by Plaintiff does not support this conclusion. The case did not state that the defense of unclean hands, fraud, or illegality not longer exists in Pennsylvania, or that facts could not be alleged to support the affirmative defenses. On the contrary, in the only case cited to support striking the "scandalous" allegations, *Common Cause v. Com.*, 710 A2d

108, 114 (Pa. Super. 1999), the petitioner included a history of the law in Pennsylvania. The Commonwealth Court found it to be entirely off point and sustained preliminary objections that it was scandalous. How this affects including factual allegations to support the affirmative defense of unclean hands cannot be determined.

The doctrine of unclean hands requires that one seeking equity must act fairly and without fraud or deceit as to the controversy at issue. *Terraciano v. Department of Transportation*, 753 A.2d 233 (Pa. 2000). Certainly, U Lock's allegations are relevant to the defense of unclean hands.

### d. **RULE 1019(i) DOES NOT REQUIRE THE FILING OF EVERY SINGLE DOCUMENT RELEVANT TO A DEFENSE**

Rather than just litigating the merits, Plaintiff clogs the docket and wants U Lock to file yet another Answer that includes attachments of checks, receipts, assignments, offerings, and all sorts of gobbledygook notwithstanding that their argument, as alleged, is that the deeds are *void ab initio* and that the new deeds do not correct any perceived error. Courts should not be astute in enforcing technicalities. *Lewis v. Erie Ins. Exchange*, 281 Pa. Super. 193, 199, 421 A.2d 1214, 1217 (1980); Pa.R.Civ.P. 126. U Lock has now provided at Exhibit C the original Articles of Incorporation filed on July 15, 2015, and rejected on July 17, 2015, by the Secretary of State due to a technicality, at Exhibit D the assignment from Erik Martin to Kash Snyder in the capacity as incorporator of U Lock Inc., and at Exhibit E the an purchase agreements that Plaintiff desires.

Plaintiff spends a lot of time discussing the merits of the *de facto* corporation defense raised, but its demand is just that the documents be furnished as an attachment to the Amended Answer. However, Rule 1019(i) does not require that every prospective exhibit be included as an attachment to the Answer. Rather, this is a defense that will be presented at trial, not tried in

# IN THE COURT OF COMMON PLEAS OF WESTMORELAND COUNTY, PENNSYLVANIA

**CHRISTINE BIROS,** an individual,

**Plaintiff,**

vs.

**DENISE SCHUR,** Executrix of the
**ESTATE OF ALEX SCHUR; HENRY
L. MOORE and SUSAN STANO,** Co-
Executors of the **ESTATE OF
NICHOLAS SCHUR; KATHLEEN S.
WALTER,** Executor of the **ESTATE OF
MICHAEL SCHUR; CYNTHIA
SARRIS,** Administrator of the **ESTATE
OF ANN SARRIS; and U LOCK, INC.,** a
Pennsylvania corporation,

**Defendants.**

**CIVIL DIVISION**

**No. 17CJ04886**

**PLAINTIFF'S RESPONSE TO
DEFENDANT U LOCK, INC.'S
ANSWER TO PRELIMINARY
OBJECTIONS**

**LIS PENDENS**

Filed on Behalf of Plaintiff,
Christine Biros

Counsel of Record for this Party:
William E. Otto, Esq.
PA I.D. #32716
P.O. Box 701
Murrysville, PA 15668
Office: (724) 519-8778

FILED
PROTHONOTARY'S OFFICE
WESTMORELAND CO., PA

2019 JUL -2 PM 1:49

CHRISTINA O'BRIEN
PROTHONOTARY



**EXHIBIT**

tabbies

D

before the attempts by the Defendant Estates to convey the property to Defendant U Lock by purported corrective deeds.

In short, a justiciable controversy continues to exist.

### 2.     Inclusion of Scandalous Matter

Defendant U Lock attempts to claim the involvement of Plaintiff's family in gambling. This matter is scandalous and inappropriate and should be stricken on two grounds. First, Defendant U Lock does not claim that Plaintiff has dealt unfairly in any manner with Defendant U Lock. Instead, Plaintiff advanced funds to Defendant Estates in payment of the purchase price for the property. There is no claim that Plaintiff deprived or deceived Defendant U Lock in any fashion.

Second, other than its bare assertion of involvement in gambling, there are no facts or factual matters cited by Defendant U Lock with respect to Plaintiff's activities. The Plaintiff in this matter is Christine Biros and there is no evidence that Christine Biros has been involved in any illegal activity whatsoever. Even further, there is no claim that the source of these funds has prejudiced any party in this case. Instead, Defendant U Lock attempts to raise questions or prejudice in the mind of this Court in order to avoid the consequences of its own behavior.

If allegations are immaterial and inappropriate to the proof of the cause of action, they are subject to being stricken. *Common Cause/Pennsylvania v. Com., 710 A.2d 108 (Cmwlth.1998), affirmed 757 A.2d 367, 562 Pa. 632.*

### 3.     Not Every Defense Requires Documentation

Rule 1019(i) Requires the attachment of copies of any writing on which a claim or defense is based. *Pa.R.C.P. No. 1019(i).* There are no limiting qualifications in the Rule. The purpose of the rule is to permit a party to understand the basis on which the claim or defense is

IN THE COURT OF COMMON PLEAS OF WESTMORELAND COUNTY,
PENNSYLVANIA
CIVIL ACTION – LAW

CHRISTINE BIROS,                                )
                                                )
        Plaintiff,                              )
                                                )        No. 4886 of 2017
        v.                                      )
                                                )
DENISE SCHUR, Executrix of the ESTATE)
OF ALEX SCHUR, HENRY L. MOORE       )
and SUSAN STANO, Co-Executors of the  )
ESTATE OF NICHOLAS SCHUR,            )
KATHLEEN S. WALTER, Executor of the )
ESTATE OF MICHAEL SCHUR,             )
CYNTHIA SARRIS, Administrator of the  )
ESTATE OF ANN SARRIS and U LOCK     )
INC., a Pennsylvania Corporation,       )
                                                )
        Defendants.                             )

FILED IN
PROTHONOTARY'S OFFICE
WESTMORELAND COUNTY
2018 SEP -7 PM 1:56
CHRISTINA O'BRIEN
PROTHONOTARY

## ORDER OF COURT

AND NOW, to wit, this 6th day of September, 2018, with the Court having considered

Plaintiff's *Preliminary Objections Based Upon Failure to Conform to Rule of Court and for*

*Inclusion of Scandalous and Impertinent Matter and Insufficient Specificity in a Pleading* and *Brief*

*in Support Thereof*; and, upon consideration of Defendant U Lock Inc.'s *Answer* and *Brief in*

*Opposition to Preliminary Objections Based Upon Failure to Conform to Rule of Court and for*

*Inclusion of Scandalous and Impertinent Matter and Insufficient Specificity in a Pleading*; and,

upon consideration of Plaintiff's *Reply to Answer to Preliminary Objections Filed by Defendant U*

*Lock, Inc.*; and, after careful consideration, it is hereby ORDERED, ADJUDGED and DECREED,

as follows:

**EXHIBIT**

tabbies'

**É**

1

1. The Court notes the standard of review for preliminary objections. In determining whether the instant preliminary objections should be granted or denied, the Court must accept as true all material facts as set forth in Plaintiff's Complaint. Moreover, all reasonable inferences that can be deduced therefrom are also to be accepted as true. DeMary v. Latrobe Printing and Publishing Co., 762 A.2d 758 (Pa. Super. 2000), citing Juban v. Schermer, 751 A.2d 1190 (Pa. Super. 2000). Preliminary objections should be sustained only in cases that are clear and free from doubt. Morgan Trailer Mfg. Co. v. Hydraroll, Ltd., 759 A.2d 926 (Pa. Super. 2000).

2. The Court further notes that the standard of review for preliminary objections in the nature of a demurrer is well-settled: All material facts set forth in the pleadings, as well as all inferences reasonably deducible therefrom are admitted as true for the limited purpose of this review. The question presented by the demurrer is whether, on the facts averred, the law says with certainty that no recovery is possible. Where a doubt exists as to whether a demurrer should be sustained, this doubt should be resolved in favor of overruling it. Ford Motor Credit Company v. Caiazzo, 564 A.2d 931 (1989).

3. Plaintiff's first preliminary objection to the Amended Answer and New Matter filed by Defendant U Lock Inc., based upon the argument that Defendant failed to comply with Rule 1019(i) because it did not attach required documents to the Amended Answer and New Matter, is hereby OVERRULED, as the evidence and documents noted by Plaintiff can be obtained during discovery and do not appear to be material documents upon which Defendant's claims are based.

4. Plaintiff's second preliminary objection to the Amended Answer and New Matter filed by Defendant U Lock Inc., based upon the argument that the Amended Answer and New Matter contains scandalous or impertinent material, as Defendant alleges that Plaintiff

obtained the funds for the subject property through unlawful gambling activities, is hereby SUSTAINED and any and all allegations in the Amended Answer and New Matter relating to illegal gambling are hereby STRICKEN.

5. Plaintiff's third preliminary objection for insufficient specificity, based upon the argument that Defendant U Lock Inc.'s claim that it was a *de facto* corporation at the time of the subject purchase, is hereby OVERRULED, at this time, as an argument more appropriate for later in these proceedings.

6. Plaintiff's fourth preliminary objection for insufficient specificity, based upon the argument that Defendant U Lock Inc.'s claim that Plaintiff's claim is moot is without merit, is hereby OVERRULED, at this time, as an argument more appropriate for later in the proceedings.

7. In accord with Pa.R.C.P. 236(a)(2)(b), the Prothonotary is DIRECTED to note in the docket that the individuals listed below have been given notice of this Order.

BY THE COURT:

_____
Anthony G. Marsili, Judge

ATTEST:

_____
Prothonotary

cc: William E. Otto, Esquire
J. Allen Roth, Esquire
Dennis Del Cotto, Esquire
John Tumolo, Esquire

3

IN THE COURT OF COMMON PLEAS OF WESTMORELAND COUNTY,
PENNSYLVANIA
CIVIL ACTION LAW

CHRISTINE BIROS                              )
    Plaintiff                             )
                                                       )
                                                      )
     vs                                     )          No. 4886 of 2017
                                                       )
DENISE SCHUR, Executrix of the ESTATE        )
OF ALEX SCHUR, HENRY L. MOORE                )
and SUSAN STANO, Co-Executors of the         )
ESTATE OF NICHOLAS SCHUR,                     )
KATHLEEN S. WALTER, Executor of the          )
ESTATE OF MICHAEL SCHUR.                      )
CYNTHIA SARRIS, Administrator of the         )
ESTATE OF ANN SARRIS and U LOCK INC., )
a Pennsylvania corporation.                   )
    Defendants                            )


TYPE OF PLEADING:

    Amended Answer to Complaint and New Matter


FILED ON BEHALF OF:

    U Lock Inc., a Pennsylvania Corporation


COUNSEL OF RECORD:

    J. ALLEN ROTH, ESQUIRE
    PA ID # 30347
    757 Lloyd Avenue
    Suite B
       Latrobe, PA 15650
       (724) 537-0939

FILED IN
PROTHONOTARY'S OFFICE

SEP 2 1 2018

BY: _____
          CLERK



**EXHIBIT**
F

~~106. Based on information, the Plaintiff and her family possibly acquired the funds in this case through unlawful gambling operations.~~

~~107. Discovery is needed to determine the source of the funds.~~

~~108. Therefore, Defendant asserts the action is barred by the doctrine of unclean hands.~~

~~109. Additionally, the action is barred by fraud.~~

~~110. Finally, the action is barred by criminality.~~

### STATUTE OF FRAUDS

111. This case is barred by the statute of frauds. Plaintiff submitted nothing in writing to outline the terms of her payment or her rights to the property.

**WHEREFORE**, Defendant respectfully demands that this Court: (1) Dismiss the Complaint; (2) Grant judgment in favor of U Lock Inc.; (3) Declare the case is moot as a result of the March 1, 2018, deed filings; (4) Declare that U Lock Inc.'s purchase of property was valid; (5) Declare that Plaintiff has no equitable interest in the property; (6) Dismiss the suit with prejudice; (7) Declare that Plaintiff has an action at law; (8) Direct Plaintiff to provide the agreement signed by Kash Snyder to Defendant; (9) Declare Defendant was a corporation or *de facto* corporation at all times material; (10) Alternatively, declare that Defendant was a partnership at all times material; (11) Alternatively, declare that Plaintiff was an unincorporated association that must be

---

[1] Pursuant to the Order of Court entered September 6, 2018, this Court struck this defense and paragraphs 106 through 110. Therefore, the allegations are withdrawn without prejudice to any right to appeal the Order sustaining the preliminary objections to this defense. The Plaintiff maintains no obligation to answer the stricken paragraphs.

# IN THE COURT OF COMMON PLEAS
## OF WESTMORELAND COUNTY, PENNSYLVANIA

**CHRISTINE BIROS,**

Case No. 4886 CJ 2017

Plaintiff,

**MOTION FOR POST-TRIAL RELIEF PURSUANT TO PA. R. CIV. PROC. 227.1**

vs.

**U LOCK INC.,**

Defendant.

Filed on behalf of: DEFENDANT, U LOCK INC.

Counsel of record:

J. Allen Roth, Esq.
757 Lloyd Avenue, Suite B
Latrobe, PA 15650
(724) 537-0939

FILED IN
PROTHONOTARY'S OFFICE
WESTMORELAND COUNTY

2019 SEP -3 PM 1:40

CHRISTINA O'BRIEN
PROTHONOTARY



EXHIBIT
6

(30)

of the original deeds and the status of the corporation.

## I. This Court's Striking of the Unclean Hands Defense Constituted Prejudicial Error

156.     Before it became public record that Plaintiff operated a multi-county gambling ring, U Lock attempted to raise an unclean hands defense and alleged that the Plaintiff's source of the funds derived from this unlawful activity. Indeed, the Attorney General of Pennsylvania launched a serious criminal prosecution of the Plaintiff alleging she operated a multi-million dollar gambling operation. *Commonwealth v. Christine Biros,* CP-65-CR-0004707-2018 *(*Westmoreland County, Pennsylvania).

157.     However, Plaintiff referred to the pre-arrest allegation that the money she used to provide the loan was tainted gambling money as scandalous and impertinent. Plaintiff filed preliminary objections to prevent the defense of unclean hands.

158.     On June 13, 2018, U Lock opposed the preliminary objections and explained to this Court that, "The doctrine of unclean hands requires that one seeking equity must act fairly and without fraud or deceit as to the controversy at issue." *Terraciano v. Department of Transportation,* 753 A2d 233 (Pa. 2000). U Lock explained to this Court that, to support the defense of unclean hands, fraud, and illegality, it alleged that the Plaintiff's source of funds included her family's brazen gambling business.

159.     On September 7, 2018, this Court granted the preliminary objections preventing U Lock and held that, "Plaintiff's second preliminary objection to the Amended Answer and New Matter filed by Defendant U Lock Inc., based upon the argument that the Amended Answer and New Matter contains scandalous material, as Defendant alleges that Plaintiff obtained the funds for subject property through unlawful gambling activities, is hereby SUSTAINED and any and all allegations in the Amended Answer and New Matter relating to illegal gambling are hereby STRICKEN."

160.     Now that the Court went beyond the Complaint and granted Plaintiff a

"constructive trust," something U Lock did not know was going to be the cause of action at trial, the criminality of the transaction appears even more important and relevant.

161.     By striking the defense relating to the source of the funds and Plaintiff's using the transaction in furtherance of money laundering, and forming a constructive trust in favor of the Plaintiff without regard to the illegality of her source of funds, this Court provided the Plaintiff with a clean vehicle to launder money at the expense of others. Unfortunately, the Court has now used its equitable powers to aid and abet the Plaintiff's unlawful multi million dollar gambling operation.

162.     Had U Lock been able to explore the source of funds through the New Matter, discovery, and at trial, this Court may have been less apt to find that the Plaintiff was entitled to equity and the victim of an unjust enrichment.

163.     Therefore, U Lock is entitled to a new trial that occurs after full and complete discovery as to the source of the funds along with the ability to defend against the new "constructive trust" demand on the basis that Plaintiff is not entitled to equity, utilized funds derived from criminal activity, and was not a victim of an unjust enrichment, but rather was taking advantage of U Lock and performing an unjust enrichment herself by using the unwitting officers of U Lock to launder her money.

### J. This Court's Scheduling a Trial in Contravention to the Rules and Local Rules of Court, Prior to Pleadings Closing, and Without a Fair Preparation Time Prejudiced the Defendant.

164.     On April 1, 2019, while the pleadings were still open, and the defendant Estates preliminary objections pending, the Plaintiff appeared *ex parte* and asked this Court to expedite the case. Plaintiff then filed a *Praecipe to Set Trial Date* without any advanced notice to U Lock. (Plaintiff claims that it presented a properly served motion to enforce a settlement and that U Lock did not appear. However, a motion to enforce a settlement is not a motion for an expedited trial and the communication with the Court was unfair

# IN THE COURT OF COMMON PLEAS OF WESTMORELAND COUNTY, PENNSYLVANIA

CHRISTINE BIROS, an individual,

      Plaintiff,

  vs.

U LOCK, INC., a Pennsylvania corporation,

      Defendant.

CIVIL DIVISION

No. 17CJ04886

**OBJECTIONS TO DEFENDANT'S MOTION FOR POST TRIAL RELIEF PURSUANT TO PA. R. CIV. PROC. 227.1**

**LIS PENDENS**

Filed on Behalf of Plaintiff,
Christine Biros

Counsel of Record for this Party:
William E. Otto, Esq.
PA I.D. #32716
P.O. Box 701
Murrysville, PA 15668
Office: (724) 519-8778

FILED IN
PROTHONOTARY'S OFFICE
WESTMORELAND COUNTY

2019 SEP 13 AM 9: 12

CHRISTINA O'BRIEN
PROTHONOTARY



EXHIBIT

_H_

tabbies

6

5. Plaintiff Christine Biros believes that the extent of Defendant's Motion requires the entire record to be transcribed.

6. The docket reflects that the record was transcribed and filed with the Prothonotary on May 15, 2019.

7. Accordingly, Plaintiff believes no further action by this Court is necessary.

8. Plaintiff Christine Biros has filed this Objection for the purpose of complying with Rule 227.3. *Pa.R.C.P. Rule 227.3.*

## B. REQUEST TO STRIKE SCANDALOUS AND IMPERTINENT ALLEGATIONS FROM DEFENDANT'S POST-TRIAL MOTION.

9. Plaintiff Christine Biros further objects to certain allegations set forth in Defendant's Motion, based on the grounds that such allegations are scandalous and impertinent.

10. On September 7, 2018, this Court granted Preliminary Objections of Plaintiff Christine Biros to strike certain allegations set forth in Defendant's Answer on the basis that such allegations were scandalous and impertinent. *Order of Court, September 7, 2018.*

11. Defendant acknowledges the Court's action in Paragraph 159 of Defendant's Motion for Post-Trial Relief. *Defendant's Motion for Post-Trial Relief, Paragraph 159.*

12. Nevertheless, in Paragraphs 128 and 156-163 of its Motion for Post-Trial Relief, Defendant has elected to re-raise such allegations which remain both scandalous and impertinent. *Defendant's Motion for Post-Trial Relief, Paragraphs 128 and 156-163.*

13. Plaintiff notes that in response to the Court's Order sustaining Plaintiff's Preliminary Objections and ordering Defendant to strike such assertions from its pleading, Defendant U Lock merely refiled its Answer with the offending allegations lined out and remaining clearly legible. *See Defendant's Amended Answer to Complaint and New Matter.*

14. Plaintiff Christine Biros believes these allegations were re-raised intentionally in Defendant's Motion for Post Trial Relief to keep Defendant's baseless allegations before this Court for the sole purpose of prejudicing Plaintiff Christine Biros.

15. When she testified at trial, Defendant U Lock had the opportunity to ask Plaintiff questions concerning the source of funds she used to pay the Defendant Estates, and Defendant did not raise the issue.

16. If Defendant felt the source of such funds was relevant, it should have raised the issue at trial.

17. Allowing Defendant to raise these allegations at this time deprives Plaintiff Christine Biros of the opportunity to show the legitimate source of such funds.

18. Further, by failing to raise such allegations in trial, Defendant U Lock has waived any right to question the source of such funds.

19. Plaintiff Christine Biros believes that to force her to litigate such allegations at this time, in this Court, would be prejudicial.

**WHEREFORE**, Plaintiff Christine Biros prays this Honorable Court grant the following relief:

1. Order that Defendant U Lock's Motion for Post-Trial Relief containing the allegations set forth in Paragraphs 128 and 156-163 of such Motion be stricken in its entirety, and that Defendant U Lock resubmit such Motion without the inclusion of such allegations.

Respectfully submitted,

William E. Otto, Esq.
Counsel for Plaintiff

4

# IN THE COURT OF COMMON PLEAS
## OF WESTMORELAND COUNTY, PENNSYLVANIA

**CHRISTINE BIROS,**

               Plaintiff,

vs.

**U LOCK INC.,**

               Defendant.

Case No. 4886 CJ 2017

**BRIEF IN SUPPORT OF MOTION FOR POST-TRIAL RELIEF PURSUANT TO PA. R. CIV. PROC. 227.1**

Filed on behalf of: DEFENDANT,
U LOCK INC.

Counsel of record:

J. Allen Roth, Esq.
757 Lloyd Avenue, Suite B
Latrobe, PA 15650
(724) 537-0939

FILED IN
PROTHONOTARY'S OFFICE
WESTMORELAND COUNTY

2019 SEP 23 AM 9: 47

CHRISTINA O'BRIEN
PROTHONOTARY

EXHIBIT

*I*

1

## I. This Court's Striking of the Unclean Hands Defense Constituted Prejudicial Error

Contrary to Plaintiff's position that this could have been objected to at trial, the defense of unclean hands was stricken before trial preventing discovery or the matter from being raised at trial. The inclusion of this claim in the Rule 227.1 motion is to preserve it for appeal since the elimination of the unclean hands and illegality defense harmed U Lock. Before it became public record that Plaintiff operated a multi-county gambling ring, U Lock attempted to raise an unclean hands defense and alleged that the Plaintiff's source of the funds derived from this unlawful activity. Indeed, the Attorney General of Pennsylvania launched a serious criminal prosecution of the Plaintiff alleging she operated a multi-million dollar gambling operation. *Commonwealth v. Christine Biros,* CP-65-CR-0004707-2018 (Westmoreland County, Pennsylvania).

However, Plaintiff referred to the pre-arrest allegation that the money she used to provide the loan was tainted gambling money as scandalous and impertinent. Plaintiff filed preliminary objections to prevent the defense of unclean hands.

On June 13, 2018, U Lock opposed the preliminary objections and explained to this Court that, "The doctrine of unclean hands requires that one seeking equity must act fairly and without fraud or deceit as to the controversy at issue." *Terraciano v. Department of Transportation,* 753 A2d 233 (Pa. 2000). U Lock explained to this Court that, to support the defense of unclean hands, fraud, and illegality, it alleged that the Plaintiff's source of funds included her family's brazen gambling business.

On September 7, 2018, this Court granted the preliminary objections preventing U Lock and held that, "Plaintiff's second preliminary objection to the Amended Answer and New Mater filed by Defendant U Lock Inc., based upon the argument that the Amended Answer and New Matter contains scandalous material, as Defendant alleges that Plaintiff obtained the funds for subject property through unlawful gambling activities, is hereby SUSTAINED and any and all allegations in the Amended

Answer and New Matter relating to illegal gambling are hereby STRICKEN."

Now that the Court went beyond the Complaint and granted Plaintiff a "constructive trust," something U Lock did not know was going to be the cause of action at trial, the criminality of the transaction appears even more important and relevant. By striking the defense relating to the source of the funds and Plaintiff's using the transaction in furtherance of money laundering, and forming a constructive trust in favor of the Plaintiff without regard to the illegality of her source of funds, this Court provided the Plaintiff with a clean vehicle to launder money at the expense of others. Unfortunately, the Court has now used its equitable powers to aid and abet the Plaintiff's unlawful multi million dollar gambling operation.

Had U Lock been able to explore the source of funds through the New Matter, discovery, and at trial, this Court may have been less apt to find that the Plaintiff was entitled to equity and the victim of an unjust enrichment. Therefore, U Lock is entitled to a new trial that occurs after full and complete discovery as to the source of the funds along with the ability to defend against the new "constructive trust" demand on the basis that Plaintiff is not entitled to equity, utilized funds derived from criminal activity, and was not a victim of an unjust enrichment, but rather was taking advantage of U Lock and performing an unjust enrichment herself by using the unwitting officers of U Lock to launder her money.

### J. This Court's Scheduling a Trial in Contravention to the Rules and Local Rules of Court, Prior to Pleadings Closing, and Without a Fair Preparation Time Prejudiced the Defendant.

On April 1, 2019, while the pleadings were still open, and the defendant Estates preliminary objections pending, the Plaintiff appeared *ex parte* and asked this Court to expedite the case. Plaintiff then filed a *Praecipe to Set Trial Date* without any advanced notice to U Lock. (Plaintiff claims that it presented a properly served motion to enforce a settlement and that U Lock did not appear. However, a

# IN THE COURT OF COMMON PLEAS OF WESTMORELAND COUNTY, PENNSYLVANIA

CHRISTINE BIROS, an individual,

        Plaintiff,

    vs.

U LOCK, INC., a Pennsylvania
corporation,

        Defendant.

CIVIL DIVISION

No. 17CJ04886

**PLAINTIFF'S BRIEF IN OPPOSITION
TO DEFENDANT U LOCK, INC.'S
POST-TRIAL MOTIONS PURSUANT
TO PA. R. CIV. PROC. RULE 227.1**

**LIS PENDENS**

Filed on Behalf of Plaintiff,
Christine Biros

Counsel of Record for this Party:
William E. Otto, Esq.
PA I.D. #32716
P.O. Box 701
Murrysville, PA 15668
Office: (724) 519-8778

FILED IN
PROTHONOTARY'S OFFICE
WESTMORELAND COUNTY

2019 OCT 15 AM 11: 03

CHRISTINA O'BRIEN
PROTHONOTARY JS



EXHIBIT
J

(34)

payment. *Transcript, pages 19,22, 23, 29, 46.* Plaintiff's equitable claim is based on the fact that she advanced such sum for the purchase of the Property. Consequently, the mere recording of the deeds on March 1, 2018 does not defeat Plaintiff's equitable claim to the Property. *Williams Tp. Bd. of Supervisors*, at 914, 922; *Com. by Kane*, at 841.

Since Plaintiff's equitable claim has not been eliminated, and since Plaintiff would suffer without the Court's decision, this case is clearly not moot.

## VIII. UNCLEAN HANDS AND SOURCE OF FUNDS FOR THE PURCHASE PRICE

Despite having once been directed to strike scandalous material from Defendant's pleadings, Defendant has re-raised its unfounded and unfair assertions as to the source of funds utilized by Plaintiff. *Order of Court dated September 6, 2018.* It is settled law that "a party cannot use the post-trial motion stage as a vehicle for introducing new evidence that it could have submitted prior to the verdict through the exercise of reasonable diligence". *Drake Manufacturing Company, Inc. v. Polyflow, Inc.*, 109 A.3d 250, 261, 2015 Pa.Super. 16 (2015), citing *Claudio v. Dean Machine Company*, 574 Pa. 359, 831 A.2d 140 (2003). Particularly in this instance, it would have been very easy for Defendant to question Plaintiff on the source of funds during trial without alluding in any manner to any criminal activity. Instead, by raising the issue at this stage, Defendant has attempted to prejudice Plaintiff in the eyes of this Court and has deprived Plaintiff of the opportunity to defend herself and her reputation.

In addition, Defendant has cited only one case, *Terraciano v. Department of Transportation, 753 A.2d 233 (Pa. 2000).* Other than citing *Terraciano* for a quote of black-letter law, it is completely inapplicable to this case. *Terraciano* involved an individual who had appealed a driver's license suspension, and the Department of Transportation sat on the matter for seven years. The Pennsylvania Supreme Court stated,

A court may deprive a party of equitable relief where, to the detriment of the other party, the party applying for such relief is guilty of bad conduct relating to the matter at issue. The doctrine of unclean hands requires that one seeking equity act fairly and without fraud or deceit as to the controversy in issue.

*Terraciano,* at 237, citing <u>Shapiro v. Shapiro</u>, 415 Pa. 503, 204 A.2d 266, 268 (1964) and <u>Jacobs v. Halloran</u>, 551 Pa. 350, 710 A.2d 1098, 1103 (1998).

Note that the Court requires the bad conduct to relate to the matter at hand. There has been no showing that any conduct of Plaintiff has been unfair, fraudulent or deceitful, either related to this matter or otherwise. To raise this unfounded claim in this proceeding, at this stage of the case, is manifestly unfair. It goes without saying that this argument of Defendant should be stricken.

## IX.   <u>DEFENDANT WAS NOT A *DE FACTO* CORPORATION</u>

Defendant U Lock alleges that on the Payment Date, Defendant U Lock was a "*de facto corporation*". Although Plaintiff agrees with the Court's denial of Defendant's claim that it was a *de facto* corporation on the date Plaintiff paid for the property, Plaintiff will repeat the argument it has advanced throughout this case.

The importance of this claim is that the deeds delivered to on the Payment Date were delivered to "U Lock, Inc.," which wasn't formed until September 4, 2015, nearly seven (7) weeks later. But under Pennsylvania law, deeds delivered to a non-existent corporation are *void ab initio*. <u>Africa, et al. v. Trexler</u>, 232 Pa. 493, 499, 81 A. 707 (Pa. 1911); <u>Borough of Elizabeth v. Aim Sher Corporation</u>, 316 Pa.Super. 97, 99, 462 A.2d 811, 812 (Pa.Super. 1983); <u>Lester Associates v. Commonwealth of Pennsylvania</u>, 816 A.2d 394, 397, 399 (Pa. Commonwealth 2003)

. Consequently, the Defendant Owners were still owners of the legal title to the Property after the Payment Date, and remained so at least until March 1, 2018, when new deeds were recorded. Since Plaintiff paid the purchase price and has never been repaid, her equitable claim

14

requirement to justify its arguments by legal citation, and the argument set forth in this Section should be considered waived.

## H. Defendant's Paperwork Error Did Not Entitle the Plaintiff to Ownership of the Property

Plaintiff's discussions set forth in Sections I, Nature Of Relief In Declaratory Judgment Actions, IV, Basis For Constructive Trust, and IX, Defendant was not a *De Facto* Corporation, above are incorporated herein by reference.

## I. This Court's Striking of the Unclean Hands Defense Constituted Prejudicial Error

Plaintiff's discussions set forth in Sections I, Nature Of Relief In Declaratory Judgment Actions, II, Lack Of Legal Support Or Citation, and VIII, Unclean Hands and Source of Funds for the Purchase Price, above are incorporated herein by reference.

Defendant has cited only one case in this section, *Terraciano v. Department of Transportation, 753 A.2d 233 (Pa. 2000).* Other than citing *Terraciano* for a quote of black-letter law, it is completely inapplicable to this case. Accordingly, Defendant has provided no legal authority or support for this theory, and it should be stricken.

## J. This Court's Scheduling a Trial in Contravention to the Rules and Local Rules of Court, Prior to Pleadings Closing, and Without a Fair Preparation Time Prejudiced the Defendant

Plaintiff's discussions set forth in Sections I, Nature Of Relief In Declaratory Judgment Actions, II, Lack Of Legal Support Or Citation, and X, Defendant Waived Its Right To Object To The Setting Of A Trial Date, above are incorporated herein by reference.

**WHEREFORE,** Plaintiff Christine Biros respectfully requests this Court that:

1.      Pursuant to Plaintiff's Motion for Post-Trial Relief and Brief in Support:

1    IN THE COURT OF COMMON PLEAS OF WESTMORELAND COUNTY, PA.

2                        CIVIL DIVISION

3                           * * *

4    CHRISTINE BIROS,                )
                        Plaintiff    )
5                                    )
                  vs.                )        No. 4886 of 2017
6                                    )
     U LOCK, INC.,                   )
7                                    )
                        Defendant.   )
8

9                           * * *

10              HEARD:  November 8, 2019

11              BEFORE:  Honorable Harry F. Smail, Jr.

12                          * * *

13                  Post-Trial Motion Hearing

14                          * * *

15                  A P P E A R A N C E S

16   On behalf of the Plaintiff:
                  William E. Otto, Esq.
17

18   On behalf of the Defendant:
                  J. Allen Roth, Esquire
19

20

21

22

23

24

25

EXHIBIT
K

                                                              1

1    THE COURT:  I mean, that's up to you
2  Mr. Otto.  If you wish to have him read it into the
3  record so that you have an established record for the
4  purposes of if there's an appeal, that may be --
5    MR. ROTH:  Well, I'll submit this as an
6  exhibit if you want to do it that way.
7    THE COURT:  It's up to you.
8    MR. OTTO:  Your Honor, I don't know what
9  to tell you.  This is oral argument.
10    THE COURT:  It is oral argument, and
11  you'll probably want to get a response on the record I
12  would assume?
13    MR. OTTO:  Yes, Your Honor.
14    THE COURT:  So Mr. Roth, if that's your
15  oral argument, then let's have you recite it into the
16  record.
17    MR. ROTH:  All right.
18    THE COURT:  So then it's part of the
19  record of the Court.  And then he'll have an oral
20  rebuttal, and then we'll proceed from there.
21    MR. OTTO:  Your Honor, before we start.
22  After Mr. Roth submitted his motion I submitted a
23  document entitled objections to one of the arguments
24  that Mr. Roth made.  Would you be willing to rule on
25  that at this point?

```
 1              THE COURT:  Okay.  Let me take a look.
 2    Okay.  So let's deal with the objection filed, then your
 3    -- I'll let him argue that, and then we'll give you the
 4    opportunity to respond to that.
 5              Go ahead, Mr. Otto.
 6              MR. OTTO:  Your Honor, Mr. Roth earlier
 7    in the procedure submitted a count concerning unclean
 8    hands and in that he raised issues related to
 9    allegations of Ms. Biros' activities.  She has been --
10    has a criminal complaint filed against her in the Court
11    of Common Pleas of Westmoreland County.  I will note
12    however, first of all, it has been continued at least
13    three times not by Ms. Biros or her counsel but by the
14    government.  My reaction -- and I'm not a criminal
15    attorney, Your Honor.  But if the state had any
16    compelling evidence, I suspect they would be willing to
17    move forward on that case so I question even legitimacy
18    of the filing.  Having said that, she still has not had
19    a trial.  She's entitled to the presumption of
20    innocence, and to try to force her to defend herself in
21    a criminal case in this proceeding is manifestly unfair.
22              Mr. Roth has raised a question of the
23    source of the funds.  My client has tax returns here
24    which she's prepared to provide to the Court to
25    demonstrate that the funds are from a legitimate source.
```

```
 1   But even beyond that, Your Honor, it's unfair to raise
 2   that now.  Mr. Roth could easily have questioned her at
 3   trial about the sources of the funds without raising any
 4   issues whatsoever about a criminal complaint.  Instead
 5   he raises it here to try to prejudice the Court.
 6             My request is very simply that that count
 7   be -- that grounds for his appeal be dismissed.  At the
 8   same time I would note, Your Honor, that in his motion
 9   he cited only one case which has nothing to do with his
10   assertions on the grounds of the appeal.  And my
11   argument there is, that having cited an irrelevant case,
12   he's waived his right to make that appeal.  Thank you,
13   Your Honor.
14             THE COURT:  Okay.  Mr. Roth?
15             MR. ROTH:  Well, Your Honor, the facts
16   are the facts, and the Court can decide what may have
17   weight or doesn't have weight.  And we believe that
18   there is criminal activity going on there and certainly
19   the funds could be from the source of that activity.
20   Therefore, we never got an opportunity to raise all that
21   through the course of the trial.  But we're raising it
22   now because I think -- we believe that it could be
23   something that you could consider.
24             THE COURT:  Why couldn't you raise it at
25   trial?
```

1          MR. ROTH: Well, I really don't have

2   answer to that. We did not raise it so that's where we

3   were.

4          THE COURT: Well, but you had that

5   opportunity at trial.

6          MR. ROTH: Okay.

7          THE COURT: If you didn't raise it at

8   trial, the trial is through, the trial had a conclusion,

9   the trial had an opinion, the trial had a verdict, the

10  trial had an order of court, correct?

11         MR. ROTH: Yes.

12         THE COURT: And now you're at post-trial

13  motions. So therefore, you're trying to raise a new

14  matter that was not discussed, incorporated therein or a

15  part of the trial, and you're not giving the Court a

16  meritorious reason why you didn't raise it then.

17  Therefore, the objection is granted. And you're going

18  to have to strike out in your post-trial motion argument

19  anything that references a source of funds relative to

20  how she was able to conduct her business because it has

21  been represented that those funds were legitimate in the

22  transactions that occurred, and as represented in time

23  of trial, and as it was presented. And therefore, the

24  record will stand as it is. You may proceed.

25         MR. OTTO: Your Honor, on that basis

1   since Mr. Roth's script contains issues related to that,

2   I ask that this not be submitted to you as written

3   record. I find that --

4           MR. ROTH: That's fine.

5           THE COURT: It won't be accepted as an

6   exhibit. Obviously, he can make his -- he can reference

7   that for his oral argument. But you are not permitted

8   to reference any illicit funds that may be subject to

9   some criminal matter that might be progressing through

10  the system now as it was not ripe or brought up when

11  opportunity was present in time of the civil trial.

12          MR. OTTO: Thank you, Your Honor.

13          THE COURT: Okay. Mr. Roth?

14          MR. ROTH: All right. Do you prefer I

15  stand or sit?

16          THE COURT: However you're comfortable.

17          MR. ROTH: All right. Our position is

18  that the Court -- that Count 1 was moot as to the

19  declaratory relief as we found corrective deeds.

20          COURT REPORTER: I'm sorry. Can you

21  speak up?

22          MR. ROTH: Our position is that Count 1

23  was moot as to the declaratory relief as we filed the

24  corrective deeds. Count 1 simply sought a declaration

25  about the original deeds. It did not seek any of the

# IN THE COURT OF COMMON PLEAS OF WESTMORELAND COUNTY, PA
## CIVIL DIVISION

CHRISTINE BIROS, an individual,⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀Plaintiff,⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)⠀⠀⠀⠀No. 4886 of 2017
⠀⠀⠀⠀⠀⠀v.⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
U-LOCK, INC.,⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
a Pennsylvania Corporation,⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀Defendant.⠀⠀⠀⠀⠀⠀⠀)

## OPINION

BY THE COURT:

A non-jury verdict in favor of the Plaintiff, Christine Biros, was rendered in this matter on August 22, 2019, and is the subject of the present motions for post-trial relief filed by both Plaintiff and Defendant pursuant to Pa.R.C.P. 227.1. In her motion, Plaintiff argues that the Court incorrectly reference two factual matters in the finding of fact section which conflict with the Court's ultimate legal analysis. Plaintiff requests amendment of the Opinion and Order to reflect consistency throughout. Plaintiff has additionally filed objections to Defendant's post-trial motion, which were ruled upon at time of oral argument, and which will be reflected in the Order below.

In its motion and brief, Defendant argues that the Court erred in rendering various aspects of its Opinion, as addressed more fully below, and Defendant requests entry of judgment notwithstanding the verdict or in the alternative a new trial. Defendant additionally requests that the Court dismiss Plaintiff's complaint for lack of jurisdiction and failure to join indispensable parties. Plaintiff has additionally filed objections to Defendant's post-trial motion, which were ruled upon at time of oral argument, and which will be reflected in the Order below. Plaintiff's post-trial motion will be granted, based on consent of counsel for the Defendant at time of



Defendant also references the Defendant Estates, however the estates were previously parties to the action against whom all claims have been resolved, and so they were removed from the action by the Court at their request. Overall, Defendant has failed to provide any evidence of failure to join any indispensable party, and so no error is existent.

## V.   DE FACTO CORPORATION STATUS

Defendant's brief in Section H claims that the Court erred in finding that U Lock was not a *de facto* corporation at the time of the issuance of the original deeds. An analysis of the Court's reasoning as to its conclusion in this matter is found on pages 3 through 5 of its August 22, 2019 Opinion. This Court weighed the evidence presented at time of trial and found that there was no "attempt to organize" by the incorporators, as illustrated by Pennsylvania case law. *See e.g., Cochran v. Arnold,* 58 Pa. 399 (Pa. 1868); *Spahr v. Farmer's Bank, Carlisle,* 94 Pa. 429 (Pa. 1880); *Pinkerton v. Pennsylvania Traction Co.,* 44 A. 284, 285 (Pa. 1899); *Schmitt v. Potter Title & Trust Co.,* 61 Pa. Super. 301 (Pa. Super. 1915); *In re Mt. Sharon Cemetery,* 120 A. 700, 701 (Pa. 1923); *Appeal of Riviera Country Club,* 176 A.2d 704, 707 (Pa. Super. 1961). Defendant's references to any actions by Plaintiff are of no relevance to the issue of Defendant's existence as a corporate entity. As such, no error exists here.

## VI.   UNCLEAN HANDS

By Order of Court dated September 6, 2018, the Honorable Anthony G. Marsili sustained a preliminary objection filed by Plaintiff which struck "any and all allegations in the Amended Answer and New Matter relating to illegal gambling" because these allegations constituted scandalous and/or impertinent matter. Defendant's brief in Section I argues that the Court erred in striking its defense as to the source of the funds used to purchase the property. The Court first notes that Plaintiff's objection to strike all references to illegal gambling and illegal sourcing of

7

the funds contained in Defendant's post-trial pleadings has been granted, consistent with the September 6, 2018 ruling on this identical matter by Judge Marsili. As Defendant's argument does not deal with the non-jury trial and subsequent opinion, but instead deals solely with a prior ruling on preliminary objections, this Court suggests that it is inappropriate for consideration in post-trial motions. In any case, "[t]he doctrine of unclean hands requires that one seeking equity act fairly and without fraud or deceit as to the controversy in issue." *Terraciano v. Com., Dep't of Transp., Bureau of Driver Licensing*, 753 A.2d 233, 237–38 (Pa. 2000). Defendant has cited no law or evidence to show how this purported criminal activity is in any way relevant to the Plaintiff's conduct regarding the matter at issue, and so no error can be discerned.

## VII.   TRIAL SCHEDULING

Defendant's brief in Section J argues that trial in this matter was scheduled outside of the procedures prescribed by local rules of court, and that defendant was prejudiced because of this procedure.

Pa.R.C.P. No. 126 reads:

The rules shall be liberally construed to secure the just, speedy and inexpensive determination of every action or proceeding to which they are applicable. The court at every stage of any such action or proceeding may disregard any error or defect of procedure which does not affect the substantial rights of the parties.

Even assuming *arguendo* a lack of strict compliance with Westmoreland County Local Rule W212.1, Defendant has failed to show any prejudice which would negatively affect its substantial rights. The Court notes that Defendant had approximately three weeks' notice of the scheduled trial date before lodging any objection to proceeding. At time of trial, no discovery had been requested by Defendant since October 2018, which was timely complied with. Defendant mentions a witness requested by both parties, Mr. Erik Martin, who was unavailable for the trial. Counsel for Defendant stipulated to a brief summary of the testimony which would

8

IN THE COURT OF COMMON PLEAS OF WESTMORELAND COUNTY, PENNSYLVANIA
CIVIL DIVISION

CHRISTINE BIROS, an individual,

    Plaintiff,

v.

U LOCK INC., a Pennsylvania corporation,

    Defendant.

Case No. 17 CJ 04886

**STATEMENT PURSUANT TO PENNSYLANIA RULE OF APPELLATE PROCEDURE 1925 OF ISSUES TO BE RAISED ON APPEAL**

Filed on Behalf of: Defendant
U Lock Inc.

Counsel of record for party:

J. Allen Roth, Esq.
PA ID#30347
757 Lloyd Avenue, Suite B
Latrobe, PA 15650
(724) 537-0939
lawmatters@yahoo.com

FILED IN
PROTHONOTARY'S OFFICE
WESTMORELAND COUNTY
2020 JAN 24 PH 2:47
CHRISTINA O'BRIEN
PROTHONOTARY



EXHIBIT
M

IN THE COURT OF COMMON PLEAS OF WESTMORELAND COUNTY, PENNSYLVANIA
CIVIL DIVISION

CHRISTINE BIROS, an individual,

        Plaintiff,

v.

U LOCK INC.,
a Pennsylvania corporation,

        Case No. 17 CJ 04886

        Defendants.

## STATEMENT PURSUANT TO  PENNSYLANIA RULE OF APPELLATE PROCEDURE 1925 OF ISSUES TO BE RAISED ON APPEAL

Defendant/Appellant U Lock Inc., by and through its counsel, files this, its Statement Pursuant to

Pennsylvania Rule of Appellate Procedure 1925 of Issues to be Raised on Appeal, in other words:

1. Whether the Court of Common Pleas erred in granting preliminary objections filed by the Plaintiff/Appellee striking references to Defendant's defenses relating to fraud, illegality, and unclean hands based on the Plaintiff's source of funds deriving from unlawful activities, particularly organized gambling?

2. Whether the Court of Common Pleas erred in granting Plaintiff's post-trial motion amending text in its trial verdict opinion to state that deeds were delivered to U Lock Inc. during a time when the corporation did not exist?[1]

3. Whether the Court of Common Pleas, after a discussion with counsel for the Plaintiff, outside of the presence of the defendant, to which counsel for the defendant received no advanced warning, abused its discretion by scheduling a snap trial on praecipe in contravention of local rules and procedures, and prior to the pleadings being closed and discovery being completed?[2]

4. Whether the Court of Common Pleas lacked jurisdiction as a result of the failure to join indispensable parties (and allowed other indispensable parties to be dismissed from the lawsuit) including the unincorporated association U Lock Inc. or members of the unincorporated association,

---

[1] Appellant stipulated that the trial court may amend the language to state that the deeds were delivered to George Snyder. This is a distinction with a difference. U Lock, the unincorporated association, was not a party to the action. The only named party, U Lock Inc., was not incorporated at the time the deeds were delivered and could not have received them. Ordinarily, Defendant would simply file a motion for reconsideration, but it does not appear that the Court of Common Pleas maintains jurisdiction to grant it at this time. In its opinion, the Court may wish to clarify this issue.

[2] Plaintiff's counsel did file a motion to enforce a settlement. Said motion did not mention scheduling an expedited trial but sought to enforce an unsigned settlement of which said terms were not agreed to.

Filed 6/2/2020 12:05:00 AM Superior Court Western District
1841 WDA 2019

# IN THE SUPERIOR COURT OF PENNSYLVANIA
## WESTERN DIVISION

### Appeal No. 1841 WDA 2019

### CHRISTINE BIROS,
#### Plaintiff-Appellee,

#### vs.

### U LOCK INC., a Pennsylvania Corporation,
#### Defendant-Appellant.

Appeal from the Orders of the Honorable Harry F. Smail, Judge, and the Honorable Anthony Marsili, Senior Judge, of the Westmoreland County Court of Common Pleas entered on September 7, 2018, April 4, 2019, May 6, 2019, August 23, 2019, and December 9, 2019.

### BRIEF FOR APPELLANT, U LOCK INC.

J. Allen Roth, Esq. (PA 30347)
757 Lloyd Avenue, Suite B
Latrobe, PA 15650
(724) 537-0939
lawmatters@yahoo.com

**COUNSEL FOR APPELLANT
U LOCK INC.**



EXHIBIT
N

*Inc. v. Souderton School*, 615 A.2d 95, 102 (1992). Local rules will be given equal weight to the rules established by our Supreme Court provided that the local rules do not abridge, enlarge or modify the substantive rights of a party. *Id.*

In this case, the court provided no justification for the rule deviation other than liberal construction. Because the scheduling procedure conflicted with the local rule, the refusal to grant a continuance was manifestly unreasonable. It certainly does not appear normal procedure to hold trial on Monday when the pleadings closed Friday.

VI. **The court erred in striking references to ULock's defenses relating to unclean hands based on the funding source deriving from unlawful gambling?**

In its Amended New Matter, ULock raised the defense of unclean hands. ULock alleged that Biros' source of the funds constituted unlawful gambling. R. 94a, ¶¶106-110. ULock stated it needed discovery to determine the validity of the funds. ULock averred at ¶88 that Biros proceeded in the manner she did as she attempted to conceal her funds. Biros filed preliminary objections seeking to strike the allegations as scandalous and impertinent. The court granted Biros' request. Apx. B, pages 2-3, ¶4. Shortly before the court ruled on the issue, the Attorney General of Pennsylvania announced charges for

organized gambling against Biros, John and Andy, all players in this case.[7]

Those criminal charges remain outstanding. *Commonwealth v. Biros*, CP-65-CR-0004707-2018 (C.C.P. Westmoreland).

ULock raised the issue before the criminal charges, so the allegation did not simply constitute a guess. Rather, in a suit at equity, where an unsecured creditor attempted to snatch property using novel theories, the door is open to examine the intentions and conduct of the party.

"The doctrine of unclean hands requires that one seeking equity must act fairly and without fraud or deceit as to the controversy at issue." *Terraciano v. Department of Transportation*, 753 A2d 233 (Pa. 2000).

The court found that the allegations of the origination of the funds did not bear any relevance to the underlying case, which involved a property dispute. Apx. H. However, as this Court can see from the events, the case blossomed from whether the original deeds were *void ab initio* to a trust formation. Certainly, in an equitable case, ULock should receive a full and fair opportunity to explore the matter during pretrial proceedings, discovery, and ultimately at trial. ULock could not have raised the issue at trial considering that the court struck the defense and allegations from the Amended New Matter.

---

7  https://www.attorneygeneral.gov/taking-action/press-releases/attorney-general-shapiro-charges-family-running-illegal-video-poker-operation-in-southwest-pa/

IN THE SUPERIOR COURT OF PENNSYLVANIA
WESTERN DIVISION

Appeal No. 1841 WDA 2019

CHRISTINE BIROS,
Plaintiff-Appellee,

vs.

U LOCK INC., a Pennsylvania corporation,
Defendant-Appellant.

Appeal from the Orders of the Honorable Harry F. Smail, Judge,
and the Honorable Anthony Marsili, Senior Judge, of the
Westmoreland County Court of Common Pleas entered on
September 6, 2018, April 4, 2019, May 6, 2019, August 22, 2019
and December 6, 2019.

BRIEF FOR APPELLEE CHRISTINE BIROS

William E. Otto, Esq. (PA 32716)
P.O. Box 701
Murrysville, PA 15668
(724) 519-8778
weo@ottolawfirm.com
COUNSEL FOR APPELLEE
CHRISTINE BIROS


EXHIBIT
tabbies
O

months. Appellant U Lock also had eighteen days to object to the setting of a trial date, and waited until three days before the trial to object. By failing to object within the reasonable time period set by the trial court, Appellant U Lock has waived its right to raise this issue. *Pa.R.C.P. Rule 216(C);* *Feingold,* at 20, 287; *Snyder,* at 452, 913; *Dublin Sportwear,* at 249, 1327.

**VI.   Whether Appellant U Lock has acted in bad faith by accusing Appellee Biros of unfounded criminal actions unrelated to this action**.

**A.   Summary of Appellant U Lock's Argument**

Despite having twice been directed to strike scandalous material from Appellant U Lock's filings, Appellant U Lock has re-raised its unfounded and unrelated assertions of criminal activity by Appellee Biros. *(Appellant's Brief, Appendix B; R.R. 561a-565a)* At various points in this case, Appellant U Lock has asserted, with no basis in fact, that Appellee Biros has been involved in illegal gambling operations and running a multi-million dollar gambling operation, and using the funds from this operation to pay for the Subject Property. *(R.R. 469a-470a)* After

Appellant U Lock twice added an unfounded allegation to its two Answers and New Matters, Appellee Biros filed Preliminary Objections and the trial court directed that those allegations be stricken. *(Appellant's Brief, Appendix B)* Appellant U Lock attempted to raise this allegation once again in its Motion for Post-Trial Relief and the trial court again directed that it be stricken. *(R.R. 561a-565a)* Appellant U Lock has now raised it again in its appeal brief and, keeping with its prior behavior, has offered no proof of the allegation or showing of relevance whatsoever.

### B.   **Statement of Relevant Facts**

The matter in which Appellee Biros was involved resulted in a misdemeanor count of disorderly conduct, with a *de minimis* fine. At most, Appellant U Lock can only assert that Appellee Biros was arrested.

There was no showing by Appellant U Lock that any of these allegations of illegal activities were true. There was also no showing by Appellant U Lock that any of these actions on the part

of Appellee Biros was in any way relevant to the matter at issue. *(Appellant's Brief, Appendix F, p. 8)*

## C.   <u>Appellee Biros' Argument</u>

Appellee Biros believes that Appellant U Lock has waived this argument. As pointed out by the trial court during argument on Appellant U Lock's Motion for Post-Trial Relief, Appellant U Lock had the opportunity during the trial to question Appellee Biros on the source of funds but declined to do so. As stated by the trial court, "So therefore, you are trying to raise a new matter that was not discussed, incorporated therein, or a part of the trial, and you're not giving the court a meritorious reason why you did not raise it then." *(R.R. 564a)* As determined by the trial court, Appellant U Lock waived the argument.

Further, Appellant U Lock has cited only one case, *Terraciano v. Com., Dept of Transp., Bureau of Driver Licensing, 562 Pa. 60, 753 A.2d 233 (2000)*, which is inapplicable to this case. *Terraciano* involved an individual who had appealed a driver's license suspension. After remand by Commonwealth Court of an appeal, the Department of Transportation failed to

move the case forward in the trial court for seven years. When it finally did, the defendant unsuccessfully sought dismissal. On appeal, it reached the Pennsylvania Supreme Court.

The Supreme Court stated, "A court may deprive a party of equitable relief where, to the detriment of the other party, the party applying for such relief is guilty of bad conduct relating to the matter at issue. The doctrine of unclean hands requires that one seeking equity act fairly and without fraud or deceit <u>as to the controversy in issue</u>." [Emphasis added.] *Terraciano*, at 237, citing *Shapiro v. Shapiro*, 415 Pa. 503, 204 A.2d 266, 268 (1964) and *Jacobs v. Halloran*, 551 Pa. 350, 710 A.2d 1098, 1103 (1998).

Appellant U Lock has cited absolutely no factual basis and no legal authority to support its allegations of Appellee Biros' illegal activities, or how such allegations relate to this matter. Legal conclusions made without proper supporting legal authority can be disregarded. *Bunt*, at 368, 1095, accord, *Berg*, at 815 and *Connor*, at 1118; *J.J. DeLuca Co., Inc.*, at 411.

Evidence of arrest without conviction is not admissible in a civil case. _Vetter v. Miller_, 157 A.3d 943, 950 (Pa.Super. 2017), citing _Smith v. Leflore_, 293 Pa.Super. 149, 437 A.2d 1250 (1981). Despite raising this claim and losing at several stages in the trial court, Appellant U Lock has raised the issue again in filings which are of public record. Statements by a defendant imputing to the plaintiff a criminal offense punishable by imprisonment constitutes _slander per se_. _Brinich v. Jencka_, 757 A.2d 388, 397 (Pa.Super. 2000). When a communication constitutes _slander per se_ a plaintiff is not required to prove special harm, i.e. pecuniary loss. _Brinich_, at 397.

It is also settled law that "...a party cannot use the post-trial motion stage as a vehicle for introducing new evidence that it could have submitted prior to the verdict through the exercise of reasonable diligence". _Drake Mfg. Co., Inc. v. Polyflow, Inc._, 109 A.3d 250, 261 (Pa.Super. 2015), citing _Claudio v. Dean Machine Company_, 574 Pa. 359, 831 A.2d 140 (2003). Particularly in this instance, Appellant U Lock could have questioned Appellee Biros on the source of funds during trial without alluding in any manner

to any criminal activity. Instead, by raising the issue at this stage, Appellant U Lock has attempted to correct its own case and prejudice Appellee Biros in the eyes of this Court, and has deprived Appellee Biros of the opportunity to defend herself and her reputation. *Drake, at 263*.

As set forth in the Opinion of Judge Anthony Marsili, Senior Judge, the alleged unclean hands must relate to the matter at issue, in this case, the dispute over the ownership of the Subject Property. Judge Marsili held that Appellant U Lock's allegation as to the source of Appellee Biros' funds is wholly immaterial to the matter at issue. Judge Marsili concluded that there existed a basis in fact and law to support the trial court striking any reference to illegal gambling activities by Appellee Biros. (*Appellant's Brief, Appendix H, p. 3-4*)

Counsel for Appellant U Lock is an attorney who has been practicing law for over forty years. Even if Appellant U Lock's principles felt this assertion against Appellee Biros was true and necessary, counsel for Appellant U Lock is responsible for the irrelevant statements made to the Court for the sole purpose of

prejudicing Appellee Biros. Appellee Biros believes a strong condemnation by the Superior Court is warranted against the actions of Appellant U Lock and its counsel for this unwarranted, unjustified and irrelevant claim.

### D.  Conclusion

In order to support a claim of unclean hands, there must be a showing that the conduct of a party has been unfair, fraudulent or deceitful and <u>related to the matter at hand</u>. *Terraciano, at 237.*

There has been no showing that any conduct of Appellee Biros has been unfair, fraudulent or deceitful, either related to this matter or otherwise. (*Appellant's Brief, Appendix H, p. 3*) To raise this unfounded claim in this proceeding, at this stage of the case, is manifestly unfair. It goes without saying that this argument of Appellant U Lock should be stricken.

Because of the multiple attempts to raise irrelevant and untrue allegations of Appellee Biros' conduct, Appellee Biros respectfully requests this Court to make a strong statement condemning the action of Appellant U Lock's counsel in continuing to raise this irrelevant issue.

# IN THE SUPERIOR COURT OF PENNSYLVANIA
## WESTERN DIVISION

### Appeal No. 1841 WDA 2019

### CHRISTINE BIROS,
**Plaintiff-Appellee,**

### vs.

### U LOCK INC., a Pennsylvania Corporation,
**Defendant-Appellant.**

Appeal from the Orders of the Honorable Harry F. Smail, Judge, and the Honorable Anthony Marsili, Senior Judge, of the Westmoreland County Court of Common Pleas entered on September 7, 2018, April 4, 2019, May 6, 2019, August 23, 2019, and December 9, 2019.

### REPLY BRIEF FOR APPELLANT, U LOCK INC.

J. Allen Roth, Esq. (PA 30347)
757 Lloyd Avenue, Suite B
Latrobe, PA 15650
(724) 537-0939
lawmatters@yahoo.com

**COUNSEL FOR APPELLANT
U LOCK INC.**



## V. The snap-trial did affect U Lock's rights.

Biros admits that the snap trial, scheduled during an *ex parte* meeting she had with the judge, occurred in violation of local procedure, but states that no harm to U Lock occurred. However, the prejudice to U Lock appears evident considering the issues above. The Estate parties filed their answer just a few days before trial. U Lock did not commence discovery because it did not fully know the issues at stake, so the trial proceeded before U Lock could explore the issues. U Lock logically waited until all parties filed their initial Answer before commencing discovery. While time went by, none of these scheduling issues were U Lock's fault. The Estates filed preliminary objections and Biros never challenged them delaying adjudication.

Westmoreland County's local rule establishes a code of conduct for scheduling trials. That code was relied upon by U Lock in how it handled the litigation. Certainly, if U Lock would have thought that a trial would be set without notice, before all the parties filed their Answer, it would have sought discovery sooner and prepared for trial.

## VI. Biros misrepresents the unclean hands defense, which was stricken before trial.

U Lock raised an affirmative defense of unclean hands in its Answer and alleged that Biros obtained the funds from unlawful activity. Biros sought to strike the defense as "scandalous" without stating why it was scandalous. The court struck the defense over the objections of U Lock. By striking the defense, U Lock could not seek discovery on the issue or raise the defense at trial. The defense was stricken. It was gone.

U Lock raised the defense prior to criminal charges for organized gambling being laid by the Attorney General against Biros. U Lock mentioned the criminal case in its argument before this Court not as its evidence, but simply to show that there existed a basis to raise the defense. The fact that Biros plead down the charges is not relevant as the civil case involves a preponderance of evidence standard and the criminal case is beyond a reasonable doubt.

Biros does not seem to understand that unclean hands is a defense to a case in equity. If Biros, who tossed around over $300,000 because her brother asked her to, obtained the money unlawfully through her money laundering operation, an unclean hands defense can be pursued. Indeed, "The doctrine of unclean hands requires that one seeking equity act fairly and without fraud or deceit as to the controversy at issue. The doctrine is

15

derived from the unwillingness of a court to give relief to a suitor who has so conducted himself as to shock the moral sensibilities of the judge." *Morgan v. Morgan* , 193 A.3d 999, 1005 (Pa. Super. 2018).

"The doctrine of unclean hands is ... far more than a mere banalty. It is a self-imposed ordinance that closes the doors of a court of equity to one tainted with inequitableness or bad faith relative to the matter in which he seeks relief, however improper may have been the behavior of the defendant. That doctrine is rooted in the historical concept of court of equity as a vehicle for affirmatively enforcing the requirements of conscience and good faith .... Thus while 'equity does not demand that its suitors shall have led blameless lives' ... as to other matters, it does require that they shall have acted fairly and without fraud or deceit as to the controversy in issue....." *Shapiro v. Shapiro*, 204 A.2d 266, 268 (Pa. 1964), citing *Precision Instrument Mfg. Co. v. Automotive Maintenance Machinery Co.*, 324 US 806, 814-815 (1945).

The error occurred when the court struck the defense prior to discovery and prior to trial, eliminating the ability to seek information about it or bring it up ever again. Biros then takes advantage of the fact that U Lock could not raise the issue at trial and suggests it was waived. Yet it would

have been contemptuous to try to raise a defense that the court struck.

This Court must reverse the sustaining of the preliminary objections, allow full discovery into the issue of the tainted funds and unclean hands defense, and allow a new trial thereafter where the defense can be fully raised at trial.

## CONCLUSION

Based on the above, this Court must reverse or vacate the judgment and remand with instructions to grant judgment in favor of U Lock, dismiss the case, or to grant a new trial.

Respectfully submitted,

U LOCK INC., a Pennsylvania corporation.

_____ /s/ J. Allen Roth, Esquire

J. Allen Roth, Esquire
757 Lloyd Avenue
Latrobe, PA  15650
(724) 537-0939

COUNSEL FOR APPELLANT

2021 PA Super 104

| | |
|---|---|
| CHRISTINE BIROS, AN INDIVIDUAL | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| U LOCK INC., A PENNSYLVANIA CORPORATION | |
| Appellant | No. 1841 WDA 2019 |

Appeal from the Judgment Entered January 6, 2020
In the Court of Common Pleas of Westmoreland County
Civil Division at No: 17 CJ 04886

BEFORE: SHOGAN, J., STABILE, J., and KING, J.

OPINION BY STABILE, J.:                    **FILED: MAY 21, 2021**

Appellant, U Lock Inc., appeals from the January 6, 2020 judgment entered in favor of Appellee, Christine Biros. We affirm.

The record reflects that, in 2014, Erik Martin agreed with the Estates of Nicholas Schur, Anne Sarris, Alex Schur, and Michael Schur (the "Estates") for the purchase of real property (the "Property") for $325,000. The agreement of sale listed the buyer as Erik Martin, incorporator of ULock, Inc. Martin failed to appear at the scheduled closing. A subsequent closing was scheduled for July 16, 2015. One day prior, on July 15, 2015, Appellant filed articles of incorporation.



EXHIBIT
Q

was deprived of the opportunity to test Appellee's claims through discovery, but Appellant fails to specify any additional discovery it would have sought. Likewise, Appellant does not explain precisely how the scheduled order hampered its ability to defend itself in this case. For these reasons, Appellant is not entitled to relief on this issue.

In its sixth and final assertion of error, Appellant claims the trial court erred in sustaining Appellee's preliminary objection to scandalous and impertinent material set forth in Appellant's answer and new matter to Appellee's complaint. Appellant alleged that the funds Appellee used to pay for the property were derived from illicit gambling activity. Rule 1028(a)(2) permits a preliminary objection for "failure of a pleading to conform to law or rule of court or inclusion of scandalous or impertinent matter[.]" Pa.R.C.P. No. 1028(a)(2). "In order to be scandalous or impertinent, 'the allegation must be immaterial and inappropriate to the proof of the cause of action.'" *Breslin v. Mountain View Nursing Home, Inc.*, 171 A.3d 818, 822 (Pa. Super. 2017) (**quoting *Common Cause/Pennsylvania v. Commonwealth of Pennsylvania***, 710 A.2d 108 (Pa. Commw. 1998)). We will reverse an order sustaining a preliminary objection only if the trial court committed an error of law or abuse of discretion. *Id.* at 822.

The trial struck the allegation as immaterial and inappropriate to this case of action. We agree. Whatever the source of Appellee's funds, she pled and proved that she paid for the Property expecting repayment, and that

- 13 -

Appellant has remained in possession and enjoyment of the Property ever since, without any apparent ability to make repayment. Thus, the source of Appellee's funds has no obvious bearing on the equities between the parties to this case. We discern no error of law or abuse of discretion in the trial court's decision.

For all the foregoing reasons, we affirm the trial court's judgment in favor of Appellee.

Judgment affirmed.

Judge King joins the opinion.

Judge Shogan concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/21/2021

- 14 -

# IN THE SUPREME COURT OF PENNSYLVANIA

No. _____

---

CHRISTINE BIROS,

Plaintiff-Respondent

v.

U LOCK INC.,

Defendant-Petitioner

---

## PETITION FOR ALLOWANCE OF APPEAL

---

On Petition for Allowance of Appeal from the Judgment of the Superior Court at No. 1841 WDA 2019 Affirming the Judgment of the Court of Common Pleas of Westmoreland County, Pennsylvania, Civil Division, at 17 CJ 04886

---

J. Allen Roth, Esq.  (PA ID 30347)
805 S. Alexandria Street
Latrobe, PA  15650
(724) 537-0939
lawmatters@yahoo.com

ATTORNEY FOR PETITIONER


EXHIBIT
R

Shogan concurs in the result. Judgment Entered." *See* Appendix A, page 14.

## III. QUESTIONS PRESENTED FOR REVIEW

1. Whether the Superior Court erred by sustaining the use of a constructive trust mechanism to transfer a defendant's property to an unsecured creditor, based on a defendant's purported insolvency, without ever determining the amount of debt due, or providing an opportunity to pay a sum certain, even though such relief was never demanded in the Complaint and notice to other unsecured creditors and interested parties given?

2. Whether the Superior Court erred by finding that the criminal source of loaned funds had no relevance in an equitable collection action?

## IV. STATEMENT OF THE FACTS AND THE CASE

In 2015, Christine Biros, "at the behest of her brother," provided a $309,000 unsecured loan *without setting the terms*. Appx. A at 1-2. U-Lock used the money to purchase a property. Biros sued but never mentioned the loan in her Complaint. Biros instead claimed she was entitled to the property solely because the Secretary of State rejected U-Lock Inc.'s incorporation documents and U-Lock did not resubmit them until after the property sale closed. Her position was that the deeds were

# CERTIFICATE OF SERVICE

William E. Otto, Esq. hereby certifies, that on the *16th* day of April, 2022, a true and correct copy of the foregoing **MOTION FOR SANCTIONS PURSUANT TO 42 Pa.C.S.A. § 2503(7) and (9) and PA.R.C.P. RULE 1023.1(d)** was served upon the following via First-Class U.S. Mail:

The Honorable Harry Smail
Westmoreland County Courthouse
2 N. Main St
Greensburg, PA 15601

John Tumolo, Esq.
Suite 1500 Frick Building
Pittsburgh, PA 15219
(Counsel for Kathleen S. Walter)

Dennis Del Cotto, Esq.
4345 Old William Penn Highway
Murrysville, PA 15668
(Counsel for Denise Schur, Henry L. Moore, Susan Stano and Cynthia Sarris)

J. Allen Roth, Esq.
757 Lloyd Avenue Extension, Suite B
Latrobe, PA 15650
(Counsel for U Lock, Inc.)

William E. Otto, Esq.
Counsel for Plaintiff