IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

In re:  U LOCK INC. a/k/a              )
U-LOCK INC.                             )    Bank. 22-20823-GLT
                                        )
            Debtor.                     )    Chapter 7
                                        )
─────────────────────────────── )    Entry 315


## DECLARATION OF J. ALLEN ROTH, ESQ.

I, J. Allen Roth, Esq., state:

1. My name is J. Allen Roth, Esq.  I am legal counsel for U Lock Inc., the Debtor.

2. The purpose of this declaration is to advise the Court of all contacts I had or U Lock Inc. had with the Court of Common Pleas of Westmoreland County, Pennsylvania (Smail, J.) or other state courts relating to this matter.

**background**

3. At the time Shanni Snyder filed the involuntary bankruptcy in late April 2022, several matters were pending before the state courts as to U Lock Inc.

4. First, the State Supreme Court still maintained control of the case, having delayed remission of the record to provide U Lock Inc. an opportunity to seek *certiorari* with the United States Supreme Court.  Considering that, it is unclear what authority the Common Pleas Court had to start taking action and rendering Orders.

5. Unbeknownst to U Lock, on January 23, 2022, Christine Biros' counsel, William Otto, obtained an Order from Judge Smail releasing certain deeds that were in escrow. Judge Smail objected to my terminology as this being an "ex parte" Order and he made it clear that it was a "unilateral" Order made after paralegal (Mr. Otto's office) to law clerk (court) communication, rather than attorney to judge communication.

6. U Lock filed a motion to reconsider and for permission to take a *nunc pro tunc* appeal because it was admittedly done without notice.  That motion was pending at the time

of the bankruptcy.

7. Additionally, William Otto served – but never filed on the public docket with the Prothonotary – his motion for sanctions and the motion for possession. Those motions, despite never being docketed, were pending before Judge Smail at the time of the bankruptcy.

8. Finally, I had filed preliminary objections to the motion for writ of possession because my research of Pennsylvania law indicated that possession or ejectment required a separate lawsuit. Those objections were pending.

**Post-Bankruptcy Occurrences and My Interactions with the State Court**

9. On May 5, 2022, Christine Biros' counsel served various documents and so-called "evidence" he intended to submit at a hearing he self-scheduled for May 13, 2022.

10. On May 11, 2022, Christine Biros' counsel sent a letter advising he was presenting his evidence at the May 20, 2022, hearing.

11. On May 12, 2022, Petitioning Creditor Snyder emailed my office with a Notice of Bankruptcy. This was the first time I learned of the bankruptcy petition. As of this date, the bankruptcy petition and summons had not been served.

12. On May 13, 2022, the Judge Smail entered three Orders in the state case including one denying my motion for reconsideration or permission for a *nunc pro tunc* appeal of the January 23, 2022, Order, one granting possession, and one about the caption of the case. I attach these Orders at Attachments 1, 2, and 3.

13. On May 19, 2022, I filed a motion to correct the caption on a document I filed before the bankruptcy. This motion is at Attachment 4. I filed this motion because Judge Smail directed me to. At the time I filed it, I was not aware he already issued an Order correcting the caption.

14. On May 19, 2022, I filed a Notice of Bankruptcy with the Court of Common Pleas.

This Notice is at Attachment 5. I filed this to make a formal record of the bankruptcy because I knew that a hearing was the next day and I wanted to pointedly advise the Court that it had no jurisdiction over most of the things at the hearing.

15. On May 19, 2022, I filed objections and a response to Exhibits that William Otto served on May 5, 2022. These objections are attached as Attachment 6. I specifically advised Judge Smail in the objections that a stay existed due to the bankruptcy.

16. On May 20, 2022, I personally appeared before Judge Smail pursuant to the hearing that William Otto scheduled on behalf of Christine Biros. During that hearing, I repeatedly advised Judge Smail of the automatic stay.

17. On May 23, 2022, U Lock received service of the bankruptcy summons.

18. On May 23, 2022, I filed two defensive notices of appeal from Judge Smail's May 13, 2022, Orders to the Superior Court of Pennsylvania. They are found at Attachments 7 and 8. These appeals were to maintain the rights of U Lock, to preserve the status quo, and were defensive in nature. Pursuant to *Senso LLC v. New Rez LLC*, 2022 WL 1055936 (9th Cir. BAP 2022), U Lock's position is that these appeals remain valid even though the Orders are not.

19. On May 23, 2022, Judge Smail issued an Order directing me to provide a Rule 1925 statement to advise him of the issues that U Lock intended to raise on appeal. *See* Attachment 9.

20. I did not respond to the May 23, 2022, Order.

## My Interactions with the Superior Court

21. The Superior Court docketed four different appellate proceedings including a case filed by Shanni Snyder, an appeal filed by Mark Mycka a U Lock customer, and U Lock's two appeals.

22. I am providing the docket sheets of all four appeals at Attachments 10, 11, 12 and 13.

23. In all four appeals, on June 23, 2022, I filed a notice of bankruptcy as shown by Attachment 14.

24. The Superior Court of Pennsylvania issued a show cause to me asking about the bankruptcy stay considering Christine Biros' motion filed seeking to dismiss the case and/or annul the stay. I assume they looked at the bankruptcy docket.

25. On August 2, 2022, I filed a response as *amicus curiae* advising the Court that a stay existed.

26. Thereafter, the appellate court issued a stay in all four cases.

27. I am not aware of any other interactions that U Lock had with the state courts.

I, J. Allen Roth, Esq., certify under penalty of perjury that foregoing is true and correct.

Respectfully submitted,

*/s/ J. Allen Roth, Esq.*
J. Allen Roth, Esq.
805 S. Alexander Street
Latrobe PA  15650
lawmatters@yahoo.com
federal@jarothlaw.com
(724) 537-0939

COUNSEL FOR U LOCK INC