**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

In Re: U LOCK INC.                                    Bankruptcy No.: 22-20823-GLT

    **Debtor,**

                     Chapter 7

_____

**SHANNI SNYDER, as assignee of Robert Slone,
Chapter 7 Trustee for U Lock Inc.,**

   **Plaintiff,**

v.                                                    Adv. Proc. No.:

**CHRISTINE BIROS, and the
BIROS IRREVOCABLE LIFE INSURANCE
TRUST,**

   **Defendants.**

## ADVERSARY COMPLAINT

  AND NOW, comes Shanni Snyder, as assignee of Robert Slone, Chapter 7 Trustee for U Lock, Inc., by and through her undersigned counsel, and submits the within Adversary Complaint, and in support thereof, states as follows:

### Parties

  1. The Plaintiff is Shanni Snyder, an adult individual with an address of 14390 US Rt. 30, North Huntington, Pennsylvania, 15642.

  2. Defendant Christine Biros ("Biros"), an adult individual with an address of 435 Millers Lane, Plum Boro, Pennsylvania, 15239.

  3. Defendant Biros Irrevocable Life Insurance Trust ("Trust") is a trust with an address of 3001 Jacks Run Road, White Oak, PA 15131.

  4. Collectively Biros and the Trust will be referred to as "Defendants."

## Jurisdiction and Venue

5. On April 27, 2022, the Plaintiff filed an involuntary petition for relief under Chapter 7 of title 11 of the United States Code (the "Bankruptcy Code") against U Lock, Inc., in the United States Bankruptcy Court for the Western District of Pennsylvania. The Court ultimately granted the involuntary petition and entered the Order for Relief under Chapter 7 (Doc. No. 42).

6. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§157 and 1334.

7. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

8. This is a core proceeding pursuant to 28 U.S.C. §157(b)(1) and (2)(A), (F), (H), (K), (N) and (O).

9. The Plaintiff consents to the jurisdiction of this Honorable Court and the entry of a final order by the Court.

## Facts

10. The claims herein involve a property located at 14140 Route 30, North Huntingdon, Pennsylvania (the "Property").

11. The Plaintiff purchased these claims from the Chapter 7 Trustee pursuant to an Order of Court dated December 20, 2022.

12. The Property is a commercial property that currently has storage units in place.

13. In approximately 2015, John Biros and Christine Biros (the "Biros Parties"), George Snyder and Kash Snyder (the "Snyder Parties"), as well as others, discussed forming an entity to purchase the Property.

14. The Biros and Snyder Parties believed that the Property could be acquired at a favorable price and be further developed to substantially increase its value.

15. As such, the Biros and Snyder Parties attempted to form U Lock, Inc., in an effort to be the purchaser of the Property.

16. U Lock, Inc.'s initial filing with the Pennsylvania Department of State deemed defective with the Pennsylvania Department of State for technical reasons.

17. Ultimately, U Lock, Inc. was properly formed with the Pennsylvania Department of State.

18. The Biros and Snyder Parties, through U Lock, Inc., obtained a $325,316.00 loan from Biros to purchase the Property. No formal loan documents were executed between the parties, and in fact, Biros only tendered the amount of $309,000 at the time of the sale.

19. Ultimately, U Lock, Inc., did purchase the Property and deeds for the Property were ultimately recorded with U Lock, Inc., being the owner.

20. The Deeds are a matter of public record and incorporated herein by reference.

21. In approximately October of 2017, Biros filed suit against U Lock, Inc. A true and correct copy of the Complaint is attached hereto as **Exhibit A.**

22. The suit sought a determination from the Westmoreland County Court of Common Pleas that the Property should be deeded to Biros.

23. Throughout this time the Biros Parties and the Snyder Parties continued to discuss the development of the Property and acted in a manner that demonstrated the existence of agreement regarding U Lock, Inc. This included weekly meetings with Biros as well as near daily meetings between the Snyder Parties and John Biros.

24. On February 13, 2018, deeds conveying the property to U Lock, Inc., were tendered and were recorded on or about March 1, 2018, with the Westmoreland County Recorder of Deeds, at instrument numbers 201803010006263, 201803010006264, 201803010006265, and 201803010006267.

25. Ultimately, on August 23, 2019, the Westmoreland County Court of Common Pleas entered an Order regarding the Property. A true and correct copy of the Order is attached hereto as **Exhibit B.**

26. In large part, the Court determined that Biros was the source of funds for the purchase of the Property, that at the time of the purchase of the Property U Lock, Inc. was not a valid entity with the Commonwealth of Pennsylvania, but that the 2018 deeds did convey ownership to U Lock, Inc., that U Lock, Inc. had no ability to repay Biros and that the imposition of a Trust in her favor would prevent an unjust enrichment to U Lock, Inc.

27. Upon the transfer of the Property to Biros, the Debtor was left with negligible assets and was insolvent.

28. Further, the value of the Property is believed to be substantially greater than any amount owed to Biros.

29. On January 26, 2022, Biros recorded deeds for the Property in her name. The Deeds are recorded at Instrument Numbers 202201250003084, 202201250003085, 202201250003086, and 202201250003087.

30. On or about February 11, 2022, the Trust was granted a mortgage on the Property. The reason for the granting of the mortgage is unclear and the Plaintiff believes, and therefore avers, that it was placed on the Property to cloud title. The mortgage was recorded with the Westmoreland County Recorder of Deeds at Instrument 202202110005448.

31. Biros is an insider of the Debtor as (1) she acted as a director the enterprise; (2) she acted as an officer of the enterprise; (3) she acted as a person in control of the enterprise; (4) she is a close relative of officers, directors and persons in control or who exerted control of the enterprise.

**32.** Furthermore, for similar reasons, the Defendant Trust herein is an insider of the Debtor. Additionally, based on information and belief, the Biros Irrevocable Life Insurance Trust is a vehicle created by members of the Biros family to hold certain assets. As such, it would also be an insider to the extent that the beneficiaries or control of the Trust are relatives of Christine Biros. Further, it is believed that Biros is or has acted as Trustee of the Trust.

## COUNT I- PREFERENCE PURSUANT TO 11 U.S.C. §547

33. The Plaintiff incorporates the preceding paragraphs by reference as if set forth at length herein.

34. Biros received property of the Debtor in the form of a Deed recorded on or about January 26, 2022.

35. The Trust received Property in the form of a Mortgage subsequently granted on the Property.

36. As set forth above, the Defendants are insiders of the Debtor.

37. The transfer of the Property and the granting of a Mortgage constitute transfers of property of the Debtor to a creditor and/or insider of the Debtor.

38. The transfer of property was made for or on the account of an antecedent debt.

39. By virtue of the transfer of the Property and the granting of the mortgage, the Defendants received more than they would have received had the transfer not occurred and the estate been liquidated pursuant to Chapter 7 of the Bankruptcy Code.

40. As such, the payments constitute avoidable preferences pursuant to Section 547 of the Bankruptcy Code.

WHEREFORE, the Plaintiff respectfully requests that judgment be entered in her favor against the Defendants, together with costs of suit and all other relief this Court deems fair and just under the circumstances, including, but not limiting to the recovery of the Property and the striking of the Mortgage.

## COUNT II- PREFERENCE PURSUANT TO 11 U.S.C. §550

41. The Plaintiff incorporates the preceding paragraphs by reference as if set forth at length herein.

42. The Defendants were initial transferees of the property or the immediate or mediate transferees of such initial transferee of the Property.

43. As such, the Plaintiff is permitted to recover the transfer from the Defendants in accordance with 11 U.S.C. §550(a).

WHEREFORE, the Plaintiff respectfully requests that judgment be entered in her favor against the Defendants, together with costs of suit and all other relief this Court deems fair and just under the circumstances, including, but not limiting to the recovery of the Property and the striking of the Mortgage.

**COUNT III- FRAUDLENT TRANSFER PURSUANT TO 11 U.S.C. §548(a)(1)(A)**

44.    The Plaintiff incorporates the preceding paragraphs by reference as if set forth at length herein.

45.    The transfer of the property and placement of the mortgage on the property were for the benefit of the Defendants and within two (2) years of the Petition Date.

46.    The transfers were made directly to the Defendants and benefited the Defendants as they received a valuable asset that was or should have been owned by the Debtor.

47.    The transfers were made with the actual intent to hinder, delay or defraud the Plaintiff and the creditors of the Debtor who were owed money by the Debtor.

48.    The transfers were to the actual detriment of the Debtor's creditors.

WHEREFORE, the Plaintiff respectfully requests that judgment be entered in her favor against the Defendants, together with costs of suit and all other relief this Court deems fair and just under the circumstances, including, but not limiting to the recovery of the Property and the striking of the Mortgage.

**COUNT IV- FRAUDULENT TRANSFER PURSUANT TO 11 U.S.C 548 (a)(1)(B)**

49. The Plaintiff incorporates the preceding paragraphs by reference as if set forth at length herein.

50. The transfer of the property and placement of the mortgage on the property were for the benefit of the Defendants and within two (2) years of the Petition Date.

51. The transfers were made directly to the Defendants and benefited the Defendants as they received a valuable asset that was or should have been owned by the Debtor.

52. The transfers were made with the actual intent to hinder, delay or defraud the Plaintiff and the creditors of the Debtor who were owed money by the Debtor.

53. The transfers were to the actual detriment of the Debtor's creditors.

WHEREFORE, the Plaintiff respectfully requests that judgment be entered in her favor against the Defendants, together with costs of suit and all other relief this Court deems fair and just under the circumstances, including, but not limiting to the recovery of the Property and the striking of the Mortgage.

**COUNT V- FRAUDULENT TRANSFER PURSUANT TO 11 U.S.C. §544(b) AND 12 PA C.S. §5104**

54. The Plaintiff incorporates the previous paragraphs by reference as if set forth at length herein.

55. The transfer of the Property was made by the Debtor benefited the Defendants within four (4) years of the Petition Date.

56. The transfer of the Property was a transfer of an interest of the Debtor in the Property.

57. The transfer was made for the direct benefit of the Defendants who each obtained interests in the Property to the detriment of the Debtor's creditors.

58. At the time of the Transfer, there existed creditors holdings claims (both secured and unsecured) against the Debtor.

59. Despite its debts to various creditors, the transfer was made for the benefit of the Defendants and the Debtor received no value for the Transfer.

60. The transfer was done to hinder, delay or otherwise defraud or cause creditors of the Debtor to not receive payment on their claims.

61. The transfer was made without the Debtor receiving reasonably equivalent while at the same time leaving virtually no meaningful assets available for the Debtor and rendering the Debtor unable to pay its creditors.

WHEREFORE, the Plaintiff respectfully requests that judgment be entered in her favor against the Defendants, together with costs of suit and all other relief this Court deems fair and just under the circumstances, including, but not limiting to the recovery of the Property and the striking of the Mortgage.

## COUNT V- FRAUDULENT TRANSFER PURSUANT TO 11 U.S.C. §544(b) AND 12 PA C.S. §5105

62. The Plaintiff incorporates the previous paragraphs by reference as if set forth at length herein.

63. The transfer of the Property was made by the Debtor benefited the Defendants within four (4) years of the Petition Date.

64. The transfer of the Property was a transfer of an interest of the Debtor in the Property.

65. The transfer was made for the direct benefit of the Defendants who each obtained interests in the Property to the detriment of the Debtor's creditors.

66. At the time of the transfer, there existed creditors holding claims (both secured and unsecured) against the Debtor.

67. At the time of the transfer, or as a result thereof, the Debtor was or was rendered insolvent and unable to pay its outstanding obligations.

68. Despite its debts to various creditors, the transfer was made for the benefit of the Defendants and the Debtor received no value for the Transfer.

69. The transfer was made without the Debtor receiving reasonably equivalent and/or for less than fair consideration, while at the same time leaving virtually no meaningful assets available for the Debtor and rendering the Debtor unable to pay its creditors.

WHEREFORE, the Plaintiff respectfully requests that judgment be entered in her favor against the Defendants, together with costs of suit and all other relief this Court deems fair and just under the circumstances, including, but not limiting to the recovery of the Property and the striking of the Mortgage.

**COUNT VI- RECOVERY OF AVOIDED TRANSFER PURSUANT TO 11 U.S.C. §550**

70. The Plaintiff incorporates the previous paragraphs by reference as if set forth at length herein.

71. To the extent that the transfer of the Property is avoided, the Plaintiff is entitled to recover the transferred Property or the value thereof from the Defendants.

WHEREFORE, the Plaintiff respectfully requests that judgment be entered in her favor against the Defendants, together with costs of suit and all other relief this Court

deems fair and just under the circumstances, including, but not limiting to the recovery of the Property and the striking of the Mortgage.

                                            Respectfully Submitted,

Date: February 28, 2023                    /s/ *David L. Fuchs*
                                            DAVID L. FUCHS
                                            PA I.D. #205694
                                            Fuchs Law Office, LLC
                                            554 Washington Ave, First Floor
                                            Carnegie, PA  15106
                                            (412) 223-5404 (phone)
                                            (412) 223-5406 (facsimile)
                                            dfuchs@fuchslawoffice.com

                                            AND

                                            /s/ *John P. Lacher*
                                            JOHN P. LACHER
                                            PA I.D.#62297
                                            The Lynch Law Group
                                            501 Smith Drive, Suite 3
                                            Cranberry Township, PA 16066
                                            (724) 776-8000
                                            (724) 776-8001
                                            jlacher@lynchlaw-group.com

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| In Re: U LOCK INC. | Bankruptcy No.: 22-20823-GLT |
| **Debtor,** | |
| | Chapter 7 |
| _____ | |
| **SHANNI SNYDER, as assignee of Robert Slone,** **Chapter 7 Trustee for U Lock Inc.,** | |
| **Plaintiff,** | |
| v. | Adv. Proc. No.: |
| **CHRISTINE BIROS, and the** **BIROS IRREVOCABLE LIFE INSURANCE TRUST,** | |
| **Defendants.** | |

**CERTIFICATE OF SERVICE**

David L. Fuchs hereby certifies, that on the 28th day of February, 2023, a true and correct copy of the foregoing was served upon the following *(via electronic service)*:

Office of the U.S. Trustee
970 Liberty Center
Bldg.1001 Liberty Avenue
Pittsburgh, PA 15222

Robert H. Slone, Trustee
223 South Maple Avenue
Greensburg, PA 15601

**Robert S. Bernstein**
Bernstein-Burkley, P.C.
601 Grant Street
Ste 9th Floor
Pittsburgh, PA 15219
rbernstein@bernsteinlaw.com

William E. Otto
PO Box 701
Murrysville, PA 15668


Date: <u>February 28, 2023</u>         <u>*/s/ David L. Fuchs*</u>
                                        DAVID L. FUCHS
                                        PA I.D. #205694
                                        Fuchs Law Office, LLC
                                        554 Washington Ave, First Floor
                                        Carnegie, PA  15106
                                        (412) 223-5404 (phone)
                                        (412) 223-5406 (facsimile)
                                        dfuchs@fuchslawoffice.com