**BERNSTEIN ▫ BURKLEY**
ATTORNEYS AT LAW

A business approach to legal service ℠

**Robert S. Bernstein**
rbernstein@bernsteinlaw.com | (412) 456-8101

Board Certified in Business Bankruptcy Law and
Creditors' Rights Law - American Board of
Certification

February 27, 2023

Robert Slone, Esq., Trustee
Mahady & Mahady
223 South Maple Avenue
Greensburg, PA 15601

## Settlement Agreement

Re: Christine Biros v. U-Lock, Inc.
Our File Number: 3626-001

Dear Mr. Slone:

This will follow on our several conversations related to the various claims asserted by Christine Biros in the U Lock case. You and I agreed that we have reached the point where there is enough information available to allow us to come to an overall resolution of the Biros claims. This letter will set out terms for a settlement of the various claims, which we have agreed to as a package, to be supported by a Joint Motion under Rule 9019 which we will file on or about March 1, when Ms. Biros will have also filed an Amended Motion for Payment of Administrative Expense.

As you and I discussed, we have filed Objections to the filed claims of Shanni Snyder (Claim #1) and George Snyder (Claim #5). While we will file and prosecute the Objections, we have discussed the bases for the Objections with you and you have agreed to reasonably support our efforts.

We have also discussed the testimony of George Snyder that there was a sale of an asset in November of 2021, which resulted in a debt repayment of $38,000 to George Snyder and $7,000 to Tammy Snyder. We have agreed that you will pursue recovery of the preferential transfers and that Ms. Biros will reasonably support your efforts.

This settlement is a comprehensive settlement of the various claims listed and represents a combined compromise to save the potential litigation expense and risk to both the Estate and to Ms. Biros. The amounts agreed are interdependent and not severable without the express written consent of Ms. Biros. If the Court declines to approve the settlement as a whole, the proposed compromises of the other claims will not be enforceable against Ms. Biros without her expressed written consent and, failing that consent, she shall have the right to prosecute her claims without being limited by these proposed compromises.

The settlement is dependent upon approval by the Bankruptcy Court, upon appropriate Order(s) allowing the four claims in the amounts agreed herein.

Robert Slone, Esq.
February 27, 2023
Page 2

As to the Biros claims:

1. Administrative Rent Claim:

Now that the December 15 sale of assets has closed and the personal property has been removed from Biros' real property, and we have the opportunity to dig more deeply in the various metrics to be considered for a claim under §503(b), so we both have a better idea of what a fair claim might be in the context of the overall estate. Notwithstanding our arguments for a more significant claim, we have analyzed the administrative rent claim in a few different ways. We have provided you with our legal arguments and calculations.

While we think there are reasonable legal arguments that could be made for a higher administrative claim, our combined updated view of the case is that we need not fight that fight based on the likely assets in the case and the overall settlement consideration.

Ms. Biros is also not interested in a fight with you over whether the Trustee fees and reasonable attorneys' fees will be paid first or will be prorated with her administrative claim. She understands that your fees enjoy a high priority, and she is not interested in interfering with that. So, under this overall settlement proposal, her expected administrative claim is low enough as to not interfere with your getting paid on any allowed claim.

Therefore, we have agreed to an allowance of $2000 per month for the 9-month period for a total of $18,000 as an Administrative Expense priority claim. The allowed administrative expense claim will be paid upon approval by the Court.

2. Real Estate Tax Claim (Claim #2)

Claim #2 is for real estate taxes which the Debtor was ordered by the Pennsylvania Supreme Court to be paid by U Lock. The entire filed claim amount of $20,642.53 was incurred prior to the petition date. Since the Petition Date, another $6,201.87 has accrued, which we believe is also entitled to priority status. The entire $27,701.59 should be entitled to priority status under 505(a)(8)(B). We propose that you agree to allowance at that priority status. We will be amending Claim #2 to reflect the updated postpetition taxes.

The Westmoreland County Tax Claim Bureau has not yet filed its own claim for these taxes, but based on the order of the Supreme Court and Christine's ownership of the property, Ms. Biros can maintain that claim, since she will bear the expense if not paid by the Estate. In the event the Tax Claim Bureau files a claim for the same taxes, Ms. Biros agrees that only one claim need be paid as a priority.

3. Prepetition Rent Claim (Claim #3)

Pursuant to the litigation in Westmoreland County, it was determined that Biros was the beneficial owner of the property since July 2015. Under Pennsylvania case law and the theory of quantum meruit, Ms. Biros should be entitled to the fair rental value of the property from that date until it was returned to her.

The prepetition period was from July 2015 to April 2022, a period of 81 months. Even recognizing the limited size of the estate and the discounted distributions that might be made on this claim, Ms. Biros believes that the main aim of the actions of the Snyders and the Debtor have been to allow U Lock to use the

Robert Slone, Esq.
February 27, 2023
Page 3

property (and, perhaps to deprive Ms. Biros of the use) and, as such, she should receive a claim for the full value of the fair market rent for the property. In our negotiations, you have prevailed upon Ms. Biros to heavily compromise even this prepetition claim by reducing it to the same metric that was used for the settlement of the administrative claim. We have agreed to compromise this prepetition claim for $162,000 as part of our overall deal.

4. Environment Claim (Claim #4)

This claim, as well as the presence of substantial sources of hazardous waste on the site, has previously been discussed in one of more hearings. It seems undisputed that a garbage truck caught fire when parked on the U Lock property between the Petition Date and the Order for Relief. Judge Taddonio has already indicated that it is likely not ordinary course so, occurring in the Gap Period, it is likely a prepetition claim rather than an administrative priority claim. The undisputed report of American Geosciences, Inc. from January, 2020 as well as its Affidavit from May, 2022, layout the presence of hazardous waste on the property, for which U Lock would have liability under Pennsylvania statutes. Therefore, we are treating the entire environmental claim as one claim.

For the purpose of coming to an overall agreement for the allowance of claims, we have agreed to have this claim allowed at $200,000 as unsecured and non-priority.

This letter represents a Settlement Agreement with respect to the claims:

- Administrative Expense Claim at $18,000;
- Priority Tax Claim #2 - $27,701.59;
- Prepetition Rent Claim #3 - $162,000; and
- Prepetition Remediation Claim #4 - $200,000.

under the terms hereof. Please countersign this letter and return it to me by February 28, as evidence of your agreement to the listed terms. Thank you.

Very truly yours,
BERNSTEIN-BURKLEY, P.C.

Robert S. Bernstein

RSB/rsb

Cc: William E. Otto, Esq.
Christine Biros

Agreed:

_Robert Slone, Trustee_  2/28/2023
Robert Slone, Trustee of the Estate of U Lock, Inc.