IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE:<br><br>U LOCK INC.,<br><br>    Debtor, | BANKRUPTCY NO. 22-20823-GLT<br><br>CHAPTER 7 |
| Christine Biros,<br><br>    Movant,<br>v.<br><br>Robert H. Slone,<br>Chapter 7 Trustee for the Estate of<br>U LOCK INC.,<br><br>    Respondent | Doc. No.<br><br>Related to Doc. Nos.: 258, 277, 345 and 346<br><br><br>Hearing Date and Time:<br>April 13, 2023 at 1:30pm |

**OBJECTION TO CONSENT MOTION TO APPROVE SETTLEMENT AGREEMENT PURSUANT TO RULE 9019 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE**

    AND NOW, comes Shanni Snyder, a creditor of the Debtor and a party-in-interest herein, by and through her undersigned Counsel, and files this Objection to Consent Motion to Approve Settlement Agreement Pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure as follows:

1. Chapter 7 Trustee Robert H Slone ("Trustee") and Christine Biros ("Biros") have entered into a Settlement Agreement which purports to be "a comprehensive settlement of the various claims listed and represents a combined compromise to save the potential litigation expense and risk to both the Estate and Ms. Biros".

2. The listed claims subject to settlement are:

    a. An Administrative Rent Claim;

    b. A Real Estate Tax Claim;

    c. A Prepetition Rent Claim; and

    d. An Environment Claim.

3. Biros has filed a Motion seeking approval of the Settlement Agreement and has represented in said Motion that the Trustee consents to approval.

4. To the extent that the Settlement Agreement seeks to bind other parties-in-interest herein such as Shanni Snyder and establish a final allowance of the listed claims without an opportunity for other parties-in-interest to contest same, Shanni Snyder objects.

5. As the Court is aware, Shanni Snyder has commenced an avoidance action which is currently pending before this Honorable Court. If Ms. Snyder is successful in said action, the listed claims, which are based upon Biros' purported ownership of certain real property, would become moot.

6. If the transfer of the real property underlying Biros' claims is avoided, Biros would have no claim for rent, no claim for real estate tax debt incurred and no claim for alleged environmental damages to the real property.

7. Even if Ms. Snyder is ultimately unsuccessful in avoiding the transfer, it is averred that the claims are problematic for a variety of reasons. For example, the rent claims seem not only excessive in relation to fair market value, but Biros seeks rent for several years prior to her obtaining the transfer of the real property. It is difficult to see how Biros is entitled to rent payments regarding real property owned by someone else. Further, Biros apparently obtained a transfer of the real property in lieu of a money judgment to avoid an unjust enrichment. For Biros to recover the property to compensate her for monies expended and then to receive rent in addition would result in double compensation to Biros which would, in itself, constitute an unjust enrichment to Biros. Likewise, the environmental claim is not based upon monies paid to remediate the real property but rather is based upon a unilateral estimate provided by Biros which has not been subject to challenge or scrutiny. Further still, the estimate provided by Biros sets forth a range of possible damage costs with the low end of the range being $125,000.00. Yet Biros claims $200,000.00. Oddly, the alleged damages occurred during the gap period herein and were related to actions caused by Big's Sanitation Inc. which is believed to be a fully insured entity. Yet no claim has been filed against

said entity in order to access the insurance to fund any required cleanup. As such, it is believed that there are ample grounds for parties-in-interest to object to the claims listed in the Settlement Agreement.

8. However, to go through the claim objection process with all of the time and expense attendant thereto when said claims may well become moot via the pending avoidance action would be a poor use of resources, including the use of the judicial resources of this Honorable Court.

9. As such, to the extent that approval of the Settlement Agreement between Biros and the Trustee results in Shanni Snyder and other parties-in-interest herein being precluded from objecting to the listed claims, approval should be denied.

WHEREFORE, it is respectfully submitted that this Honorable Court should deny approval of the proposed settlement or, in the alternative, make clear that the settlement is in no way binding upon other parties-in-interest herein.

Respectfully Submitted,

Date: March 16, 2023

*/s/ John P. Lacher*
John P. Lacher
PA I.D. #62297
501 Smith Drive, Suite 3
Cranberry Twp., PA 16066
(724) 776-8000 (Phone)
(724) 776-8001 (Fax)
jlacher @lynchlaw-group.com

and

*/s/ David L. Fuchs*
David L. Fuchs
PA I.D. #205694
Fuchs Law office, LLC
554 Washington Avenue, First Floor
Carnegie, PA 15706
(412) 223-5404 (Phone)
(412) 223-5406 (Fax)
dfuchs@fuchslaw.com

Counsel for Shanni Snyder