# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE:<br><br>U LOCK INC.,<br><br>    Debtor, | BANKRUPTCY NO. 22-20823-GLT<br><br>CHAPTER 7 |
| Christine Biros,<br><br>    Movant,<br>v.<br><br>Shanni Snyder,<br><br>    Respondent | Doc. No.<br><br>Related to Doc. Nos.: 340 and 341<br><br><br>Hearing Date and Time:<br>April 13, 2023 at 1:30pm |

## RESPONSE TO OBJECTION TO CLAIM NUMBER 1 FILED SHANNI SNYDER

AND NOW, comes Shanni Snyder, a creditor and a party-in-interest in the above Chapter 7 Case and the Respondent in regard to the above-referenced Objection to Claim, by and through her undersigned Counsel, and files this Response to Objection to Claim Number 1 Filed by Shanni Snyder as follows:

1. On May 27, 2022, Shanni Snyder filed Claim No. 1 herein asserting a claim against the Debtor in the amount of $263,100.00.
2. Ms. Snyder's claim is based upon a judgment entered by the United States District Court for the Western District of Pennsylvania on October 18, 2021 in favor of Ms. Snyder and against the Debtor.
3. Ms. Snyder's Claim is based upon the judgment amount awarded with no additions of any other amounts such as accrued interest, i.e. the amount of the Claim matches the judgment awarded and entered.
4. No action was taken by the Debtor, or anyone else, to seek relief from the judgment entered in favor of Ms. Snyder in the District Court pursuant to Rule 60 of the Federal Rules of Civil Procedure.

5. Although the judgment was entered by default, it should be noted that when Debtor failed to file an Answer to Ms. Snyder's Complaint, the District Court scheduled a "Hearing, Argument and taking of evidence and/or testimony" pertaining to propriety of default judgment and a determination of the damages related thereto.

6. On October 18, 2021, the District Court convened its hearing regarding the propriety of default judgment at which the following actions occurred:

    a. The District Court recounted the procedural background of the case;

    b. The District Court cited the legal standard applicable to the case;

    c. The District Court noted that it had reviewed the entire case record prior to the hearing;

    d. The District Court heard Ms. Snyder's testimony under oath;

    e. The District Court found that default judgment was appropriate and explained the District Court's reasoning; and

    f. The District Court issued an Order entering default judgment in favor of Ms. Snyder and against the Debtor.

7. Christine Biros ("Biros") has objected to Ms. Snyder's claim raising a variety of arguments and defenses that were never raised when the case was pending in the District Court almost two (2) years ago.

8. Ms. Snyder disputes the various arguments and defenses raised and reiterates that she performed services for the Debtor, she was not properly paid for said services, she filed suit based upon the foregoing and had a judgment entered in her favor by the District Court after it considered evidence and took testimony under oath. As such, Ms. Snyder's claim is valid, proper and should be allowed in its entirety.

9. In addition to the arguments raised by Biros questioning the facts underlying Ms. Snyder's already entered, final judgment, Biros makes a judicial estoppel argument asserting that Ms. Snyder's failure to list her claim as an asset in the schedules filed in her individual Chapter 7 Case precludes her from asserting her claim herein.

10. The judicial estoppel argument lacks merit as Ms. Snyder's schedules were later amended to include the judgment and the claim against Debtor U LOCK based thereon. Further, the Honorable Carlota M. Bohm, presiding over Ms. Snyder's Chapter 7 Case, later entered an Order approving a settlement agreement in said

Chapter 7 Case between Ms. Snyder and the Chapter 7 Trustee whereby the Chapter 7 Trustee abandoned his interests in the judgment "except for the first $32,500 payable to [Ms. Snyder] in the U LOCK Bankruptcy". Judicial Estoppel is not applicable in these circumstances.

11. Biros is improperly seeking to collaterally attack the judgment of the District Court and is, again improperly, seeking to have this Honorable Court act as an appellate court in reviewing the judgment underlying Ms. Snyder's claim.

12. If any action is to be taken in regard to the District Court's judgment, it should be the District Court that takes such action. Unless and until the District Court so acts, this Honorable Court should simply recognize the judgment, overrule the Biros Objection and allow Ms. Snyder's claim.

13. If this Honorable Court disagrees with the foregoing and believes that an evidentiary hearing is necessary to address the validity of Ms. Snyder's claim, it should be the District Court which conducts such evidentiary hearing in regard to its own judgment and Ms. Snyder should be permitted to seek a withdrawal of the reference of this (isolated) matter from this Court to the District Court.

14. This Honorable Court should further take notice that Biros has commenced a RICO action in the District Court against inter alia, Ms. Snyder, which also includes a collateral attack on the propriety of the judgment underlying the Ms. Snyder claim at issue herein.

15. As such, Biros is seeking a review of the merits of the District Court judgment in both this Honorable Court and the District Court at the same time which could well lead to inconsistent rulings and which would certainly lead to duplicative and needlessly costly proceedings.

16. In sum, Ms. Snyder's claim herein is proper, valid and should be allowed. Biros can proceed with her District Court RICO action and, if successful, may be awarded a judgment of her own. That possibility, however, should have no impact upon the allowance of Ms. Snyder's claim which should be granted.

WHEREFORE, it is respectfully requested that this Honorable Court overrule Biros' Objection and allow Ms. Snyder's claim.

|  |  |
|---|---|
|  | Respectfully Submitted, |
| Date: March 27, 2023 | */s/ John P. Lacher* |
|  | John P. Lacher |
|  | PA I.D. #62297 |
|  | 501 Smith Drive, Suite 3 |
|  | Cranberry Twp., PA 16066 |
|  | (724) 776-8000 (Phone) |
|  | (724) 776-8001 (Fax) |
|  | jlacher @lynchlaw-group.com |
|  |  |
|  | and |
|  |  |
|  | */s/ David L. Fuchs* |
|  | David L. Fuchs |
|  | PA I.D. #205694 |
|  | Fuchs Law office, LLC |
|  | 554 Washington Avenue, First Floor |
|  | Carnegie, PA 15706 |
|  | (412) 223-5404 (Phone) |
|  | (412) 223-5406 (Fax) |
|  | dfuchs@fuchslaw.com |
|  |  |
|  | Counsel for Shanni Snyder |