Sept 7 2022

## DECLARATION OF GEORGE SNYDER

FILED
3/28/2023 12:03 PM
CLERK
U.S. BANKRUPTCY
COURT - WDPA

I, George Snyder, declare and state under the penalty of perjury that the following is true and correct:

1. My name is George Snyder.

2. From July 2015 to the present, I acted as executive of U Lock Inc. and/or, pursuant to Christine Biros' theory, her constructive trust. I believe that U Lock Inc. owes the minimum wage and, if Christine Biros is correct in her legal theories that U Lock is a constructive trust for her, then she jointly owes the wage.

3. I did not perform only executive duties at U Lock, I also performed labor. Specifically, my duties entailed: Management of the enterprise, weekly meetings with the Biros family (John and Christine) through June 2018, renting units, collection of rents, check mail daily, cut grass and whack weeds weekly, spray round up monthly, remove trees and overgrowth, remove snow, plow snow, salt roads, graded parking area, put down millings, graded access road in back to upper level, cleaned up tires and scrap that had been dumped, met routinely with customers, cleaned out units when a person left, fixed and secured electrical service (guide wire for mast), fixed leaks in roof, lubricated and adjusted doors, met with and administered highways projects, moved around heavy machinery, cleanup, replaced rotting wood framing, put gravel down in both aisles, general management, monitor trespass incidents, deal with lawsuit issues, prepare documents, and many other tasks.

4. I filed a proof of claim alleging that U Lock owed me $99,999 for wage. This is because I did not receive compensation from U Lock or Christine Biros in any way.

5. The Fair Labor Standards Act requires that most employees in the United States be paid at least the federal minimum wage for all hours worked and overtime wage at not less than time and one-half the regular rate of pay for all hours worked over 40 hours in a workweek.

6. However, Section 13(a)(1) of the FLSA provides an exemption from both minimum wage and overtime pay for employees employed as bona fide executive, administrative, professional and outside sales employees. Section 13(a)(1) and Section 13(a)(17) also exempt certain computer employees. These exemptions are often called the "white-collar" or "EAP" exemptions.

7. To qualify for exemption, employees generally must meet certain tests regarding their job duties and be paid on a salary basis at not less than $684 per week. Job titles do not determine exempt status. In order for an exemption to apply, an employee's specific job duties and salary must meet all the requirements of the Department's regulations.

8. I did not receive a salary of at least $684 per week. In fact, due to U Lock's insolvency since its inception, I received no salary whatsoever.

9. I worked approximately 5 days per week. From July 10, 2015, until April 26, 2022, when the bankruptcy was filed, there were 2,481 days. I worked approximately 5 days per week. Excluding weekends, there were 1,771 days, totalling approximated 7,084 hours of unpaid work.

10. The calculations I used are as follows;

**July 2015**

16 days included

| Sun | Mon | Tue | Wed | Thu | Fri | Sat |
|---|---|---|---|---|---|---|
|  |  |  | 1 | 2 | 3 | 4 |
| 5 | 6 | 7 | 8 | 9 | 10 | 11 |
| 12 | 13 | 14 | 15 | 16 | 17 | 18 |
| 19 | 20 | 21 | 22 | 23 | 24 | 25 |
| 26 | 27 | 28 | 29 | 30 | 31 |  |

11.

**August 2015**

21 days included

| Sun | Mon | Tue | Wed | Thu | Fri | Sat |
|---|---|---|---|---|---|---|

|    |    |    |    |    |    | 1  |
|----|----|----|----|----|----|----|
| 2  | 3  | 4  | 5  | 6  | 7  | 8  |
| 9  | 10 | 11 | 12 | 13 | 14 | 15 |
| 16 | 17 | 18 | 19 | 20 | 21 | 22 |
| 23 | 24 | 25 | 26 | 27 | 28 | 29 |
| 30 | 31 |    |    |    |    |    |

**September 2015–March 2022**

September 2015–December 2015: 88 days included

Year 2016: 261 days included

Year 2017: 260 days included

Year 2018: 261 days included

Year 2019: 261 days included

Year 2020: 262 days included

Year 2021: 261 days included

January 2022–March 2022: 64 days included

**April 2022**

16 days included

|     | Sun | Mon | Tue | Wed | Thu | Fri | Sat |
|-----|-----|-----|-----|-----|-----|-----|-----|
|     |     |     |     |     |     | 1   | 2   |
|     | 3   | 4   | 5   | 6   | 7   | 8   | 9   |
|     | 10  | 11  | 12  | 13  | 14  | 15  | 16  |
|     | 17  | 18  | 19  | 20  | 21  | 22  | 23  |
|     | 24  |     |     |     |     |     |     |

12. While I did not *per se* "take off" weekends, I used this calendar for calculation purposes because there were some days I did not work.

13. I worked approximately 4 to 5 hours average per day or more dealing with U Lock Inc. or under Christine Biros' theory, her trust including monitoring and maintaining the property, cutting the grass, providing customer service, dealing with the legal proceedings, paying its bills, collecting from tenants, etc. Excluding weekends, there were 1,771 days, totalling approximately 7,084 hours of unpaid work. At minimum wage, that would entitle me to $51,359. compensation from U Lock (or Christine Biros under her theory).

14. Moreover, under the FLSA, apparently I would be owed liquidated damages of the same amount because U Lock and, under Christine Biros' theory, the her trust, so I doubled the amount in my proof of claim.

15. These are extremely low estimates of the time and hours I put in.

16. Alternatively, if it is found that I am a salaried executive, I would be entitled to $684 per week, which well exceeds the $99,999 claim I submitted.

*George Snyder*
George Snyder