FILED
4/14/23 11:07 am
CLERK
U.S. BANKRUPTCY
COURT - WDPA

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | | |
|---|---|---|---|
| In re: | : | Case No.: | 22-20823-GLT |
| | : | Chapter: | 7 |
| U LOCK INC | : | | |
| | : | | |
| | : | Date: | 4/13/2023 |
| *Debtor(s).* | : | Time: | 01:30 |

## PROCEEDING MEMO

**MATTER:**  # 294 Con't Order to Show Cause signed on 1/17/2023. (RE: related document(s): 258 Application for Administrative Expenses

# 278 Con't Amended Order to Show Cause Signed on 1/6/2023. (RE: related document(s): 249 Order Scheduling Hearing).

# 345 Consent Motion to Approve Compromise under Rule 9019
  # 352 - Objection filed by Shanni Snyder
  # 355 - Objection filed by George Snyder
  # 356 - Consent Response filed by the ch.7 trustee

# 340 Objection to Claim of Shanni Snyder. At claim number 1.
  # 357 - Response filed by Shanni Snyder

# 337 Objection to Claim of George Snyder. At claim number 5.
  # 358 - Response filed by George Snyder
  # 359 - Declaration filed by George Snyder

# 344 Amended Application for Administrative Expenses Pursuant to 11 U.S.C. 503(b)(1) and/or for Payment of Adequate Protection
  # 354 - Objection filed by George Snyder

**APPEARANCES:**

| | |
|---|---|
| Debtor: | J. Allen Roth |
| Trustee: | Robert H. Slone |
| Christine Biros: | Robert Bernstein, Mark Lindsay, William Otto [Christine Biros] |
| George Snyder: | Pro se |
| Shanni Snyder: | John Lacher [Shanni Snyder] |

**NOTES:** [1:30]

*Objection to Claim Number 5 Filed by George Snyder* [Dkt. No. 337] -

Court: Notes deficiencies in the claim; George does not appear to be an employee under the FLSA, also time barred. Claim also conflicts with sworn statements made at other times. Sustain the objection and deny claim.

*Objection to Claim Number 1 Filed by Shanni Snyder* [Dkt. No. 340] -

Court: Shanni's judgment was entered by default, and not entitled to preclusive effect. Cites In re Chatkin 465 B.R. 54 (Bankr. W.D. Pa 2012). Not actually litigated for purposes of collateral estoppel. Will issue a pretrial order scheduling an evidentiary hearing on the merits of the claim objection. Only two hours. 60 day discovery period. Will be July 14, 2023 at 1:30 p.m.

*Consent Motion to Approve Settlement Agreement Pursuant to Rule 9019* [Dkt. No. 345] and -
*Amended Motion for Allowance and Payment of Administrative Expenses* [Dkt.No. 344] -

Trustee: Has looked into each claim alleged by Biros in the settlement agreement. Has not run down the issue of insurance related to the garbage truck fire.

Court:  Notes that there are no substantive reports/arguments that contradict the environmental claims. Also understands no opposition of payment of tax claims to taxing authorities. However, how is the pre-petition rent not a double recovery? Is constructive trust retroactive? Unsure that it is retroactive based on the state court order.

Bernstein:   Position is that Biros was the beneficial owner, but did not have access to the property and is therefore entitled to compensation for. Believes the constructive trust is retroactive - it indicates that Biros is equitable owner of the subject property. Maybe does not make a difference because there is not enough money to cover everything.

Otto: Does not have orders now, but claims in one of the state court orders it says Biros has equitable title dating back to 2015.

Bernstein: Offering to reduce claim 3 in settlement agreement to $90,000…If court allows admin claim, tax claim and general unsecured claim then Biros will give up on claim 3 - agree to claim 3 in any amount.

Court: Generally fine with settlement agreement.  But not accepting the pre-petition rent portion. Environmental claims and tax claims appear to make sense.  Hold recovery in abeyance pending conclusion of the avoidance action.

Bernstein: Not okay with Biros not getting an allowance if she is found not to be the owner in the avoidance action. Concerned that environmental claim could follow her even if she is found not to be the owner.

Court: Going to have to defer resolution of the settlement agreement until conclusion of the avoidance action. The result of the avoidance action could change the landscape of rights.  Also notes that opportunity to object to the merits of the settlement agreement was sufficient.

*Con't Order to Show Cause* dated 1/17/2023 [Dkt. No. 294] -

Bernstein: Nothing to add or new information to present.

Court: Acknowledges the effort put into amended claim. Cannot ignore that the settlement is around 12% of original ask. Feels previous opinion is sufficient, and understands that Brios followed counsels' advice. Matter is concluded.

*Con't Amended Order to Show Cause* dated 1/6/2023. [Dkt. No. 278] -

Court: Going to take under advisement.

**OUTCOME:**

1) For the reasons stated on the record, the *Objection to Claim Number 5 Filed by George Snyder* [Dkt. No. 337] is SUSTAINED, and Claim Number 5 submitted by George Snyder is DISALLOWED. [HT to enter proposed order at Dkt. No. 337].

2) For the reasons stated on the record, the *Objection to Claim Number 1 Filed by Shanni Snyder* [Dkt. No. 340] is continued to evidentiary hearing on July 14, 2023 at 1:30 p.m. Parties shall have 60 days for discovery. [Chambers to prepare].

3) For the reasons stated on the record, the *Consent Motion to Approve Settlement Agreement Pursuant to Rule 9019* [Dkt. No. 345] and the *Amended Motion for Allowance and Payment of Administrative Expenses Pursuant to 11 U.S.C.§ 503(b)(1) and/or for Payment of Adequate Protection*   [Dkt.No. 344] are continued pending further Court order. [Text order].

4) For the reasons stated on the record, the  *Order to Show Cause* dated 1/17/2023 [Dkt. No. 294] is resolved. [Chambers to prepare].

5) For the reasons stated on the record, the *Amended Order to Show Cause* dated 1/6/2023 [Dkt. No. 278] is taken under advisement. [Taken under advisement].

**DATED:**  4/13/2023