IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: U LOCK INC. a/k/a U-LOCK INC.,<br><br>Debtor. | Case. 22-20823-GLT |
| USAAG SYSTEMS CO.,<br><br>Movant,<br><br>v.<br><br>CHRISTINE BIROS,<br><br>Respondent. | |

## EMERGENCY MOTION TO QUASH SUBPOENA; OR, IN THE ALTERNATIVE, MOTION TO SPECIFY CONDITIONS OF SUBPOENA; AND, MOTION TO DIRECT DISCLOSURE OF PRIOR SUBPOENA

AND NOW COMES USAAG Systems Co. ("USAAG"), by and through its undersigned counsel, and files this, its emergency motion to quash subpoena:

1. This motion is an emergency because Christine Biros ("Biros") issued a subpoena, issued on May 24, 2023, returnable on June 5, 2023. The subpoena demands Citizens Bank provide all of its banking transactions, transfer contacts, bank statements, correspondence between the bank and USAAG, and the personal information and identity documents of its officer. *See* Exhibit 1.

2. Based on information, this is the *second* subpoena Biros served obtaining USAAG's financial documents without notice to it.

3. This Court maintains jurisdiction over this emergency motion pursuant to Bankruptcy Rule 9016, incorporating Fed. R. Civ. Proc. 45(d)(3)(B), which allows persons affected by a subpoena to quash or modify it where it requires (i) disclosing a trade secret or other confidential research, development, or commercial information.

4. USAAG's sole role in this litigation is it: (a) Tentatively offered U Lock funding to

reorganize; and (b) provided a business loan to Shanni Snyder to acquire the tangible and intangible assets of U Lock.

5. As this Court may recall from its hearing on December 15, 2022, Christine Biros ("Biros") objected to Ms. Snyder obtaining a loan from USAAG to fund her purchase of the intangible and tangible assets, including the Trustee's legal rights. *See* Exhibit 2, Excerpts from the hearing.

6. This Court considered Ms. Biros' objections to Ms. Snyder obtaining funds from USAAG to finance her purchase of the assets.

7. This Court found Ms. Snyder's purchase to be in good faith. *See* Exhibit 3. Specifically, this Court held, "The Successful Bidder has acted in good faith with respect to the sale in accordance with In *re Abbotts Dairies of Pa. Inc.*, 788 F.2d 143 (3d Cir. 1986). The Successful Bidder submitted Shanni Snyder's Verified Disclosure Statement Under 28 U.S.C. § 1746 [Dkt. No. 224-1] and has further demonstrated to the Court that she has no agreements or arrangements with any other party to share in the benefits of the Purchased Assets other than disclosed to the Court."

8. No appeal was taken.

9. This Court allowed Biros to take discovery for a hearing on set for July 14, 2023. However, "Matters to be addressed at the evidentiary hearing shall be limited to the merits of Claim Number 1 filed by Shanni Snyder." *See* Exhibit 4. Fed. R. Bk. Procedure 7026, incorporating Fed. R. Civ. P. 26(b)(1), requires discovery materials to be relevant to a "claim or defense and proportional to the needs of the case."

10. Ms. Snyder's Claim #1 relates to a judgment Ms. Snyder received in 2020 based on alleged work she performed from 2016 to 2020.

11. Nevertheless, Biros now seeks all of USAAG's financial records that will disclose its financial history, business relations, clients, and other matters.

12. None of USAAG's financial records have any bearing on Ms. Snyder's historical

employment history.

13. USAAG maintained no financial relationship with Ms. Snyder prior to the end of 2022 when it provided a business loan to her.

14. The issuance of the first subpoena, without notice to anyone, and the current subpoena on ten days notice, appears meant to harass and interfere with USAAG's business relationships solely because it funded Ms. Snyder's acquisition.

15. Considering the limited scope of the hearing on July 14, 2023, and the vast amount of information about USAAG's financial transactions demanded by Biros– none of which relates to the issue reserved for the hearing – the harm that will be caused to USAAG will outweigh any evidentiary needs of Ms. Biros.

16. Moreover, the subpoena seeks *current* financial records, which are after the alleged employment terminated and which have no bearing on this Court's July 14, 2023, hearing.

17. The only legitimate information that Biros could seek is financial information limited to transactions made to *Shanni Snyder* between 2016 and 2020.

18. Courts generally apply a "totality of the circumstances" or balancing test to determine whether "good cause" exists for the discovery request. *In re Countrywide Home Loans, Inc.*, 384 B.R. 373 (Bankr. W.D. Pa. 2008).

19. In this case, USAAG will be affected and harmed by the release of confidential commercial information, including practically every aspect of its business and every transaction it engaged in, thus the subpoena must be quashed.

20. USAAG notes that allowing a total fishing expedition into its business operations will chill companies from placing bids, or financing bidders, at bankruptcy court auctions.

21. USAAG also points out the hostility of the parties to one another in this case, which weighs heavily in favor of protecting the confidential business information.

22. In the alternative, the release of financial transactions should be limited to the period of 2016 through 2020 and to transactions involving Shanni Snyder and U Lock, or any of its

officers.

23. If this Court is inclined to allow Ms. Biros to have any portion of USAAG's financial records, it requests that the information be limited to the use in this proceeding, not be disclosed to third parties, and that no contact be made with any third-party business relation of USAAG without first obtaining leave of the Court, including but not limited to, issuing a subpoena to third-parties learned from USAAG's financial information.

24. Finally, as to the prior subpoena, USAAG requests that this Court direct its immediate disclosure to it and the parties in this case.

WHEREFORE USAAG Systems Co. respectfully requests that this Court quash or specify conditions of the subpoena.

Respectfully Submitted:

Michael F. Santicola, Esquire

Attorney for USAAG Systems Co.