**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| In re:  U LOCK INC. a/k/a U-LOCK INC.,<br><br>                    Debtor. | )<br>)<br>)<br>)<br>) |
| USAAG SYSTEMS CO.,<br><br>                    Movant,<br>     v.<br><br>CHRISTINE BIROS,<br><br>                    Respondent. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Case. 22-20823-GLT

**REQUEST FOR EXPEDITED HEARING OR EMERGENCY MOTION TO STAY SUBPOENA PENDING HEARING; MOTION FOR A PROTECTIVE ORDER; MOTION TO QUASH SUBPOENA; OR, IN THE ALTERNATIVE, MOTION TO SPECIFY CONDITIONS OF SUBPOENA; AND, MOTION TO DIRECT DISCLOSURE OF PRIOR SUBPOENA**

AND NOW COMES USAAG Systems Co. ("USAAG"), by and through its undersigned counsel, and files this, its request for expedited hearing or emergency motion to stay subpoena pending hearing, emergency motion for a protective Order, to quash subpoena, and to direct disclosure of the prior subpoena:

**Nature of Emergency and Request for Expedited Hearing**

1. On May 24, 2023, Christine Biros issued a subpoena returnable on June 5, 2023, to USAAG's bank, Citizen's Bank.  *See* Exhibit 1.  Disturbing is that the subpoena states that it is a "Second Subpoena," and as Ms. Biros lists the full account numbers of USAAG, it appears the bank has already disclosed some information pursuant to the first undisclosed subpoena.

2. The sweeping subpoena requests the entire transaction history from USAAG's business including all "transferees and transferors with regard to all transactions into and out of the [accounts] from the creation of the account to the present," "all periodic statements Citizens has issued," "any communications between Citizens Bank and any person with regard to relating to the creation or operation of the account[s], including without

limitation all forms of identification provided to Citizens," "documents sufficient to show the full name(s) of any person(s) authorized to: (a) Sign checks on the [] account[s], (b) access the [accounts], (c) sign withdrawal slips…, and (d) make deposits into the [accounts]."

3. In other words, Ms. Biros seeks to review each and every transaction and party that USAAG conducted business with through Citizens Bank.

4. If a stay of the subpoena pending hearing is not granted, or an expedited hearing is not scheduled, Citizens Bank will comply with the subpoena and disclose the information to Ms. Biros as, apparently, they have already provided her with some of USAAG's transactional history pursuant to a previous subpoena that apparently was not served on the interested parties.

5. The need for an expedited hearing has not been caused by any lack of due diligence on the part of the attorney or the attorney's client but has been brought about solely by circumstances beyond their control. On the contrary, Ms. Biros issued the subpoena May 24, 2023, immediately served it without advanced notice to the parties or USAAG, and set an improper return date of just ten (10) days later including weekends and holidays so that the information would be in their hands on June 5, 2023, at 9:00 a.m. without little time for USAAG to object.

6. Considering the animosity between the parties in this case, and the unclear relevance of the financial transactions – none of which occurred prior to the bankruptcy – disclosure of the information appears sought to chill USAAG's participation in making bids, providing litigation loans to bidders, investing in bankruptcy assets, or providing any further litigation financing to Ms. Snyder.

7. USAAG believes that disclosure of the information will subject it to further harassment, including having its officers and anyone that conducted business associated with the bank account, contacted or subject to a barrage of additional subpoenas.

### jurisdiction

8. This Court maintains jurisdiction pursuant to Bankruptcy Rule 9016, incorporating Fed. R. Civ. Proc. 45(d)(3)(B), which allows persons affected by a subpoena to quash or modify it where it requires (i) disclosing a trade secret or other confidential research, development, or commercial information.  In addition, this Court maintains jurisdiction to issue a protective Order pursuant to Federal Rule of Civil Procedure 26(c)(1), incorporated by Bankruptcy Rule 7026, to compel compliance with Fed. R. Civ. Proc. 26(b).

### discussion

9. Considering that USAAG's sole role in this litigation is limited to the fact that it: (a) Wrote a letter tentatively offering U Lock funding to reorganize and pay back what it owes to Ms. Biros if this Court allowed conversion to Chapter 11 which the debtor attached to their motion (Entry 102, pages 13-14); (b) Placed a bid on the intangible assets to the Trustee who filed a motion to approve (Entry 135), but then withdrew the motion when Ms. Biros made a bid for both the tangible and intangible assets, and (c) ultimately provided a business loan to Shanni Snyder – fully disclosed to this Court – so she could bid on and acquire the tangible and intangible assets of U Lock.  *See* Exhibit 2 (excerpts from the hearing transcript).

10. As this Court may recall from its hearing on December 15, 2022, Ms. Biros objected to Ms. Snyder obtaining a loan from USAAG to fund her purchase of the intangible and tangible assets, including the Trustee's legal rights.  *Id.*

11. This Court considered Ms. Biros' objections and asked, "What difference does it make?" The Court advised the parties that they were over-lawyering and incurring attorney fees.

12. Yet now, six months later, USAAG's totality of its financial transactions will fall into Ms. Biros' hands for an unknown purpose based on two subpoenas targeting its bank.  USAAG certainly would have preferred the Court inquire at the relevant time six months ago rather than provide Ms. Biros with unfettered access to its financial records via subpoena under

the guise of investigating Ms. Snyder's claim.

13. This Court found Ms. Snyder's purchase to be in good faith. *See* Exhibit 3. Specifically, this Court held, "The Successful Bidder has acted in good faith with respect to the sale in accordance with I*n re Abbotts Dairies of Pa. Inc.*, 788 F.2d 143 (3d Cir. 1986). The Successful Bidder submitted Shanni Snyder's Verified Disclosure Statement Under 28 U.S.C. § 1746 [Dkt. No. 224-1] and has further demonstrated to the Court that she has no agreements or arrangements with any other party to share in the benefits of the Purchased Assets other than disclosed to the Court."

14. No appeal was taken. No motion for reconsideration was filed. The transaction finalized.

15. This Court allowed Ms. Biros to take discovery for a hearing set for July 14, 2023. However, "Matters to be addressed at the evidentiary hearing <u>shall be limited to the merits of Claim Number 1 filed by Shanni Snyder.</u>" *See* Exhibit 4. Fed. R. Bk. Procedure 7026, incorporating Fed. R. Civ. P. 26(b)(1), requires discovery requests to be "proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."

16. Ms. Snyder's Claim #1 relates to a judgment Ms. Snyder received in 2020 based on alleged work she performed from 2016 to 2020. The subpoena seeks current financial information, not information from 2016 through 2020. Ms. Biros wants to know where USAAG's funds are *now* not in 2020.

17. Indeed, Ms. Biros desires to obtain all of USAAG's financial history, business relations, clients, income sources, and other matters that play no role in the past.

18. USAAG never funded U Lock nor provided any funds to it.

19. The issuance of the first subpoena, without notice to anyone, and the current subpoena on ten days notice, appears meant to harass and interfere with USAAG's business

relationships solely because it funded Ms. Snyder's acquisition.

20. The disclosure of these confidential financial records from a non-party that assisted a bidder with funding appears to be similar to this Court's decision in *In re: Primel,* 629 B.R. 790 (Bk. W. Pa. 2021), where this Court found bad faith and issued sanctions because a bidder interfered with the process by making complaints to authorities and intimidating the other bidder.

21. USAAG is intimidated and chilled by the unilateral release of information from its bank accounts pursuant to the prior undisclosed subpoena and the current sweeping, broad subpoena.

22. Considering the limited scope of the hearing on July 14, 2023, and the vast amount of information about USAAG's financial transactions demanded by Biros, the harm that will be caused to USAAG will outweigh any evidentiary needs of Ms. Biros for the hearing involving Ms. Snyder.

23. Moreover, the subpoena seeks *current* financial records, which are after the alleged employment terminated and which have no bearing on this Court's July 14, 2023, hearing.

24. Courts generally apply a "totality of the circumstances" or balancing test to determine whether "good cause" exists for the discovery request. *In re Countrywide Home Loans, Inc.,* 384 B.R. 373 (Bankr. W.D. Pa. 2008).

25. "Good cause" does not exist for seeking every transaction USAAG engaged in. It will be, and has been, affected and harmed by the release of confidential commercial information.

26. USAAG notes that allowing a total fishing expedition into its business operations will chill other companies from placing bids, or financing bidders, at bankruptcy court auctions.

27. USAAG, despite having no business in Pennsylvania, has now been dragged into this forum and forced to incur attorney fees in a dispute having nothing to do with it other than providing financing for the purchase of the rights Ms. Snyder acquired.

28. In the alternative, the release of financial transactions should be limited to the period of

2016 through 2020 and to transactions involving Shanni Snyder and U Lock, or any of its officers.

29. If this Court is inclined to allow Ms. Biros to have any portion of USAAG's financial records, it requests that the information not be submitted to Ms. Biros' attorneys, but be reviewed by this Court to determine relevance and some connection to the pending matters.

30. If disclosure ultimately occurs, the use of the documents should be limited to the this proceeding, not be disclosed to third parties, and that no contact be made with any third-party business relation of USAAG without first obtaining leave of the Court, including but not limited to, issuing a subpoena to third-parties learned from USAAG's financial information.

31. Finally, as to the prior subpoena, USAAG requests that this Court direct its immediate disclosure to it and the parties in this case. USAAG has a right to seek to quash the prior subpoena.

WHEREFORE USAAG Systems Co. respectfully requests that this Court quash or specify conditions of the subpoena and issue an appropriate discovery Order. In addition, USAAG requests that this Court stay the subpoena pending a hearing or schedule an emergency hearing.

Respectfully submitted,

*/s/ Michael F. Santicola, Esq.*

---

Michael F. Santicola, Esq.
PA ID#76472
722 Turnpike Street
Beaver PA  15009
(724) 775-3392
michael@ssslawyer.com

ATTORNEY FOR USAAG SYSTEMS CO.