IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE:<br><br>U LOCK, Inc.,<br><br>        Debtor.<br><br>SHANNI SUE SNYDER,<br><br>        Movant,<br><br>        v.<br><br>CHRISTINE BIROS,<br><br>        Respondent. | Bankruptcy No. 22-20823-GLT<br><br>Chapter 7<br><br>Related Doc. Nos.: 340 & 389 |

**RESPONSE IN OPPOSITION TO
MOTION TO WITHDRAW REFERENCE**

NOW COMES Christine Biros ("Biros"), by and through her undersigned counsel, and files this *Response in Opposition to Motion to Withdraw Reference*,[1] and in support thereof, avers as follows:

1. On February 24, 2023, Biros filed an objection [Doc. No. 340] (the "Objection") to the claim [Claim No. 1-1] (the "Claim") filed by Shanni Snyder ("Snyder") in the above-captioned matter.

2. On April 13, 2023, this Court held an initial hearing on the Objection and subsequently set the Objection to the Claim for an evidentiary hearing scheduled for July 14, 2023.

3. Since the initial hearing, Biros has served discovery on Snyder in preparation for the evidentiary hearing on the Objection.

4. On May 19, 2023, Snyder filed a Motion to Withdraw Reference Pursuant to 28 USC 157(d) and Fed. R. Bk. Proc. 5011(a) as to the Objection to Claim Number 1 [Doc. No. 389] (the "Motion to

---

[1] Biros has submitted this Response in Opposition to the Motion to Withdraw Reference in order to preserve any arguments related to such motion in the above-captioned matter as well as any related matter that may proceed in the District Court.

Withdraw").

5. At its core, the Motion to Withdraw argues that the Objection should be withdrawn from the Bankruptcy Court and should instead be decided by the United States District Court for the Western District of Pennsylvania (the "District Court") because the District Court entered the default judgment which serves as the foundation of the Claim.

6. Not only does the Motion to Withdraw inappropriately conclude that withdrawing the reference to the Objection is mandatory pursuant to 11 U.S.C. § 157(d), or, if not mandatory, that reference should be withdrawn "for cause," but the Motion to Withdraw does not include legal or factual basis to support this conclusion.

7. Snyder obtained a default judgment against the Debtor in the District Court and Snyder's allegations pertaining to the claim were never adjudicated by the District Court.

8. The Bankruptcy Court is perfectly capable, authorized, and well-positioned to adjudicate the Objection to the Claim, especially given the many hearings that this Bankruptcy Court has held in this Case. The Bankruptcy Court has become familiar with the controversies between the parties and the concerns pertaining to assertions underlying the Claim.

9. Snyder argues that because the Objection requires the court to look to the Fair Labor Standards Act, the reference to the Objection must therefore be withdrawn. Such an argument is illogical. If Bankruptcy Courts were unable to adjudicate claims any time claims involved "other laws of the United States regulating organizations or activities affecting interstate commerce," then mandatory withdraw of reference to claim objections would be a very common occurrence and bankruptcy courts would be much more limited and inefficient.

10. Notably, Snyder has failed to point to a single precedential authority to support her position that the withdraw of the reference is either mandatory or "for cause."

11. Claim objections are core matters and, as such, are intended to be adjudicated by bankruptcy courts. This weighs heavily in favor or allowing the Objection to proceed in this bankruptcy court. See Algonquin Power Income Fund v. Christine Falls of N.Y., Inc., 2009 U.S. Dist. LEXIS 115854 (Bankr. N.D. N.Y. Dec. 10, 2009).

12. In Algonquin, the party moving to withdraw the reference to a claim objection argued that because litigation surrounding non-core matters served as the primary basis of the objection, reference to the claim objection should therefore be withdrawn. The court disagreed and refused to grant the motion to withdraw the reference because, the claim objection was a core matter and allowing the bankruptcy court to retain the matter was the most efficient use of judicial resources and was also the most cost-effective procedure since the bankruptcy judge was already handling proceedings in the case. Id. at *3-6.

13. Similarly to Algonquin, the claim Objection is a core proceeding in this case. Withdrawing the Reference would be an inefficient use of judicial resources and would not be cost effective.

14. A final factor to consider is the issue of forum shopping. Snyder argues that the Objection filed in this matter should be considered forum shopping. However, as stated above, claim objections are core proceedings to be filed, and determined, in bankruptcy court. Biros' filing of the Objection in this matter is procedurally proper.

15. Biros is not a party to the matter in the District Court that led to the entry of Snyder's default judgment. Further, by seeking to withdraw the reference of the Objection to the District Court, Snyder herself is forum shopping and attempting to avoid adjudication of her Claim by the bankruptcy court. Snyder's brother, George Snyder filed a similar claim, based on the Fair Labor Standards Act and, after holding a hearing thereon, the Bankruptcy Court disallowed George Snyder's claim, for reasons set forth in Court on April 13, 2023. After learning of the Bankruptcy Court's treatment of the George Snyder claim, it is patently obvious that Snyder would prefer another Court, any other Court, to decide the allowance of her

claim.

16. To the extent that the consideration of forum shopping does not weigh in favor of denying the Motion to Withdraw, it should be seen as a "neutral" factor, not weighing in favor of granting or denying the same. See Algonquin, at *5-6 ("Algonquin contends that debtors have forum-shopped by arguing before the Bankruptcy Court that claims found barred by the statute of limitations in District Court can be used as an offset or recoupment against the claims. By the same token, Algonquin could be said to be forum shopping by seeking to have the District Court adjudicate that issue. Therefore, this factor is neutral").

17. Withdrawing the reference to the Claim Objection in this matter would be judicially inefficient, costly, and would further delay the adjudication of the Claim. The Objection is a core matter and the bankruptcy court is the appropriate venue for its final adjudication.

WHEREFORE, Biros respectfully submits that the Motion to Withdraw should be denied in its entirety.

Respectfully submitted,

Dated: June 2, 2023

BERNSTEIN-BURKLEY, P.C.

/s/ *Robert S. Bernstein*
Robert S. Bernstein (PA ID No. 34308)
rbernstein@bernsteinlaw.com
Sarah E. Wenrich (PA ID No. 325834)
swenrich@bernsteinlaw.com
601 Grant Street, Floor 9
Pittsburgh, PA 15219
Telephone: (412) 456-8108
Facsimile: (412) 456-8135
*Counsel for Christine Biros*