# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: U LOCK INC. a/k/a U-LOCK INC.,  Debtor. | Bank. 22-20823-GLT  Chapter 7 |
| CHRISTINE BIROS,  Movant,  v.  SHANNI SNYDER,  Respondents. | RE: Entry 340 |

**SHANNI SNYDER'S JOINDER AND RESPONSE TO USAAG SYSTEMS CO.'S REQUEST FOR EXPEDITED HEARING OR EMERGENCY MOTION TO STAY SUBPOENA PENDING HEARING; MOTION FOR A PROTECTIVE ORDER; MOTION TO QUASH SUBPOENA; OR, IN THE ALTERNATIVE, MOTION TO SPECIFY CONDITIONS OF SUBPOENA; AND, MOTION TO DIRECT DISCLOSURE OF PRIOR SUBPOENA**

AND NOW, comes Shanni Snyder ("Snyder"), a creditor and interested party herein, and submits the within response joins non-party USAAG System's motion relating to the subpoena issued by Christine Biros, and in support thereof, states as follows::

1. The averments of this paragraph are admitted. In fact, Biros and her counsel have failed to serve a complete copy of all subpoena issued in this matter on the undersigned counsel.

2. The averments of this paragraph are admitted. Like USAAG, Snyder objects to the subpoena and believes it should be quashed or the responsive documents reviewed *in camera*. The subpoena appears to be meant to relitigate this Court's sale Order that assigned the rights of Robert Slone, Trustee, to Ms. Snyder. Furthermore, the subpoena is not directed to obtain information which relates to the issues before the Court

1

in any manner.

3. The averments of this paragraph are admitted.

4. The averments of this paragraph are admitted. By way of further response, at the time of the sale hearing, Snyder and her previous counsel offered to disclose certain information regarding hearing, which the Court did not require.

5. The averments of this paragraph are admitted. Furthermore, the information sought by the subpoena is not relevant to any pending matter. Additionally, Biros has expedited a pattern of attempting to expedite response time to discovery requests, including unilaterally attempting to set response deadlines in advance of that provided for in the Rules of Civil Procedure. This is prejudicial and has been done in an attempt to prevent objections to their requests.

6. The averments of this paragraph are admitted. By way of further response, the request does not appear to be directed to obtaining information pertaining to the issues pending before the Court.

7. The averments of this paragraph are admitted. In addition to the foregoing, Bankruptcy Rule 7026 and F.R.Civ.P. 26(b) require consideration of the value of the litigation and the costs of the discovery. The litigation surrounding Snyder's proof of claim appears to have very little, if any, economic value, given the de minimis nature of the current assets of the Estate. At the current time, it appears that very little, if any, money will be distributed to unsecured creditors. The amount of attorney fees incurred will most likely exceed any distribution to any creditor in this Estate. Expanding the case to include third-party financial matters which do not pertain to the actual issues before the Court is simply improper and is causing all parties to incur unnecessary fees and costs.

8. The averments of this paragraph are admitted.

9. The averments of this paragraph are admitted.

10. The averments of this paragraph are admitted.

11. The averments of this paragraph are admitted.

12. The averments of this paragraph are admitted.

13. The averments of this paragraph are admitted.

14. The averments of this paragraph are admitted.

15. The averments of this paragraph are admitted.

16. The averments of this paragraph are admitted.

17. The averments of this paragraph are admitted.

18. The averments of this paragraph are admitted.

19. The averments of this paragraph are admitted.

20. The averments of this paragraph are conclusions of law for which no response is required. By way of further response, Snyder does not believe there is any good faith basis for the information requested in the subpoena as it does not appear to be directed at any issue currently before the Court.

21. The averments of this paragraph are admitted.

22. The averments of this paragraph are admitted.

23. The averments of this paragraph are admitted.

24. The averments of this paragraph are conclusions of law for which no response is required.

25. The averments of this paragraph are admitted.

26. The averments of this paragraph are admitted.

27. The averments of this paragraph are admitted.

28. The averments of this paragraph are admitted.

29. The averments of this paragraph are admitted.

30. The averments of this paragraph are admitted.

31. The averments of this paragraph are admitted.  Furthermore, Snyder joins the position of USAAG that the subpoena does not constitute a good faith discovery request contemplated by Rule 26(b) and should be quashed or any disclosures reviewed *in camera* for relevancy and commercial information prior to being turned over to the parties.

WHEREFORE, Creditor Shanni Snyder respectfully requests that this Court grant USAAG's motion and quash the subpoena.

Respectfully Submitted,

*/s/ John P. Lacher*
John P. Lacher PA I.D. #62297
501 Smith Drive, Suite 3
Cranberry Twp., PA 16066
(724) 776-8000 (Phone)
(724) 776-8001 (Fax) jlacher@lynchlaw-group.com

 */s/ David L. Fuchs*
David L. Fuchs PA I.D. #205694
Fuchs Law office, LLC
554 Washington Avenue, First Floor
Carnegie, PA 15706
(412) 223-5404 (Phone)
(412) 223-5406 (Fax)
dfuchs@fuchslaw.com

Counsel for Shanni Snyder

4

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re:  U LOCK INC. a/k/a U-LOCK INC. | ) ) ) | Bank. 22-20823-GLT |
| Debtor. | ) ) | Chapter 7 |
| —------------------------------------ CHRISTINE BIROS, | ) ) ) | |
| Movant, | ) ) ) | RE:  Entry 340 |
| v. | ) ) | |
| SHANNI SNYDER, | ) ) | |
| Respondents. | ) ) | |

## CERTIFICATE OF SERVICE

David L. Fuchs hereby certifies, that on the 2nd day of June, 2023, a true and correct copy of the foregoing **JOINDER AND RESPONSE TO USAAG SYSTEMS CO.'S REQUEST FOR EXPEDITED HEARING OR EMERGENCY MOTION TO STAY SUBPOENA PENDING HEARING; MOTION FOR A PROTECTIVE ORDER; MOTION TO QUASH SUBPOENA; OR, IN THE ALTERNATIVE, MOTION TO SPECIFY CONDITIONS OF SUBPOENA; AND, MOTION TO DIRECT DISCLOSURE OF PRIOR SUBPOENA** was served upon the following *(via electronic service)*:

Office of the U.S. Trustee
970 Liberty Center
Bldg.1001 Liberty Avenue
Pittsburgh, PA 15222

Robert H. Slone, Trustee
223 South Maple Avenue
Greensburg, PA 15601

Robert Bernstein
Lara S. Martin
Bernstein-Burkley, P.C.
601 Grant Street, Floor 9
Pittsburgh, PA 15219
rbernstein@bernsteinlaw.com
lmartin@bernsteinlaw.com

Michael F. Santicola
722 Turnpike Street
Beaver PA 15009
michael@ssslawyer.com

Date: June 2, 2023          */s/ David L. Fuchs*
DAVID L. FUCHS
PA I.D. #205694
Fuchs Law Office, LLC
554 Washington Ave, First Floor
Carnegie, PA 15106
(412) 223-5404 (phone)
(412) 223-5406 (facsimile)
dfuchs@fuchslawoffice.com