# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re:<br><br>U LOCK INC.,<br>aka U-LOCK, INC.,<br><br>      Debtor. | Bankruptcy No. 22-20823-GLT<br><br>Chapter 7 |
| USAAG SYSTEMS CO.,<br><br>      Movant,<br><br>v.<br><br>CHRISTINE BIROS,<br><br>      Respondent. | Related Doc. No. 398<br><br>Response Deadline: June 2, 2023 @4:00pm<br>Hearing Date: June 5, 2023 @ 11:30 a.m. |

**RESPONSE OF CHRISTINE BIROS TO REQUEST OF USAAG SYSTEMS CO. FOR EXPEDITED HEARING OR EMERGENCY MOTION TO STAY SUBPOENA PENDING HEARING; MOTION FOR A PROTECTIVE ORDER;MOTION TO QUASH SUBPOENA; OR, IN THE ALTERNATIVE, MOTION TO SPECIFY CONDITIONS OF SUBPOENA; AND, MOTION TO DIRECT DISCLOSURE OF PRIOR SUBPOENA**

      Christine Biros responds as follows to the Request for Expedited Hearing or Emergency Motion To Stay Subpoena Pending Hearing; Motion for a Protective Order; Motion To Quash Subpoena; or, in the Alternative, Motion To Specify Conditions of Subpoena; and, Motion To Direct Disclosure of Prior Subpoena (the "Pending Motion") of USAAG Systems Co. ("USAAG"), Doc. No. 398:

      1.      This Court should deny the Pending Motion. The Subpoena that Biros has served on Citizens Bank and that USAAG has attached to the Pending Motion as Exhibit 1 (the "Subject Subpoena") seeks information within the scope of discovery in this matter and was properly noticed. The Subject Subpoena, like its predecessor, is addressed to the credibility of Claimant

Shanni Snyder, which is very much at issue in both Biros's challenge to Snyder's claim on the assets of the Debtor, U Lock, Inc. That Subpoena is also addressed to Snyder's efforts, in concert with others, to use her purported claims against U Lock to, *inter alia,* impair Biros's ownership of a parcel of real property. Biros gave appropriate notice of the Subject Subpoena before she served it on Citizens Bank, and Citizens Bank has made no claim that the Subject Subpoena will expose it to undue burden or expense. Accordingly, this Court should deny the Pending Motion.

## BACKGROUND

2. Snyder commenced this proceeding on April 27, 2022 by filing an involuntary petition against U Lock pursuant to Chapter 7 of the Bankruptcy Code, 11 U.S.C. §§ 701 *et seq*. Doc. No. 1.

3. At that same time, Snyder filed a claim against U Lock for $263,100.00. Claim No. 1. She claimed that she was entitled to this amount because of a judgment that she had obtained against U Lock in the U.S. District Court for the Western District of Pennsylvania (the "District Court Judgment"), and she attached an abstract of the District Court Judgment to her claim. *Id.* at p.2 & Attachment 1.

4. Snyder has also attempted to use the District Court Judgment to create a lien on real property that Biros owns consistent with the verdict in a quiet-title action that Biros brought and won against U Lock (the "Biros Real Property").

5. On July 1, 2022, U Lock filed a motion seeking to convert this matter from a proceeding under Chapter 7 to a proceeding under Chapter 11 of the Bankruptcy Code, 11 U.S.C. §§ 1101 *et seq*. Doc. No. 53. This Court set a hearing for that motion for August 9, 2022. Doc. No.. 58.

2

6. On August 4, 2022, U Lock filed with this Court a set of exhibits that it intended to use at that August 9 hearing. Doc. No. 102.

7. U Lock included among those proposed exhibits a "Savings Account Statement" issued by Citizens Bank that identified "USA AG Systems Co." of Glastonbury, Connecticut as the account holder. As filed with this Court, the Savings Account Statement showed both the last four digits of the account number of that savings account and, apparently, all ten digits of the account number of a checking account into which USAAG had recently transferred more than $850,000.00. A copy of the Savings Account Statement, redacted to remove all but the last four digits of the account number for the checking account but otherwise as filed with this Court, is attached to this Response as Exhibit A, and Biros's counsel will have an unredacted copy of the U Lock-filed document available at this Court's hearing on the Pending Motion.

8. On December 20, 2022, this Court approved the sale to Snyder of certain assets of U Lock. Doc. No. 254. As all persons concerned understood, Snyder financed this purchase with a purported loan from USAAG. Pending Motion at ¶¶ 9-11 & Ex. 2. At that time, Biros raised concerns that the real party in interest in that sale was USAAG, not Snyder. *Id.* at Ex.. 2 p.6.

9. Snyder has relied upon that asset purchase in bringing her adversary proceeding in this Court against Biros, seeking to "avoid" Biros's ownership of the Biros Real Property. *See generally* Doc. No. 1 in Case 23-02020-GLT.

10. On February 24, 2023, Biros filed an Objection to Snyder's claim against U Lock (the "Claim Objection"). Doc. No. 340. Biros argues, in part, that Snyder acted fraudulently and in concert with others to obtain the District Court Judgment by default in an effort to create a false claim that might give Snyder an interest in the Biros Real Property. *Id.* at pp. 3-8, 10-11.

11. In responding to Biros's Claim Objection, Snyder asserts that, because her claim was based on a "judgment entered in her favor by the District Court after it considered evidence and took testimony under oath," Biros cannot challenge her claim. Doc. No. 357 at ¶ 8. In essence, Snyder's response is that this Court may not look beyond the four corners of the District Court Judgment to consider how Snyder obtained that judgment.

12. Biros has maintained and continues to maintain that Snyder obtained the District Court Judgment by fraud as a result of a conspiracy that involves multiple known and unknown co-conspirators, including Snyder.

13. On April 14, 2023, this Court established a discovery period for the Claim Objection. Doc. No. 368.

14. In announcing that it would establish this discovery period, this Court noted, "the veracity and validity of the Shanni Snyder claim is certainly somewhat dubious." Transcript of Hearing of April 13, 2023, attached to this Response in relevant part as Exhibit B, at 15. This Court continued, "Rule 11 is in play and, to the extent that there were sworn statements given in this proceeding, penalty of perjury also applies here." *Id.*

15. On April 20, 2023, Biros served a Subpoena on Citizens Bank (the "April Subpoena"). A true and correct copy of the April Subpoena, with certain financial information redacted but otherwise as served, is attached to this Response as Exhibit C.

16. At that same time, Biros provided other counsel in this proceeding with the notice attached to this Response as Exhibit D. *See also* Exhibit E (email from Biros counsel to Snyder counsel).

17. Citizens Bank responded to the April Subpoena on May 4, 2023, producing sixteen pages of documents. Biros is not attaching copies of this response to this motion but will have copies of it available at this Court's hearing.

18. Citizens Bank made no complaint about any burden in responding to the April Subpoena. However, it provided Biros with an invoice for its work. A copy of that invoice is attached to this Response as Exhibit F.

19. Citizens Bank produced documents revealing, among other things, that USAAG had adopted its current name in only March 2023, that USAAG had been named Paul Turner Co. until that date, that USAAG had registered a fictitious name of ATM Credit Card Service in April 2023, and that USAAG's registered agent, Xanadu Corp., had the same street address as USAAG.

20. Biros has searched for any record indicating that any of USAAG, ATM Credit Card Service, Paul Turner Co., or Xanadu Corp. is registered to do business in either Connecticut, which is the state indicated in the address block on the Savings Account Statement, or Pennsylvania. Biros has found no such record.

21. On review of this information from Citizens Bank, Biros concluded that additional information within the scope of discovery would be helpful in opposing Snyder's claim, challenging Snyder's credibility, and establishing that the District Court Judgement through fraud and conspiracy.

22. To that end, Biros prepared and, on May 24, 2023, served the Subject Subpoena. That Subpoena sought a broader range of information about both accounts that U Lock identified to this Court in the Savings Account Statement, as well as other accounts that USAAG might hold at Citizens Bank.

5

23. Also on May 24, Biros gave notice of the Subject Subpoena to other counsel in this action. A true and correct copy of this notice is attached to this Response as Exhibit G.

24. Biros did not file a copy of the Subject Subpoena with this Court.

25. To date, Citizens Bank has not objected to the Subject Subpoena.

26. On May 26, 2023, USAAG filed its first Emergency Motion with this Court, complaining *inter alia* that it had not received notice of Biros's service of the Subject Subpoena two days earlier. Doc. No. 395.

27. Also on May 26, Snyder's counsel wrote to Biros's counsel, complaining in part that Snyder also had not received copies of subpoenas.

28. Counsel for Biros called Snyder's counsel to discuss these concerns. Following that conversation, Biros's counsel reviewed its files and forwarded to Snyder's counsel the May 24 email giving notice of the Subject Subpoena to Snyder and others. Biros's counsel asked that, Snyder's counsel advise if it was unable to confirm prior receipt. A copy of the email from Biros's counsel, without its attachment, is attached to this Response as Exhibit H.

29. To date, Snyder has not responded to that email.

30. This Court denied USAAG's first Emergency Motion without prejudice on May 30, 2023. Doc. No. 397.

31. USAAG filed the Pending Motion on May 31, 2023. Doc. No. 398. In filing the Pending Motion, USAAG made no effort to redact its own bank account numbers or other identifying information from the copy of the Subject Subpoena that it filed with this Court. *See id.* at Ex. 1.

# ARGUMENT

## THIS COURT SHOULD DENY USAAG'S PENDING MOTION.

**A.  The Documents that Biros Seeks Are Within the Scope of Discovery.**

32. As noted above, this Court has authorized discovery in connection with the Claim Objection.

33. The scope of permissible discovery is familiar:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1); *see also* Fed. R. Bankr. P. 26.

34. This Court has already expressly recognized that Snyder's credibility is a critical issue in considering the Claim Objection and is materially in question. *See* Ex. B at 15.

35. As USAAG expressly recognizes, this Court has already relied on statements from Snyder in determining that she acted with good faith in purchasing certain U Lock assets and that Snyder had no agreements or arrangements with others in connection with those purchases. Pending Motion at ¶¶ 12-13.

36. Additionally, the involvement of USAAG and its principals (whoever they may be) in obtaining the District Court Judgment and Snyder's actions in this case are relevant to the determination of the Claim Objection.

37. For these inquiries, the more recent information that Biros seeks is at least as important as information from the 2016-2020 period. While the Pending Motion suggests that USAAG may have involved itself in Snyder's and Biros's affairs and in the affairs of U Lock as early as 2016, Biros is certainly aware of these efforts within the last year.

7

38. USAAG's attempt to focus on the "proportionality" aspects of Rule 26 gets USAAG nowhere. This proportionality limitation looks to the burden on the party that will be responding to discovery requests. *See, e.g.*, Fed. R. Civ. P. 26 at Committee Notes on Rules – 2015 Amendment ("The burden or expense of proposed discovery should be determined in a realistic way. This includes the burden or expense of producing electronically stored information.") USAAG faces *no* burden or expense in Citizens Bank's responding to the Subject Subpoena. In fact, USAAG claims to have been wholly unaware of Citizens Bank's compliance with the April Subpoena. *See* Pending Motion at ¶¶ 4, 19, 31.

39. USAAG's reliance on *In re Countrywide Home Loans*, 384 B.R. 373 (Bankr. W.D. Pa. 2008) for the notion that the scope of discovery is determined by some sort of "good cause" requirement is also misplaced. That decision concerned the authority of a trustee in bankruptcy to seek discovery from a *creditor* pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure. *Id.* at 392-393. There, the trustee had moved in several proceedings to depose Countrywide, a creditor, about its business practices. *Id.* at 378. This Court held that, "when a creditor objects the UST must meet a threshold standard of 'good cause' before she will be permitted to conduct examinations and require the production of documents pursuant to Rule 2004." *Id*. at 393. In fact, this Court's only mention of Fed. R. Civ. P. 26 was to note that the question before it was the extent to which the very broad scope of Rule 2004 should allow discovery that would not already be permissible under Rule 26. *Id*. at 404 ("Since the scope of the examination is so much broader for Rule 2004 purposes (i.e., a 'fishing expedition')[,] discovery that falls within the traditional scope of litigation discovery and is not otherwise offensive to the Federal Rules of Civil Procedure, is appropriate in this case.").

8

40. Of course, Rule 2004 plays no role in determining whether discovery is permissible here. However, even if it did, this Court would need to look no further than the scope of Rule 26 to deny the Pending Motion.

**B.  Biros Gave All Appropriate Notice of the Subject Subpoena.**

41. Rule 45(a)(4) of the Federal Rules of Civil Procedure, as incorporated by Fed. R. Bankr. P. 45, specifies the prior notice that a party should give before issuing a subpoena:

> *Notice to Other Parties Before Service.* If the subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, then before it is served on the person to whom it is directed, a notice and a copy of the subpoena must be served on each party.

42. Biros actually gave this required notice prior to service of the Subject Subpoena. *See* Exhibit G. *See also* Exhibit H.

43. USAAG was not a party to this proceeding when Biros gave this notice or when she served the Subject Subpoena on Citizens Bank.

44. USAAG does not point to any other provision of the applicable Rules or any other source that required Biros to notify it before serving the Subject Subpoena.

45. Moreover, even if USAAG could claim some entitlement to prior notice, it would hardly be able to complain of any prejudice from not having received that notice. USAAG served its initial motion two days after Biros served and gave notice of the Subject Subpoena. *Compare* Pending Motion at Ex. 1 (May 24 service of Subject Subpoena) and Exhibit G (May 24 notice of Subject Subpoena) *with* Doc. No. 395 (May 26 USAAG Motion).

**C.  Citizens Bank, as the Person Subject to the Subject Subpoena, Has Raised No Concerns with It.**

46. In serving the Subject Subpoena, Biros had a duty to avoid undue burden or expense to Citizens Bank as the person subject to the Subpoena. *See* Fed. R. Civ. P. 45(d)(1); Fed. R. Bankr. P. 45.

9

47. In establishing this requirement, the framers of the Rules took a different approach for third-party subpoenas than they took in, for instance, requiring leave of court prior to deposing a witness for a second time. *Compare* Fed. R. Civ. P. 45(d)(1) *with id.* at 30(a)(2)(A)(ii).

48. Citizens Bank has raised no complaint about the Subject Subpoena. It appears to be satisfied with billing Biros for the costs of compliance, *see* Ex. F, and Biros is willing to pay those costs.

49. Should Citizens Bank raise concerns of this nature about the Subject Subpoena with Biros, Biros will notify this Court promptly.

### D. Biros Is Willing to Limit Dissemination of the Documents that Citizens Bank Produces in Response to the Subject Subpoena.

50. Any concerns USAAG may have that *Biros* will widely disseminate its confidential information is, to date, misplaced. *U Lock*, not Biros, has publicly disclosed information about USAAG's bank account numbers. *See* Exhibit A. USAAG itself has disclosed that same information by publicly filing a copy of the Subject Subpoena. *See* Doc. No. 398 at Ex. 1.

51. By contrast, Biros has revealed information about USAAG's accounts only to Citizens Bank (which, having created those account numbers, already knew them) and to the parties that were entitled to prior notice of Biros's subpoenas. In this Response, Biros has attempted to comply with the confidentiality requirements of Fed. R. Bankr. P. 9037. Although this Response recites certain publicly available information about USAAG's organization and real and fictitious names, Biros has refrained from filing the information she has received from Citizens Bank.

52. So long as USAAG agrees that it will not attempt to preclude Biros from seeking similar information in other, related disputes such as Biros's action against Snyder and others pending in the U.S. District Court for the Western District of Pennsylvania, Biros will agree to limiting her use of the information that Citizens Bank provides in response to the Subject Subpoena to this bankruptcy proceeding. *See* Fed. R. Civ. P. 45(d)(3)(C). *See also* W.PA.LBR 7037-1(g) (requiring good-faith effort to resolve dispute and certification of same prior to filing of discovery-related motion).

### E. USAAG's Concerns About the April Subpoena Are Misplaced.

53. USAAG's demand that it be provided with a copy of the subpoena that Biros served on Citizens Bank in April 2023 should be allayed by Biros's attaching a copy of that subpoena to this Response. *See* Ex. C. Biros will be happy to share with USAAG the responsive information that she received from Citizens Bank.

54. USAAG has no standing to complain about the manner in which Biros notified the other parties to this proceeding about the April Subpoena. USAAG was no more entitled to prior notice of the April subpoena than it was entitled to that notice for the Subject Subpoena. *See* Fed. R. Civ. P. 45(a)(4).

55. In any event, the April Subpoena was completely appropriate. It was narrowly drawn. The information that it sought was, for the reasons discussed above with regard to the Subject Subpoena, well within the scope of discovery that this Court has expressly authorized for the Claim Objection.

56. Out of an abundance of caution, Biros will agree to the same limitations, on the same terms, of her use of information that Citizens Bank provided in response to the April Subpoena that she proposes above for information that Citizens Bank provides in response to the Subject Subpoena.

WHEREFORE Biros respectfully requests that this Court deny the Pending Motion.

Dated: June 2, 2023

BERNSTEIN-BURKLEY, P.C.

By: */s/ Stuart C. Gaul, Jr.*
Kirk B. Burkley (PA ID No. 89511)
Stuart C. Gaul, Jr. (PA ID No. 74529)
Daniel McArdle Booker (PA ID No. 320890)
601 Grant Street, Floor 9
Pittsburgh, PA 15219
Telephone: (412) 456-8100
Facsimile: (412) 456-8135
kburkley@bernsteinlaw.com
sgaul@bernsteinlaw.com
mbooker@bernsteinlaw.com

*Counsel for Christine Biros*