UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | . | Case No. 22-20823-GLT |
| | . | |
| | . | |
| U LOCK INC, | . | 5414 U.S. Steel Tower |
| | . | 600 Grant Street |
| | . | Pittsburgh, PA 15219 |
| Debtor. | . | |
| | . | April 13, 2023 |
| . . . . . . . . . . . .. | | 1:30 p.m. |

TRANSCRIPT OF #294 CONTINUED ORDER TO SHOW CAUSE SIGNED
ON 1/17/2023. (RE: RELATED DOCUMENT(S): 258 APPLICATION
FOR ADMINISTRATIVE EXPENSES; #278 CONTINUED AMENDED ORDER
TO SHOW CAUSE SIGNED ON 1/6/2023. (RE: RELATED DOCUMENTS(S):
249 ORDER SCHEDULING HEARING); #345 CONSENT MOTION TO
APPROVE COMPROMISE UNDER RULE 9019; #340 OBJECTION TO CLAIM
OF SHANNI SNYDER; AT CLAIM NUMBER 1; #337 OBJECTION TO CLAIM
OF GEORGE SNYDER; AT CLAIM NUMBER 5; #344 AMENDED
APPLICATION FOR ADMINISTRATIVE EXPENSES PURSUANT TO
11 U.S.C. 503(b)(1) AND/OR FOR PAYMENT OF ADEQUATE PROTECTION

BEFORE HONORABLE GREGORY L. TADDONIO
UNITED STATES BANKRUPTCY COURT JUDGE

APPEARANCES:

| | |
|---|---|
| For the Debtor: | Law Office of J. Allen Roth |
| | By:  J. ALLEN ROTH, ESQ. |
| | 805 S. Alexandria Street |
| | Latrobe, PA 15650 |
| | |
| For George Snyder: | By: GEORGE SNYDER, PRO SE |
| | Box 15 |
| | Irwin, PA 15642 |
| | |
| | |
| ECRO: | Hayley Smith |

Proceedings recorded by electronic sound recording, transcript
produced by transcription service.

**J&J COURT TRANSCRIBERS, INC.**
**268 Evergreen Avenue**
**Hamilton, New Jersey 08619**
**E-mail:  jjcourt@jjcourt.com**

**(609) 586-2311      Fax No. (609) 587-3599**

APPEARANCES (Cont'd):

For Christine Biros:              Bernstein-Burkley, P.C.
                                  By:  ROBERT S. BERNSTEIN, ESQ.
                                       MARK LINDSAY, ESQ.
                                  601 Grant Street, 9th Floor
                                  Pittsburgh, PA 15219

For Christine Biros,              The Law Firm of William E. Otto
Lead Counsel in the               By:  WILLIAM E. OTTO, ESQ.
State Court Action:               4027 Old William Penn Highway
                                  P.O. Box 701
                                  Murrysville, PA 15668

TELEPHONIC APPEARANCES:

Chapter 7 Trustee:                Mahady & Mahady
                                  By:  ROBERT H. SLONE, ESQ.
                                  223 South Maple Avenue
                                  Greensburg, PA 15601

For Shanni Snyder:                The Lynch Law Group LLC
                                  By:  JOHN PATRICK LACHER, ESQ.
                                  501 Smith Drive, Suite 3
                                  Cranberry Twp, PA 16066


                          - - -


**WWW.JJCOURT.COM**

3

1          ECRO:  Court may now come to order.  The Honorable

2   Gregory L. Taddonio presiding.

3          THE COURT:  All right.  Good afternoon, everyone.

4   This is the United States Bankruptcy Court for the Western

5   District of Pennsylvania and this is the Court's docket of

6   Chapter 7 and Chapter 11 matters on this Thursday, April 13,

7   2023.  The matter under consideration at this time is Case

8   Number 22-20823, U LOCK INC.  I'll begin by taking appearances

9   first here in the courtroom and I'll start over here.  Mr.

10  Roth?

11         MR. ROTH:  Alan Roth on behalf of U LOCK.

12         THE COURT:  All right, good afternoon.

13         MR. SNYDER:  George Snyder.

14         THE COURT:  All right, good afternoon.  Want to come

15  over here?

16         MR. BERNSTEIN:  Your Honor, on behalf of Christine

17  Biros, Robert Bernstein, Bernstein-Burkley.

18         THE COURT:  Okay.

19         MR. BERNSTEIN:  William Otto sitting next to me.

20         THE COURT:  All right, good afternoon.

21         MR. BERNSTEIN:  Ms. Biros is in the courtroom next to

22  him and my colleague Mark Lindsay.

23         MR. LINDSAY:  Good afternoon.

24         THE COURT:  All right, good afternoon, everyone.  All

1  right, that satisfies the appearances here in the courtroom and

2  then I'll take appearances on the Zoom call.  I'll start first

3  with the Chapter 7 Trustee.

4          MR. SLONE:  Yes.  Robert Slone, Chapter 7 Trustee,

5  Your Honor.

6          THE COURT:  All right, good afternoon.  And, I'll

7  take an appearance for Shanni Snyder?

8          MR. LACHER:  Good afternoon, Your Honor.  John Lacher

9  on behalf of Shanni Snyder, and Shanni Snyder is in the room

10  with me, Your Honor.

11          THE COURT:  Okay, good afternoon.  All right, and is

12  there anyone else who wishes to enter an appearance in this

13  case?

14                  (No audible response)

15          THE COURT:  All right.  This is a hearing set on

16  several pending matters and I have -- the Claims Objections

17  filed by Christine Biros to the claims of George Snyder and

18  Shanni Snyder.  I have an Amended Application for Payment of

19  Administrative Expenses, including Post-Petition Rent,

20  relatedly a Consent Motion to Approve Compromise under Rule

21  9019, and then two continuations of hearings related to Orders

22  to Show Cause that were issued by the Court at Docket Numbers

23  278 and 294.  Unless there's any housekeeping matters that I

24  need to be aware of, I am just going forward in starting with

25  the claims objections, so any preliminary comments from the

1   in this case, particularly with respect to the schedules and

2   testimony at the 341 meeting and in other sworn declarations.

3   So, for all those reasons, I find that the objection is well-

4   founded and I will sustain the objection and deny Mr. Snyder's

5   claim.

6          So, that brings us forward to the next claim

7   objection which is the objection to Claim Number 1 filed by

8   Shanni Snyder.  This was a claim filed in the amount of

9   $263,100, originally as a secured judgment.  Ms. Biros has

10  filed an objection, asserting that Shanni was not an employee

11  of U LOCK, and as is supported by Shanni's schedules, and given

12  her failure to properly schedule a wage claim, Shanni should be

13  judicially estopped from asserting one now.

14         Both George and Kash Snyder have testified

15  extensively that U LOCK had no employees and did not consider

16  Shanni Snyder to be an employee.  She also notes that there is

17  no evidence that Shanni was a contractor of U LOCK and further

18  observes that Shanni does not qualify as an employee under the

19  FLSA because U LOCK was an immediately -- or an immediate

20  family-owned business.  And, even if she had such a claim under

21  the FLSA, the statute of limitations is two years.

22         Biros' also asserts that the claimant Shanni worked

23  for ten hours a night, every night, for four years, is on its

24  face incredible, and given that the security setup at the site

25  did not have wifi or other connectivity, it is unclear how

1  Shanni could have monitored the cameras as alleged in her

2  claim.

3       Ms. Snyder filed a response arguing that Biros is

4  seeking to collaterally attack her judgment and she asserts

5  that judicial estoppel cannot apply because she later amended

6  her schedules and only part of the claim belonged to her

7  estate, and finally suggests that if an evidentiary hearing is

8  necessary to address the validity of the judgment, the

9  reference should be withdrawn to permit the District Court to

10 do so.

11      So, again, those are my initial observations of what

12 had been contended by each of the parties with respect to that

13 pending claim objection.  Is there anything further that Ms.

14 Biros wishes to raise with respect to that claim objection?

15      MR. BERNSTEIN:  Nothing further at this point, Your

16 Honor.  Thank you.

17      THE COURT:  All right, thank you.  All right, Mr.

18 Lacher, how about on your behalf for Ms. Snyder?

19      MR. LACHER:  Yes, thank you, Your Honor.  Again, as

20 noted, we're dealing here with a final judgment and I would

21 also point out that Ms. Biros has commenced a RICO action in

22 the District Court, which includes the same attacks on the

23 judgment that they raise here before Your Honor.  So, you have

24 them asking the District Court to pass on the facts and they

25 have Your Honor asking to pass on the facts, and based on Your

12

1  Honor's findings in regard to the last objection, I'd also

2  point out, they rely largely on a case issued by Judge Deller,

3  kind of stating that this Court can always get behind a

4  judgment in a claims objection situation.  I don't think that

5  case says that at all.  That was a case that dealt with

6  confessed judgments that, on the face of the record, were not

7  lawful, the process was not followed.  In this instance, Ms.

8  Snyder filed her complaint.  Went to court.  Attended a hearing

9  in front of Judge Colville.  Judge Colville took evidence.

10 Judge -- including testimony from Ms. Snyder.  He rendered a

11 final judgment.  That judgment is a year and a half old.

12 Nobody has attacked it, and I do believe this Court can't get

13 behind it, and I also believe that if it is going to be

14 challenged, it should go back to the District Court, as Your

15 Honor mentioned.

16         THE COURT:  Okay.  Anything in response, Mr.

17 Bernstein?

18         MR. BERNSTEIN:  Nothing that we haven't already set

19 forth, Your Honor.  Thank you.

20         THE COURT:  All right, thank you.  All right.  I'll

21 address the points as follows.  I do think that Shanni's

22 judgment was entered by default.  It's clearly indicated as

23 such and, therefore, I reach the finding that it is not

24 entitled to preclusive effect, and in support of that, I do

25 rely on the In re Chatkin case, 465 B.R. 54, at Page 65, which

1   is a decision of the Bankruptcy Court of the Western District

2   of Pennsylvania from 2012, which provided, quote, as a general

3   rule under federal law, any issue raised in a case where a

4   default judgment was entered is not actually litigated for

5   purposes of collateral estoppel, and therefore does not bar

6   litigation of the issue in the Second Federal Court, end quote.

7            There is no exception where the defendant never

8   appeared and participated.  I think Biros is correct that the

9   statute of limitations for the FLSA claim is two years, with

10  the possibility of three years for a wilful violation.  It's

11  under 29 U.S.C., Section 255(a), and to the extent that Shanni

12  reopened her bankruptcy case and amended her schedules and

13  entered into a settlement with the Trustee, I do find that

14  judicial estoppel would appear to be moot and is no longer at

15  play here.

16           But, even though Shanni is the sister of Kash and

17  George, it is unclear whether adult siblings under the

18  circumstances would be considered, quote, immediate family

19  under the FLSA, and I think there are some factual issues that

20  are raised here, but nevertheless, the fact that there is a

21  judgment, does require at this point for the Court to schedule

22  an evidentiary hearing on the merits of the claim itself.  And,

23  so I am prepared to do that and we'll issue a suitable pretrial

24  order.  My expectation though is that this should not be a long

25  or involved process.  I am contemplating an evidentiary hearing

14

1  of no more than two hours and I think the primary witness would

2  be Ms. Snyder herself.  If there is cause to be shown that

3  there are needs for other witnesses, we can address that, but

4  I'm not envisioning that as we sit here today.

5          To the extent the parties need a discovery period,

6  I'm prepared to provide a brief 60-day discovery period for

7  that.  But, in short, I'm moving forward with quantifying the

8  claims of this estate, and the only way to do so is to have an

9  evidentiary hearing on the merits of that claim objection.  To

10  the extent that Ms. Snyder wants to seek a withdraw of the

11  reference, that's her prerogative.  She can file an appropriate

12  motion with the District Court.  The District Court can act

13  with it as it deems necessary, but my expectation would be that

14  liquidating and determining the allowance of claims is

15  something that is normally done within the Bankruptcy Court and

16  unless there's some other basis to seek a withdraw of the

17  reference, I would not be betting money that the District Court

18  would grant that.

19          But, nevertheless, I'm prepared to be surprised on

20  that, but in the meantime, I'm not going to wait for the

21  District Court to rule on that.  This is an estate that needs

22  to be properly addressed, and so I will move forward with the

23  evidentiary hearing under the schedule that I've just outlined.

24          I would also note though that, and this is for Mr.

25  Lacher's benefit because he is new to the party, so to speak,

1   is that, on its face and given the circumstances of which

2   unfolded, and again mind you, I'm not making any final

3   determinations, but the veracity and validity of the Shanni

4   Snyder claim is certainly somewhat dubious.  I made no mistake

5   about that and some of the things I've written in my orders

6   before, and so I want to make sure that we're all clear on what

7   the expectations are going forward, and that is the Court has

8   already put all of the parties in this room and on the Zoom

9   call on notice that I'm not tolerating any more games or

10  crossing any lines.  Rule 11 is in play and, to the extent that

11  there were sworn statements given in this proceeding, penalty

12  of perjury also applies here.

13          So, as we move forward with an evidentiary hearing, I

14  want folks to be mindful of that so that we can be all clear on

15  what the expectation is and that there is no funny business or

16  games that are being played as we move forward with the goal of

17  including the administration of this estate and determining

18  what the claims are and allowing the Trustee to take what

19  limited resources he has and make distributions to creditors.

20  So with that, any questions or further clarifications that the

21  parties need at this stage?

22          MR. BERNSTEIN:  No, Your Honor.

23          MR. LACHER:  No, Your Honor.

24          THE COURT:  So, while we're at it, I'm going to just

25  set a date.  If I use 60 days from today for discovery, I have

16

1  the window of July 14th in the afternoon, which is a Friday,

2  for an evidentiary hearing.  How does that work for the

3  parties?

4            MR. BERNSTEIN:  Fine with us, Your Honor.

5            MR. LACHER:  Fine with me, Your Honor.

6            THE COURT:  All right.  Then, I'll set that for July

7  14th at 1:30 p.m.

8            MR. OTTO:  Unless you're home for Bastille Day.

9            THE COURT:  All right.  That brings us forward to the

10  next pending item, which I will take as the consent motion to

11  approve the compromise under Rule 9019 and this is somewhat

12  related to the amended application for administrative expenses

13  that was filed by Christine Biros, which has drawn an objection

14  from George Snyder.  The motion to compromise has drawn

15  objections from both George Snyder and Shanni Snyder and a

16  consent response from the Chapter 7 Trustee.

17            Okay.  So, again, where I view the papers at this

18  stage is as follows.  Christine Biros and the Trustee have

19  entered into a settlement of her claims.  The settlement would

20  provide for an allowance of an administrative expense claim of

21  $18,000 for use and occupancy of the subject property during

22  the pendency of the bankruptcy.  That equates to $2,000 a month

23  for a period of nine months.  It would also allow amended Claim

24  Number 2 in the amount of $27,701.59 as a priority claim under

25  Section 507(a)(8) for pre and post-petition real estate taxes