# Stuart C. Gaul, Jr.

| | |
|---|---|
| **From:** | Allison Gilbert |
| **Sent:** | Wednesday, May 24, 2023 3:24 PM |
| **To:** | jallenroth@recap.email; dfuchs@fuchslawoffice.com; attorneylacher@yahoo.com |
| **Cc:** | COZ@Zeblaw.com; robertslone223@gmail.com; Stuart C. Gaul, Jr.; Mac Booker |
| **Subject:** | U Lock, Inc., Bankruptcy Case No. 22-20823-GLT |
| **Attachments:** | Subpoena with Exhibit to Citizens.PDF |

Good Afternoon,

Attached please find a subpoena to produce documents sent to Citizens Bank today on behalf of our client, Christine Biros. Do not hesitate to contact our office with any questions or concerns.

Thank you,
Allison Gilbert

_____

**Allison Gilbert** | **Paralegal**



601 Grant Street, 9th Floor | Pittsburgh, PA 15219

agilbert@bernsteinlaw.com | P: 412-456-8134 | F: 412-456-8135



CONFIDENTIALITY NOTICE: This electronic communication and any attachments (a) are protected by the Electronic Communications Privacy Act (18 U.S.C. § 2510-2522), (b) may contain confidential and/or legally privileged information, and (c) are for the sole use of the intended recipient. If you have received this electronic communication in error, please notify the sender and delete the entirety of the electronic communication. Any use of the contents of any information received in error, including but not limited to disclosure, copying, or distribution, is strictly prohibited.

**BERNSTEIN • BURKLEY**
— ATTORNEYS AT LAW —

A business approach to legal service ℠

**Mac Booker**
mbooker@bernsteinlaw.com | (412) 456-8122

May 24, 2023

Citizens Bank
c/o Polly Klane, Chief Legal Officer
One Citizens Plaza
Providence, RI 02903

**RE:** **U Lock Inc., Western District of Pennsylvania Bankruptcy Case No. 22-20823-GLT**
**File No. 3626-001**

Dear Ms. Klane:

Enclosed please find a Second Subpoena to Produce Documents, Information, or Objects with regards to the above referenced bankruptcy case, along with Exhibit A detailing the information we are requesting. If you are not the appropriate addressee to direct the subpoena to, please either direct it to the appropriate person(s) or advise our office as to whom to direct this and we will send take care of forwarding it.

Do not hesitate to contact our office with any questions or concerns.

Very truly yours,
BERNSTEIN-BURKLEY, P.C.

Mac Booker
Associate Attorney

MB/mag

Enclosures

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

Western District of Pennsylvania

In re U LOCK INC.

Debtor

*(Complete if issued in an adversary proceeding)*

Case No. 22-20823-GLT

Chapter 7

_____
Plaintiff

v.

_____
Defendant

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: **Citizens National Bank**
*(Name of person to whom the subpoena is directed)*

☒ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: Online Transfer to Checking 0024996386 on July 5, 2022

| PLACE: Bernstein-Burkley, P.C., 601 Grant Street, 9th Floor, Pittsburgh, PA 15219 c/o Mac Booker | DATE AND TIME: June 5, 2023 at 5:00 p.m. |
|---|---|

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: **5-24-2023**

CLERK OF COURT

OR

_____          /s/ *(Attorney's signature)*
*Signature of Clerk or Deputy Clerk*              *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* Christine Biros, who issues or requests this subpoena, are: Mac Booker, Bernstein-Burkley, P.C., 601 Grant Street, 9th Floor, Pittsburgh, PA 15219, mbooker@bernsteinlaw.com, (412) 456-8100

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

Case 22-20823-GLT    Doc 406-7    Filed 06/02/23    Entered 06/02/23 14:11:45    Desc
Exhibit G    Page 4 of 11

## PROOF OF SERVICE
(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 3)

Case 22-20823-GLT    Doc 406-7    Filed 06/02/23    Entered 06/02/23 14:11:45    Desc
Exhibit G    Page 5 of 11

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
  (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
  *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  *(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
  *(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  *(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or
    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  *(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
  *(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  *(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

...

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## EXHIBIT A
## INFORMATION AND DOCUMENTS
## TO BE PRODUCED BY CITIZENS BANK, N.A.

**I. DEFINITIONS**

1. "Citizens" means Citizens Bank, N.A., its current and former parents and/or predecessors, successors, subsidiaries, affiliates, and/or each of their present and past members, managers, employees, agents, attorneys and/or any and all persons and/or business entities acting and/or purporting to act for or on their behalf.

2. The "6386 Account" means Citizens Checking Account No. ▮▮▮▮6386, which is referenced in Exhibit A-1 attached hereto.

3. The "6498 Account" means the Citizens Savings Account for which Exhibit A-2 attached hereto is a Savings Account Statement.

4. "USA AG" means USA AG Systems Co., a corporation organized under the laws of the State of Colorado corporation and the business customer for which the 6386 Account was opened.

5. "Document" means all materials discoverable pursuant to the Federal Rules of Bankruptcy Procedure and Federal Rules of Civil Procedure, including without limitation the following items, whether electronic, printed or reproduced by any process, or written or produced by hand, and whether or not claimed to be privileged or otherwise excludable from discovery, namely: notes, letters, correspondence, communications, text messages, tweets and retweets, Instagram posts, website posts, telegrams, social media posts or comments, memoranda, blog entries, instant messages, summaries or records of telephone conversations, summaries or records of personal conversations, diaries, reports, research reports and notebooks, charts, plans, drawings, photographs, minutes or recordings of meetings, including directors' meetings, reports or

summaries of interviews, reports or summaries of investigations, opinions or reports of consultants, opinions of counsel, agreements, reports or summaries of negotiations, brochures, pamphlets, advertisements, circulars, trade letters, press releases, drafts of documents, data compilations, e mail, electronically stored data, computer tapes or disks, computer printouts, computer directories, computer files and all material fixed or recorded in or on any medium or from which any material can be obtained, translated, or recovered, including without limitation deleted but recoverable data, including without limitation computers, of whatever kind known to you or in your possession, custody and/or control. The term "document" also includes all copies which are not identical to the original.

6. "Person" or "persons" means, refers to and includes natural persons, corporations, professional corporations, limited liability partnerships, firms, partnerships, associations, joint ventures, trusts, trustees, proprietorships, entities, government or governmental entities, and all other forms of organizations, associations or entities, and any past or present officer, director, partner, principal, agent, trustee, beneficiary, or representative of such person.

7. "All" means "any and all" and the word "any" means "any and all."

8. The terms "and," "or," and "and/or" are used herein in their general sense and are not intended to limit the scope of any Requests. The terms shall be construed as broadly as possible to bring within their scope all discoverable information which might otherwise be excluded.

## II. INSTRUCTIONS

1. Responses to these Requests shall be supplemented as required by the Bankruptcy Rules of Civil Procedure, the Federal Rules of Civil Procedure and accompanying case law. These Requests shall be deemed to impose a continuing duty upon you to properly and timely serve upon Christine Biros supplemental documents.

2. With respect to the documents produced, you shall produce them as they are kept in the usual course of business. If you have no documents or things responsive to a particular request, so state.

3. All definitions above are applicable to these requests whether they are capitalized or in lowercase.

4. Electronically stored information, including but not limited to emails and instant messages, shall be produced in the form or forms in which it is ordinarily maintained ("native form") or in a form that is reasonably usable.

5. With respect to any responsive information or documents as to which you assert a claim of privilege or other immunity from discovery, you shall submit a list identifying each such document or piece of information by stating:

(i) its type (*e.g.*, letter, inter-office memorandum, note, etc.), subject matter, title, date, and the number of pages thereof;

(ii) the identity of each person who participated in its preparation;

(iii) the identity of each person who signed or sent the document;

(iv) the identity of each person to whom the document or information was addressed, copied to or sent;

(v) the identity of each person who received the document or information; and

(vi) the basis of the claim of privilege or immunity.

6. In the event that any requested information or document is known to have existed and cannot now be located or has been destroyed or discarded, that information or document shall be identified by:

(i) the last known custodian;

(ii) date of destruction or discard;

(iii)  the manner of destruction or discard;

(iv)  the reason(s) for destruction or discard;

(v)  as to lost or misplaced documents, the efforts made to locate such documents;

(vi)  a statement describing the document, including a summary of its contents;

(vii)  the identity of its author(s); and

(viii)  persons to whom it was sent or shown.

7. For documents originally collected in paper form, all associated file labels, file headings thereon, and file folders shall be produced together with the responsive documents from each file such that the labels, headings, and folders precede the documents with which they are associated. Each page shall be given a discrete production number.

### III. INFORMATION AND DOCUMENT REQUESTS

1. Please provide documents sufficient to show transferees and transferors with regard to all transactions into and out of the 6386 Account from the creation of the account to the present.

2. Please provide all periodic statements that Citizens has issued for the 6386 Account.

3. Please provide all documents constituting or reflecting any communications between Citizens Bank and any person with regard to relating to the creation or operation of the 6386 Account, including without limitation all forms of identification provided to Citizens in connection with the creation of the 6386 Account.

4. Please provide documents sufficient to show transferees and transferors with regard to all transactions into and out of the 6498 Account from the creation of the account to the present.

5. Please provide all periodic statements that Citizens has issued for the 6498 Account.

6. Please provide all documents constituting or reflecting any communications between Citizens Bank and any person with regard to relating to the creation or operation of the

6498 Account, including without limitation all forms of identification provided to Citizens in connection with the creation of the 6498 Account.

7. Please provide documents sufficient to show the full name of the holder of the 6498 Account.

8. Please provide, for the period from the creation of the account to the present, documents sufficient to show the full name(s) of any person(s) authorized to:

   a. Sign checks on the 6498 Account ;

   b. Access the 6498 Account;

   c. Sign withdrawal slips or authorize wires or other withdrawals from the 6498 Account; and

   d. Make deposits into the 6498 Account.

9. Please provide documents sufficient to show the date on which the 6498 Account was opened or otherwise created.

10. For each Citizens account opened for or owned at any time by USA AG, please provide documents sufficient to show transferees and transferors with regard to all transactions into and out of that account at any time by USA AG from the creation of that account to the present.

11. For each Citizens account opened for or owned at any time by USA AG, please provide all periodic statements that Citizens has issued for that account.

12. For each Citizens account opened for or owned at any time by USA AG, please provide all documents constituting or reflecting any communications between Citizens Bank and any person relating to the creation or operation of that account, including without limitation all forms of identification provided to Citizens in connection with the creation of that account.

13. For each Citizens account opened for or owned at any time by USA AG, please

provide documents sufficient to show the full name of the holder of that account.

14. For each Citizens account opened for or owned at any time by USA AG, please provide documents sufficient to show, for the period from the creation of the account[s] to the present, the full name(s) of any person(s) authorized to:

    a. Sign checks on behalf of that account;

    b. Access that account;

    c. Sign withdrawal slips or authorize wires or other withdrawals from that account; and

    d. Make deposits into that account.

15. For each Citizens account opened for or owned at any time by USA AG, please provide documents sufficient to show the dates on which that account was opened or otherwise created.

16. Documents sufficient to verify the information requested in Requests 1-12, as set forth directly above.