**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| In re: U LOCK INC. a/k/a U-LOCK INC.  )  )  )  )  ) | Case. 22-20823-GLT |
| Debtor.  ) | |
| ———————————————— ) | |
| U LOCK INC.,  ) ) | |
| Movant,  ) ) | |
| v.  ) ) | |
| CHRISTINE BIROS,  ) SHANNI SNYDER,  ) ROBERT SLONE, TRUSTEE,  ) ) | |
| Respondents.  ) | |

**MOTION FOR CLARIFICATION**

Debtor U Lock Inc. ("U Lock") moves this Court for clarification of the automatic stay:

1. This motion is being filed at the request of the Superior Court of Pennsylvania relating to three pending appeals that originate from Orders from the Court of Common Pleas of Westmoreland County, Pennsylvania. *See* Exhibit 1 – Order.

2. Specifically, this Court entered an Order lifting the automatic stay as to the *U Lock* property and reinstating state remedies. *See* Exhibit 2 – Order of January 27, 2023.

3. During this bankruptcy, four defensive appeals were filed with the Superior Court from actions taken by the Court of Common Pleas. Defensive appeals do not violate the automatic stay. The reason the appeals were filed is because of the time limitation to do so and the fact that Christine Biros argued to the state court that the automatic stay did not apply and she concurrently sought retroactive relief from the stay with this Court.

4. These appeals were stayed and have been..

5. Appeal 617 WDA 2022 is an appeal from the January 20, 2022 Order that gave Christine Biros the deeds. The appeal was filed May 26, 2022. U Lock planned to argue that the appeal was timely because the Court of Common Pleas admitted it entered the Order "unilaterally" without notice to U Lock and without ever providing a copy of the Order to it. *See* Exhibit 3.

6. Appeal 615 WDA 2022 is an appeal from the May 13, 2022 Order that denied U Lock's request to strike the January 2022 Order on the basis that the Court lacked jurisdiction because the matter was not remitted to it, that the Order was *ex parte*, and entered without notice to U Lock. *See* Exhibit 4.

7. Another appeal was filed by Shanni Snyder, but withdrawn. In addition, an appeal at 650 WDA 2022 is pending by Mark Mycka a tenant of U Lock. Counsel communicated with Mr. Mycka and he is withdrawing that appeal as it related to the possession of the property and access by tenants, a moot issue as the matter was administrated by this Court.

8. The two appeals at 615 WDA 2022 and 617 WDA 2022 now belong to Shanni Snyder as the owner of all intangible assets of U Lock.

9. When the Superior Court of Pennsylvania issued a show cause about the automatic stay and requested an update, counsel for U Lock referred the matter to Ms. Snyder as she is the real party in interest.

10. Ms. Snyder suggested that this Court's Order *per se* lifted the stay. She asked for time to obtain counsel and file a motion to substitute herself as the appellant as U Lock's successor. *See* Exhibit 5, Letter to Superior Court from Shanni Snyder. Ms. Snyder provided the Superior Court with a copy of this Court's Orders lifting the stay (Entry 307), voiding the possession Order (Entry 143), and transferring the intangibles to her (Entry 254).

11. The Superior Court issued a further show cause directing U Lock to address the issue. U Lock advised the Court that Ms. Snyder was the successor in interest, but that it would seek clarification to resolve ambiguities.

12. U Lock is unclear whether, considering the avoidance action, this Court wishes for the appeals at 615 WDA 2022 and 617 WDA 2022 to proceed, or whether the Court wishes for them to be stayed pending the determination of the avoidance action.

13. In addition, this Court should clarify that Ms. Snyder is the successor in interest to U Lock as far as the appeals as, if the Superior Court finds that the January 20, 2022, Order was entered without jurisdiction, it would void the deeds provided to Ms. Biros through the *ex parte* contact with the Common Pleas Court in January 20, 2022. Furthermore, if the Superior Court finds that the January 20, 2022, should be stricken for notice reasons, it would alter the dates of the transfer to Ms. Biros.

WHEREFORE, U Lock respectfully requests clarification as to whether there exists a stay of the cases at 617 WDA 2022 and 615 WDA 2022.

Respectfully submitted,

*/s/ J. Allen Roth, Esq.*
J. Allen Roth, Esq. (PA 30347)
805 S. Alexandria St
Latrobe PA  15650
(724) 537-0939
lawmatters@yahoo.com

ATTORNEY FOR THE DEBTOR