FILED
6/2/2023 11:23 PM
CLERK
U.S. BANKRUPTCY
COURT - WDPA

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

-------------------------------------------  )
In re:  U LOCK INC. a/k/a  )
U-LOCK INC.  )          Case. 22-20823-GLT
              Debtor.  )
—------------------------------------------  )
EMANUEL SNYDER.,  )
              )
            Movant,  )
    v.  )
              )
MAC BOOKER, CHRISTINE  )
BIROS, and CATHOLIC SCHOOL  )
SYSTEM – GREENSBURG  )
CATHOLIC DIOCESE,  )
              )
          Respondents.  )

## REQUEST FOR EXPEDITED HEARING, MOTION FOR A PROTECTIVE ORDER OR TO QUASH OR MODIFY SUBPOENA

AND NOW COMES Emanuel Snyder ("Emanuel"), by and through his undersigned attorney, Leonard J. Berger, Jr. and files this, his request for expedited hearing, for a protective Order or to quash or modify subpoena:

1. **NATURE OF NEED FOR EXPEDITED HEARING AND THE SUBPOENA:**  Mac Booker, an attorney for Christine Biros, tendered an undated subpoena without identifying who he represented thereon, to the Catholic School System for records from January 1, 2016, through February 15, 2020, "in which Shanni Snyder was a biological or adoptive parent or legal guardian for minor children."

2. In other words, the subpoena targets the records of Emanuel Snyder, who at the time was a minor child, and attended the Catholic School System.

3. On the attachment, Mr. Booker demands:  (1) "All documents constituting or concerning any application for tuition assistance, financial assistance, or any other defrayal of tuition or other costs for the attended during the Requested Period by any of the minor at any school owned, operated by, or affiliated with the School System, including without limitation Queen of Angels School and Greensburg Catholic High School;" (2) "All

documents concerning any payment by or on behalf of Shanni Snyder or any of the Minor Children to the School System during the Requested Period, including without limitation any payment related to the attendance by any of the Minor Children…."; (3) "Documents sufficient to show the residence of any of the Minor Children at any time during the Requested Period;" and (4) "All documents to show the residence of any of Shanni Snyder at any time during the Requested Period."

4. The need for an expedited hearing has not been caused by any lack of due diligence on the part of the undersigned or Emanuel client but has been brought about solely by circumstances beyond their control.  Specifically, the undated subpoena contains a date of June 9, 2023, for the documents to be turned over.

5. **AUTHORITY TO QUASH, MODIFY, AND ENTER A PROTECTIVE ORDER:**

This Court may quash or modify a subpoena that, among other things, requires disclosure of privilege or protected matter, if no exception or waiver applies. Bk. Rule 9016, Fed. R. Civ. P. 45(d)(3)(A)(iii) and 45(d)(3)(B)(i). The scope of discovery pursuant to a subpoena is subject to the requirements of the Federal Rules of Civil Procedure 26(b) and 34. See *Jordan v. Comm'r, Miss. Dep't of Corr.*, 947 F.3d 1322, 1329 (11th Cir. 2020).

6. **STANDARDS OF REVIEW:**  Parties "ought not to be permitted to use broadswords where scalpels will suffice, nor to undertake wholly exploratory operations in the vague hope that something helpful will turn up."  *Mack v. Great Atl. & Pac. Tea Co.*, 871 F3d 179, 187 (1st Cir. 1989).  When the relevancy of a discovery request is not apparent, the burden is on the party seeking discovery to show the relevancy of the discovery request. See *Barrington v. Mortgage IT, Inc.*, No. 07-61304-CIV, 2007 WL 4370647, at *3 (S.D. Fla. Dec. 10, 2007).   A subpoena under Rule 45 "must fall within the scope of proper discovery under Fed. R. Civ. P. 26(b)(1)" *OMS Invs., Inc. v. Lebanon Seaboard Corp*., No. 08–2681, 2008 WL 4952445, at *2 (D.N.J. Nov. 18, 2008)." *First Sealord Sur. v. Durkin & Devries Ins. Agency,* 918 F. Supp. 2d 362, 382 (E.D. Pa. 2013).  While the scope of

discovery is broad, it is not unlimited. See *Bayer AG v. Betachem, Inc.*, 173 F.3d 188, 191 (3d Cir. 1999). Discovery should not serve as a fishing expedition. *Upshaw v. Janssen Research & Development, LLC,* No. 11-7574, 2014 WL 1244047, at * 3 (E.D. Pa. Mar. 26, 2014).

7. **STANDING OF EMANUEL SNYDER:**  A party has standing to challenge a subpoena to a non-party if the party alleges a "personal right or privilege" See *Brown v. Braddick*, 595 F.2d 961, 967 (5th Cir. 1979).  Mac Booker seeks education records, both of which invoke a personal right or privilege. *Black v. Kyle-Reno*, No. 1:12-cv-503, 2014 WL 667788, at *1 n.1 (S.D. Ohio Feb. 20, 2014) (concluding that the plaintiff had standing to quash a third-party subpoena for her educational records based on privacy interest under the Family Educational Rights and Privacy Act of 1974); *Primrose v. Castle Branch, Inc.*, No. 7:14-cv-235-D, 2016 WL 917318, at *5–6 (E.D.N.C. Mar. 8, 2016) (concluding that the plaintiff had standing to challenge the third-party subpoenas for, among other things, her student files); *Mielcarek v. Jackson*, 286 F.R.D. 521, 526–27 (N.D. Ga. 2012) (recognizing a plaintiff's privacy rights in the educational records based on Family Educational Rights and Privacy Act of 1974); *Russell v. City of Tampa,* No. 8:16-cv-912-T30JSS, 2017 2869518, at *2 (M.D. Fla. July 4, 2017) (holding that a party had standing to challenge the non-party subpoenas for their medical records).

8. **HEIGHTENED PRIVACY INTERESTS:**  Courts have imposed a "significantly heavier burden" on a party requesting the discovery of educational records to show its interests in obtaining the records outweighs "the significant privacy interest of the students." *Alig-Mielcarek v. Jackson,* 286 F.R.D. 521, 526 (N.D. Ga. 2012),

9. **INFORMATION NOT RELEVANT:**  The aid applications of Emanuel Snyder and payments on his account are not relevant to any issue before this Court.  Where Emanuel Snyder lived is not relevant as to any matter.  It is unclear what the school records of a then-minor child would do to advance anything about this case. A party may not use a

subpoena for a fishing expedition.  Fed. R. Civ. Proc. 26(g)(1)(b)(iii).

10. **INFORMATION IS DUPLICATIVE, CUMULATIVE, ETC.**    It appears that Mr.

Booker seeks the information with respect to the upcoming hearing relating to Shanni

Snyder's Proof of Claim #1.  The discovery is prohibited by Rule 26(b)(2)(c) as it was

already provided, or can be obtained from a source that is more convenient.    *In re: New*

*England Compounding Pharmacy*, MDL 13-2419, 2013 WL 6058483 (D. Mass. Nov. 13,

2013).

11. Based on information, John Biros, the sister of Christine Biros, personally and physically

supervised the remodeling of Emanuel Snyder's residence during the relevant time and

knows or should know it was 14390 Route 30, House, North Huntingdon, PA  15642.  In

addition, Mr. Biros visited the house in 2018 thus, all Mr. Booker needs to do is ask his

client's brother.

12.  In addition, at Shanni Snyder's related bankruptcy examination, she testified, in response

to questions from Christine Biros' counsel William Otto, about her residence at the time.

Ms. Snyder also discusses that she received no income from U Lock.

13. The background appears to be that Ms. Snyder alleged she conducted work for U Lock but

was not paid. Any application submitted for Emanuel Snyder would not show the alleged

employment because schools are only interested in *income* received not unpaid work.

14. **EMBARRASSMENT:**  This Court may, for good cause, issue a protective order to

protect a party or person from annoyance, embarrassment, oppression, or undue burden or

expense. Fed. R. Civ. P. 26(c).

15. Releasing private documents about Emanuel Snyder, including student aid applications

when he was a minor child, to the Biros family (John, Robert, and others) – when they

have been communicating repeatedly with WTAE Channel 4 about Shanni Snyder's legal

cases in a desire to harm her and her fiance, including *shopping as a story* information

contained on *forma pauperis* and other applications from various litigations – makes it

clear that the data is being sought for an improper purpose and could cause embarrassment.

If this Court finds that the documents should be released, it should direct that they be held

under seal, not disclosed to the public, or discussed anywhere outside the courtroom.

16. **CONCLUSION:**  Based on the above, this Court should quash the subpoena or modify it

as appropriate.

WHEREFORE, Emanuel Snyder respectfully requests that this Court quash the subpoena

or modify it as appropriate.

Respectfully submitted,

*/s/ Leonard J. Berger Jr.*

_____
Leonard J. Berger Jr., Esq. (PA ID 81822)
Berger Legal
429 4th Avenue, Suite 1904
Pittsburgh, PA 15219
(412) 281-1925
attyljb@hotmail.com

ATTORNEY FOR EMANUEL SNYDER