IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: | |
| | Case No. 22-20823-GLT |
| U LOCK, INC., | Chapter 7 |
| Debtor(s). | |
| Christine Biros, | Related to Doc. Nos.: 340, 357, 368 |
| Movant, | |
| v. | |
| Shanni Snyder, | |
| Respondent. | |

## RESPONDENT SHANNI SNYDER'S PORTION OF
## PRETRIAL STATEMENT/STIPULATION

AND NOW, comes Shanni Snyder, the Respondent in regard to the Claim Objection referenced above, by and through her undersigned Counsel, and files her portion of the Pretrial Statement/Stipulation in regard to the instant matter as follows:

1. **This is an action for:**

    The Movant herein, Christine Biros, has objected to Proof of Claim No. 1, filed herein by Shanni Snyder ("Snyder"). Snyder avers that her claim, as embodied in Proof of Claim No. 1, is valid, meritorious and based upon a final judgment entered by the United States District Court for the Western District of Pennsylvania.

2. **Jurisdiction:**

    To the extent that the Court has jurisdiction over this matter, such jurisdiction would be pursuant to 28 U.S.C.§§157(a) and 1334, along with 11 U.S.C.§105 and the Order of the United States District Court for the Western District of Pennsylvania referring all matters related to pending bankruptcy cases to the United States Bankruptcy Court for the Western District of Pennsylvania.

    Snyder disputes the jurisdiction of the Court to address this matter in that a final judgment has been entered in the District Court and therefore any attempt to challenge said final judgment should be heard by the District Court.

      Venue is proper herein pursuant to 28 U.S.C.§1409.

3. **Movant's Narrative Statement of the Case:**

    To be provided by the Movant

4. **Respondent's Narrative Statement of the Case:**

    From January 1, 2016 through February 15, 2020, Snyder performed security video monitoring services for U LOCK, Inc., the Debtor in the above-referenced Chapter 7 Case.

    Wage payments to Snyder for said services were deferred while U LOCK, Inc. attempted to stabilize its financial condition. Ultimately, Snyder never received payment for her services.

    On July 14, 2021, Snyder filed a Complaint against U LOCK, Inc. in the United States District Court for the Western District of Pennsylvania at Case No. 21-CV-904. Snyder sought an award of damages related to the wages she earned but which had not been paid by U LOCK, Inc. Snyder asserted her claim pursuant to the Fair Labor Standards Act (29 U.S.C.§§201-209).

    U LOCK, Inc. did not respond to Snyder's Complaint which led Snyder to seek the entry of a default judgment in her favor.

    The District Court, on October 18, 2021, held a hearing at which the District Court cited the legal standard applicable to the case, noted that it had reviewed the entire record in the case heard testimony under oath from Snyder, entered judgment in Snyder's favor and explained its reasoning for doing so. No one has ever sought relief from the judgment in the District Court.

    Snyder filed a Proof of Claim in the above-referenced Chapter 7 Case at Claim No. 1. Said claim is based upon the judgment entered in her favor and has attached thereto an Abstract of said judgment.

    Snyder asserts that she performed services for which she was not paid, that a final judgment based upon said unpaid wages was entered in her favor, that the judgment was never challenged in the District Court and that the judgment is a valid, final judgment. As such, Snyder asserts that her claim herein is valid and should be allowed.

5. **Third Party Defendant(s)' Narrative Statement of the Case:**

    NA

6. **The following facts are stipulated by the Parties and require no proof:**

(1) Snyder commenced this proceeding in bankruptcy on April 27, 2022 by filing an involuntary petition against U Lock pursuant to Chapter 7 of the Bankruptcy Code.
(2) On May 9, 2022, Snyder filed an Amended Petition in which she advised this Court that George Snyder and Kash Snyder "appear to be" managing control persons of U Lock.
(3) Snyder is the sister of both George Snyder and Kash Snyder.
(4) Snyder asserts that she worked for U Lock from January 1, 2016 to February 15, 2020.
(5) Snyder asserts that her employment responsibilities for U Lock from January 1, 2016 to February 15, 2020 were to monitor video surveillance of real property on Route 30 in North Huntington Township, Westmoreland County (the "Subject Property") from 5 p.m. to 3 a.m. each night.
(6) Snyder never had a written employment agreement with U Lock.
(7) Snyder never had a written agreement to act as an independent contractor for U Lock.
(8) During the time period from January 1, 2016 to February 15, 2020, Snyder did not file any reports to the North Huntington Police, the Pennsylvania State Police, or any other law enforcement agency about activity or conditions observed on the Subject Property.
(9) Prior to July 14, 2021, Snyder never made a written demand or other written request that U Lock pay her for services that she claims to have provided to U Lock between January 1, 2016 and February 15, 2020.
(10) On May 15, 2018, Snyder filed a voluntary petition in this Court at No. 18-21983-CMB. In that petition, Snyder sought protection under Chapter 7 of the Bankruptcy Code.
(11) At no time between January 1, 2016 and February 15, 2020 did Snyder submit any forms or documents to any public entity that identified U Lock as her employer.

7. **Exhibit List Attached:**

Exhibits filed on behalf of: Respondent Shanni Snyder

Case No. 22-20823-GLT

Date of Evidentiary Hearing: July 14, 2023 at 1:30p.m.

## Identification

| Exhibit Number/Letter | Date of Exhibit | Description | Witness | Objections | Court Rulings |
|---|---|---|---|---|---|
| A | 5/27/22 | Proof of Claim No. 1 filed by Shanni Snyder | Shanni Snyder | | |

| | | | | | |
|---|---|---|---|---|---|
| B | 7/14/21 | Docket Sheet for Case No. 21-904-RJC in the United States District Court for the Western District of Pennsylvania ("District Court Action") | Shanni Snyder | | |
| C | 7/14/21 | Complaint filed by Shanni Snyder in the District Court Action | Shanni Snyder | | |
| D | 9/15/21 | Motion for Default Judgment filed by Shanni Snyder in the District Court Action | Shanni Snyder | | |
| E | 9/27/21 | Order Scheduling Hearing on Shanni Snyder's Motion for Default Judgment in the District Court Action | Shanni Snyder | | |
| F | 10/18/21 | Hearing Memo/Minute Entry regarding hearing on Shanni Snyder Motion for Default Judgment in District Court Action | Shanni Snyder | | |
| G | 10/18/21 | Order entering judgment in favor of Shanni Snyder and against U LOCK, Inc. in the District Court Action | Shanni Snyder | | |
| H | 12/14/21 | Abstract of the judgment entered in favor of Shanni Snyder and against U LOCK, Inc. in the District Court Action | Shanni Snyder | | |

8. **Witness List:**

   1. Shanni Snyder
      c/o John Lacher
      Lynch Law Group, LLC
      501 Smith Drive, Suite 3
      Cranberry Township, PA 16066

   2. George Snyder
      150 Leger Road
      Irwin, PA 15642

   3. Kash Snyder

       670 Lime Street
       Irwin, PA 15642

4. Any and all witnesses identified in Movant's portion of the Pretrial Statement/Stipulation

9. **Issues of Law:**

1. Whether the Bankruptcy Court can get behind a final judgment entered by the District Court simply because the judgment at issue was entered by default and someone has objected to a claim based upon said judgment even though no challenger to the judgment was made in the District Court?
2. Whether Shanni Snyder has established the validity of her claim by a preponderance?

10. **Stipulations:**

The foregoing admissions of fact having been made, and the Parties having specified the issues of fact and law remaining to be litigated, this stipulation shall supplement the pleadings and govern the course of the trial unless modified to prevent injustice.

11. **Authorization:**

My signature on this document authorizes my consent to the filing of this Stipulation and acknowledges that I have reviewed all documents and exhibits identified herein by all other parties and/or their attorney(s).

**STIPULATED AND AGREED BY:**

_____
Attorney for Movant

   */s/ John P. Lacher*_____
Attorney for Respondent

   NA_____
Attorney for Third Party Defendant

v