IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: | Case No. 22-20823-GLT |
| U LOCK, INC., | Chapter 7 |
| Debtor. | |
| CHRISTINE BIROS, | Related Doc. Nos.: 340, 357 & 368 |
| Movant, | |
| v. | Hearing Date: July 14, 2023 @1:30pm |
| SHANNI SNYDER, | |
| Respondent. | |

## PRETRIAL STATEMENT/STIPULATION

It is stipulated by and between the Parties that:

1. **This is an action for:**

Determination of the objection that Movant Christine Biros has filed to the claim that Respondent/Claimant Shanni Snyder has filed in this proceeding at Claim No. 1.

2. **Jurisdiction:**

28 U.S.C. § 1334, 11 U.S.C. § 502, and Fed. R. Bankr. P. 3002 & 3007

3. **Movant's Narrative Statement of the Case:**

Snyder did not work for U Lock and has no claim here. Accordingly, Biros requests that this Court sustain her objection and disallow and expunge Snyder's claim.

All of the contemporary documentary evidence from the period in which Snyder claims to have worked for U Lock states that Snyder was unemployed. In 2018, she advised this Court under penalty of perjury that she was unemployed and specifically advised this Court that she did not have any claims for unpaid wages. At around that same time, she also advised the Court of Common Pleas of Westmoreland County under penalty of law that she was unemployed and that she had no ability to look to her family to fund her litigation efforts.

i

During the time in which Snyder claims to have been working for U Lock, members of her family stated under penalty of law that U Lock had no employees and testified under oath that Snyder had no involvement with that company. In Snyder's amended petition in this action, Snyder identifies those family members as having been the controlling managers of U Lock. And even in their examination in this proceeding, those same family members testified that U Lock has not had any employees during the last four years

Snyder has not produced a single piece of paper that both dates from the period in which she claims to have worked for U Lock and states that she worked for U Lock. Snyder's claims to have worked for U Lock – specifically, the 2021 federal-court complaint on which Snyder obtained a default judgment and the involuntary petition that she filed in this proceeding – were all made more than five years after Snyder's claimed period of employment began and more than a year after that claimed period ended.

Snyder's claim to have worked for U Lock is far more plausibly viewed as part of a contrived and convoluted effort to establish rights in real property that Biros owns. A state court recognized Biros's ownership of that property after a 2019 trial, and the Superior Court of Pennsylvania affirmed that decision in 2021. Snyder filed her federal-court complaint, starting the process to obtain a default judgment against U Lock, less than two months after the Superior Court's affirmance of that decision. Snyder then used that judgment as the basis for a lis pendens against Biros's property. Similarly, Snyder initiated this bankruptcy proceeding less than four months after the Supreme Court of Pennsylvania declined to review the judgment in Biros's favor and less than four months after Biros recorded her deeds to that real property.

Although not material to the correct outcome here, it is worth noting that more than eighty-five percent of Snyder's claimed work period occurred two years or more before she filed her action in the district court and that all of that claimed work period occurred more than two years before she filed her claim in this proceeding.

4. **Respondent/Claimant's Narrative Statement of the Case:**

From January 1, 2016 through February 15, 2020, Snyder performed security video monitoring services for U LOCK, Inc., the Debtor in the above-referenced Chapter 7 Case.

Wage payments to Snyder for said services were deferred while U LOCK, Inc. attempted to stabilize its financial condition. Ultimately, Snyder never received payment for her services.

On July 14, 2021, Snyder filed a Complaint against U LOCK, Inc. in the United States District Court for the Western District of Pennsylvania at Case No. 21-CV-904. Snyder sought an award of damages related to the wages she earned but which had not been paid by U LOCK, Inc. Snyder asserted her claim pursuant to the Fair Labor Standards Act (29 U.S.C.§§201-209).

U LOCK, Inc. did not respond to Snyder's Complaint which led Snyder to seek the entry of a default judgment in her favor.

The District Court, on October 18, 2021, held a hearing at which the District Court cited the legal standard applicable to the case, noted that it had reviewed the entire record in the case heard testimony under oath from Snyder, entered judgment in Snyder's favor and explained its reasoning for doing so. No one has ever sought relief from the judgment in the District Court.

Snyder filed a Proof of Claim in the above-referenced Chapter 7 Case at Claim No. 1. Said claim is based upon the judgment entered in her favor and has attached thereto an Abstract of said judgment.

Snyder asserts that she performed services for which she was not paid, that a final judgment based upon said unpaid wages was entered in her favor, that the judgment was never challenged in the District Court and that the judgment is a valid, final judgment. As such, Snyder asserts that her claim herein is valid and should be allowed.

5. **Third Party Defendant(s)' Narrative Statement of the Case:**

N/A

6. **The following facts are stipulated by the Parties and require no proof:**

(1) Snyder commenced this proceeding in bankruptcy on April 27, 2022 by filing an involuntary petition against U Lock pursuant to Chapter 7 of the Bankruptcy Code.

(2) On May 9, 2022, Snyder filed an Amended Petition in which she advised this Court that George Snyder and Kash Snyder "appear to be" managing control persons of U Lock.

(3) Snyder is the sister of both George Snyder and Kash Snyder.

(4) Snyder asserts that she worked for U Lock from January 1, 2016 to February 15, 2020.

(5) Snyder asserts that her employment responsibilities for U Lock from January 1, 2016 to February 15, 2020 were to monitor video surveillance of real property on Route 30 in North Huntington Township, Westmoreland County (the "Subject Property") from 5 p.m. to 3 a.m. each night.

(6) Snyder never had a written employment agreement with U Lock.

(7) Snyder never had a written agreement to act as an independent contractor for U Lock.

(8) During the time period from January 1, 2016 to February 15, 2020, Snyder did not file any reports to the North Huntington Police, the Pennsylvania State Police, or any other law enforcement agency about activity or conditions observed on the Subject Property.

(9) Prior to July 14, 2021, Snyder never made a written demand or other written request that U Lock pay her for services that she claims to have provided to U Lock between January 1, 2016 and February 15, 2020.

(10) On May 15, 2018, Snyder filed a voluntary petition in this Court at No. 18-21983-CMB. In that petition, Snyder sought protection under Chapter 7 of the Bankruptcy Code.

(11) At no time between January 1, 2016 and February 15, 2020 did Snyder submit any forms or documents to any public entity that identified U Lock as her employer.

7. **Exhibit List Attached:**

Movant and Respondent's Exhibit List is attached.

8. **Witness List:**

*Movant's Witness List*

1. Shanni Snyder
   14390 Route 30
   North Huntingdon, PA 15642

2. Kash Snyder
   670 Lime Street
   Irwin, PA 15642

3. George Snyder
   150 Leger Road
   Irwin, PA 15642

4. Christine Biros
   c/o Robert S. Bernstein
   Bernstein-Burkley, P.C.
   601 Grant Street, 9th Floor
   Pittsburgh, PA  15218

5. Any and all witnesses identified in Respondent's Witness List

[REMAINDER PORTION OF PAGE INTENTIONALLY LEFT BLANK]

*Respondent's Witness List*

1. Shanni Snyder
c/o John Lacher
Lynch Law Group, LLC
501 Smith Drive, Suite 3
Cranberry Township, PA 16066

2. George Snyder
150 Leger Road
Irwin, PA 15642

3. Kash Snyder
670 Lime Street
Irwin, PA 15642

4. Any and all witnesses identified in Movant's Witness List

9. **Issues of Law:** The following issues of law are contested and remain to be litigated upon the trial.

*Issues Identified by Movant*

1. Whether this Court has determined that it is not bound by the default judgment that Snyder procured in No. 2:21-cv-00904.

2. Whether either this Court or Biros can be bound by a default judgment that Snyder procured in an action to which Biros was not party, in which Biros was never served with process, and of which Biros was not aware until after the court entered judgment.

*Issues Identified by Respondent*

1. Whether the Bankruptcy Court can get behind a final judgment entered by the District Court simply because the judgment at issue was entered by default and someone has objected to a claim based upon said judgment even though no challenger to the judgment was made in the District Court?
2. Whether Shanni Snyder has established the validity of her claim by a preponderance?

10. **Stipulations:** The foregoing admissions of fact having been made, and the Parties having specified the issues of fact and law remaining to be litigated, this stipulation shall supplement the pleadings and govern the course of the trial unless modified to prevent injustice.

11. **Authorization:** My signature on this document authorizes my consent to the filing of this Stipulation and acknowledges that I have reviewed all documents and exhibits identified herein by all other parties and/or their attorney(s).

**STIPULATED AND AGREED BY:**

| BERNSTEIN-BURKLEY, P.C. | THE LYNCH LAW GROUP |
|---|---|
| By:*/s/ Stuart C. Gaul, Jr.* | John P. Lacher, Esq. |
| Robert S. Bernstein, Esq. | PA ID #62297 |
| PA ID # 34308 | jlacher@lynchlaw-group.com |
| rbernstein@bernsteinlaw.com | 501 Smith Drive, Suite 3 |
| Stuart C. Gaul, Jr., Esq. | Cranberry Twp., PA 16066 |
| PA ID #74529 | Telephone: (724) 776-8000 |
| sgaul@bernsteinlaw.com | Facsimile: (724) 776-8001 |
| Daniel McArdle Booker, Esq. | |
| PA ID #320890 | *Counsel for Shanni Snyder*[1] |
| mbooker@bernsteinlaw.com | |
| Sarah E. Wenrich, Esq. | |
| PA ID # 325834 | |
| swenrich@bernsteinlaw.com | |
| 601 Grant Street, Floor 9 | |
| Pittsburgh, PA 15219 | |
| Telephone: (412) 456-8108 | |
| Facsimile: (412) 456-8135 | |
| | |
| *Counsel for Christine Biros* | |

---

[1] Counsel for Snyder executed a version of this Pretrial Statement/Stipulation and filed that version with this Court at Doc. No. 450. Above, Biros has indicated her objections to Snyder's identified potential exhibits but has otherwise attempted to repeat the information that Snyder provided in Sections 4 and 6 through 9 of Doc. No. 450.