FILED
7/7/23 4:34 pm
CLERK
U.S. BANKRUPTCY
COURT - WDPA

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: | Case No. 22-20823-GLT |
| | Chapter 7 |
| U LOCK, INC., | |
| *Debtor*. | Related to Dkt. No. 450 |

## ORDER

On July 7, 2023, Shanni Snyder filed *Respondent Shanni Snyder's Portion of Pretrial Statement/Stipulation*[1] ("Pretrial Statement") in advance of a July 14, 2023 evidentiary hearing with respect to Christine Biros' objection to Ms. Snyder's claim. In the *Pretrial Statement*, Ms. Snyder disputes the Court's jurisdiction to decide the claim objection because it challenges a final, default judgment entered by the United States District Court for the Western District of Pennsylvania.[2] Additionally, Ms. Snyder asserts that an outstanding legal issue is "[w]hether the Bankruptcy Court can get behind a final judgment entered by the District Court simply because the judgment at issue was entered by default and someone has objected to a claim based upon said judgment even though no challenger to the judgment was made in the District Court?"[3] Curiously, the Court previously ruled on this issue on April 13, 2023, finding that:

> [Ms. Snyder's] judgment was entered by default [and] it is not entitled to preclusive effect . . . "[A]s a general rule under federal law, any issue raised in a case where a default judgment was entered is not actually litigated for purposes of collateral estoppel, and therefore does not bar litigation of the issue in the second federal court." There is no exception where the defendant never appeared and participated.[4]

Now, in light of *Pretrial Statement*, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that:

---

[1]   Dkt. No. 450.

[2]   See *Pretrial Statement*, Dkt. No. 450 ¶ 2.

[3]   Id. at ¶ 9.1

[4]   *Transcript April 13, 2023 Hearing*, Dkt. No. 377 at 12:20-13:8 (quoting In re Chatkin, 465 B.R. 54, 65 (Bankr. W.D. Pa. 2012)).

1. On or before **July 11, 2023**, Ms. Snyder shall file a trial brief citing legal authority for her contention that:

   a. The Court lacks jurisdiction to decide this contested matter because it arises from a final, default judgment entered by the District Court.

   b. A final, default judgment entered by the District Court is entitled to preclusive effect against a subsequent claim objection in the bankruptcy court.

2. Ms. Biros may, but need not, file any response by **July 13, 2023 at 12 p.m.**

Dated: July 7, 2023

_____
GREGORY L. TADDONIO
CHIEF UNITED STATES BANKRUPTCY JUDGE