IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: | Case No. 22-20823-GLT |
| U LOCK, INC., | Chapter 7 |
| Debtor(s). | Doc. No.: |
| | Related to Doc. Nos.: 450, 457 |

## BRIEF REGARDING BANKRUPTCY COURT JURISDICTION OVER CONTESTED MATTER AS TO VALIDITY OF SHANNI SNYDER CLAIM

AND NOW, comes Shanni Snyder, a creditor and party-in-interest herein, by and through her undersigned Counsel, and files this Brief Regarding Bankruptcy Court Jurisdiction Over Contested Matter as to Validity of Shanni Snyder Claim as follows:

### I.  Background

Shanni Snyder ("Snyder") filed a Proof of Claim in the instant Chapter 7 Case based upon a judgment entered against the Debtor herein and in favor of Snyder by the United States District Court for the Western District of Pennsylvania ("District Court") in this case of Snyder v. U LOCK, Inc., Case No. 21-CV-00904. The judgment entered in Snyder's favor was based upon her assertion that the Debtor herein had failed to pay her for work performed thus violating the Fair Labor Standards Act, 29 U.S.C. §201 et seq. ("FLSA").

Christine Biros ("Biros"), also a creditor herein, filed an Objection to Snyder's claim. This Honorable Court has scheduled an evidentiary hearing in regard to the Biros Objection to the Snyder Claim which is set to occur on July 14, 2023.

Snyder responded to the Biros Objection by asserting that said objection constituted an impermissible collateral attack on the District Court judgment and that any challenge to the judgment needed to be asserted in the District Court. This Honorable Court was not persuaded by Snyder's argument and, as noted, proceeded to schedule an evidentiary hearing herein.

Snyder respectfully disagrees with the Court's ruling in this instance. As such, Snyder filed a Motion to Withdraw the Reference of this matter to the District Court. Said Motion has not yet been addressed by the District Court and is currently pending in the District Court at Case No. 23-CV-00979-RJC.

As the filing of the Motion to Withdraw the Reference does not, in itself, serve to stay the contested matter proceedings herein, Snyder recently filed in this Honorable Court her portion of the Pretrial Statement/Stipulation regarding the upcoming evidentiary hearing. In said Pretrial Statement/Stipulation, Snyder reiterated her position that this Honorable Court is not the proper forum for an adjudication of the contested matter at issue, but rather that the District Court is the proper forum. As such, she reiterated her position to preserve any appellate rights she may have on the issue in the event of an unfavorable ruling in this Honorable Court. Snyder did not want any silence in regard to the Court's jurisdiction herein to be construed as a waiver of the issue in any future appeal. Snyder is not re-litigating this Honorable Court's prior ruling at the evidentiary hearing.

The Court has issued an Order, at Doc. No. 457 herein, calling upon Snyder to file a brief regarding her contention that: a) the Court lacks jurisdiction to decide this contested matter because it arises from a final, default judgment entered by the District Court; and b) a final default judgment entered by the District Court is entitled to preclusive effect against a subsequent claim objection in the Bankruptcy Court.

The purpose of this Brief is to address the issues raised by the Court and to clarify Snyder's positions in regard thereto.

## II.  Argument

### A. A Resolution of the Contested Matter at Issue Herein Requires Consideration of Both Title 11 and Other Laws of the United States Affecting Interstate Commerce And Thus a Withdrawal of the Reference of District Court Jurisdiction to this Honorable Court is Mandatory

28 U.S.C.§157(d) provides that:

> "The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion of on timely motion any party, for cause shown. The district court <u>shall</u>, on timely motion of party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce." (emphasis added)

With the instant contested matter requiring consideration of title 11 (objection to claim) and other laws of the United States regulating organizations or activities affecting interstate commerce (FLSA), the plain language of 28 U.S.C.§157(d) indicates that a withdrawal of the reference from this Honorable Court to the District Court is mandatory.

If, in fact, the reference withdrawal is mandatory, this Honorable Court, with no reference, would lack jurisdiction over the contested matter at issue herein.

### B. The Final Default Judgment Entered By the District Court is Entitled to Issue Preclusion Pursuant to the Doctrines of Collateral Estoppel and Res Judicata

A collateral attack is an attack on a judgment in a proceeding other than a direct appeal. <u>United States v. Braddy</u>, 837 F. App'x 112,114 (3d Cir. 2020). Generally, a

party cannot challenge the validity of an existing judgment. Intervest National Bank v. Welch, 2011 U.S. Dist. LEXIS 38510 at *20 (E.D.Pa. 2011).

This Honorable Court cited the case of O'Neal Steel, Inc. v. Chatkin, 465 B.R. 54 (Bankr. Ct. W.D.Pa. 2012) to stand for the proposition that default judgments that are not actually litigated do not bar litigation of the issue in a second federal court. The Chatkin Court, however, noted that said proposition is a "general rule" that applies to "typical" default judgments. Id. At 65.

In the instant case, the default judgment entered in the District Court was entered after a hearing, the taking of evidence and a ruling based upon said evidence. Even without the participation of Defendant U LOCK, Inc., this was not a "typical" entry of a default judgment where a Clerk enters judgment in response to a praecipe or a motion to enter a default. As such, the "general rule" set forth in Chatkin is not applicable herein.

As such, the default judgment herein is not subject to collateral attack. Said default judgment is a valid, final judgment entitled to the preclusive effect afforded by the doctrines of collateral estoppel and res judicata.

Collateral estoppel applies when (1) the issue sought to be precluded is the same as that involved in the prior action; (2) that issue was actually litigated; (3) it was determined by a final and valid judgment; and (4) the determination was essential to the final judgment. Peloro v. United States, 488 F.3d 163, 175 (3d Cir. 2007); Burlington Northern Railroad v. Hyundai Merch. Marine Co. 63 F. 3d 1227, 1231-1232 (3d Cir. 1995); Reinert v. Bould, 2015 Bankr. LEXIS 803 at *21 (Bankr. Ct. W.D.Pa. 2015).

Here, we have (1) identical issues (the validity of Snyder's claim for unpaid wages); (2) the issue was actually litigated (the District Court conducted a hearing, took evidence and ruled based upon said evidence with Debtor U LOCK having had a full and fair opportunity to litigate the issue in question in the prior proceeding of which U LOCK was properly noticed); (3) the judgment entered by the District Court was final, unchallenged and unappealed; and (4) the determination of the issue involved herein was essential to the final judgment entered by the District Court.

In light of the foregoing, collateral estoppel is applicable herein and this Honorable Court is precluded from addressing the issues raised in the Biros Objection to the Snyder Claim.

The doctrine of res judicata likewise precludes this Honorable Court from relitigating the issues which were ruled upon by the District Court and resulted in Snyder's judgment.

Res judicata applies when (1) the judgment in the prior action is valid, final and on the merits; (2) the parties in the later action must be identical or in privity with those in the prior action; and (2) the claim in the later action arises out of the same transaction or occurrence as the claim in the earlier action. Federated Department Stores v. Moitie, 452 U.S. 394, 398, 101 S. Ct. 2424, 69 L.Ed 2d 103 (1981); Rodrigues v. Unifund CCR, LLC, 690 Fed. Appx. 799, 801 (3d Cir. 2017).

Here, again, we have a valid, final judgment. We have a judgment entered after the taking of evidence and on the merits with U LOCK, Inc. having had a full and fair opportunity to litigate the matter. The claims at issue herein are identical to the issues in the prior proceeding or, at the very least, arise out of the same transaction or

occurrence as the claim in the earlier action. Finally, we have Biros collaterally attacking the judgment on which Snyder's claim is based by raising arguments that should have or could have been raised by U LOCK in the prior proceeding thus placing Biros in privity with U LOCK, the Defendant in the prior action.

Res judicata serves interests of great concern to the public such as judgment finality and judicial economy. In light of the foregoing, res judicata is applicable herein and this Honorable Court is precluded from addressing the issues in the Biros Objection to the Snyder Claim.

The proper method of challenging this valid final judgment is via F.R.C.P. 60 in the District Court. It is not proper for Biros to come to this Honorable Court and collaterally attack said judgment. Biros seeks this Honorable Court to exercise appellate review of the District Court findings and ruling which is improper. On the contrary, it is the District Court that sits in an appellate capacity in the context of bankruptcy issues.

Another case, cited by Biros and referenced by this Honorable Court, is the case of Benninger v. First Colony Life Insurance, 357 B.R. 337 (Bankr. Ct. W.D.Pa. 2006). In Benninger, the Court got behind confessed judgments and disallowed claims based upon same.

In Benninger, the Court was dealing with confessed judgments, not a judgment entered after a hearing with evidentiary rulings. Even so, the Benninger Court noted that "a judgment by confession in Pennsylvania is a final judgment that is not ordinarily subject to collateral attack" Id. at 349.

The Benninger Court further noted that the confessed judgment at issue involved "the very type of transaction intended to be excluded by the rules regarding confessions of judgment." Id. Faced with clearly unlawful judgments, the Benninger Court concluded that it could go behind the confessed judgments and disallow claims based upon said facially unlawful judgments. Id. at 350. The Benninger Court noted, however, that it had reached its "conclusion because it is apparent that the judgments confessed… were unlawful." Id.

In making its decision, the Benninger Court referenced the United States Supreme Court case of Pepper v. Litton, 308 U.S. 295, 301-303, 60 S. Ct. 238, 84 L.Ed. 281 (1939) which also involved confessed judgments which were deemed to be void ab initio and thus facially unlawful. Id.

Here, there is no facially unlawful judgment. The matter at issue concerns a judgment entered after hearing and the taking of evidence. To find the judgment to be invalid would necessarily require this Court to overrule the factual and legal findings of the District Court. It is respectfully submitted that neither Chatkin, Benninger or Pepper justify getting behind such valid, final judgment. As such, it is respectfully submitted that this Honorable Court lacks jurisdiction to determine Biros' collateral attack upon said judgment.

### III. Conclusion

Based upon all of the foregoing, it is respectfully submitted that this Honorable Court lacks jurisdiction to address Biros' claim objection.

Date: July 11, 2023                                                    Respectfully Submitted,

*/s/ John P. Lacher*
John P. Lacher
PA I.D. #62297
501 Smith Drive, Suite 3
Cranberry Twp., PA 16066
(724) 776-8000 (Phone)
(724) 776-8001 (Fax)
jlacher @lynchlaw-group.com

*/s/ David L. Fuchs*
David L. Fuchs
PA I.D. #205694
Fuchs Law office, LLC
554 Washington Avenue, First Floor
Carnegie, PA 15706
(412) 223-5404 (Phone)
(412) 223-5406 (Fax)
dfuchs@fuchslaw.com

*Counsel for Shanni Snyder*