IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: | Bankruptcy No. 22-20823-GLT |
| U LOCK INC, | Chapter 7 |
|           Debtor. | |
| CHRISTINE BIROS, | Related Doc. Nos.: 340, 357, 368, 454, 457 & 469 |
|           Movant, | |
| v. | Hearing Date/Time: July 14, 2023 @1:30pm |
| SHANNI SNYDER, | |
|           Respondent. | |

**CHRISTINE BIROS' REPLY BRIEF IN OPPOSITION TO SHANNI SNYDER'S BRIEF REGARDING BANKRUPTCY COURT JURISDICTION OVER CONTESTED MATTER AS TO VALIDITY OF SHANNI SNYDER CLAIM**

AND NOW, comes Christine Biros, by and through her undersigned counsel, Bernstein-Burkley, P.C., and hereby submits this *Reply Brief in Opposition to Shanni Snyder's Brief Regarding Bankruptcy Jurisdiction Over Contested Matter as to Validity of Shanni Snyder Claim* (the "Reply Brief"), as follows:

On July 7, 2023, the Court issued an order requiring Respondent Shanni Snyder ("Ms. Snyder") to "file a trial brief citing legal authority for her contention that: a. The Court lacks jurisdiction to decide this contested matter because it arises from a final, default judgment entered by the District Court. b. A final default judgment entered by the District Court is entitled to preclusive effect against a subsequent claim objection in the bankruptcy court." [ECF # 457]. Ms. Snyder filed her brief on July 11, 2023. [ECF # 469]. The law does not support either the

conclusion that this Honorable Court lacks jurisdiction over this matter or that a default judgment is entitled to preclusive effect before this Court (or any other). Ms. Snyder's arguments to the contrary variously fail to address the question posed by the Court or misunderstand the governing law.

### I. There is No Mandatory Jurisdiction in the District Court Here, and the Discussion of Purported Mandatory Jurisdiction is Non-Responsive to the Court's Order

28 U.S.C. § 157(b)(1) states:

> Bankruptcy judges may hear and determine all cases under title 11 and all core proceedings arising under title 11, referred under subsection (a) of this section, and may enter appropriate orders and judgments, subject to review under section 158 of this title.

Core proceedings are also defined in Section 157, and include, *inter alia*, "allowance and disallowance of claims." *Id*. at (b)(2)(B). Ms. Snyder now claims that "a withdrawal of the reference from this Honorable Court to the District Court is mandatory" [ECF #469 p. 3], based on a separate subsection of Section 157, which provides:

> The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on a timely motion of any party, for cause shown. The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.

28 U.S.C. § 157(d). This Court observed:

> To the extent Ms. Snyder wants to seek a withdraw [*sic.*] of the reference, that's her prerogative. She can file an appropriate motion with the District Court. The District Court can act with it as it deems necessary, but my expectation would be that liquidating and determining the allowance of claims is something that is normally done within the Bankruptcy Court and unless there's some other basis to seek a withdraw [*sic.*] of the reference, I would not be betting money that the District Court would grant that.

2

> But, nevertheless, I'm prepared to be surprised on that, but in the meantime, I'm not going to wait for the District Court to rule on that. This is an estate that needs to be properly addressed, and so I will move forward with the evidentiary hearing under the schedule I've just outlined.

Transcript of April 13, 2023 Hearing [ECF # 377 14:9-23].[1] The Court's expectations have been borne out by events: Ms. Snyder filed a Motion to Withdraw the Reference with the District Court on June 8, 2023 (25 days after the April 13 hearing), but it has not been granted by the District Court and the District Court has not found that a withdrawal of the reference is either required or advisable. While there are many other reasons Ms. Snyder's argument fails, this reason is sufficient in itself to end the question: unless and until the District Court withdraws the reference, the reference is not withdrawn.[2]

## II. Biros Is Not Precluded from Prosecuting Her Objection

### A. As Biros Is Not in Privity with U Lock, Neither Collateral Estoppel nor Res Judicata Is Applicable.

While Snyder correctly notes that, in order for res judicata, or claim preclusion, to apply, "the parties in the later action must be identical to or in privity with those in the prior action," she ignores that this same "privity" requirement also applies to issue preclusion under collateral estoppel. *Board of Trustees of Trucking Employees of New Jersey Welfare Fund, Inc. – Pension*

---

[1] This Court, in that hearing, also commented that, because Ms. Snyder reopened her own Chapter 11 bankruptcy proceedings and amended her schedules after the fact, "judicial estoppel would appear to be moot and is no longer at play here." [ECF # 377 13:10-15]. Interestingly, the Pennsylvania Superior Court, in a case involving a judicial estoppel based on a failure to report a legal claim on bankruptcy schedules and then later claiming a right to relief under that claim, indicated that, at least under Pennsylvania law, judicial estoppel is available regardless of later opportunities to correct misstatements to the bankruptcy court. *L.S. Sadler, Inc. v. ELoop, LLC*, 159 A.3d 1001 (table only); 2016 Pa. Super. Unpub. 4499 at *8 fn. 4 (Pa. Super. Ct. 2016).

[2] While the District Court's non-withdrawal of the reference is sufficient to reject Ms. Snyder's argument, it is notable that this matter, a clear core proceeding in the bankruptcy court, fails every test for withdrawal of the reference, whether under a "mandatory" withdrawal theory or a "discretionary" withdrawal theory. *See, e.g. In re Pruitt*, 910 F.2d 1160, 1168 (3d Cir. 1990); *Seitz v. Rothermel*, 638 B.R. 846, 849-50 (E.D.Pa. 2022).

3

*Fund v. Centra*, 983 F.2d 495, 505 (3d Cir.. 1992) ("(3) the party against whom the bar is asserted was a party or in privity with a party to the prior adjudication").

There is no reasonable dispute that Biros was not a party to the prior District Court action on which Snyder seeks to rely.

It is just as clear that Biros is not otherwise precluded from pursuing her objection. The Supreme Court has explained when privity may allow a non-party to be bound to a prior judgment:

> (1) Where the non-party agrees to be bound by the determination of issues in an action between others;
>
> (2) Where there is a pre-existing substantive legal relationship between the party to a judgment and the non-party (i.e., assignee and assignor);
>
> (3) Where a non-party was adequately represented by someone with the same interests who was party to the suit;
>
> (4) If the non-party assumed control over the litigation in which the judgment was rendered;
>
> (5) If the party bound by a judgment attempts to relitigate the matter through a proxy; and
>
> (6) If a special statutory scheme otherwise consistent with due process expressly forecloses successive litigation by non-parties.

*Taylor v. Sturgell*, 553 U.S. 880, 893-95 (2008) (res judicata). These same standards apply in assessing privity for purposes of collateral estoppel. *See Doe v. Hesketh*, 828 F.3d 159, 172 (3d Cir. 2016) (applying *Taylor*).

None of these exceptions possibly applies here in any way that would bind Biros to the prior judgment. Biros did not agree to be bound by the determination of issues in the Civil Action. There is no legal relationship between Biros and U Lock. Biros was not adequately represented by someone with the same interests who was party to the suit. To the contrary, U Lock's interests, or at least the interests of its controlling members, have always been directly

4

opposed to Biros's interests. Biros did not assume control over the litigation and Biros is not acting as a proxy for U Lock to relitigate the Civil Action. Finally, no statutory scheme has foreclosed upon Biros's ability to litigate the objection to Snyder's claim. Preclusion is therefore inappropriate and inapposite under the circumstances. *See Taylor,* 553 U.S. at 904. (limiting extension of claim preclusion to non-parties to these six categories).

### B. *Res Judicata Does Not Operate in the Event of Fraud.*

In recognizing that res judicata may apply to judgments obtained by default, the Supreme Court has been careful to exclude any judgment where fraud or collusion is involved. *See Riehle v. Margolies*, 279 U.S. 218, 225 (1929) ("A judgment of court having jurisdiction of the parties and of the subject matter operates as res judicata, in the absence of fraud or collusion, even if obtained upon a default"); *In re Romano*, 378 B.R. 454, 466 (Bankr. E.D. Pa. 2007) (quoting *Riehle*).

Biros's objection to Snyder's claim is based primarily on the argument that Snyder's claim, and Snyder's previous representations to the District Court in the Civil Action, were fraudulent. The exception to res judicata applies where there is fraud *or* collusion; here, there is substantial reason to believe that both occurred. Under these circumstances, res judicata cannot attach here, and Biros can pursue her objection.

### C. *As the Issues Here Were Not Actually Litigated in the District Court, Collateral Estoppel Is of No Application.*

Even if privity were present here, Snyder would still be wrong in her assertion that she can benefit from collateral estoppel. As she concedes, application of issue preclusion requires that the issue have been "actually litigated" in the earlier proceeding and that the issue have been determined by a final and valid judgment. ECF #469 at p.4 (citing *Peloro v. United States*, 488 F.3d 163, 175 (3d Cir. 2007).

The District Court has explained the scope of the determinations that it makes – and, of particular relevance here, does not make – in a hearing on a motion for default judgment after that court's clerk has entered a default:

> "Upon entry of default against a defendant, the 'well-pleaded' facts alleged in the complaint (except those relating to damages) must be taken as true." *D'Onofrio v. Il Mattino*, 430 F. Supp. 2d 431, 439 (E.D. Pa. 2006) (citing *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir.1990)).

*Gen. Nutrition Inv. Co. v. Ingrounds Pro, Inc.*, No. 2:20-cv-00022-RJC, 2020 U.S. Dist. LEXIS 60766, at *3 (W.D. Pa. Apr. 7, 2020) (Colville, J.). Thus, the District Court makes no determinations as to the truth or falsity of the alleged facts that concern liability. The clerk of the District Court enters a default not on proof of any fact or merit of the case, but "solely on the fact that the default has occurred." *Arrington v. Sweet Home Primary Care*, 2022 U.S. Dist. LEXIS 151825 at *4 (E.D. Pa. Aug 24, 2022). *See also* Fed. R. Civ. P. 55(a) ("When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.").

Thus, at the hearing on default judgment, the District Court proceeded on the assumption that Snyder had worked for U Lock during the claimed period and that that she actually worked the hours that she alleged. The evidence that Snyder presented to the District Court in that hearing related to damages that she requested, but it did not establish that Ms. Snyder was an employee of U Lock at any time.

Biros's objection here requires Snyder *for the first time* to prove that she actually worked for U Lock as alleged and seeks to determine whether Snyder's allegations of employment are fraudulent and/or contradicted by her repeated statements to this court and to the Pennsylvania state courts. Neither of these issues were litigated or discussed in the Civil Action – nor could

6

they have been, as U-Lock did not appear before the District Court and no other creditors of U-Lock were given notice of the Civil Action.

Snyder's efforts to distinguish *O'Neal Steel, Inc. v. Chatkin*, 465 B.R. 54, (Bankr. W.D. Pa. 2012), to which this Court has previously pointed, are unpersuasive. The "general rule" is described in *Chatkin* as follows:

> As a "general rule" under federal law, any issue raised in a case where a default judgment was entered is not "actually litigated" for purposes of collateral estoppel, and therefore does not bar litigation of the issue in the second federal court. … Some caution must be exercised because this general rule applies to a "typical" default judgment where a defendant does not participate because of the inconvenience of the forum selected or the expense of defending the lawsuit.

465 B.R. at 65 (internal citations omitted) (emphasis added).

Nothing takes the previous judgment here outside of *Chatkin*'s general rule. Certainly, U Lock did not "participate[ ] extensively in the lawsuit but deliberately prevent[ ] a resolution of it and a default judgment is entered against it as a sanction for refusing to comply with valid court orders." *Chatkin*, 465 B.R. at 65. The claimed exception to which Snyder attempts to point – the District Court's conducting a hearing on damages only – is a regular feature of every default unless "the plaintiff's claim is for a sum certain or a sum that can be made certain by computation." *See* Fed. R. Civ. P. 55(b). For this reason, as well, collateral estoppel does not preclude Biros from pursuing this objection.

### III. *Conclusion*

Wherefore, it is respectfully submitted that this Court has jurisdiction to address Biros' claim objection and that it is necessary to properly adjudicate that claim in this Court so that this case may proceed to a conclusion.

Dated: July 13, 2023									BERNSTEIN-BURKLEY, P.C.

By: */s/ Stuart C. Gaul, Jr.*
Kirk B. Burkley (PA ID No. 89511)
Stuart C. Gaul, Jr. (PA ID No. 74529)
Daniel McArdle Booker
(PA ID No. 320890)
Sarah E. Wenrich (PA ID No. 325834)
601 Grant Street, Floor 9
Pittsburgh, PA 15219
Telephone: (412) 456-8100
Facsimile: (412) 456-8135
kburkley@bernsteinlaw.com
sgaul@bernsteinlaw.com
mbooker@bernsteinlaw.com
swenrich@bernsteinlaw.com

*Counsel for Christine Biros*