IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: | Case No. 22-20823-GLT |
| U LOCK, INC., | Chapter 7 |
| Debtor(s). | Doc. No.: |
| Christine Biros, | Related to Doc. Nos.: 340, 357, 365, 368, 454, 455, 483, 484 |
| Movant, | |
| v. | Evidentiary Hearing Date & Time: |
| Shanni Snyder, | July 14, 2023 at 1:30p.m. |
| Respondent | |

### POST-HEARING BRIEF REGARDING SHANNI SNYDER CLAIM AND THE OBJECTION THERETO

AND NOW, comes Shanni Snyder, a creditor and party-in-interest herein, by and through her undersigned Counsel, and files this Post-Hearing Brief Regarding Shanni Snyder Claim and Objection Thereto as follows:

**I. Background**

From January 1, 2016 through February 15, 2020, Snyder performed security video monitoring services for U LOCK, Inc., the Debtor in the above-referenced Chapter 7 Case (7/14 Transcript p. 15; Exhibit C).

Wage payments to Snyder for said services were deferred while U LOCK, Inc. attempted to stabilize its financial condition. Ultimately, Snyder never received payment for her services (7/14 Transcript pp. 18-19).

On July 14, 2021, Snyder filed a Complaint against U LOCK, Inc. in the United States District Court for the Western District of Pennsylvania at Case No. 21-CV-904. Snyder sought an award of damages related to the wages she earned but which had not been paid by U LOCK, Inc. Snyder asserted her claim pursuant to the Fair Labor Standards Act (29 U.S.C. §§201-209) (7/14 Transcript pp. 19-20; Exhibit C).

U LOCK, Inc. did not respond to Snyder's Complaint which led Snyder to seek the entry of a default judgment in her favor (Transcript p. 19; Exhibit D).

The District Court, on October 18, 2021, held a hearing at which the District Court cited the legal standard applicable to the case, noted that it had reviewed the entire record in case, heard testimony under oath from Snyder, entered judgment in Snyder's favor and explained its reasoning for doing so. No one has ever sought relief from the judgment in the District Court (7/14 Transcript pp. 20-21; Exhibits B, E, F, G and H).

Snyder filed a Proof of Claim in the above-referenced Chapter 7 Case at Claim No. 1. Said claim is based upon the judgment entered in her favor and has attached thereto an Abstract of said judgment (7/14 Transcript p. 22; Exhibit A). Furthermore, U LOCK, Inc. listed Shanni Snyder's claim in its schedule E/F (Doc. No. 62 herein) and did not list said claim as unliquidated, contingent or disputed.

Snyder asserts that she performed services for which she was not paid, that a final judgment based upon said unpaid wages was entered in her favor, that the judgment was never challenged in the District Court and the judgment is a valid, final judgment. As such, Snyder asserts that her claim herein is valid and should be allowed (7/14 Transcript pp. 14-22; Exhibits A, B, E, F, G and H.

Christine Biros ("Biros") filed an Objection to Snyder's claim at Doc. No. 340 herein. Snyder asserted that the judgment entered by the District Court was a final valid judgment not subject to collateral attack and, in fact, filed a Motion to Withdraw the Reference of this matter to the District Court (Doc. Nos. 357, 389, 469). This Honorable Court ruled that it was not bound by the judgment entered by the District Court and could assess the merits of Snyder's claim due to the Objection of Biros (Doc. Nos. 365, 371, 457).

On July 14, 2023, the Court held an evidentiary hearing regarding the merits of Snyder's claim (Doc. Nos. 483, 489). At the conclusion of said evidentiary hearing, the Court called upon the parties to file post-hearing briefs (Doc. Nos. 484, 489).

The purpose of this brief is to clarify Snyder's position herein and to support the allowance of Snyder's claim.

## II. Statement Regarding Burden of Proof Herein

The burden of proof for claims filed pursuant to 11 U.S.C. § 502(a) is a shifting one and rests on different parties at different times. In Re Allegheny International, 954 F. 2d 167, 173-174 (3d Cir. 1992); Benninger v. First Colony Life Insurance, 857 B.R. 337, 347 (Bankr. Ct. W.D.Pa. 2006).

A claimant must initially allege sufficient facts to support its claim and, upon meeting the standard of sufficiency, the claim is prima facie valid. Id. In this case, Snyder's claim is further bolstered by the fact that U LOCK, Inc. itself set forth the claim in its Schedule E/F and did not mark same as unliquidated, contingent or disputed (Doc. No. 62). The scheduling of a debt constitutes evidence of the validity and amount of the claim. 11 U.S.C § 1111(a) pursuant to Bankruptcy Ryle 3003 (b), "The schedule of liabilities filed pursuant to 521(1) of the Code shall constitute prima facie evidence of the validity and amount of the claims of creditors, unless they

are scheduled as disputed, contingent or unliquidated." Thus, Snyder's claim was presumptively valid due to both U LOCK Inc.'s scheduling of her claim and due to the Proof of Claim which she filed.

Upon objection to the claim, the burden then shifts to the objecting party to produce evidence sufficient to negate the prima facie valid claim. Id. In the instant case, the Court so found and thus the evidentiary hearing on the merits of Snyder's claim was conducted. With the Court having found that Biros produced evidence sufficient to negate the prima facie validity of Snyder's claim, the burden ultimately shifted back to Snyder to prove the validity of her claim by a preponderance of the evidence. Id.

While Snyder respectfully disagrees that the burden was properly shifted to her in this matter, it is respectfully submitted that Snyder has nonetheless satisfied that burden herein and that her claim, or at least a portion thereof, should be allowed.

11 U.S.C. § 101 (5) defines a claim as "(A) right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured."

11 U.S.C. § 101 (12) defines debt as "liability on a claim."

Here, the judgment entered in favor of Snyder in the District Court established U LOCK, Inc.'s liability in regard to Snyder's claim, thus creating a debt of U LOCK, Inc. vis-à-vis Snyder.

In the alternative, even if the Court continues to find the District Court judgment to be non-binding, the facts presented at the evidentiary hearing and via various pleadings and documents

herein, establish that Snyder performed work for U LOCK, Inc. for which she was not paid thus creating a valid claim by Snyder and a debt owed by U LOCK, Inc.

### III. Argument

#### A. The District Court Judgment Is Final And Valid And Should Not Be Subject To Collateral Attack In This Court

Snyder has asserted (Doc. Nos. 357, 365, 377, 389, 469), and continues to assert, that this Court has erred in going behind the District Court's judgment in favor of Snyder.

Snyder is well aware that the Court has ruled against Snyder on this issue (Doc. Nos. 365, 377, 457). Snyder does not want to beat a dead horse on this issue, however, Snyder does not want to be deemed to have waived the issue in the event an appeal is taken herein.

Snyder briefed the issue for the Court at Doc. No. 469 herein. Snyder reasserts the arguments set forth in said Brief and incorporates same herein by reference.

#### B. Snyder Performed Services For U LOCK, Inc. For Which She Was Not Paid And Thus She Has A Valid Claim Against U LOCK, Inc. Which Should Be Allowed By This Honorable Court

Snyder filed a Complaint with the District Court, subject to penalties of perjury, asserting that she had worked for U LOCK, Inc. monitoring security cameras during the period of January 2016 through February 2020 and that she had not been paid for said services (Exhibit C).

Snyder also testified in this Honorable Court, under oath, that she worked for U LOCK, Inc. in the manner and during the time frame set forth in her District Court Complaint and that she had not been paid for said service (7/14 Transcript pp. 14-19).

George Snyder, a principal of U LOCK, Inc. testified in this Honorable Court that Shanni Snyder "watched the cameras for those years" (7/14 Transcript p. 86). George Snyder further testified that he had expected Shanni Snyder to be paid for her work "in some way, shape or form" (7/14 Transcript p. 86). Finally, George Snyder testified that U LOCK, Inc. "had big plans for the property" it owned and so, although Shanni Snyder and other employees had not been paid for their work, he "figured that money would be there to pay at the end" (7/14 Transcript pp. 87-88).

Kash Snyder, who was also involved with U LOCK, Inc., testified to this Honorable Court that he was aware that Shanni had performed the service of monitoring cameras for U LOCK, Inc. (7/14 Transcript p. 111).

No testimony or evidence was provided by Biros to rebut the assertion that Snyder performed the services underlying her claim (7/14 Transcript pp. 24-84, 88-100, 102-110). There were insinuations that the hours of work claimed were unrealistic, and that Snyder couldn't perform work and simultaneously care for small children (7/14 Transcript pp. 17-18, 78-79). There was even some testimony establishing that U LOCK, Inc. didn't keep good records and didn't comply with tax reporting requirements (7/14 Transcript pp. 92-93). Still, no one testified that Snyder did not perform the services for U LOCK, Inc. In the end, the unrefuted testimony and evidence is that Snyder performed services for U LOCK, Inc. for which she was never paid.

In the District Court, Snyder asserted a claim under the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 ("FLSA") (Exhibit C).

Snyder had commenced her District Court action after being advised by a Department of Labor representative that she could and should do so (7/14 Transcript pp. 45, 52).

The purpose of the FLSA is to facilitate better working conditions by establishing federal standards for minimum wages, overtime pay, child labor and employer record keeping. The FLSA establishes federal minimum wage, maximum hour, and overtime guarantees that cannot be modified by contract. Genesis Healthcare Corp. v. Symczyk, 569 U.S. 66, 133 S.Ct. 1523, 1527, 185 L.Ed 2d 636 (2013).

Under the FLSA, employers are required to pay their employees at least a specified minimum hourly wage for work performed 29 U.S.C.§206.

Congress and the court have both recognized that of all the acts of social legislation, the Fair Labor Standards Act has the broadest definition of "employee". Donavan v. DialAmerica Marketing, Inc., 757 F. 2d 1376, 1382 (3d Cir. 1985); Equal Employment Opportunity Commission v. Zippo Manufacturing Co., 713 F. 2d 32, 37 (3d Cir. 1983).

The FLSA defines an employer as "any person acting directly or indirectly in the interest of an employer in relation to an employee". 29 U.S.C. § 203(d). An employee is defined as "any individual employed by an employer." 29 U.S.C. § 203(e)(1). To employ means "to suffer or permit work." 29 U.S.C. § 203(g).

Ultimately, the FLSA makes clear that the employer-employee relationship under the FLSA is defined broadly "covering some parties who might not qualify as such, under a strict application of agency law principles" Nationwide Mutual Insurance v. Dardeau, 503 U.S. 318, 326, 112 S. Ct. 1344, 117 L. Ed 2d 581 (1992).

Here, Snyder performed services for U LOCK, Inc.and was not paid for same. No evidence to the contrary has been provided. The only attacks upon said proposition involve challenges to the amount of hours worked alleged and the failure of Snyder to list U LOCK, Inc. as an

employer on certain documents which Snyder explained in detail at the evidentiary hearing (7/14 Transcript pp. 23-24, 43-65).

Snyder was an employee of U LOCK, Inc. under the FLSA. She was not paid for the work she performed. Her District Court Complaint was well stated and the judgment entered in her favor was proper and warranted.

An issue was raised by Biros and the Court that Snyder may be ineligible under the FLSA under 29 U.S.C. § 203 (s)(2) in that the Act does not apply to employees that has as its only regular employees the owner, and his or her parents, spouse, children or other members of the immediate family. However, testimony at the evidentiary hearing revealed that not to be the case as U LOCK, Inc.employed numerous non-relatives of Snyder (7/14 Transcript pp. 22, 86-87). Further, Snyder herself was not an owner, officer or director of U LOCK, Inc. (7/14 Transcript pp. 14, 111).

Insinuations were made that Snyder and her brother, George (a principal of U LOCK, Inc.) colluded to allow Snyder to take a default judgment in District Court. However, both Snyder and George Snyder denied same, under oath, at the evidentiary hearing (7/14 Transcript pp. 21, 87) with no evidence to the contrary. Biros cannot rely on mere speculation and conjecture to support her objection. Biros was afforded an opportunity to present evidence of collusion, but was unable to provide any.

Allegations that the District Court judgment amount was excessive was addressed by Snyder at the evidentiary hearing where she explained her calculation of damages and the extra liquidated damages awarded by the District Court (7/14 Transcript pp. 15-18, 20-21).

As noted, Snyder believes that her claim under the FLSA was valid, warranted and proper. She further believes that the judgment she obtained on said claim should stand and that her claim should be allowed by this Honorable Court.

If, arguendo, the Court finds that the FLSA is somehow inapplicable herein, it is submitted that Snyder has a valid claim, in some amount, based on the unpaid work she performed under the concepts of unjust enrichment and/or quantum meruit. Snyder has a valid, legitimate claim herein.

### IV. Conclusion

Based upon all of the foregoing, it is respectfully submitted that this Honorable Court should allow Shanni Snyder's claim in full or, at the very least, in some reasonable amount based upon the unpaid work she performed for U LOCK, Inc.

Date: August 14, 2023

Respectfully Submitted,

*/s/ John P. Lacher*
John P. Lacher
PA I.D. #62297
501 Smith Drive, Suite 3
Cranberry Twp., PA 16066
(724) 776-8000 (Phone)
(724) 776-8001 (Fax)
jlacher@lynchlaw-group.com