IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re:<br>U LOCK INC.,<br>　　　　Debtor.<br><br>CHRISTINE BIROS,<br>　　　　Movant,<br>　　　　v.<br>ROBERT H. SLONE, Chapter 7 Trustee for the Estate of U LOCK, INC.,<br>　　　　Respondent | Bankruptcy No. 22-20823-GLT<br><br>Chapter 7<br><br>Related Doc. No. 344, 345, 346, 349, 365, 367 |

**MOTION TO RESET THE HEARING ON CONSENT MOTION TO APPROVE SETTLEMENT AGREEMENT PURSUANT TO RULE 9019 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE**

NOW COMES, Christine Biros (the "Movant"), creditor and party-in-interest in the above captioned bankruptcy case, by and through her undersigned counsel, Bernstein-Burkley, P.C. and files this *Motion to Reset the Hearing on the Consent Motion to Approve Settlement Agreement Pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure [Doc. No. 345]* (the "Motion") and in support hereof states as follows:

**JURISDICTION AND VENUE**

1.　The United States Bankruptcy Court for the Western District of Pennsylvania (the "Court") has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b).

2.　Venue of this case and this Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicates for the relief hereinafter requested are section 105 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (as amended, "Bankruptcy Code") and Rule 9019 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules").

## SUMMARY

4. The Chapter 7 Trustee, Robert H. Slone, Esq, (the "Trustee") has entered into a Settlement Agreement with creditor Christine Biros referenced herein that was the subject of the Consent Motion to Approve Settlement Agreement Pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure [Doc. No. 345](the "9019 Motion") that settled Biros' claims against the Estate and was previously heard before this Honorable Court.

5. The Trustee has indicated that he has no objection to Biros asking the Court to reset the hearing on the 9019 Motion.

## FACTUAL BACKGROUND

6. On April 27, 2022 (the "Petition Date"), an involuntary petition for relief under Chapter 7 of the Bankruptcy Code was filed against U LOCK Inc., (the "Debtor") in the United States Bankruptcy Court for the Western District of Pennsylvania (the "Court") at case number 22-20823-GLT (the "Case").

7. The Debtor did not file a response to the involuntary petition.

8. On June 17, 2022, the Court entered an Order for Relief. [Docket No. 42]

9. On August 25, 2022, Biros filed Claim Number 2 in the total amount of $20,642.53 ("Claim Number 2"), seeking payment of certain real estate taxes which the Debtor was ordered to pay by the Supreme Court of Pennsylvania on the real property owned by Biros. Biros intends to amend the claim to include the post-petition taxes which the Debtor has also failed to pay. These taxes have since been paid to the taxing authority by the Trustee.

10. On August 25, 2022, Biros filed Claim Number 3, seeking payment of prepetition rent in the total amount of $405,000.00 for the period of time from July 2015 through April 2022 ("Claim Number 3") when Debtor held and used Biros' real property.

11. On August 26, 2022, Biros filed Claim Number 4, seeking payment of unliquidated damages for the cost of environmental remediation ("Claim Number 4" together with Claim Number 1, Claim Number 2 and Claim Number 3, the "Claims") as a result of damage by the Debtor to Biros' real property during the period when Debtor had the use and occupancy of the real property.

12. On December 20, 2022, this Honorable Court entered an Order approving a sale of substantially all of the assets of the Debtor (the "Sale Order"). [Doc. No. 254]

13. On December 22, 2022, Biros filed her Motion for Allowance of Administrative Expense Claim Pursuant to 11 U.S.C. §503(b)(1) [Doc. No. 258].

14. On January 6, 2023, the Trustee filed his Response to the Motion for Administrative Expense (the "Response") acknowledging that an allowance of some amount is appropriate, but disputing the amount requested by Biros. *See*, Doc. No. 277.

15. On January 30, 2023, this Honorable Court entered an Order setting, *inter alia*, a deadline of March 1, 2023, for Biros to file a Renewed or Amended Motion for Administrative Expense Claim.

16. On February 27, 2023, Biros and the Trustee entered into an agreement resolving the claims asserted by Biros, including an allowed administrative expense claim in the reduced agreed amount of $18,000.00 (the "Administrative Expense Claim") (the "Settlement Agreement").

17. On March 1, 2023, Biros and the Trustee submitted a Consent Motion to Approve

the Settlement Agreement [Doc. No. 345] (the "9019 Motion").

18. On March 1, 2023, Biros also filed an Amended Motion for Allowance and Payment of Administrative Expenses Pursuant to 11 U.S.C.§ 503(b)(1) and/or for Payment of Adequate Protection [Doc. No. 344] (the "Motion for Administrative Expense Claim").

19. The Court held a hearing on the 9019 Motion on April 13, 2023. For the reasons stated on the record, the Court continued the hearing until conclusion of that certain avoidance action filed against Biros and pending further Court order. See, Doc. No. 365.

20. The avoidance action filed against Biros on February 28, 2023 by Shanni Snyder at Adversary Case Number 23-02020 (the "Avoidance Action") was dismissed with prejudice on July 21, 2023[1]. On July 7, 2023, this Court entered an Order requesting that the Chapter 7 Trustee submit a status report indicating the amount of fees spent to date, the balance of funds held by the Estate, and whether the Chapter 7 Trustee believes any claims still exist that might result in a recovery for the estate and, if possible, their estimated value. [Doc. No. 451]

21. On July 13, 2023, the Chapter 7 Trustee submitted the Status Report. [Doc. No. 477].

## RELIEF REQUESTED

22. By this Motion, the Movant respectfully requests that this Court reset the hearing on the 9019 Motion as to the Administrative Expense Claim only and grant such other and further relief as this Court deems just and proper.

---

[1] Biros notes Shanni Snyder has appealed the Dismissal Order to the Western District of Pennsylvania District Court at Case No. 2:23-cv-01410 and the appeal is currently pending. Biros believes and therefore avers, the District Court will issue an opinion denying the appeal shortly.

**BASIS FOR RELIEF REQUESTED**

23. Section 105(a) of the Bankruptcy Code provides, in pertinent part, that "the court may issue any order . . . necessary or appropriate to carry out the provisions of the Bankruptcy Code. *See* 11 U.S.C. § 105(a). In addition, Federal Rule of Bankruptcy Procedure 9019(a) provides that "on a motion by the trustee and after a hearing, the Court may approve a compromise or settlement." Fed. R. Bankr. P. 9019(a). For further basis, Movant respectfully incorporates and refers to the basis stated in the 9019 Motion.

24. Since the continuance of the 9019 Motion, the Trustee has paid the real estate taxes, resolving Claim Number 2 filed by Biros.

25. During the course of this Bankruptcy Case, there have been ongoing discussions *inter alia* regarding Biros' Claims. Now that the Sale Order has been entered, and Claim Number 2 has been resolved, the Parties wish to resolve outstanding disputes and to work toward the Trustee's resolution and closing of this case.

26. Based on the Status Report filed by the Truste, combined with the other activity in the case, it appears there is little or no likelihood of substantial additional funds coming into the Trustee's hands from which a distribution could be made.

27. Considering the amounts disclosed by the Status Report, it appears obvious that the allowed Administrative Expense claims in the case will consume all the distributable funds and will still not be paid in full.

28. As set forth above, since the hearing on the 9019 Motion, the Trustee has paid the priority tax claim, which was the subject of Claim Number 2, thereby mooting that claim.

29. As a result, Biros does not believe the Court needs to consider approval of the Settlement Agreement as it relates to Claim Number 2 as it is now moot.

30. Additionally, given the lack of available funds to distribute, the only Biros Claims set forth in the 9019 Motion that would potentially receive a distribution given the Bankruptcy Code's priority scheme is the Administrative Expense Claim. Since there are no pending Objections to Claim 3 and Claim 4, there is no need for the Court to consider the 9019 Motion with respect to those claims.

31. As only the requested Administrative Expense Claim will have an impact on the Trustee's expected distribution and there are minimal funds remaining in the Estate, the Trustee and Biros respectfully request that this Honorable Court reset a hearing on the 9019 Motion to consider the Administrative Expense Claim only.

WHEREFORE, Christine Biros, creditor and party-in-interest, respectfully request that this Honorable Court reset the hearing on the Settlement Motion.

Dated: November 29, 2023

Respectfully submitted by:

BERNSTEIN-BURKLEY, P.C.

By: */s/ Robert S. Bernstein*
Robert S. Bernstein (PA ID No. 34308)
Lara S. Martin (PA ID No. 307272)
601 Grant Street, Floor 9
Pittsburgh, PA 15219
Telephone: (412) 456-8108
Facsimile: (412) 456-8135
rbernstein@bernsteinlaw.com
lmartin@bernsteinlaw.com