IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: <br><br> U LOCK INC., <br><br> Debtor, | BANKRUPTCY NO. 22-20823-GLT <br><br> CHAPTER 7 |
| Christine Biros, <br><br> Movant, <br> v. <br><br> Robert H. Slone, <br> Chapter 7 Trustee for the Estate of <br> U LOCK INC., <br><br> Respondent | Doc. No. <br><br> Related to Doc. Nos.: 344, 345, 352, 356, 365, 367, 501 and 503 <br><br> Hearing Date and Time: <br> January 4, 2024 at 10:00 A.M. |

**RESPONSE TO MOTION TO RESET THE HEARING ON CONSENT MOTION TO APPROVE SETTLEMENT AGREEMENT PURSUANT TO RULE 9019 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE**

And Now, comes Shanni Snyder ("Snyder"), a creditor of the Debtor and a party-in-interest herein, by and through her undersigned Counsel, and files this Response to Motion to Reset the Hearing on Consent Motion to Approve Settlement Agreement Pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure as follows:

1. On March 1, 2023, Christine Biros ("Biros") filed an Amended Application for Administrative Expenses at Doc. No. 344 herein.

2. Also on March 1, 2023 Biros filed a Consent Motion to Approve Compromise Under Rule 9019 at Doc. No. 345. The compromise for which approval was being sought included an allowance of Biros' asserted administrative claim with the consent of Chapter 7 Trustee Robert Slone.

3. Snyder objected to the proposed Settlement Agreement at Doc. No. 352 herein.

4. Following a hearing on the matter (Doc. No. 365), this Honorable Court continued the matter pending further Order of Court (Doc. No. 367).

5. Biros has filed a Motion requesting that this Honorable Court reset the hearing on the Consent Motion to Approve Settlement at Doc. No. 501 herein ("the Reset Motion").

6. The Reset Motion purports to merely seek the scheduling of a hearing on the Consent Motion to Approve Settlement Agreement. However, the proposed order attached to the Reset Motion provides for contradictory relief. The first paragraph of the proposed order provides for the granting of the Consent Motion to Approve Settlement Agreement while the second paragraph of the proposed order calls for the scheduling of a hearing on the Motion to Approve Settlement Agreement.

7. If, in fact, Biros is simply seeking the scheduling of a hearing on this matter, Snyder does not oppose same. However, if the Reset Motion, in itself, is intended to result in an Order from This Honorable Court approving the Settlement Agreement between Biros and Trustee Slone, Snyder objects for the following reasons:

    a. Trustee Slone recently paid Westmoreland County for the property taxes on the property at 14140 Route 30. Based on information, not only did Trustee Slone pay the past due taxes, but he also paid a portion of the taxes during the time when Christine Biros had majority possession of the property.

    b. Further, this Honorable Court previously ruled, that under a constructive trust, Biros gained retroactive ownership of the property from 2015.

    c. That decision is on appeal, presently in front of the district court.

    d. If the decision of this Honorable Court is affirmed, then the amount paid by the

    Trustee in property taxes would offset Biros' claim for administrative rents – especially the amounts of property taxes paid during the time the deed was in Biros' name and she had possession or majority possession.

  e. It would be improvident to decide these matters absent a final adjudication of the finding of fact relating to the ownership of the property and, as a result, the amount of rent that Biros would be entitled to pursuant to the administrative claim in that the Biros administrative claim includes claims for rent at the same time that she was awarded the property in lieu of a money judgment to avoid an unjust enrichment. For Biros to receive the property to compensate her for monies expended and then receive rent in addition would constitute double compensation and an unjust enrichment to Biros.

  f. There is likewise an environmental clean-up component to the Biros claim, the legitimacy of which is in dispute.

8. Therefore, the Motion to Reset Hearing should be denied without prejudice and the matters should be held in abeyance until it can be determined whether the payment of tax liabilities that may have actually belonged to Biros, not the Estate, and whether the propriety of the rent and environmental component of the Biros claim, can be determined.

WHEREFORE, the Motion to Reset the Hearing should be denied without prejudice.

            Respectfully Submitted,

Date: December 21, 2023       */s/ David L. Fuchs*
                    DAVID L. FUCHS
                    PA I.D. #205694
                    Fuchs Law Office, LLC
                    554 Washington Ave, First Floor
                    Carnegie, PA 15106

                                                        (412) 223-5404 (phone)
                                                        (412) 223-5406 (facsimile)
                                                        dfuchs@fuchslawoffice.com

AND

/s/ *John P. Lacher*
JOHN P. LACHER
PA I.D.#62297
The Lynch Law Group
501 Smith Drive, Suite 3
Cranberry Township, PA 16066
(724) 776-8000
(724) 776-8001
jlacher@lynchlaw-group.com