FILED
12/21/2023 10:14 p.m.
CLERK
U.S. BANKRUPTCY
COURT - WDPA

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: U LOCK INC. a/k/a | ) | |
| U-LOCK INC. | ) | Case. 22-20823-GLT |
| | ) | |
| Debtor. | ) | |
| | ) | To be heard January 4, 2024 |

### RESPONSE OF GEORGE SNYDER TO MOTION TO RESET HEARING

I am filing my response to the Motion of Christine Biros to reset the hearing as an interested party and creditor of the Debtor.

First, I agree with the position of Shanni Snyder's response. The matter should not be determined until a final ruling occurs.

Second, if this Court does decide to hear the matter now instead of later, I ask that the hearing Ms. Biros requests be set for a period in mid to late March, 2024, to accommodate my temporary disability pursuant to the Americans With Disabilities Act. Specifically, I was recently informed that I need open heart surgery promptly. I am informed that my aortic valve needs replaced with either a tissue valve or a carbon fiber valve. This created a serious disability that stops me from litigating temporarily. I am informed that pre-op testing and procedures will be done over the next couple weeks. This will include aortic measurements and a cardiac catheterization. There will also be lab tests, chest x-ray, EKG, evaluation for anaesthesia, and other pre-operation procedures. I was informed that I will need to do a catheter in my arteries pre-op. Then I will be scheduled for the surgery which will keep me in the hospital for about one week to ten days. After discharge, if I am not required to go to rehab, I was instructed to stay home during recuperation for approximately one month, prohibited from driving, and engaging in any strenuous or stressful matter. These are best case scenarios and assume the surgery has zero complications. NOTE: I may not be able to attend the January 4, 2024, hearing. I will try my best to attend by Zoom, it depends if I have a doctor's appointment or they tell me not to go. I ask for

accommodation that these objections be considered even if I don't attend. I probably won't have much to add verbally anyway.

Third, of course, I disagree on the merits of Ms. Biros' claims. I will file objections before my surgery. To summarize, the environmental claim is nothing but a money grab as they did not, do not intend to, and will not do any remediation. They admitted that their estimates were reduced by the work Shanni Snyder did by $50,000 or more, which shows the specious nature of the claims. It's like taking a car to various auto shops, getting estimates to repair them, and then just taking a bottle of nail polish to fix the scratches. They simply mixed the old dirt that they said was contaminated with the junk dirt and boulders they took, probably for compensation, while billing U Lock for rent. As to the tax claim, they have no legal basis to say it was a priority claim and they, of course, pressured the Trustee to pay it as though it were somehow due.

Even without Shanni Snyder's position that this Court's ruling showed Biros is responsible for the taxes, the fact is that the deed Biros filed accepted all liens including that tax lien. It's right in the language on that deed. Therefore the Estate never owed those taxes since Biros accepted that deed without notice to U Lock. More important to the merits of the tax claim, the Trustee had no reason to pay the last year's taxes. Biros owned the property for that entire year and possessed it.

With respect to the rent claim, it needs to be offset by the unjust enrichment and windfall from the erroneous paid taxes. Also during the time Biros was collecting clean fill, the rent should be reduced as they operated over 80 percent of the facility. They also blocked access and removed all of the equipment. They blocked tenants from accessing it and engaged in self-help remedies.

I declare under the penalty for perjury that the foregoing are true and correct to the best of my knowledge. 28 USC 1746.

This 21st day of December, 2023



George Snyder

CERTIFICATE OF SERVICE

The following persons will receive ECF Electronic service when the Clerk files and processes these objections:

Bernstein lawyers for Christine Biros

Allen Roth for U Lock

Mr. Fuchs and Lacher for Shanni Snyder

Trustee Robert Slone

Interested Trustee Charles Zebley

All members of the ECF who receive notice electronically.

This 21st day of December, 2023

George Snyder
PO Box 15
Irwin PA  15642
412-979-9999