FILED
1/8/24
CLERK
U.S. BANKRUPTCY
COURT - WDPA

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: | Case No. 22-20823-GLT |
| **U LOCK INC.**, | Chapter 7 |
| *Debtor*. | Related to Dkt. Nos. 345, 501 |

# ORDER

This matter came before the Court on January 4, 2024 upon the *Motion to Reset the Hearing on Consent Motion to Approve Settlement Agreement Pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure* (the "Motion") filed by Christine Biros.[1] Through the *Motion*, Ms. Biros requested the Court resume consideration of her *Consent Motion to Approve Settlement Agreement Pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure* (the "Settlement Motion"), but only as it relates to her administrative expense claim given the estate's limited resources.[2] As the *Settlement Motion* involved claims arising from Ms. Biros' ownership of certain real property ("Property"), the Court previously continued it generally pending the resolution of an avoidance action filed by Shanni Snyder. Since that time, the Court has dismissed the Ms. Snyder's avoidance action with prejudice and, on January 5, 2024, was affirmed on appeal by the United States District Court for the Western District of Pennsylvania.[3]

Both Ms. Snyder and George Snyder filed responses (albeit before the District Court ruled) asserting that consideration of the *Settlement Motion* is premature before appellate rights have been exhausted.[4] And both had previously filed objections to the *Settlement Motion* because they

---

[1] Dkt. No. 501.

[2] Dkt. No. 345.

[3] See Snyder v. Biros (In re U Lock, Inc.), 652 B.R. 456 (Bankr. W.D. Pa. 2023), aff'd, 2:23-cv-1410-AJS, Dkt. No. 8 (W.D. Pa. Jan. 5, 2024).

[4] See *Response to Motion to Reset the Hearing on Consent Motion to Approve Settlement Agreement Pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure*, Dkt. No. 506; *Response of George Snyder to Motion to Reset Hearing*, Dkt. No. 507.

contested Ms. Biros' ownership of the Property.[5]  Beyond that, neither party otherwise objected to the reasonableness of the proposed settlement of Ms. Biros' administrative expense claim for post-petition rent.

It is undisputed that the Debtor occupied the Property for approximately nine months post-petition before Ms. Biros was granted stay relief.[6]  As such, she is entitled a reasonable administrative expense claim for the estate's use under section 503(b)(1)(A) of the Bankruptcy Code.[7]  Whether the Snyders like it or not, Ms. Biros is the owner of the Property.[8]  The remote possibility that the United States Court of Appeals for the Third Circuit might reverse if a timely appeal is taken is not a valid reason to delay quantifying the claim.  Since it will not be paid until a final distribution, there is no risk or prejudice to merely determining the proper amount now.

Ms. Biros and Robert H. Slone, the chapter 7 trustee, have agreed to settle Ms. Biros' claim for post-petition rent for $18,000.[9]  While that is a substantial reduction from the amount Ms. Biros claimed, the Court places little weight on the value she ascribes.[10]  Instead, the Court observes that that proposed $18,000 represents a monthly rental expense of $2,000, which is only $500 more per month than the Court previously allowed Ms. Biros to credit bid.[11]  Admittedly, that means the

---

[5]   See *Objection to Consent Motion to Approve Settlement Agreement Pursuant to Federal Rules of Bankruptcy Procedure*, Dkt. No. 352; *Objections of George Snyder to Consent Motion to Approve Settlement Agreement*, Dkt. No. 345.

[6]   See Dkt. No. 307.

[7]   11 U.S.C. § 503(b)(1)(A).

[8]   In re U Lock, Inc., 652 B.R. at 469.

[9]   *Consent Motion to Approve Settlement Agreement Pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure*, Dkt. No. 345 at ¶ 25(a).

[10]  See *Christine Biros' Amended Motion for Allowance and Payment of Administrative Expense Pursuant to 11 U.S.C. § 503(b)(1) and/or Payment of Adequate Protection*, Dkt. No. 344 (requesting $63,000 and filed contemporaneously with the *Settlement Motion*); see also In re U Lock, Inc., No. 22-20823-GLT, 2023 WL 308210, at *2 (Bankr. W.D. Pa. Jan. 17, 2023) (initially requesting an administrative expense of $144,000).

[11]  *Transcript of December 15, 2022 Hearing*, Dkt. No. 264 at 21:5-11.

2

post-petition rental obligation is greater than U Lock's prepetition gross revenues,[12] but the Court is mindful that this is not a typical voluntary landlord-tenant scenario with a written lease agreement.

Ultimately, the settlement only needs to be fair. That means "the court need not be convinced that it is the best possible compromise, but only that it falls above the lowest range of reasonableness."[13] To strike the appropriate balance, a court should consider:

> (1) the probability of success in litigation; (2) the likely difficulties in collection; (3) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (4) the paramount interest of the creditors.[14]

To be clear, this requires only a canvasing of the issues rather than a full-fledged determination on the merits.[15]

All things considered, the Court finds that an administrative rent claim in the amount of $18,000 is far above the lowest point in the range of reasonable outcomes.

**AND NOW**, therefore, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that:

1. The *Motion* is **GRANTED**.

2. The *Settlement Motion* is **GRANTED IN PART**.

    A. Christine Biros is granted an allowed administrative expense claim under section 503(b)(1)(A) of the Bankruptcy Code for post-petition rent in the amount of $18,000 to be paid through the final distribution.

---

[12] In re U Lock, Inc., 2023 WL 308210, at *1.

[13] In re rue21, Inc., 575 B.R. 314, 323 (Bankr. W.D. Pa. 2017) (citing In re Tribune Co., 464 B.R. 126, 158 (Bankr. D. Del. 2011)).

[14] Myers v. Martin (In re Martin), 91 F.3d 389, 393 (3d Cir. 1996).

[15] Urmann v. Walsh, 523 B.R. 472, 480 (W.D. Pa. 2014) (citing In re Neshaminy Office Bldg. Associates, 62 B.R. 798, 803 (E.D. Pa. 1986)).

    B.  By agreement of the parties, the *Settlement Motion* is **DENIED WITHOUT PREJUDICE** in all other respects.

Dated: January 8, 2024

          **GREGORY L. TADDONIO**
          **CHIEF UNITED STATES BANKRUPTCY JUDGE**