```
                   UNITED STATES BANKRUPTCY COURT
                  WESTERN DISTRICT OF PENNSYLVANIA
                                                          FILED
                                                          1/10/24 9:03 am
IN RE:                      .   Case No. 22-20823-GLT     CLERK
                            .                             U.S. BANKRUPTCY
U LOCK INC,                 .   5414 U.S. Steel Tower     COURT - WDPA
                            .   600 Grant Street
                            .   Pittsburgh, PA 15219
        Debtor.             .
                            .   January 4, 2024
. . . . . . . . . . . . . . .   10:05 a.m.

       TRANSCRIPT OF #501 MOTION TO CONTINUE/RESCHEDULE HEARING
   ON THE CONSENT MOTION TO APPROVE SETTLEMENT AGREEMENT PURSUANT
     TO RULE 9019 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE
                           (DOC. NO. 345)
             BEFORE THE HONORABLE GREGORY L. TADDONIO
               UNITED STATES BANKRUPTCY COURT JUDGE
```

APPEARANCES:

For Christine Biros:    Bernstein-Burkley, P.C.
                        By: ROBERT S. BERNSTEIN, ESQ.
                        601 Grant Street, Ste 9th Floor
                        Pittsburgh, PA 15219

TELEPHONIC APPEARANCES:

For the Chapter 7       Office of the U.S. Trustee
Trustee:                By: ROBERT H. SLONE, ESQ.
                        223 South Maple Avenue
                        Greensburg, PA 15601

For Shanni Snyder:      The Lynch Law Group LLC
                        By: JOHN PATRICK LACHER, ESQ.
                        501 Smith Drive, Suite 3
                        Cranberry Twp, PA 16066

For George Snyder:      By: GEORGE SNYDER - Pro se
                        PO Box 15
                        Irwin, PA 15642

ECRO:                   Hayley Smith

 Proceedings recorded by electronic sound recording, transcript
               produced by transcription service.
_____

**J&J COURT TRANSCRIBERS, INC.**
**268 Evergreen Avenue**
**Hamilton, New Jersey 08619**
**E-mail: jjcourt@jjcourt.com**

**(609) 586-2311       Fax No. (609) 587-3599**

1        THE COURT: All right. The next matter is Case
2   Number 22-20823, U LOCK INCORPORATED.
3        I'll start by taking appearances here in the
4   courtroom, please.
5        MR. BERNSTEIN: Good morning, Your Honor. Robert
6   Bernstein, Bernstein-Burkley, on behalf of Christine Biros, who
7   is also here at counsel table with me.
8        THE COURT: Good morning.
9        MS. BIROS: Morning.
10       THE COURT: And do I have any appearances by Zoom by
11  the Chapter 7 Trustee?
12       MR. SLONE: Yes. Chapter 7 Trustee, Robert Slone.
13       THE COURT: All right. Good morning. And do I have
14  an appearance for Shanni Snyder?
15       MR. LACHER: Good morning, Your Honor. John Lacher
16  on behalf of Creditor and Party-in-Interest Shanni Snyder.
17       THE COURT: All right. Good morning. And do I have
18  an appearance for Mr. Snyder? You might be on mute, Mr.
19  Snyder.
20       MR. SNYDER: Yes. George Snyder, Your Honor.
21       THE COURT: All right. Good morning.
22       MR. SNYDER: Good morning.
23       THE COURT: All right. Is there anyone else who
24  wishes to enter an appearance in this case?
25       Okay. This is the Motion to Continue or Reschedule a

1  Hearing on the Consent Motion to Approve the Settlement
2  Agreement between Christine Biros and the Trustee involving
3  several Claims and I have Responses that have been filed to
4  that Motion by Shanni Snyder and George Snyder.
5       Before I get into the heart of the issues here, I
6  just wanted to get some brief explanatory information from the
7  Trustee.  And this is I think taken from the Status Report and
8  the prior Hearing we had last August or so in this.
9       My understanding is that Trustee has paid some of the
10 real estate taxes on this parcel and I wanted to verify with
11 Mr. Slone what the amounts of those payments were and what
12 periods those covered.
13      MR. SLONE:  Yes, Your Honor.  The Tax Claim Bureau
14 was paid I believe it was May of 2023.  The amount was
15 $28,028.75.
16      THE COURT:  Okay.  So, you paid $28,028.75?
17      MR. SLONE:  75 cents.
18      THE COURT:  I'm sorry.  You're cutting out a little
19 bit.  So, what was the cents?
20      MR. SLONE:  I'm sorry.  $28,028.75.
21      THE COURT:  Okay.  And, again, confirm for me the
22 period that that applied to.
23      MR. SLONE:  That was -- I'll get that out, hold on.
24 That was the periods from 2019 to 2022.
25      THE COURT:  Okay.  And that's the extent of what's

1  been paid?

2        MR. SLONE: Yes.

3        THE COURT: Has there been any other disbursements
4  from the Estate other than that?

5        MR. SLONE: Yes. I paid myself a part of the
6  Attorney's fee, which was approved by the Court, Your Honor.

7        THE COURT: Is that with the sale? I don't recall
8  when that --

9        MR. SLONE: Yes. I was paid $18,972.

10       THE COURT: Okay. And what was the basis for paying
11 the real estate taxes?

12       MR. SLONE: That was part of the Agreement and at the
13 Hearing on 4/13/23 on Page 39 it says, "I'm saying that the
14 distribution would be withheld with the exception that if the
15 Trustee wishes to proceed with paying the Tax Claim to the Tax
16 Claim Bureau, he is free to do that."

17       Also prior to paying those taxes I contacted the
18 party, Mr. Lacher I talked to in the Bernstein office, and I
19 believe William Otto, to pay those taxes, and then sent a
20 receipt of the payment afterwards, Your Honor.

21       THE COURT: Okay. All right. So, thank you, Mr.
22 Slone.

23       This is the Motion to bring forward again the Court's
24 consideration of the Settlement Motion and in the Motion it's
25 been represented that some of these items may have been

1  resolved through themselves and then other items, Christine
2  Biros is asking the Court to consider again and approve.
3          So, let me hear from the parties at this point and
4  then we'll proceed from there.  Mr. Bernstein.
5          MR. BERNSTEIN:  Thank you, Your Honor.  So we, just
6  to be clear, we are not seeking any action with regard to the
7  property taxes, the real estate taxes.  Our understanding was
8  after the April 13th Hearing it made sense for the Trustee to
9  pay them.  This was what was included in Ms. Biros' Claim
10 Number 2 and we're not seeking to go forward on that.
11         Likewise, Ms. Biros has Claims Number 3 and 4 that
12 are pre-petition Unsecured Claims, one for rent for a
13 pre-petition period, and the other for environmental
14 remediation, both of which we are clear from the Status
15 Conference in August and what's happened since then, they're
16 out of the money.  The Unsecured Creditors are not receiving
17 anything here.
18         So, that was the subject, that's really what led up
19 to our Motion.  We have the Administrative Claim.  The April 13
20 Hearing almost resolved the 9019 Motion.  I think the Court was
21 very close to approving some or all of the settlements.  The
22 avoidance action that was pending created sufficient
23 uncertainty that the Court continued the Motion.  During that
24 Hearing the Court suggested the Trustee could pay the real
25 estate taxes and he subsequently did, as he said.  And the

1  Motion on for today, we're seeking only the Administrative
2  Claim approval.  The others are either moot or irrelevant.
3         In the past the Court has expressed concerns about
4  the level of animosity and litigation over what was a very
5  small Estate and has turned out to be very small.  Ms. Biros
6  has tried to explain that much of her activity has resulted
7  from the practices of the Snyders to litigate everything,
8  everywhere, as many times as they can.  And, of course, that's
9  the basis for her action, RICO action in the District Court.
10        Today we see evidence of that strategy from the
11 Snyders again.  We filed what we thought was a simple innocuous
12 request for a hearing on the $18,000 Administrative Right
13 Claim, and the Snyders both filed lengthy Objections to all of
14 the Claims and lengthy Objections to the Motion, referring to
15 all the Claims.
16        While George Snyder holds an Administrative Claim
17 which might give him standing to object to the Unsecured
18 Claims, Shanni Snyder doesn't have a Claim.  We don't think she
19 has standing.  In any event, we'll deal with Mr. Snyder's
20 Objections when they are heard.
21        I'm sorry, I wasn't clear.  He not only filed an
22 Objection to the Motion, but he filed yesterday Objections to
23 the Claim 3 and Claim 4, which doesn't make any sense to us,
24 but we'll deal with it when we deal with it.
25        For today we're seeking an opportunity to argue the

1  9019 Settlement Agreement with the Trustee on the
2  administrative rent.  If this is the Hearing to do that, we're
3  prepared to go forward.  If this is a Hearing to set a Hearing,
4  we're prepared to deal with that.  We just, we want to help
5  move the case forward.  We're trying to end this.
6        With regard to the substance of the 9019, we'd say
7  that we incorporate the arguments made on April 13th.  The
8  Settlement of the Administrative Rent Claim is well within the
9  range of reasonableness and meets the Martin factors, as
10 outlined on the 13th.  Ms. Biros is the owner of the Real
11 Property.  The Debtor and the Trustee had possession of some or
12 all of that Real Property for approximately nine months
13 post-petition.  $2,000 per month is a reasonable compromise of
14 the Rental Value for that possession.
15        The Court was ready to approve the Claim on April
16 13th, but heard arguments from the Snyders that a possible
17 favorable result on the Adversary might somehow allow an unjust
18 result, if the Settlements had been approved at that time.
19 This seems no longer even remotely likely.  We would ask the
20 Court to approve the Settlement for the reasons heard on April
21 13th.
22        I'd just like to add at that Status Conference in
23 August, when we were discussing the administrative insolvency
24 of this Chapter 7 case, we expressed concern that the Court
25 might find the need to moot our Objection to Shanni Snyder's

1  Claim.
2       We encourage the Court to continue to make the
3  Decision since it had been fully briefed and argued, and the
4  Court indicated that it would.
5       Since that time, the District Court has affirmed this
6  Court's Decision on the Dismissal in the Adversary.  We hope
7  the Court is near to releasing a Decision on the Shanni Snyder
8  Claim Objection so that we can begin to deal with the appeal
9  process which we have no doubt will ensue.
10      So, we would ask the Court to approve today the
11 $18,000 Settlement of the Admin Claim so that the Trustee can
12 have clarity on what the Administrative Expenses are that have
13 to be prorated.
14      Thank you, Your Honor.
15      THE COURT:  Thank you.  All right.  Well I -- to
16 answer your first question, I am prepared to move forward on
17 the merits of this today for two reasons.  One is, I previously
18 had a full hearing on the Settlement Motion before, and took it
19 under advisement at the time and figured that it was ready for
20 consideration pending the Court's consideration of other
21 factors.
22      Related to that though you mentioned just now that
23 the District Court affirmed my Dismissal of the Adversary
24 Proceeding.  I wasn't aware of that.  Is that -- I mean, I was
25 aware that the --

1              MR. BERNSTEIN:  I'm pretty sure I saw that Decision
2    last week, Your Honor, from --
3              THE COURT:  I think that was my Decision on George
4    Snyder's Claim.
5              MS. BIROS:  Yes.
6              MR. BERNSTEIN:  I may have misspoken.
7              THE COURT:  Okay.  Because I --
8              MR. BERNSTEIN:  I apologize, Your Honor.
9              THE COURT:  I just wanted to make sure I didn't miss
10   something because that would be something that I, you know,
11   certainly would want to take into consideration.
12             MR. BERNSTEIN:  We're fully expecting it to be
13   affirmed.
14             THE COURT:  Okay.
15             MR. BERNSTEIN:  Sorry, I may have jumped the gun.
16             THE COURT:  No, that's fine.  And then, secondly, I
17   think I've given the parties ample time to be heard.  You know
18   this was scheduled for a Hearing.  This Motion was filed in
19   early December and now here we are a month later and the
20   parties have had time to be heard on this and have voiced full
21   throated Responses and Objections.  So, I think there has been
22   adequate due process afforded here.
23             So, let me ask you specifically the type of relief
24   that you are asking for.  You are asking that basically I would
25   approve the Settlement to the extent it applies to the

1  Administrative Rent Claim and then do nothing further on the
2  other two Claims or what --
3        MR. BERNSTEIN:  Correct, Your Honor.  We'd like the
4  $18,000 Administrative Claim to be allowed, to be paid on final
5  distribution.  And the Motion could be dismissed as to the
6  other three Claims, the 9019 Motion.
7        THE COURT:  Okay.  Thank you.  All right.  Let me
8  hear from Shanni Snyder.  And at this point, you know, I've not
9  issued a Ruling yet on the Claim Objection, so she still has a
10 Claim at this point, so I think has an ability to be heard.
11 So, Mr. Lacher?
12        MR. LACHER:  Thank you, Your Honor.  Good morning.  I
13 would just point out that at the time we received the Motion, I
14 think there's been, you know, a lot of clarification today in
15 regards to the relief being sought.
16        The Motion itself was fashioned as a Motion to Reset
17 a Hearing.  So, was it a request to set a Hearing, or was it a
18 request for the relief?  Your Honor has made that clear.  And
19 I assumed all along that this would be the Hearing on the
20 relief.
21        But there were other pieces of confusion in the
22 Motion just to explain why we're here.  The Motion seeked (sic)
23 an approval of the Settlement Agreement with the Trustee which
24 not only included the Administrative Rent Claim, but it
25 included a pre-petition Rent Claim, a Real Estate Tax Claim,

1  and an environmental cleanup.  So, the Motion itself, as I read
2  it, was not limited to an Environmental Cleanup Claim.
3           And further still, the proposed Order with the Motion
4  included provisions to schedule a Hearing on the matter, but
5  could be read in a way with a contradictory provision just
6  simply approving the full Settlement.
7           So, the Objection, the first and foremost, was Ms.
8  Snyder wanted clarification of what exact relief was being
9  sought.  And I've heard today that it's limited to the
10 post-petition Administrative Rent Claim.
11          The continuance to my Objection here would be that
12 Ms. Snyder opposes an allowance until the appeal process plays
13 out in regard to who the actual owner of the property is.  I
14 believe we need a final determination of ownership and a final
15 accounting of the purpose of payments made by the Trustee.
16          And I'll just point out some examples.  If Biros
17 turns out not to be the property owner, why is she entitled to
18 rent?  If Biros is not the property owner, why does she have
19 any connection on an Environmental Cleanup Claim.
20          If Biros is the property owner, why would U LOCK pay
21 real estate taxes in regard to property owned by Biros?
22          If Biros became an owner later in the process but not
23 from the inception, as this Court has ruled, then she owned the
24 property but she's getting rent for periods where she didn't --
25 the rent may not -- if the property was granted to repay her

1  loan, then the rent she seeks would result in a windfall.
2          I will agree -- by the way, I want to make this very
3  clear.  Mr. Slone is a terrific Trustee.  Mr. Slone absolutely
4  contacted me about the payment of real estate taxes.  This is
5  in no way, shape, or form an attack on Mr. Slone.
6          I will say though that we have confusing matters.
7  Certainly Mr. Slone did and should have paid any real estate
8  taxes owed by the Estate.  But it's unclear, and again, because
9  who is the owner of the property?  When did each party become
10 owner of the property or not become owner of the property?  You
11 know, what taxes were paid?
12         U LOCK should not be paying real estate taxes for
13 property owed, owned, pardon me, by Ms. Biros, or if they
14 should, I don't really understand why.
15         So, again, Your Honor, I am simply asking the Court
16 to maybe take a wait and see position until things are fully
17 clarified and then we can deal with these Claims.
18         And you know, again, I acknowledge there's not a lot
19 of money on hand, but these issues, as far as I'm concerned,
20 are up in the air.
21         THE COURT:  Well but that seems to be what --
22         MR. LACHER:  So we would just ask Your Honor to --
23         THE COURT:  -- Attorney Bernstein is proposing though
24 is to allow the Administrative Claim and then take a wait and
25 see on the other two.  If the other two or three Claims are out

13

1  of the money, then it's not really relevant at this point.
2            But I have said before and it still appears to me
3  that there would be an entitlement to administrative rent for
4  the Estate's use of the property during the post-petition
5  period until stay relief is granted.  And so is there anything
6  further you wanted to say on that count?
7            MR. LACHER:  No, Your Honor, I think I've just
8  pointed out that knowing who the owner was and when they became
9  the owner --
10           THE COURT:  All right.
11           MR. LACHER:  -- might be relevant to calculating
12 those figures.
13           THE COURT:  Okay.
14           MR. LACHER:  But, otherwise, Your Honor was loud and
15 clear at the last hearing.  And I did want to explain I as a
16 lawyer was genuinely confused reading the Motion as to what we
17 were seeking here today.  So, that is my request of the Court.
18 I would ask that you put it all on hold, but that's all I have
19 to say, Your Honor.
20           THE COURT:  Okay.
21           MR. LACHER:  Thank you.
22           THE COURT:  All right.  Mr. Snyder, anything else you
23 wish to offer?  I mean I do hope you -- I read your Pleading
24 and saw that you were having some health issues, so I wish you
25 well with respect to those.  But anything that you wanted to

1 address with the Court today?

2 　　　　　MR. SNYDER:  I appreciate that, Your Honor.  For the
3 most part I agree with the position of Shanni Snyder in her
4 Response.  And I would just like to add my position is the same
5 thing.  I sort of think it's premature until the process is
6 over.

7 　　　　　But also that the Claim I feel should be reduced by
8 the rent and the property taxes, or the rent should be reduced
9 by the property taxes.

10 　　　　　And the reason we keep, you know, I keep feeling, you
11 know, not to want to litigate every thing, but I'm compelled to
12 because everything is misstated in court.  Just even as recent
13 as today he said most or all the property use was used by U
14 LOCK.  We really used a very small percentage of the property
15 and I had included that in a diagram of one of my filings.

16 　　　　　And also I was kicked off.  U LOCK wasn't even
17 allowed on the property for so many months and, you know.  So,
18 to state today that I had use of most of the property, U LOCK
19 had most use of the property is not, I don't think, correct.

20 　　　　　A lot of tenants lost valuable things, and U LOCK was
21 really on the hook for everything.  They sort of bulldozed over
22 down there, so, that was all.

23 　　　　　And if you do set a hearing in the future then, like
24 I said, I have to get my aorta replaced and reconstructed so
25 that's going to be a couple month process, or maybe about a

1  month -- a week in the hospital, maybe a month in a recovery,
2  and then -- so I would -- I have a doctor's appointment today,
3  and then the process will start.  So, somewhere in mid-March
4  would probably be great, or after.
5              THE COURT:  Well, you're also welcome to continue to
6  participate via Zoom if that's more convenient, but you know --
7              MR. SNYDER:  Okay.
8              THE COURT:  Otherwise, you know, I'm going to proceed
9  on what we have in front of us and I appreciate your comments.
10             Having heard all the parties I do find as a
11 supplement to what I've previously stated on the record on the
12 initial Hearing on the Settlement Motion, that there is
13 sufficient grounds to grant the Settlement on a limited basis.
14             I do think that Christine Biros and the Trustee have
15 shown that the Martin standards are satisfied with respect to
16 the Administrative Rent Claim.
17             I do appreciate the compromise that was made there
18 and the compromise indeed is within the Court's expectation of
19 what a reasonable rent would be for the property and for the
20 use that the Debtor had or the Estate had of that property
21 during the time that it occupied the premises.
22             So, I am prepared to approve the Settlement as it
23 pertains to the Administrative Rent Claim.
24             I'll deny the remainder of the Settlement without
25 prejudice and we can determine later on whether or not it's

1 worth going down the road of evaluating the merits of the other
2 Claims given that the Estate does not appear to be growing and
3 is what it is and there may not be enough money to pay all the
4 Administrative Claims at this point.
5       Having said that, I do find it necessary to, and
6 perhaps helpful, to give some preliminary comments to the
7 parties, again, just some ideas that I have from looking at
8 this and it's a bit of a continuation from what I had observed
9 before.
10       But with respect to the pre-petition Rent Claim I
11 think there is some questions and concerns that the Court would
12 have in terms of the entitlement there in light of the fact
13 that this was a Constructive Trust and the property was awarded
14 to Ms. Biros because U LOCK was unable to pay the Loan.
15       And so, from that standpoint Ms. Biros was a Lender
16 and instead of getting repayment was given the Deed to the
17 property.  I'm not entirely convinced at this point that that
18 would entitle her to pre-petition rent on top of that.  So,
19 that's a hill that will need to be overcome, in my view, if we
20 ever get to the merits of that Claim.  Again, you know, it may
21 not reach that point based on where the Estate is, but that's
22 something I want to at least tell you where I'm at right now.
23       And then as far as the Environmental Claim is
24 concerned, I do think that it's been a showing, at least at
25 this point, that there are some environmental concerns there on

1  the property.

2  　　　　　The question I would have at this point is, what
3  proof is there that U LOCK caused those environmental issues or
4  is ultimately liable for any environmental remediation that
5  would be necessary?  So, that's something else that would need
6  to be addressed if the day and time comes that we would go into
7  the merits of that Claim in full.

8  　　　　　But, otherwise, as to the matter at hand, I do find
9  that there is a sufficient basis to grant the relief on a
10 limited basis, and so I'll enter an Order to that effect later
11 today.

12 　　　　　MR. BERNSTEIN:  Thank you, Your Honor.  May I raise
13 one brief point?

14 　　　　　THE COURT:  Sure.

15 　　　　　MR. BERNSTEIN:  Unrelated to this Motion.  Maybe get
16 some guidance.  Earlier in the case in November of '22 the
17 Court approved a Stipulation between George Snyder and the
18 Trustee that provided that George Snyder would be responsible
19 for preparing and filing tax returns.

20 　　　　　There was, I believe, one tax return filed during the
21 case and it was for 2016 and it contained, among other improper
22 assertions, it contained the assertions that Ms. Biros was an
23 owner of U LOCK, and so it disclosed her Social Security
24 Number.  It made some other what we think are improper
25 allegations.

1           We think at this point it's clear that the Court can
2  no longer rely on Mr. Snyder to file the tax returns and we'd
3  like the Trustee to file tax returns, including an Amendment of
4  2016 to correct those errors.
5           And we realize that we can't unring the bell as far
6  as it being on a piece of paper filed with the IRS somewhere,
7  but we can correct the record by the Trustee filing proper tax
8  returns, even if many of the numbers are unknown because the
9  records don't exist.
10          So, I don't know, we have an existing Order that says
11 Mr. Snyder will assist the Trustee.  We could file another
12 Motion to require the Trustee to file the tax returns.  Can we
13 get some guidance from the Court on this?
14          THE COURT:  I think it would be best to do a Motion
15 with respect to that so we have notice and opportunity to be
16 heard.  And then, you know, has there been a preliminary
17 discussion with Trustee Slone on this?
18          MR. BERNSTEIN:  Not yet.
19          THE COURT:  Okay.  Well, I think that would be
20 advisable as well and that might help shape the discussion and
21 if there is consent that can be gained on that one issue, then
22 that would seem to be appropriate.  So, I think that's the best
23 way to proceed.
24          MR. BERNSTEIN:  Thank you, Your Honor.
25          THE COURT:  Okay.  All right.  Anything else from the

1 parties at this point?

2      MR. SNYDER:  No, Your Honor.

3      THE COURT:  Very good.  Then I will enter an Order on
4 the pending matter at this point and then we'll wait to see
5 where we are.  And as I indicated before, I do have a couple
6 things that are still under advisement and the Court will be
7 getting those out as quickly as possible.

8      MR. BERNSTEIN:  Thank you, Your Honor.

9      THE COURT:  So, thank you very much, everyone.

10     MR. BERNSTEIN:  Have a good day.

11     THE COURT:  You, too.

12     MR. SLONE:  Thank you, Your Honor.

13     MR. LACHER:  Thank you, Your Honor.

14     MR. SNYDER:  Thank you, Your Honor.

15

16                   **C E R T I F I C A T I O N**

17     I, JANET D. PERSONS, court approved transcriber,
18 certify that the foregoing is a correct transcript from the
19 official electronic sound recording of the proceedings in the
20 above-entitled matter and to the best of my ability.

21

22 /s/ Janet D. Persons

23 JANET D. PERSONS

24 J&J COURT TRANSCRIBERS, INC.    DATE:  January 9, 2024

25

**WWW.JJCOURT.COM**