# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re:<br><br>U LOCK INC.,<br><br>        Debtor.<br><br>CHRISTINE BIROS,<br><br>        Movant,<br>v.<br><br>GEORGE SNYDER and ROBERT H. SLONE, Chapter 7 Trustee for the Estate of U LOCK, INC.,<br><br>        Respondents. | Bankruptcy No. 22-20823-GLT<br><br>Chapter 7<br><br><br><br>Related Doc. Nos.: 509, 513, 517, Claim No. 2, Claim No. 3, Claim No.4<br><br>Hearing Date:  February 22, 2024 @ 10am<br>Response Deadline: February 8, 2024 |

**MOTION TO WITHDRAW CLAIMS WITHOUT PREJUDICE**
**OR, IN THE ALTERNATIVE, TO CONTINUE HEARINGS**
**ON OBJECTIONS INDEFINTELY, UNTIL FURTHER ORDER OF COURT**

NOW COMES, Christine Biros (the "Movant"), creditor and party-in-interest in the above captioned bankruptcy case, by and through her undersigned counsel, Bernstein-Burkley, P.C. and files this *Motion to Withdraw Claims Without Prejudice Or, In the Alternative, To Continue Hearings on Objections Indefinitely Until Further Order of Court* (the "Motion") and in support hereof states as follows:

**JURISDICTION AND VENUE**

1.    The United States Bankruptcy Court for the Western District of Pennsylvania (the "Court") has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b).

2. Venue of this case and this Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicates for the relief hereinafter requested are section 105 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (as amended, "Bankruptcy Code") and Rule 3006 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules").

## SUMMARY

4. The Movant filed three claims (Claim No. 2, Claim No. 3, and Claim No. 4), which were the subject of prior hearings and Orders in the case.

5. George Snyder (the "Objector") filed Objections to all three claims [Doc. Nos. 509, 513, 517] and hearings are scheduled for March 28, 2024.

6. Claim No. 2 was for payment of real estate taxes that were the responsibility of the Debtor and the Bankruptcy Estate (the "Estate"). Those taxes were paid to the taxing authority by Robert H. Slone, Chapter 7 Trustee for the Estate. Claim No. 2 is moot and should be withdrawn.

7. It is abundantly clear that there will be no distribution to general unsecured creditors. Claims No. 3 and No. 4 are general unsecured claims. Considering the present state of the case, Movant does not believe that the Movant, the Objector, the Trustee, or the Court should expend further resources on the Objection proceedings related to these claims.

## FACTUAL BACKGROUND

8. On April 27, 2022 (the "Petition Date"), an involuntary petition for relief under Chapter 7 of the Bankruptcy Code was filed against U LOCK Inc., (the "Debtor") in the United States Bankruptcy Court for the Western District of Pennsylvania (the "Court") at case number 22-20823-GLT (the "Case").

9. The Debtor did not file a response to the involuntary petition.

10. On June 17, 2022, the Court entered an *Order for Relief* [Docket No. 42] that granted the involuntary petition.

11. On August 25, 2022, Biros filed Claim Number 2 in the total amount of $20,642.53 ("Claim Number 2"), seeking payment of certain real estate taxes which the Debtor was ordered pre-petition to pay by the Supreme Court of Pennsylvania on the real property owned by Biros. Biros intends to amend the claim to include the post-petition taxes which the Debtor has also failed to pay. These taxes have since been paid to the taxing authority by the Trustee.

12. On August 25, 2022, Biros filed Claim Number 3, seeking payment of pre-petition rent in the total amount of $405,000.00 for the period of time from July 2015 through April 2022 ("Claim Number 3") when Debtor held and used Biros' real property.

13. On August 26, 2022, Biros filed Claim Number 4, seeking payment of unliquidated damages for the cost of environmental remediation ("Claim Number 4" together with Claim Number 1, Claim Number 2 and Claim Number 3, the "Claims") as a result of damage by the Debtor to Biros' real property during the period when Debtor had the use and occupancy of the real property.

14. On December 20, 2022, this Honorable Court entered an order *Confirming Sale of Tangible and Intangible Personal Property of The Estate Under 11 U.S.C. § 363(F), Free and Clear of All Liens, Claims, And Encumbrances* [Doc. No. 254] (the "Sale Order").

15. On December 22, 2022, Biros filed her *Application for Administrative Expenses Pursuant to 11 U.S.C. §503(b)(1)* [Doc. No. 258] (the "Application for Administrative Expenses").

16. On January 6, 2023, the Trustee filed his response to the Application for Administrative Expenses (the "Response") [Doc. No. 277] acknowledging that an allowance of some amount is appropriate, but disputing the amount requested by Biros.

17. On January 30, 2023, this Honorable Court entered an order [Doc. No. 314] setting, *inter alia*, a deadline of March 1, 2023, for Biros to file a renewed or amended Application for Administrative Expenses.

18. On February 27, 2023, Biros and the Trustee entered into an agreement resolving the claims asserted by Biros, including an allowed administrative expense claim in the reduced agreed amount of $18,000.00 (the "Administrative Expense Claim") (the "Settlement Agreement").

19. On March 1, 2023, Biros and the Trustee submitted a *Consent Motion to Approve the Settlement Agreement* [Doc. No. 345] (the "9019 Motion").

20. On March 1, 2023, Biros also filed an *Amended Application for Administrative Expenses Pursuant to 11 U.S.C. § 503(b)(1) and/or for Payment of Adequate Protection* [Doc. No. 344] (the "Amended Application for Administrative Expense Claim").

21. The Court held a hearing on the 9019 Motion on April 13, 2023. For the reasons stated on the record, the Court continued the hearing until conclusion of that certain avoidance action filed against Biros and pending further Court order. *See*, Doc. No. 365.

22. The Court held a further hearing on January 4, 2024 and issued an Order allowing Movant's Claim No. 1, and dismissing the remainder of the 9019 Motion as moot.

23. On January 3, 2024, George Snyder (the "Objector") filed Objections to Movant's Claim No. 2 [Doc No. 509].

24. On January 3, 2024, Objector filed Objections to Movant's Claim No. 3 [Doc No. 513].

25. On January 4, 2024, Objector filed Objections to Movant's Claim No. 4 [Doc No. 517].

**RELIEF REQUESTED**

26. By this Motion, the Movant respectfully requests that this Court permit Movant to withdraw her Claim No. 2, Claim No. 3, and Claim No. 4 without prejudice to refiling Claim No. 3 and Claim No. 4 in the event assets are located that might provide a distribution to unsecured creditors. In the alternative, Movant asks that the Court continue the hearings on the Objections indefinitely so as to eliminate the need to expend resources on a trial related to Claim No. 3 and Claim No. 4.

**BASIS FOR RELIEF REQUESTED**

27. Section 105(a) of the Bankruptcy Code provides, in pertinent part, that "the court may issue any order . . . necessary or appropriate to carry out the provisions of the Bankruptcy Code. See 11 U.S.C. § 105(a). In addition, Federal Rule of Bankruptcy Procedure 9019(a) provides that "on a motion by the trustee and after a hearing, the Court may approve a compromise or settlement." Fed. R. Bankr. P. 9019(a). For further basis, Movant respectfully incorporates and refers to the basis stated in the 9019 Motion.

28. Federal Rule of Bankruptcy Procedure 3006 provides that "[i]f after a creditor has filed a proof of claim an objection is filed thereto or a complaint is filed against that creditor in an adversary proceeding . . . the creditor may not withdraw the claim except on order of the court after a hearing on notice to the trustee."

29. In light of the Objections to Claim Nos. 2, 3, and 4, Movant now seeks such relief as contemplated by F.R.B.P 3006.

30. Since the initial hearing on the 9019 Motion, the Trustee has paid the real estate taxes, resolving Claim Number 2 filed by Biros.

31. Based on the Status Reports filed by the Trustee, combined with the other activity

in the case, it appears there is little or no likelihood of substantial additional funds coming into the Trustee's hands from which a distribution could be made.

32. Considering the amounts disclosed by the Status Reports, it appears obvious that the allowed Administrative Expense claims in the case will consume all the remaining distributable funds and will still not be paid in full.

33. As set forth above, since the hearing on the 9019 Motion, the Trustee has paid the priority tax claim, which was the subject of Claim Number 2, thereby mooting that claim.

34. As a result, Biros believes that the Court need not again consider that claim and should permit it to be withdrawn as moot.

35. Claims 3 and 4 have been part of the proceedings in several hearings, including the hearing on the 9019 Motion on January 4, so the Court and the parties are well aware of the issues and the likely significant time and expenditure of judicial resources on the trial of the Objections to those two claims.

36. Inasmuch as there will be no distribution for unsecured creditors, while the Movant fully believes she is entitled to allowance of those two claims, Movant also realizes that there is no benefit to spending the money and the Court's time on the trials on the subject Objections and claims.

37. Movant believes that the interests of justice and judicial economy will be best served by permitting the withdrawal of such claims with the opportunity to refile the Claims (subject to future Objections) in the event assets are discovered which could provide a distribution to general unsecured creditors.

38. No party will be disadvantaged by permitting such withdrawal. The Trustee has indicated no objection to this request by the Movant.

WHEREFORE, Christine Biros, creditor and party-in-interest, respectfully requests that this Honorable Court enter the attached order withdrawing Claims 2, 3 & 4 as well as the Objections, provided, however, that if the Trustee discovers assets which could lead to a distribution for general unsecured creditors, Movant shall be permitted to refile Claims 3 & 4 and have them considered timely filed and subject to further objections pursuant to applicable law.

Dated: January 22, 2024

                                              Respectfully submitted by:

                                              BERNSTEIN-BURKLEY, P.C.

                                              By: */s/ Robert S. Bernstein*
                                              Robert S. Bernstein (PA ID No. 34308)
                                              601 Grant Street, Floor 9
                                              Pittsburgh, PA 15219
                                              Telephone: (412) 456-8108
                                              Facsimile: (412) 456-8135
                                              rbernstein@bernsteinlaw.com