IN THE COURT OF COMMON PLEAS OF WESTMORELAND COUNTY,
PENNSYLVANIA
CIVIL ACTION LAW

| | |
|---|---|
| **CHRISTINE BIROS**<br>　Plaintiff<br><br>vs<br><br>**DENISE SCHUR**, Executrix of the ESTATE<br>OF ALEX SCHUR, **HENRY L. MOORE**<br>and **SUSAN STANO**, Co-Executors of the<br>ESTATE OF NICHOLAS SCHUR,<br>**KATHLEEN S. WALTER**, Executor of the<br>ESTATE OF MICHAEL SCHUR,<br>**CYNTHIA SARRIS**, Administrator of the<br>ESTATE OF ANN SARRIS and **U LOCK INC.**,<br>a Pennsylvania corporation,<br>　Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    No. 4886 of 2017 |

**EXHIBIT 4**

**TYPE OF PLEADING:**

　　Defendant U Lock Inc.'S Amended Objections
　　And Responses To The Interrogatories, Requests
　　For Admissions, And Request For Production Of Documents

**FILED ON BEHALF OF:**

　　J. Allen Roth, Esquire

**COUNSEL OF RECORD:**

　　J. Allen Roth, Esquire
　　PA I.D.# 30347
　　757 Lloyd Avenue
　　Suite B
　　Latrobe, PA 15650
　　724-537-0939



BIROS_000083

IN THE COURT OF COMMON PLEAS
OF WESTMORELAND COUNTY, PENNSYLVANIA

CHRISTINE BIROS,            CIVIL DIVISION

    Plaintiff,                No. 17 CI 04886

vs.

DENISE SCHUR, et al,

    Defendants.

## DEFENDANT U LOCK INC.'S AMENDED OBJECTIONS AND RESPONSES TO THE INTERROGATORIES, REQUESTS FOR ADMISSIONS, AND REQUEST FOR PRODUCTION OF DOCUMENTS

Defendant U Lock Inc., by and through its undersigned counsel, submits the following objections and responses to the discovery requests propounded by Plaintiff:

**INITIAL OBJECTIONS:**

U Lock incorporates by reference all of its objections contained in the original discovery responses and provides these amended responses in accordance with the directive of the Court.

INTERROGATORIES

1. **Identify all current and former officers and directors of U Lock. Provide the dates during which each held office and the address of the current residence of such:**

    Kash Snyder -- mid 2014 to present,
    670 Lime Street, North Huntingdon, PA 15642

    George Snyder, 14140 Route 30, North Huntingdon, PA 15642
    -- mid 2014 to present

    Erik Martin
    Mid 2014 to present

218 Maryland Avenue, North Versailles, PA 15137

Chelsea Hauser acted as special Vice President with respect to the buy and sell of a dump trailer.

*EXHIBIT "A&O"*

2. **Identify all current and former shareholders of U Lock. Provide the dates during which each held shares, the number of shares and the consideration paid for such shares. Provide the address of the current residence of each.**

See the attached list of shareholders and transactions.

3. **Identify all current and former employees of U Lock. Provide the dates during which each was employed, their job title, responsibility and the total compensation paid to each during his or her employment. Provide the address of the current residence of each.**

U Lock states that it does not maintain "employees" and did not maintain "employees" in the past. U Lock operates through officers, volunteers, and contractors.

4. **Identify all customers, tenants and licensees of U Lock. Provide the dates of for which each was a customer, tenant or licensee, and the amount of consideration paid by each to U Lock.**

This request was withdrawn by the Plaintiff pursuant to the Court Order.

5. **Identify all real estate owned or leased by U Lock.**

U Lock states the property that is the subject this action is the only real estate owned by U Lock.
*EXHIBIT "X"*

6. **Identify each individual and entity to whom or which U Lock has made any payment, the aggregate amount and the reason for which such sum was paid.**

U Lock produces records of the transactions herewith.

*EXHIBITS "E,F,G,H,I, W"*

7. **Provide a description of any and all improvements made by or for U Lock to the Property. Identify each person or entity which performed the improvements. Provide copies of each written contract and evidence of payment to such person or entity.**

U Lock refers to the receipts and documents attached by reference, many of which are expenses incurred improvement or repairing the property.

9/3/15 repaired roof on big buildings. Estimated costs $1800.

9/23/15 graded and graveled big garage floor left side. Emptied and cleaned garage to prepare the ground for gravel. Estimated costs $2500.

12/12/16 $2,400 garage door opener.

11/18/15 tree removal between hotel and u lock    Clean up and then to burn brush

11/15/15 graded area by hotel, install 10 triaxels of clean fill.

12/12/15 renovated big garage right side same as other side

12/15/15 graded and graveled floor garage right side.

8/15/17 excavated road rear of property, 2 machines, excavator and trackloader used.

9/3/15 repaired roof on big buildings

*EXHIBIT "J"*

8. **Identify all financial institutions which currently hold or formerly held accounts of U Lock, account numbers, and copies of each bank statement prepared by such financial institution since such account was opened.**

U Lock maintains an account with Citizens Bank. U Lock agrees to make copies of the bank statements available for inspection and copying.

*EXHIBIT "K"*

9. **Identify the individual named Erik Martin who is listed as a "debtor" on that certain UCC-1 filed in the Office of the Secretary of State of Pennsylvania and identified as UCC Filing No. 2016081700035. Describe the legal and financial relationship between U Lock and Erik Martin, and any payments made to Erik Martin by or on behalf of U Lock concerning this transaction.**

Defendant does not have a copy of the UCC form to positively identify the transaction. However, it is believed that Erik Martin would be the same Erik Martin discussed in paragraph 1, above. Furthermore, it is believed, without seeing the form, that it relates to an excavator. U Lock pays the amount for the machine each month, which is used for work on the property that the subject of this litigation.

***EXHIBIT "A,B,C&O"***

10. **Describe in detail the terms of any alleged loan or agreement to repay Plaintiff, including the amount borrowed, the interest rate, the term of the loan, the periodic payment amounts and any security for the loan or agreement. Provide a copy of any written documentation of such loan or agreement.**

Subject to this answer being supplemented upon Plaintiff providing the agreement that she created and demanded be signed, along with further investigation and discovery, U Lock provides this answer to the interrogatory based on available information, recollection, and memory. This response is meant to provide the best information available.

After locating a property to purchase, a confederation of individuals primarily including George and Kash Snyder negotiated with John Biros, not Plaintiff. George and Kash Snyder advised Biros that they were in the process of forming an entity to purchase the property, continuing the U Lock storage business, and ultimately developing the property into something more lucrative. In discussions with John Biros, Mr. Biros agreed to provide U Lock with the funds to purchase the property. It was understood and verbally agreed between John Biros and George and Kash Snyder that Mr. Biros would receive a share of the equity, approximately 35-40%, and that George and Kash would be tasked with maintaining operations, development, etc. As the closing date approached, Mr. Biros continued to represent that the funds would be available and that an agreement could be worked out. Subsequently, John Biros advised the Snyders that, for "family" reasons and to maintain the appearance that Christine Biros was the source of family income, the money must come from Plaintiff, not him, and that subsequent to the transaction the equity of the company in the form of the issuance of shares could be issued to him or that an agreement could be made to pay the money back at current interest rates. The time period for repayment was discussed but not specifically agreed upon. In some conversations, a 5 year balloon payment with monthly interest payments was mentioned, a 10 year balloon payment with monthly interest payments was mentioned, and a conventional 20 or 30 year mortgage was mentioned.

On the date of the closing, specifically while driving to the closing event for the property with Kash Snyder in the vehicle, Plaintiff expressed that she had a concern that nothing was in writing. Plaintiff demanded that a document be signed by Kash Snyder. Plaintiff provided a document she created and handwrote and insisted Kash Snyder signed it. Kash Snyder, faced

with the prospect of the funds not being provided, signed the paper. It is unknown if Kash Snyder signed the document in his personal capacity, as incorporator for U Lock Inc., or as an officer of U Lock Inc. The terms are unknown to U Lock.

Over the past couple years, Plaintiff and her brother John Biros repeatedly saw the officers of U Lock, Kash and George Snyder. At no time did either of the Biros' demand the money back, interest payments, or the equitable interest that was discussed or planned.

In mid-2017, Plaintiff propounded a demand letter acknowledging that the payment made in 2015 was a loan. The letter referenced the agreement signed in 2015. The letter demanded that officers of U Lock personally guarantee the 2015 loan, be paid in full no later than 2022, and that interest be at 9%. Subsequent to service the demand, Plaintiff and John Biros advised George Snyder that the terms were negotiable. Several discussions took place in the second and third quarter of 2017 where Plaintiff and John Biros verbally stated to disregard the letter, that no repayment needed to occur, and that instead they wanted to become equity owners (shareholders) in U Lock as originally agreed because they believed the property was undervalued and they wanted to be part of the development.

In late 2017 or early 2018, Plaintiff and John Biros advised that their father wanted to take the property and that they were being forced by him to sue. Plaintiff and John Biros repeatedly advised that because "dad" decided they wanted to develop the property, they had to try to take it. Plaintiff and John Biros stated that they would try to discuss the matter with "their dad" or that they would attempt to ignore their father.

At no time prior to filing the lawsuit did Robert Biros, John Biros, or Plaintiff claim they owned the property, ask U Lock, George Snyder, or Kash Snyder for an accounting, or claim any wrongdoing or dispute about the issue. Rather, the only communication was the 2017 letter admitting that the transaction constituted a loan.

As to any "security" for the loan, U Lock has no information to believe that there was any security provided for the loan. Even the letter demand did not mention any pre-existing security interest in the property in exchange for the loan, but demanded that a mortgage be issued to Plaintiff along with personal guarantees. However, without seeing the original letter, U Lock cannot positively state what the document states.

Of course, even if the document pledged the property, U Lock does not believe that the paper Plaintiff demanded Kash Snyder sign constitutes a security interest in the property that is valid under the statute of frauds, or codes and statutes of the Commonwealth of Pennsylvania. Therefore, the Plaintiff does not maintain a security interest in U Lock's property.

***EXHIBIT "A&O"***

11. **Describe any consideration or investment, including money, property or services, paid or provided to or for U Lock by any of the current or former executors or administrators of the Defendant Estates.**

Aside from the sale of the property to U Lock Inc. pursuant to the terms and conditions in the purchase agreement and the deeds, the non-U Lock defendants provided an assignment of leases was provided to U Lock Inc. and transfer of title in certain storage containers. Upon the execution of a protective Order, non-disclosure agreement, and limited use agreement, U Lock agrees to provide said documents to Plaintiff. Additionally, a short term loan was provided with U Lock pledging the property. U Lock agrees to provide copies of the loan documents.

## REQUEST FOR ADMISSIONS

1. **U Lock has not submitted any written applications for borrowing funds from financial institution which would be secured by a mortgage on the Property.**

As of the date of this response, admit.

2. **U Lock has not submitted any written applications for borrowing funds from any lender which would be secured by a mortgage on the Property.**

As of the date of this response, admit as qualified: Because Plaintiff has not disclosed the documents signed by Kash Snyder, it is unclear if the document signed by Kash Snyder constituted a mortgage or is secured by the property. Defendant reserves the right to supplement this response as soon as Plaintiff discloses a copy of the document.
   *EXHIBITS "B &C"*
3. **U Lock has not filed any federal, state, or local tax returns.**
   Denied as stated. Pursuant to multiple verbal requests of John Biros and Plaintiff, U Lock delayed filing the IRS 1120 form and state returns because Mr. Biros persuaded George Snyder, controlling shareholder of U Lock that: (1) It would not owe taxes and operated at a loss during 2015, 2016, and 2017, so a late filing would not result in penalties; (2) Accurate information needed to be compiled with respect to whether Biros would be listed as a partner or a lender; and (3) John Biros and Plaintiff asked George Snyder, majority shareholder in U Lock, to delay filing said returns because it was important that no filing occur until the Attorney General of Pennsylvania completed its investigation of the family's gambling business. U Lock will be submitting returns to the IRS and the Commonwealth of Pennsylvania Department of Revenue by the end of 2018. Those returns will be provided to counsel for U Lock in accordance with the Court's directive.
   *EXHIBIT "E"*

4. **U Lock does not have a Federal Employee Identification Number.**

   Denied. U Lock attaches its FEIN.
   ***EXHIBIT "D"***

5. **U Lock has made no payments of tax to any income taxing authority.**

   Denied as stated. U Lock has not made a profit that would warrant payment of "income tax." U Lock has made payments to the Township of North Huntingdon.
   ***EXHIBIT "Q"***

6. **U Lock has no intention of repaying Plaintiff for the funds she paid for the Property.**

   Denied. Plaintiff refused to provide a copy of the contract signed on July 15, 2015, for determination as to whether the corporation is liable pursuant to said agreement or if only Kash Snyder is liable. Plaintiff sent the demand letter, which U Lock has filed with the Court. This demand letter, however, does not provide a copy of the original agreement. U Lock cannot determine if it is legally obligated to pay the loan made by plaintiff to Kash Snyder, what the terms of the loan are, and whether said loan is secured, unsecured, or owed by U Lock or just Kash Snyder. In the event that it is determined that U Lock must pay the loan, and not only Kash Snyder, U Lock will comply with said obligation pursuant to the terms of that written instrument.

7. **U Lock has neither applied for nor received any permits to store motorized equipment on the Property.**

   Based on information, property owners maintain the ability to store their equipment in spaces on property that they own or lease without the need for a permit. U Lock possesses a North Huntingdon general business license and has disclosed a copy. U Lock is not operating as a salvage yard and is not engaged in the business of salvaging vehicles. If Plaintiff is aware of a necessary permit, she should advise U Lock so it may take corrective action.

**REQUEST FOR PRODUCTION OF DOCUMENTS**

1. **Provide copies of all U Lock's federal, state, and local tax returns for tax years 2015, 2016, 2017 and 2018.**

   As stated above, U Lock is preparing to file the returns by the end of the 2018. At this

BIROS_000090

time, it could not locate any responsive records. U Lock incorporates its response to the request for admissions by reference as if fully set forth again.
   ***EXHIBIT "D &E"***

2. **Provide a copy of U Lock's Bylaws and any amendments to such Bylaws.**

   U Lock agrees to provide any copies of Bylaws or Amendments to Bylaws that it locates.
   ***EXHIBIT "Y"***

3. **Provide copies of all corporate minutes for U Lock.**

   U Lock agrees to provide any corporate minutes that it locates after a diligent search.

4. **Provide copies of all issued share certificates for U Lock.**

   U Lock would not possess share certificates. The shareholders would. Rather, U Lock maintains a share ledger that it has provided in connection with this discovery request. U Lock will update the ledger throughout this litigation.
   ***EXHIBIT "R"***

5. **Provide a copy of the stock ledger for U Lock.**

   See response to document request 4, above.
   ***EXHIBIT "R"***

6. **Provide copies of any and all lease(s) to which U Lock is or was a party.**

   Leases for customers has been withdrawn. U Lock agrees to disclose any leases that it locates after a diligent search.

7. **Provide copies of any and all stock purchase agreement(s) to which U Lock is or was a party.**

   U Lock agrees to disclose any share purchase agreements in its possession after a diligent search.
   ***EXHIBIT "R"***

BIROS_000091

8. **Provide copies of any and all agreement(s) to purchase and/or sell assets to which U Lock is or was a party.**

   ***EXHIBIT "S,T,U,V"***

9. **Provide copies of all financial statements prepared for U Lock.**

   U Lock did not prepare financial statements as of this time.

10. **Provide copies of each and every application for financing applied for by U Lock.**

    Financing applications are maintained by lenders, not by U Lock. U Lock ordinarily would not receive the application copy. However, U Lock agrees to conduct a diligent search and disclose and provide any application for financing.
    ***EXHIBIT "I"***

11. **Provide copies of U Lock's subchapter S election, if such election was made.**

    U Lock did not elect to be a subchapter S corporation.

12. **Provide copies of U Lock's Federal EIN application.**

    U Lock did not retain its EIN application because it is a digital online form. U Lock did not submit a paper form. U Lock agrees to provide the EIN number and related documents.
    ***EXHIBIT "D"***

13. **Provide copies of all written documentation evidencing a loan from Plaintiff to U Lock.**

    Defendant does not maintain evidence of the 2015 document created by Plaintiff. Interrogatory #10's answer and objection is incorporated by reference. The only copy of the document, which Plaintiff propounded immediately prior to the close and insisted Kash Snyder sign, was retained by the Plaintiff. In mid-2017, Plaintiff propounded a letter asking U Lock to sign an agreement stating that the loan was for 10 years at 9% interest. The letter admits the existence of the 2015 document, but does not attach it. The demand letter provided to U Lock Inc. has been previously produced and served on Plaintiff's counsel. U Lock agrees to provide

the 2017 letter again if needed by Plaintiff. The letter makes it clear that the money was not paid for the property, but was a loan.
***EXHIBIT "A&O"***

14. **Provide a copy of any advertisements which were placed to comply with Section 1307 of the Pennsylvania Associations Code, 15 Pa.C.S. 1307.**

    Defendant agrees to produce all advertisements located after a diligent search.
    ***EXHIBIT "L"***

15. **Provide copies of each contract to which U Lock is or was a party for which U Lock provided services in excess of $500.00 over the term of the contract.**

    Plaintiff withdrew the request for customer information.

16. **Provide copies of each contract to which U Lock is or was a party for which U Lock received services in excess of $500.00 over the term of the contract.**

    Defendant agrees to produce all relevant documents located after a diligent search.

17. **Provide copies of all documents concerning the lease or purchase by U Lock of equipment from Kubota.**

    U Lock agrees to produce the documents in its possession and located after a reasonable search. U Lock notes that the majority of the documents would be maintained and constitute business records of Kubota, not U Lock.
    ***EXHIBIT "I &G"***

18. **Provide copies of each and every policy of insurance on U Lock, the Property and U Lock's employees.**

    Defendant agrees to produce all documents relevant to this request located after a diligent search.
    ***EXHIBIT "F"***

19. **Provide copies of each and every document necessary to provide a full and complete response to the matters set forth above in [the] Interrogatories and [the[ Request for Admissions.**

    Defendant agrees to produce all documents relevant to this request located after a diligent search.

20. **Provide copies of each and every document or exhibit U Lock intends to present at trial.**

Defendant agrees to produce all documents relevant to this request located after a diligent search. Defendant notes discovery is continuing and additional documents will be disclosed as they are located or received.

*EXHIBITS "A,M,N,O,P"*

Respectfully submitted,

J. Allen Roth, Esquire
Counsel for Defendant, U Lock, Inc.

## **VERIFICATION**

**AND NOW,** comes, **GEORGE SNYDER on behalf of U LOCK INC.**, who verifies that the facts contained in the foregoing **Defendant U Lock Inc.'s Amended Objections And Responses To The Interrogatories, Requests For Admissions, And Request For Production Of Documents** are true and correct upon her own knowledge, information and belief. This Verification is made subject to the penalties of 18 PA. C.S. Section 4904 relating to unsworn falsification to authorities.

_9/28/18_  
**DATE**

_[signature]_  
**GEORGE SNYDER on behalf of U LOCK INC.**

BIROS_000095

IN THE COURT OF COMMON PLEAS OF WESTMORELAND COUNTY,
PENNSYLVANIA
CIVIL ACTION LAW

| | |
|---|---|
| **CHRISTINE BIROS** <br> Plaintiff <br><br> vs <br><br> **DENISE SCHUR, Executrix of the ESTATE OF ALEX SCHUR, HENRY L. MOORE** and **SUSAN STANO, Co-Executors of the ESTATE OF NICHOLAS SCHUR, KATHLEEN S. WALTER, Executor of the ESTATE OF MICHAEL SCHUR, CYNTHIA SARRIS, Administrator of the ESTATE OF ANN SARRIS and U LOCK INC., a Pennsylvania corporation,** <br> Defendants | ) <br> ) <br> ) <br> )      No. 4886 of 2017 <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## CERTIFICATE OF SERVICE

I hereby certify that I will forward a copy of the Defendant, U LOCK INC.'S Response to Production Of Documents and Interrogatories by U.S. first class mail prepaid and hand delivery to the following:

William E. Otto, Esquire
P.O. Box 701
Murrysville, Pa 15668
(Counsel for Plaintiff, Christine Biros)

William F. Ross, Esquire
Ross & Storck, Ltd.
406 N. Market Street
Wooster, OH 44691
(Counsel for Defendant, Denise Schur)

John Tumolo, Esquire
Suite 1500 Frick Building
Pittsburgh, Pa 15219
(Counsel for Defendant, Kathleen S. Walter)

Dennis Del Cotto, Esquire
4345 Old William Penn Highway
Murrysville, Pa 15668
(Counsel for Defendants, Henry L. Moore, Susan Stano and Cynthia Sarris)

10-1-18
Date

J. Allen Roth, Esquire
Attorney for Defendant U Lock, Inc.

BIROS_000097