EXHIBIT
6

IN THE COURT OF COMMON PLEAS OF WESTMORELAND COUNTY,
PENNSYLVANIA
CIVIL ACTION

CHRISTINE BIROS,                )
                                )
            Plaintiff,          )
                                )
      v.                        )      No. 4886 of 2017
                                )
U LOCK, INC.,                   )
                                )
            Defendant.          )
                                )

### NON-JURY TRIAL OPINION AND ORDER OF COURT

BY THE COURT:

The Court held a non-jury trial on the record with regard to this action on April 29, 2019 pursuant to the April 3, 2019 Order of Court designating the matter for a one day non-jury trial. The case and concerns the conveyance of a property located at 14140 Route 30, North Huntingdon, Westmoreland County, Pennsylvania, with a County Tax Map Number of 54-03-10-0-103 ("the Subject Property"). The initial complaint named Denise Schur as Executrix of the Estate of Alex Schur, Henry L. Moore and Susan Stano as Co-Executors of the Estate of Nicholas Schur, Kathleen S. Walter as Executrix of the Estate of Michael Schur, and Cynthia Sarris as Administrator of the Estate of Ann Sarris as Defendants, as these named estates together were the full owners of the Subject Property. The Estate Defendants were released from the case upon their motion at the commencement of trial in this matter, upon assurance that the Estates would issue corrective deeds to the prevailing party in this matter, and noting that the Estates had no further interest in the litigation. Upon conclusion of trial, proposed findings of fact, conclusions of law and orders of court, along with accompanying briefs were ordered by this Court, and the same have been duly considered in rendering the within opinion.

1

BIROS_000191

## *FACTS*

An agreement for sale of the Subject Property was entered into by the Defendant Estates and

Defendant U Lock, and the same was executed by Defendant U Lock on November 25, 2014 and

the Defendant Estates on December 22, 2014.  (Exhibit "A").  On July 16, 2015, the Subject

Property was conveyed to Defendant U Lock.  (Transcript of Trial p 18).  Four checks were issued

by Plaintiff Christine Biros to the former Defendant Estates in full compensation for their respective

ownership interests in the Subject Property.  (T.T. p. 19, 23, Exhibit "P1").  A handwritten

agreement dated July 16, 2015 and signed by Kash Snyder as Director of U Lock, Inc. sets out in

brief the terms of a loan agreement wherein Plaintiff Christine Biros lent the full sum of

$325,316.00 to Defendant U Lock for the purchase of the Subject Property.  (Exhibit "P5").

U Lock attempted to file Articles of Incorporation on July 15, 2015, but the application was

returned by the Commonwealth of Pennsylvania Department of State by letter dated July 17, 2015

for insufficiency.  (Exhibit "P2").  The letter indicating the applications rejection provided that the

original date of incorporation could be retained, provided that a corrected application was provided

to the Department of State within thirty days.  (Exhibit "P2").  U Lock's Articles of Incorporation

were filed on September 4, 2015 with the Commonwealth of Pennsylvania Department of State.

(Exhibit "P3").  No evidence of existent corporate by-laws or minutes was submitted by U Lock,

and U Lock admits that the subject property has been and remains uninsured. (T.T. p. 53-54). No

tax returns have been filed relative to the property since July 2015.  (T.T. p. 69).  Corrective deeds

naming the now-existent U Lock, Inc. as purchaser of the Subject Property were filed with the

Westmoreland County Recorder of Deeds on March 1, 2018. (Exhibits "C," "D," "E," and "F").

It is undisputed that U Lock has remained in possession of the Subject Property exclusively

since the transfer on July 16, 2015.  Plaintiff has never received any reimbursement from U Lock or

on behalf of U Lock, and this is admitted by defendant U Lock.  (T.T. p. 32, 66).  Defendant U

BIROS_000192

Lock has since July 16, 2015 received and continues to receive income via the commercial operation of the Subject Property. (T.T. p. 61).

## *DISCUSSION AND ANALYSIS*

COUNT I – DECLARATORY JUDGMENT

Count I of Plaintiff's Complaint requests a declaratory judgment declaring that: (1) the deeds entered into on July 16, 2015 are *void ab initio*; (2) the Defendant Estates remain the owners of the property in fee simple; (3) Christine Biros delivered the purchase price for the property on the date of payment; (4) the Defendant Estates have received full consideration for title to the property; and (5) that Plaintiff Christine Biros is the equitable owner of the property. At the outset, the Court notes that the Defendant Estates have stipulated to the fact that they have received full consideration for title to the property. The Defendant Estates have agreed to execute deeds in favor of the prevailing party to this suit, and so the Estates have been dismissed from the within action.

As to the question of the July 16, 2015 deeds alleged *void ab initio* status, Plaintiff claims that because the deeds were delivered to "U Lock, Inc.," and U Lock, Inc. was not incorporated until September 4, 2015, the deeds are void from their inception. Defendant U Lock argues that U Lock, Inc. was operating as a *de facto* corporation at the time of the deed execution, and so the deeds were valid.

It is settled law in Pennsylvania that "[a] deed that purports to convey real estate to a nonexistent corporation has no effect." *Borough of Elizabeth v. Aim Sher Corp.*, 462 A.2d 811, 812 (Pa. Super. 1983) (citations omitted). "Upon the filing of the articles of incorporation in the Department of State or upon the effective date specified in the articles of incorporation, whichever is later, the corporate existence shall begin." 15 Pa. C.S. § 1309. In certain situations, a corporation may be considered to exist *de facto* despite the failure of the required process where "...after the approval of the articles or application for a charter or issuance of letters patent but without the

3

actual recording of the original papers with the endorsements thereon, or a certified copy thereof, in the office of any recorder of deeds..." the attempted corporation conducts business such as the transfer of property.   15 Pa. C.S. § 504.   Pennsylvania common law additionally provides a framework under which a *de facto* corporation may exist: "[f]irst, there must be a law or charter under which an organization might be effected. Second, there must be an attempt to organize which falls so far short of the requirements of the law or charter as to be ineffectual. Third, there must be an assumption and exercise of corporate powers, notwithstanding the failure to comply with the law or charter." *Appeal of Riviera Country Club*, 176 A.2d 704, 706 (Pa. Super. 1961).

It is clear that U Lock, Inc. did not come into being until September 4, 2015.  This is over seven weeks after the date of payment and conveyance of the property, being July 16, 2015.  It is notable that the letter rejecting U Lock's incorporation application provided a method of retaining the original date of incorporation, yet U Lock did not comply with this option.  15 Pa. C.S. § 504 allows that a *de facto* corporation may exist "after the approval of the articles or application for a charter or issuance of letters patent..."  This is plainly not the case here, as the application was not approved until September 4, 2015.

Looking to the common law requirements, it is obvious that a law exists under which U Lock may — and eventually did — incorporate.  Turning next to the "attempt to organize," comparing the requirements of various cases is illustrative, and demonstrates that this attempt is generally categorized as, at a minimum, the issuance of a corporate charter or other approval by the state.  See e.g., *Cochran v. Arnold*, 58 Pa. 399 (Pa. 1868); *Spahr v. Farmer's Bank, Carlisle*, 94 Pa. 429 (Pa. 1880); *Pinkerton v. Pennsylvania Traction Co.*, 44 A. 284, 285 (Pa. 1899); *Schmitt v. Potter Title & Trust Co.*, 61 Pa. Super. 301 (Pa. Super. 1915); *In re Mt. Sharon Cemetery*, 120 A. 700, 701 (Pa. 1923); *Appeal of Riviera Country Club*, 176 A.2d 704, 707 (Pa. Super. 1961).  Here, there was no approval or issuance of any state approval until September 4, 2015.  U Lock

4

additionally did not avail itself of the Department of State's offer to retain its original July filing date, falling short of any alleged attempt to incorporate prior to September 4, 2015.

Based on the above reasoning, Defendant U Lock, Inc. was neither a *de facto* nor a *de jure* corporation at the time of the issuance of the original deeds, and so the original deeds are *void ab initio*. As conceded by Defendants Estates at the commencement of trial, the Defendants Estates have been fully compensated for the purchase price of the property by Plaintiff Biros. Plaintiff Biros' equitable ownership of the property will be discussed below.

COUNT II – EQUITABLE ACTION TO COMPEL CONVEYANCE OF TITLE

Count II of Plaintiff's Complaint requests relief in equity conveying title to the property to Plaintiff, Christine Biros. Plaintiff's proposed Conclusions of Law make clear that Plaintiff is proceeding under a theory that U Lock has held the property in a constructive trust for Plaintiff Biros. "The theory underlying the constructive trust doctrine is that '[w]hen property has been acquired in such circumstances that the holder of the legal title may not in good conscience retain the beneficial interest, equity converts him into a trustee.' Courts will impose a constructive trust only where the defendant has acquired the property at issue as a result of fraud, duress, undue influence, mistake, abuse of a confidential relationship, or other such circumstances suggesting unjust enrichment." *Louis Dolente & Sons v. U.S. Fid. & Guar. Corp.*, 252 F. Supp. 2d 178, 182 (E.D. Pa. 2003) (citation omitted).

Even accounting for the *void ab initio* status of the original deeds, the corrective deeds, filed March 1, 2018, show legal title in the Subject Property belonging to U Lock, Inc. Certainly, U Lock has had full possession and control of the property since July 16, 2015, and has collected rents from tenants since that time. It is undisputed by U Lock that Christine Biros paid the full purchase price of the property to the Defendant Estates, and that U Lock has not repaid any of the purchase price to Plaintiff Biros. As such, the present case is ripe for the imposition of a constructive trust,

BIROS_000195

where it is clear that it would be wholly inequitable for Defendant U Lock to retain the beneficial interest of the property. It is clear that U Lock would be unjustly enriched in maintaining the benefits of the property, which, in addition to the mere ownership of the property itself, also consist of the accumulation of rent via tenants utilizing storage on the property.

As such, the Court finds that equity demands the imposition of a constructive trust in this situation. In its Findings of Fact and Conclusions of Law, Defendant U Lock maintains that the Plaintiff failed to pursue remedies at law, such as a claim for breach of contract, and so relief in equity is unwarranted. Pennsylvania law provides, however, that "a court of equity has the power to afford relief despite the existence of a legal remedy when, from the nature and complications of a given case, justice can best be reached by means of equity's flexible machinery." *Vautar v. First Nat. Bank of Pennsylvania*, 133 A.3d 6, 12–13 (Pa. Super. 2016) (citation omitted).

Here, the Court notes the unique nature of real property in establishing Plaintiff Biros' right to relief in equity, which provides not only the instant unique piece of real property, but the additional tenant rents which have been collected by U Lock since July 2015 and which will continue to accumulate into the future. Additionally, the Court notes that the record reflects doubt as to U Lock's solvency and ability to repay Plaintiff Biros the purchase price of over $300,000.00 now or at any point subsequent. As such, the only equitable solution is the imposition of a constructive trust, and the present conveyance of the Subject Property to Plaintiff Christine Biros.

COUNT III – QUIET TITLE

Plaintiff Biros' Count III requests judgment in quiet title. As title to the subject property has been equitably awarded to Plaintiff Biros pursuant to Count II of this action, any claim in quiet title is moot, and so must be dismissed.

6

BIROS_000196

## COUNT IV – ACCOUNTING

Plaintiff Biros' Count IV requests an accounting of all sums collected by U Lock from

tenants of the subject property since July 16, 2015.  To establish a right to an accounting a plaintiff

must show the following:

> (1) there was a valid contract, express or implied, between the parties whereby the defendant (a) received monies as agent, trustee or in any other capacity whereby the relationship created by the contract imposed a legal obligation upon the defendant to account to the plaintiff for the monies received by the defendant, or (b) if the relationship created by the contract between the plaintiff and defendant created a legal duty upon the defendant to account and the defendant failed to account and the plaintiff is unable, by reason of the defendant's failure to account, to state the exact amount due him, and (2) that the defendant breached or was in dereliction of his duty under the contract.

*Haft v. U.S. Steel Corp.*, 499 A.2d 676, 678 (Pa. Super. 1985).  Here, as the action is based solely in

equity and no contract action has been maintained, an accounting is inappropriate.  Plaintiff's Count

IV must therefore be dismissed.


Based upon the foregoing reasoning, this Court enters the following Order of Court:

BIROS_000197

## ORDER OF COURT

AND NOW, to wit, this 22nd day of August, 2019, consistent with the analysis contained in the foregoing Opinion; it is hereby ORDERED, ADJUDGED and DECREED, as follows:

1. As to the Plaintiff's Complaint, a verdict is hereby ENTERED in favor of Plaintiff Christine Biros and against Defendant U Lock, Inc. on Counts I and II.

2. Count III of Plaintiff's Complaint is hereby DISMISSED as moot.

3. Count IV of Plaintiff's Complaint is hereby DISMISSED.

4. Any and all deeds executed by any one or all Defendant Estates purporting to convey title to Defendant U Lock, Inc. on July 16, 2015 are *void ab initio* and of no further force and effect.

5. Defendant Estates have received full consideration for title to the Subject Property.

6. Plaintiff Christine Biros is the equitable owner of the Subject Property.

7. Legal title to the Subject Property shall be conveyed to Christine Biros by execution of the appropriate deeds, currently held in escrow.

8. The Court will consider Plaintiff Biros' request for an appeal bond should an appeal be taken by Defendant U Lock.

9. Further, in accord with Pa.R.C.P. No. 236(a)(2)(b), the Prothonotary is DIRECTED to note in the docket that the individuals listed below have been given notice of this Order.

BY THE COURT:

Harry F. Smail, Jr., Judge

ATTEST:

Prothonotary

cc:   William E. Otto, Esq.
      J. Allen Roth, Esq.
      John Tumolo, Esq.
      Dennis Del Cotto, Esq.

8

BIROS_000198