UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 25-1177
_____

In re: U LOCK, INC.,
        Debtor

GEORGE SNYDER,
        Appellant
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(W.D. Pa. Civ. No. 2:24-cv-00135)
District Judge: Honorable Cathy Bissoon
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 9, 2025
Before: MATEY, MONTGOMERY-REEVES, and NYGAARD, <u>Circuit Judges</u>
_____

**JUDGMENT**
_____

This cause came to be considered on the record from the United States District Court for the Western District of Pennsylvania and was submitted pursuant to Third Circuit LAR 34.1(a) on December 9, 2025. On consideration whereof, it is now hereby

ORDERED and ADJUDGED by this Court that the judgment of the District Court entered December 31, 2024, is hereby affirmed. Costs taxed against the Appellant. All of the above in accordance with the opinion of this Court.

ATTEST:

s/ Patricia S. Dodszuweit
Clerk

Dated: December 30, 2025

Costs taxed in favor of Appellee Christine Biros as follows:

Brief $91.11
Appendix $25.20

TOTAL $116.31

**Certified as a true copy and issued in lieu of a formal mandate on** January 21, 2026

**Teste:** *Patricia A Dodszuweit*
**Clerk, U.S. Court of Appeals for the Third Circuit**

OFFICE OF THE CLERK

**PATRICIA S. DODSZUWEIT**

**CLERK**



UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
21400 UNITED STATES COURTHOUSE
601 MARKET STREET
PHILADELPHIA, PA  19106-1790

Website: www.ca3.uscourts.gov

TELEPHONE
215-597-2995

January 21, 2026

Brandy S. Lonchena
United States District Court for the Western District of Pennsylvania
Joseph F. Weis Jr. United States Courthouse
700 Grant Street
Pittsburgh, PA 15219

RE: In re: U Lock Inc
Case Number: 25-1177
District Court Case Number: 2:24-cv-00135

Dear District Clerk,

Enclosed herewith is the certified judgment together with copy of the opinion in the above-captioned case. The certified judgment or order is issued in lieu of a formal mandate and is to be treated in all respects as a mandate.

Counsel are advised of the issuance of the mandate by copy of this letter. The certified judgment or order shows costs taxed, if any.

For the Court,


s/ Patricia S. Dodszuweit
Clerk

s/ pdb for sb Case Manager

cc: Stuart C. Gaul Jr., Esq.
    Mary A. Shahverdian, Esq.
    Robert H. Slone, Esq.
    George Snyder

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 25-1177
_____

In re: U LOCK, INC.,
          Debtor

GEORGE SNYDER,
          Appellant
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(W.D. Pa. Civ. No. 2:24-cv-00135)
District Judge: Honorable Cathy Bissoon
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 9, 2025
Before:  MATEY, MONTGOMERY-REEVES, and NYGAARD, Circuit Judges

(Opinion filed December 30, 2025)
_____

OPINION*
_____

PER CURIAM

  Before us is another installment in debtor U Lock, Inc.'s bankruptcy litigation saga.¹ To contextualize the current appeal, the following preliminary recitation suffices:

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.
¹ See In re U Lock, Inc., Nos. 24-1842 & 24-3134, 2025 WL 2808910 (3d Cir. Sept. 30, 2025) (per curiam); In re U Lock, Inc., No. 24-1163, 2025 WL 303065 (3d Cir. Jan. 27,

appellee Christine Biros owns the property on which U Lock operated a storage facility; Biros filed in the Bankruptcy Court administrative claims related to outstanding real estate taxes, unpaid rent, and the cost of environmental remediation; Biros and the Chapter 7 trustee proposed to settle those claims and sought court approval; objections were filed by appellant George Snyder—a U Lock managing partner—among others; Federal Rule of Bankruptcy Procedure 9019(a) provides that "[o]n the trustee's motion and after notice and a hearing, the court may approve a compromise or settlement"; the Bankruptcy Court held two hearings then entered a Rule 9019 order approving the settlement, which granted Biros an allowed administrative expense claim under 11 U.S.C. § 503(b)(1)(A) for post-petition rent, and prompted dismissal of her other claims without prejudice; and, on Snyder's appeal of the Rule 9019 order, the District Court affirmed.

Proceeding pro se, Snyder seeks review of the District Court's judgment. We have appellate jurisdiction under 28 U.S.C. §§ 158(d) and 1291. "In reviewing bankruptcy court decisions on appeal, we 'stand in the shoes' of the district court and apply the same standard of review." In re Klaas, 858 F.3d 820, 827 (3d Cir. 2017) (citation omitted). Rule 9019 orders are reviewed for abuse of discretion. See In re S.S. Body Armor I Inc, 961 F.3d 216, 233 (3d Cir. 2020). Pure questions of law are reviewed de novo. See In re Mintze, 434 F.3d 222, 227 (3d Cir. 2006).

We first address Snyder's contention that the Bankruptcy Court did not give due consideration to the valuation history of the administrative expense claim for post-

---

2025) (per curiam); In re U Lock Inc., No. 23-2293, 2025 WL 80261 (3d Cir. Jan. 13, 2025); In re U Lock Inc., No. 24-1202, 2025 WL 52848 (3d Cir. Jan. 9, 2025).

2

petition rent. The trustee, Snyder, and Snyder's sister all challenged Biros's initial, $144,000 valuation of the rent owed by U Lock for nine post-petition months—an amount the Bankruptcy Court called "a fanciful nonstarter," "obscene[]," and "so plainly frivolous" that sanctions might be appropriate. App. 195–96.[2] Biros subsequently valued the claim at $63,000, before settling on the $18,000 amount that was ultimately approved.[3] The Bankruptcy Court took note of the "significant change" in Biros's position. App. 373. And, seemingly because of Biros's shifting, inflated prior valuations, the Bankruptcy Court "place[d] little weight on the value she ascribes." App. 11. At the same time, the court "appreciate[d] the compromise." App. 476. The record thus belies Snyder's contention concerning Biros's valuation of the administrative expense claim.

Next, we turn to Snyder's argument implicating In re Martin, 91 F.3d 389 (3d Cir. 1996). In that case, "we held that a bankruptcy court should examine four factors in deciding whether to approve or disapprove a settlement. These factors are: (1) the probability of success in litigation, (2) the likely difficulties in collection, (3) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (4) the paramount interest of the creditors." In re RFE Indus., Inc., 283 F.3d 159, 165 (3d Cir. 2002) (internal citation omitted). During the first hearing on the proposed settlement between Biros and the trustee, the Bankruptcy Court cited

---

[2] The Bankruptcy Court deemed it sufficient to admonish Biros's counsel, "who signed the offending document." App. 503.
[3] Snyder had taken the position that monthly rent should have been set at $1,500, for a total of $13,500 post-petition. We note as well that show-cause proceedings later on resulted in the Bankruptcy Court's reducing the administrative expense claim to $16,000.

3

Martin and made findings of fact in line with its four-factor test. Snyder's arguments otherwise are flatly contradicted by the record, portions of which we cite below in addressing his primary issue on appeal.

The focus of Snyder's opening brief is an apparent incongruity in Biros's administrative claims, to the extent she was asserting that U Lock was simultaneously responsible for rent payments to Biros (as the property owner) and real estate taxes (as if U Lock were the property owner). The Bankruptcy Court did not purport to definitively resolve any of the settled claims, but did assess—consistent with Martin—that some claims were stronger than others.[4] The Bankruptcy Court at one point observed: "This is a settlement and compromise, so I'm not looking for perfection[.]" App. 373.

That in no way means the Bankruptcy Court failed to take Snyder's "objections about the property taxes seriously," Br. 38, as Snyder argues. Rather, the Bankruptcy Court appears to have found the non-merits Martin factors weightier on balance, particularly given the trustee's representation that the U Lock estate was insubstantial, and that a compromise was preferable to the trustee litigating objections to all of Biros's claims—time for which the trustee would bill against the dwindling estate account. Said the Bankruptcy Court:

> The difficulty of collection, you know, is one of the estate having limited assets and, furthermore, there is a complexity of the matter that would require unnecessary time and expense and delay to go through and litigate these matters. One thing that's been apparent to me throughout this case and I've remarked on it on several occasions, is the parties have no problems litigating

---

[4] The Bankruptcy Court questioned: "what proof is there that U LOCK caused those environmental issues or is ultimately liable for any environmental remediation that would be necessary?" App. 478. And it took a dim view of the claim for pre-petition rent.

4

> minute or small dollar amount issues to the hilt in a way that is totally out of proportion of what the value of the claim is, so that's to me probably the most compelling thing here is that this would preserve what little is left in the estate for the distribution [to] creditors. And, so from that standpoint, it's in the paramount interest of creditors to allow the estate to proceed to quantify these claims and get closer to a distribution that the Chapter 7 Trustee can make to creditors.

App. 375.

Notably, by the time of the second hearing on the proposed settlement, the trustee had (with court approval) paid the outstanding taxes, mooting one of Biros's claims.[5] Biros pushed to withdraw that claim and the unsecured claims for pre-petition rent and environmental remediation, without prejudice to refiling, because of an apparent lack of funds for unsecured creditors. This left only the administrative expense claim for post-petition rent. As a consequence, the recovery for Biros was limited relative to the scope of relief originally sought with the administrative claims. The Bankruptcy Court took all of that into account before entering its Rule 9019 order.

Snyder nevertheless persists in arguing that legal quagmires made the settlement un-approvable. In doing so, he misperceives the Bankruptcy Court's task in this context. Rather than execute a comprehensive claim clean-up, the Bankruptcy Court simply had to decide whether the settlement was "fair and equitable," In re Nutraquest, Inc., 434 F.3d 639, 644 (3d Cir. 2006) (citation omitted). Cf. In re Martin, 212 B.R. 316, 319 (8th Cir. BAP 1997) (noting that it is "not necessary for a bankruptcy court to conclusively

---

[5] Snyder opines that "the U Lock Estate probably has a claim against [Biros] for the 2015 to 2019 taxes that it paid." Br. 40. That issue is not before us and, therefore, has not been decided in this appeal.

5

determine claims subject to a compromise, nor must the court have all of the information necessary to resolve the factual dispute, for by so doing, there would be no need of settlement"). The Bankruptcy Court did just that, without abusing its discretion. Snyder's arguments to the contrary are without merit.

Accordingly, for all of the reasons given in this opinion, we agree with the District Court's disposition of Snyder's bankruptcy appeal and will affirm the judgment below.

6